IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BECKMAN COULTER, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 24-945 (CFC) |
| CYTEK BIOSCIENCES, INC., | ) | |
| | ) | **DEMAND FOR JURY TRIAL** |
| Defendant. | ) | |
| | ) | |

**DEFENDANT CYTEK BIOSCIENCES, INC.'S**
**ANSWER TO THE COMPLAINT AND COUNTERCLAIMS**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs (#2881)
Jeremy A. Tigan (#5239)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
kjacobs@morrisnichols.com
jtigan@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Reuben H. Chen
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
(650) 843-5000

Elizabeth M. Flanagan
COOLEY LLP
2049 Century Park East, Suite 3700
30 S. 9th Street, 7th Floor
Minneapolis, MN 55402

Adam Pivovar
Dustin M. Knight
Rosalynd D. Upton
COOLEY LLP
1299 Pennsylvania Avenue NW,
Suite 700
Washington, DC 20004
(202) 842-7800

October 7, 2024

## ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT

Defendant Cytek Biosciences, Inc. ("Cytek") hereby files its answer, defenses, and counterclaims ("Answer") to the Complaint for Patent Infringement ("Complaint") filed on August 14, 2024 by Plaintiff Beckman Coulter, Inc. ("Beckman Coulter"). Each of the numbered paragraphs below corresponds to the same numbered paragraph in the Complaint. Cytek denies all allegations in the Complaint, whether express or implied, that are not specifically admitted below. Cytek further denies that Beckman Coulter is entitled to the relief requested in the Complaint, or to any other relief.

## NATURE OF THE ACTION[1]

1. Cytek admits that the Complaint purports to bring an action arising under 35 U.S.C. §§ 1, *et seq.*, including 35 U.S.C. § 271. Cytek denies patent infringement and denies that Beckman Coulter is entitled to any relief.

2. Cytek denies that it infringes any valid and enforceable claim of U.S. Patent No. 10,330,582 (the "'582 Patent") or U.S. Patent No. 11,703,443 (the "'443 Patent") (collectively, the "Asserted Patents"), or that Beckman Coulter is entitled to any relief.

## THE PARTIES

3. Cytek lacks sufficient information to form a belief as to the truth of the allegations in paragraph 3 and on that basis denies them.

4. Cytek admits it is a corporation organized and existing under the laws of Delaware, with its principal place of business at 47215 Lakeview Boulevard, Fremont, California 94538-6407.

[1] For convenience, Cytek has incorporated the section titles that appear in the Complaint. Cytek does not necessarily agree with the characterizations of such section titles, which are not factual allegations requiring responses. Cytek reserves the right to dispute those characterizations.

## JURISDICTION AND VENUE

5. Cytek admits that the Complaint purports to be an action arising under the patent laws of the United States, including Title 35 of the United States Code. Cytek admits that this Court has subject matter jurisdiction over patent infringement actions under 28 U.S.C. §§ 1331 and 1338(a), provided that standing and other requirements are met. Cytek denies that the allegations have any merit or that Beckman Coulter is entitled to any relief. All remaining allegations are denied.

6. This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Cytek does not contest personal jurisdiction for purposes of this action only. All remaining allegations are denied.

7. This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Cytek does not contest venue for purposes of this action only. All remaining allegations are denied.

## FACTUAL ALLEGATIONS

### The Asserted Patents

8. Cytek lacks sufficient knowledge or information to form a belief as to the truth of the allegations recited in paragraph 8, and on that basis denies them.

9. Cytek admits that Exhibit 1 attached to the Complaint purports to be a copy of the ’582 patent. Cytek admits that, on its face, the purported copy of the ’582 patent in Exhibit 1 is entitled “Flow Cytometer”; includes a “Date of Patent” of June 25, 2019; and lists Yong Qin Chen as the inventor. Cytek denies that the ’582 patent was duly and legally issued. All remaining allegations are denied.

10. Cytek admits that Exhibit 2 attached to the Complaint purports to be a copy of the ’443 patent. Cytek admits that, on its face, the purported copy of the ’443 patent in Exhibit 2 is

entitled "Flow Cytometer"; includes a "Date of Patent" of July 18, 2023; and lists Yong Qin Chen as the inventor. Cytek denies that the '443 patent was duly and legally issued. All remaining allegations are denied.

11. Cytek's investigation into the allegations in paragraph 11 is ongoing. At present, Cytek lacks sufficient knowledge or information to form a belief as to the truth of the allegations recited in paragraph 11, and on that basis denies them. All remaining allegations in paragraph 11 are denied.

**Cytek's Alleged Infringing Products**

12. Cytek admits that it makes, uses, sells, supplies, offers for sale, and/or imports at least one product purported to be accused of infringement in the Complaint, including Cytek Aurora flow cytometers and Cytek Aurora CS cell sorters. Cytek denies any and all allegations that any of its products purportedly accused in the Complaint infringe any valid and enforceable claim of the Asserted Patents. To the extent not specifically admitted, any remaining allegations in this paragraph are denied.

13. Cytek admits that it makes, uses, sells, supplies, offers for sale, and/or imports at least one product purported to be accused of infringement in the Complaint, including Cytek Aurora flow cytometers, Cytek Aurora CS cell sorters, Cytek Northern Lights and Cytek Northern Lights-CLC products. Cytek denies any and all allegations that any of its products purportedly accused in the Complaint infringe any of the Asserted Patents. To the extent not specifically admitted, any remaining allegations in this paragraph are denied.

14. Denied.

15. This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Cytek admits that the Complaint contains attachments that purport to be exemplary infringement charts for the Asserted Patents. Cytek also admits that the Complaint

contains attachments that purport to include exemplary evidence of Cytek's alleged infringement of the Asserted Patents. Cytek denies any and all allegations that any of these attachments show infringement of any of the Asserted Patents. To the extent not specifically admitted, any remaining allegations in this paragraph are denied.

16. This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Cytek denies the allegations in paragraph 16.

17. Cytek admits that it is a competitor of Beckman Coulter. Cytek also admits that U.S. Patent No. 10,739,245 cites Beckman Coulter's U.S. Patent No. 7,440,101, which is unrelated to the Asserted Patents. Cytek denies that U.S. Patent No. 8,660,332 states: "Companies such as . . . Beckman Coulter Inc. (Fullerton, Calif.) . . . continue to advance [flow cytometry] technologies" at 2:7-10. This passage recites: "The conventional hematology clinical laboratory includes technologies to rapidly and automatically analyze large numbers of samples of peripheral blood, with minimal human intervention. Companies such as Abbott Laboratories (Abbott Park, Ill.), Beckman Coulter Inc. (Fullerton, Calif.), and TOA Corporation (Kobe, Japan) continue to advance these technologies with regard to throughput levels, the degree of accuracy of the analysis, as well as moderately increasing the information content gathered in each sample run." '332 Patent, 2:4-10. To the extent not specifically admitted, any remaining allegations in this paragraph are denied.

18. Cytek admits that, on information and belief, it received a June 14, 2024 letter from Beckman Coulter that identified the Asserted Patents. Cytek admits that it had actual knowledge of the Asserted Patents as of June 14, 2024. This paragraph contains legal conclusions as to what constitutes awareness and as to what Cytek "should have known" for which no response is required. To the extent a response is required, Cytek admits that U.S. Patent No. 10,436,697 ("the

’697 patent”) cites U.S. Publication No. 2015/0115174 (“the ’174 publication”). Cytek admits that it submitted an Information Disclosure Statement on May 7, 2019 during prosecution of the ’697 patent that cited the ’174 publication among other references. Cytek also admits that U.S. Patent No. 11,333,597 (“the ’597 patent”) cites U.S. Patent No. 9,746,412 (“the ’412 patent”). Cytek admits that it submitted an Information Disclosure Statement on June 17, 2021 during prosecution of the ’597 patent that cited the ’412 patent among other references. Cytek also admits that the ’412 patent shares the same inventor and specification with the Asserted Patents. To the extent not specifically admitted, any remaining allegations in this paragraph are denied.

19. This paragraph contains legal conclusions and legal arguments to which no answer is required. To the extent an answer is required, Cytek’s investigation into the allegations in paragraph 19 is ongoing. At present, Cytek lacks sufficient knowledge or information to form a belief as to the truth of the allegations recited in paragraph 19, and on that basis denies them. All other allegations in paragraph 19 are denied.

20. This paragraph contains legal conclusions and legal arguments to which no answer is required. To the extent a response is required, Cytek admits that, on information and belief gained after the filing of the complaint, the Asserted Patents appear to have been improperly listed on Beckman Coulter’s public virtual marking page. Cytek denies the allegations of the last two sentences of paragraph 20. Cytek lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations recited in paragraph 20, and on that basis denies them.

21. This paragraph contains legal conclusions and legal arguments to which no answer is required. To the extent an answer is required, Cytek denies the allegations in paragraph 21.

22. This paragraph contains legal conclusions and legal arguments to which no answer is required. To the extent an answer is required, Cytek admits that, on information and belief, it

received a June 14, 2024 letter from Beckman Coulter that identified the Asserted Patents. Cytek admits that Exhibit 16 attached to the Complaint purports to be a copy of the June 14, 2024 letter, which speaks for itself. Cytek denies that it "analyzed the Asserted Patents and [their] family members and came to the conclusion that it infringed the Asserted Patents," or that it "had actual knowledge of its infringement of those patents or was willfully blind to its infringement of those patents." Cytek denies the remaining allegations of paragraph 22.

23. This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Cytek admits that it has not licensed the Asserted Patents. Cytek denies any and all allegations of patent infringement recited in paragraph 23 and denies the remaining allegations of paragraph 23.

24. This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Cytek denies the allegations in paragraph 24.

**COUNT 1**

**(ALLEGED INFRINGEMENT OF THE '582 PATENT)**

25. Cytek incorporates by reference its responses to each of the preceding paragraphs of the Complaint.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

**COUNT 2**

**(ALLEGED INFRINGEMENT OF THE '443 PATENT)**

33. Cytek incorporates by reference its responses to each of the preceding paragraphs of the Complaint.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

**DEMAND FOR JURY TRIAL**

41. No response is required to this paragraph.

**BECKMAN COULTER'S PRAYER FOR RELIEF**

Cytek incorporates by reference all preceding paragraphs of this Answer as if fully set forth herein. Cytek denies any and all allegations of patent infringement in the Complaint. Cytek denies all allegations that Beckman Coulter is entitled to any relief requested in paragraphs "a-g" of the Complaint's Prayer for Relief, or any other relief.

**CYTEK'S DEFENSES**

Pursuant to Federal Rule of Civil Procedure 8(c), and without altering any applicable burdens of proof, Cytek asserts the following defenses to the Complaint and reserves its right to assert additional defenses.

**FIRST DEFENSE: NON-INFRINGEMENT**

1. Cytek has not infringed and does not infringe, either directly, contributorily, or by active inducement, any valid and enforceable claim of the '582 or '443 patents under any theory, including literal infringement or infringement under the doctrine of equivalents.

**SECOND DEFENSE: INVALIDITY**

2. One or more of the claims of the '582 or '443 patents are invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §§ 101 et seq., including but not limited to §§ 101, 102, 103, and/or 112.

**THIRD DEFENSE: LIMITATION ON DAMAGES**

3. Beckman Coulter's claims for damages are barred, in whole or in part, by 35 U.S.C. §§ 286, 287, and/or 288.

**FOURTH DEFENSE: FAILURE TO STATE A CLAIM**

4. Plaintiff fails to state a claim upon which relief can be granted.

**FIFTH DEFENSE: FAILURE TO MARK**

5. To the extent Beckman Coulter and/or any predecessors in interest or any licensees to the Asserted Patents failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise failed to give proper notice that Cytek's actions allegedly infringe the Asserted Patents, Cytek is not liable to Beckman Coulter for the acts alleged to have been performed before Cytek received actual notice that the accused Cytek Aurora flow cytometers, Cytek Aurora CS cell sorters, Cytek Northern Lights and Cytek Northern Lights-CLC products were allegedly infringing the Asserted Patents.

## SIXTH DEFENSE: NO RIGHT TO INJUNCTIVE RELIEF

6. Beckman Coulter is not entitled to injunctive relief at least because any alleged injury is not immediate or irreparable, because Beckman Coulter has an adequate remedy at law for any alleged injury, and because an injunction would hurt the public interest.

## SEVENTH DEFENSE: NO WILLFUL INFRINGEMENT

7. Beckman Coulter is not entitled to enhanced damages under 35 U.S.C. § 284, at least because Beckman Coulter has failed to show, and cannot show, that any infringement has been willful and/or knowing.

## EIGHTH DEFENSE: NO EXCEPTIONAL CASE

8. Cytek's actions in defending this case, or otherwise, do not give rise to an exceptional case in Beckman Coulter's favor under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Cytek prays that this Court enter judgment:

A. In favor of Cytek, and against Beckman Coulter, thereby dismissing the Complaint with prejudice, with Beckman Coulter taking nothing by the way of its claims;

B. That Cytek has not infringed, and is not now infringing any valid claims of the '582 patent under any subsection of 35 U.S.C. § 271;

C. That all asserted claims of the '582 patent are invalid and/or unenforceable;

D. That Cytek has not infringed, and is not now infringing any valid claims of the '443 patent under any subsection of 35 U.S.C. § 271;

E. That all asserted claims of the '443 patent are invalid and/or unenforceable;

F. That Beckman Coulter's claims are barred and/or limited under the principles of equity as stated in Cytek's defenses;

G. That this case stands out from others and as such is an exceptional case pursuant to 35 U.S.C. § 285 and ordering Beckman Coulter to pay Cytek's reasonable attorneys' fees incurred in this action;

H. That Beckman Coulter pay all costs incurred by Cytek in this action; and

I. Awarding Cytek all other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Cytek respectfully demands a trial by jury on all issues triable by jury.

## CYTEK'S COUNTERCLAIMS

Defendant and Counter-claimant Cytek Biosciences, Inc. ("Cytek") hereby alleges the following counterclaims (the "Counterclaims") against Plaintiff and Counter-defendant Beckman Coulter, Inc. ("Beckman Coulter"):

## PARTIES

1. Cytek is a corporation organized and existing under the laws of Delaware, with its principal place of business at 47215 Lakeview Boulevard, Fremont, California 94538-6407.

2. Beckman Coulter alleges that it is a corporation organized and existing under the laws of Delaware, with a principal place of business at 250 South Kraemer Boulevard, Brea, California 92821.

## JURISDICTION AND VENUE

3. This action arises under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This matter presents an actual case or controversy between the parties and serves the purpose of resolving the legal rights

of the parties with respect to allegations of patent infringement and the alleged validity of the Asserted Patents.

4. This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338, the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

5. This Court has jurisdiction over Beckman Coulter because Beckman Coulter has consented to personal jurisdiction in this Court by filing the Complaint in this action.

6. Venue is proper in this Court with respect to Beckman Coulter because Beckman Coulter filed the Complaint in this action.

## FACTUAL BACKGROUND

7. These Counterclaims arise from Beckman Coulter's attempts to remove its competitors from the market through improper and illegal activity.

8. Headquartered in Fremont, California, Cytek is a leader in the flow cytometry industry. Flow cytometry is a laboratory technique that allows a researcher to analyze and in some cases sort individual cells from heterogenous cell mixtures. Flow cytometry is performed by a flow cytometer. A flow cytometer contains many different components; specifically, the Asserted Patents focus on a component referred to therein as a wavelength division multiplexer ("WDM"). The Asserted Patents' WDM receives the multiple wavelengths of light that a flow cytometer collects and splits them into narrower bands that can be separately detected. Generally, a WDM accomplishes this through a series of mirrors, filters, and lenses, and with a series of active detectors that detect the narrowed bands of light.

9. The WDM component recited in the asserted independent claims of the Asserted Patents requires a curved mirror. (*See, e.g.*, '443 Patent, 59:31 (cl. 1); '582 Patent, 59:23 (cl. 1).)

The Asserted Patents describe a concave mirror in the WDM component. (*See, e.g.*, '443 Patent, 5:5; '582 Patent, 4:62)

10. Beckman Coulter sells flow cytometers that compete with those sold by Cytek. Specifically, Beckman Coulter sells a family of flow cytometers (CytoFLEX®, CytoFLEX® S, CytoFLEX® LX, CytoFLEX® nano), and a cell sorter (CytoFLEX® SRT) with the brand names CytoFLEX® (collectively referred to herein as "the CytoFLEX® products"), each of which contains a WDM. Even though multiple online sources show the CytoFLEX® products as having a flat mirror—not curved, as claimed—Beckman Coulter virtually marks the CytoFLEX® products as an alleged embodiment of the invention(s) claimed in the Asserted Patents.

11. On June 14, 2024, Beckman Coulter sent Cytek a letter identifying the Asserted Patents and accusing Cytek of infringement. Since then, Cytek has met with Beckman Coulter twice. On August 14, 2024, Beckman Coulter filed this suit.

## FIRST CLAIM FOR RELIEF
## (FALSE MARKING UNDER 35 U.S.C. § 292 AGAINST CYTEK)

12. Cytek realleges and incorporates by reference the preceding paragraphs of the Counterclaims as though set forth fully herein.

13. Beckman Coulter markets and sells the CytoFLEX® products. (*See* D.I. 1, ¶¶ 19-21; *see also* https://www.beckman.com/flow-cytometry/research-flow-cytometers/cytoflex.)

14. Beckman Coulter has alleged that the CytoFLEX® products embody the claims of U.S. Patent Nos. 10,330,582 ("the '582 patent") and 11,703,443 ("the '443 patent") (collectively, the "Asserted Patents"). (*See* D.I. 1, ¶¶ 19-21.)

15. Beckman Coulter's website virtually marks the CytoFLEX® products as a commercial embodiment of the claimed inventions of the Asserted Patents and, in doing so,

Beckman Coulter stifles competition by promoting a false narrative that the CytoFLEX® products are patented and covered by the Asserted Patents:


CytoFLEX Flow Cytometers and Sorters

- 9746412
- 10209174
- 10126227
- 10330582
- 9816911
- 7232687
- 11703443

(*See* https://www.beckman.com/patents (annotated); *see also* D.I. 1, ¶¶ 19-21.)

16. Beckman Coulter specifically disseminates the false narrative that it holds patent rights to the CytoFLEX® product for purposes of stifling competition. For example, on information and belief, Beckman Coulter has sent a copy of the Complaint to at least one of Cytek's potential customers, which includes the assertions regarding Beckman Coulter's false marking to mislead customers into believing that the Asserted Patents cover the CytoFLEX® products.

**The CytoFLEX® Products Are Falsely Marked with the Asserted Patents**

17. The '582 patent includes claims 1-26, where claims 1, 14, and 20 are independent claims upon which claims 2-13, 15-19, and 21-26 depend, respectively. (*See* Complaint, Exhibit 1, '582 patent, 59:15-62:24.) Independent claim 1 of the '582 patent recites "a curved mirror." (*See id.* at 59:23 (cl. 1).) Independent claims 14 and 20 of the '582 patent each expressly recite "a curved mirror or a concave-shaped dichroic filter." (*See id.* at 60:42-43 (cl. 14), 61:22-23 (cl. 20).)

18. The '443 patent includes claims 1-20, where claims 1 and 18 are independent claims upon which claims 2-17 and 19-20 depend, respectively. (*See* Complaint, Exhibit 2, '443

Patent, 59:25-62:32).) Each of independent claims 1 and 18 of the '443 patent also expressly recite a "curved mirror." (*See id.*, 59:31 (cl. 1), 61:15 (cl. 18).)

19. By virtually marking the CytoFLEX® products as covered by both Asserted Patents, Beckman Coulter represents to the public that the WDM present in the CytoFLEX® products has either a curved mirror or a concave-shaped dichroic filter. (*See* D.I. 1, ¶¶ 19-21.)

20. However, multiple sources of public information from Beckman Coulter demonstrate that the WDM present within the CytoFLEX® products contain only a flat mirror and lacks a "curved mirror." Based on information and belief, the WDM present within the CytoFLEX® products does not have a "concave-shaped dichroic filter" either that would act as an alternative optical relay element to a curved mirror.

21. For instance, Beckman Coulter's CytoFLEX® product website depicts a flat mirror within the WDM:

Wavelength Division Multiplexer of the CytoFLEX




The CytoFLEX flow cytometer borrows technology from the telecommunications industry, such as the Wavelength Division Multiplexer, WDM. In this part of our Magic Inside video series, you will be transported inside of the WDM to see how the signal is delivered to the detectors. This is a key component of the efficient light management that contributes to the exquisite sensitivity of the instrument.

(https://www.beckman.com/resources/videos/products/cytoflex-inside-the-wdm (video at 0:32) (annotated).)

22. Similarly, YouTube videos entitled "CytoFLEX SRT Overview" and "CytoFLEX SRT The CytoFLEX That Sorts" also show that the WDM in the CytoFLEX® products has a flat mirror:




(https://www.youtube.com/watch?v=RWzFM1oOvH4 (video at 0:33) (annotated).)




(https://www.youtube.com/watch?v=qu2xr6U5b3w (video at 10:29) (annotated).)

23. Beckman Coulter also provides publicly available user manual titled "Instructions For Use CytoFLEX nano Cytometer" (C89615AA, dated March 2024), for its CytoFLEX® nano flow cytometer that depicts a pair of WDMs that have flat mirrors:

**Figure 3.3** Light Path through the Fluorescence WDM with a Single Port




1. Fiber array photo detectors (FAPD)
2. Band pass filter
3. Doublet lens
4. Light path
5. Mirror

**Figure 3.4** Light Path through the Side Scatter WDM with a Single Port




1. Fiber array photo detectors (FAPD)
2. Band pass filter
3. Doublet lens
4. Light path
5. Mirror

Ex. A at 3-3, 3-6 (annotated).)

24. Beckman Coulter nevertheless marks the CytoFLEX® products with the Asserted Patents on Beckman Coulter's website (*see* https://www.beckman.com/patents) despite claims of the Asserted Patents reciting a "curved mirror" and, upon information and belief and based on Beckman Coulter's online representations, the CytoFLEX® products do not contain any such recited "curved mirror."

25. Although Beckman Coulter marks the CytoFLEX® products under the Asserted Patents and, thus, represents that at a minimum, the CytoFLEX® products meet every limitation of at least one independent claim of each the Asserted Patents, Beckman Coulter's online representations of the CytoFLEX® products demonstrate that the CytoFLEX® products do not

contain a "curved mirror." Based on information and belief, the WDM present within the CytoFLEX® products does not have a "concave-shaped dichroic filter" either that would act as an alternative optical relay element to a curved mirror. As such, according to Beckman Coulter, the CytoFLEX® products cannot fall within the scope of any claim of the Asserted Patents.

**Beckman Coulter's Intent to Deceive the Public**

26. Beckman Coulter has knowingly and intentionally publicly represented and continues to publicly represent that the CytoFLEX® products are covered and protected under the Asserted Patents even though the CytoFLEX® products contain a flat mirror, rather than a "curved mirror" (or a "concave-shaped dichroic filter"). Beckman Coulter's virtual marking page is based on the misleading representation that the CytoFLEX® products are covered by the Asserted Patents. (*See* https://www.beckman.com/patents.) Such deception contributed to Beckman Coulter's efforts to gain market share and stifle competition to the CytoFLEX® products.

27. By falsely marking the CytoFLEX® products with the Asserted Patents, Beckman Coulter sought to gain a competitive advantage by deceiving competitors, including Cytek, into believing that CytoFLEX® products were covered by at least the independent claims of the Asserted Patents and competitors could not manufacture a product with features similar to the CytoFLEX® products —including the use of a flat-mirror WDM—without infringing the Asserted Patents.

28. On information and belief, Beckman Coulter went so far as to send competitors "cease and desist" letters and warn retailers and distributors against carrying competitors' products, all the time while representing and holding out the CytoFLEX® products as if they were covered by the Asserted Patents. Thus, Beckman Coulter has sought and is seeking to gain an

economic advantage by intentionally and knowingly deceiving the public that the CytoFLEX® products are covered by the Asserted Patents when they are not.

29. On information and belief, at a minimum, Beckman Coulter has been aware or should have been aware of its improper patent marking of certain CytoFLEX® products since at least October 17, 2021. A YouTube video published on May 13, 2021 represents the CytoFLEX® products as having a flat mirror. With the flat mirror contained in the CytoFLEX® products, the CytoFLEX® products cannot be covered by the scope of the claims of the Asserted Patents. Beckman Coulter nonetheless has marked the CytoFLEX® products with the ’582 patent since at least October 17, 2021. *See* https://web.archive.org/web/20211017034930/https://www.beckman.com/patents (the Internet Archive’s earliest date showing the ’582 patent). Beckman Coulter started virtually marking the CytoFLEX® products with the ’443 patent somewhere between February 19, 2024 and September 9, 2024, seemingly for purposes of this litigation. *Compare* https://web.archive.org/web/20240219083509/https:/www.beckman.com/patents (showing only the ’582 marking the CytoFLEX® products on February 19, 2024) *with* https://web.archive.org/web/20240909060643/https:/www.beckman.com/patents (showing the ’443 and ’582 patents marking the CytoFLEX® products on September 9, 2024). By not correcting, removing, or halting its marketing practices that suggest the CytoFLEX® products are patented, or removing its marking of the Asserted Patents, Beckman Coulter continues to intentionally falsely mark the CytoFLEX® products with an intent to deceive the public, including Cytek.

**Cytek Has Suffered a Competitive Injury as a Result of the False Marking**

30. Cytek has suffered a competitive injury directly and proximately caused by Beckman Coulter's scheme to falsely mark the CytoFLEX® products with the Asserted Patents.

31. Specifically, Cytek manufactures and sells, among other products, flow cytometers that compete with the CytoFLEX® products. In its Complaint, Beckman Coulter acknowledges the competitive relationship between Cytek's flow cytometers and the CytoFLEX® products. (*See* D.I. 1, ¶¶ 19-21.)

32. As a result, upon information and belief, Cytek and Beckman Coulter compete for sales of their products in the same market with other competitors that provide flow cytometry products, and to the same potential target customers. Beckman Coulter's false marking practices have improperly upset the competitive relationship between Cytek and Beckman Coulter within the multiplayer market. Through its false marking and promotion of the Asserted Patents, Beckman Coulter attempted to cultivate a reputation in the marketplace as an innovator with products that are superior to those offered by competitors. Beckman Coulter's false marking scheme has allowed, and will allow, Beckman Coulter to unfairly compete in the marketplace more effectively against Cytek by, among other things, (1) deterring Beckman Coulter's customers from purchasing competitive flow cytometer products and (2) discouraging competitors from commercializing competitive flow cytometer products.

33. Beckman Coulter's false marking scheme has caused Cytek to suffer, without limitation, lost sales, loss of market share, loss of business opportunities, and loss of goodwill by, among other things, deterring customers from purchasing Cytek's products.

34. Through its marketing strategies and public-facing representations, Beckman Coulter misled Cytek and the public to believe that the CytoFLEX® products are covered by the

Asserted Patents when they are not, causing harm to Cytek by direct diversion of potential Cytek sales and by lessening goodwill associated with Cytek's products, in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Cytek prays that this Court enter judgment:

A. A decree that Beckman Coulter has falsely marked its products in violation of 35 U.S.C. § 292;

B. An award of monetary damages, pursuant to 35 U.S.C. § 292, in the form of a civil monetary fine of $500 per false marking offense, or an alternative amount as determined by the Court, one-half of which shall be paid to the United States of America;

C. An accounting for any falsely marked products not presented at trial and an award by the Court of additional damages for any such falsely marked products;

D. A decree that this case is exceptional pursuant to 35 U.S.C. § 285;

E. An award of all costs of this action, including attorneys' fees and interest;

F. Such other and further relief, at law or in equity, to which Cytek is justly entitled.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs*

Karen Jacobs (#2881)
Jeremy A. Tigan (#5239)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
kjacobs@morrisnichols.com
jtigan@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Reuben H. Chen
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
(650) 843-5000

Elizabeth M. Flanagan
COOLEY LLP
2049 Century Park East, Suite 3700
30 S. 9th Street, 7th Floor
Minneapolis, MN 55402

Adam Pivovar
Dustin M. Knight
Rosalynd D. Upton
COOLEY LLP
1299 Pennsylvania Avenue NW,
Suite 700
Washington, DC 20004
(202) 842-7800

October 7, 2024

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 7, 2024, upon the following in the manner indicated:

Frederick L. Cottrell III *BY ELECTRONIC MAIL*
Kelly E. Farnan
Christine D. Haynes
RICHARDS, LAYTON & FINGER P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
*Attorneys for Defendant*

Omar A. Khan *BY ELECTRONIC MAIL*
Jeffrey Dennhardt
Lauren E. Matlock-Colangelo
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800
*Attorneys for Defendant*

Asher S. McGuffin *BY ELECTRONIC MAIL*
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
*Attorneys for Defendant*

*/s/ Karen Jacobs*

Karen Jacobs (#2881)