IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BECKMAN COULTER, INC.,<br>Plaintiff,<br>v.<br>CYTEK BIOSCIENCES, INC.,<br>Defendant. | C.A. No. 24-0945-CFC-EGT<br><br>**DEMAND FOR JURY TRIAL** |

**BECKMAN COULTER, INC'S ANSWER AND/OR REPLY TO CYTEK'S COUNTERCLAIMS TO THE FIRST AMENDED COMPLAINT**

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Plaintiff Beckman Coulter, Inc. ("Beckman Coulter" or "Plaintiff"), by and through the undersigned counsel, replies and hereby answers Cytek's Counterclaims to the First Amended Complaint (D.I. 48) of Defendant Cytek Biosciences, Inc. ("Cytek") as follows:

**PARTIES[1]**

1. On information and belief, Plaintiff admits the allegations of paragraph 1 of Cytek's Counterclaims to the First Amended Complaint.

2. Admitted that Beckman Coulter is a corporation organized and existing under the laws of Delaware, with a principal place of business at 250 South Kraemer

[1] The repetition of the headings and subheadings contained in the Counterclaims to the First Amended Complaint is not an adoption of those headings, nor an admission of their truth. Rather, Plaintiff includes those headings purely for the Court's ease of reference.

Boulevard, Brea, California, 92821.

## JURISDICTION AND VENUE

3. The allegations of paragraph 3 are legal conclusions that require no response.

4. The allegations of paragraph 4 are legal conclusions that require no response. By way of further response, Beckman Coulter does not dispute that this Court has subject matter jurisdiction over this litigation.

5. The allegations in paragraph 5 are legal conclusions that require no response. By way of further response, Beckman Coulter does not dispute that this Court has personal jurisdiction over Beckman Coulter for purposes of this litigation only.

6. The allegations in paragraph 6 are legal conclusions that require no response. By way of further response, Beckman Coulter does not dispute that venue is proper in this Court for purposes of this litigation only.

## FACTUAL BACKGROUND

7. Denied.

8. On information and belief, Plaintiff admits that Cytek is headquartered in Fremont, California. Plaintiff admits that flow cytometry is performed by a flow cytometer and that flow cytometry can be used to sort and analyze individual cells from heterogenous cell mixtures. Plaintiff admits that the Asserted Patents include

claims with limitations relating to wavelength division multiplexers. Plaintiff lacks knowledge of or denies the remaining allegations in paragraph 8 of Cytek's Counterclaims to the First Amended Complaint.

9. The allegations in paragraph 9 contain legal conclusions that require no response. To the extent a response is required, Plaintiff admits that certain claims of the '582, '443, and '106 Patents recite a "curved mirror."

10. Plaintiff admits that it sells flow cytometers and a cell sorter with the brand names CytoFLEX®. Plaintiff admits that its flow cytometers and cell sorter compete with products sold by Cytek. Plaintiff admits that its CytoFLEX® products include WDMs. Plaintiff admits that it virtually marks the CytoFLEX® products with the Asserted Patents. Plaintiff denies the remaining allegations in paragraph 10 of Cytek's Counterclaims to the First Amended Complaint.

11. Plaintiff admits that on June 14, 2024, it sent Cytek a letter identifying the '443 and '582 Patents and notifying Cytek of its infringement. Plaintiff admits that this suit was filed on August 14, 2024. Plaintiff admits that the First Amended Complaint was filed on January 9, 2025.

**FIRST CLAIM FOR RELIEF**

12. Plaintiff incorporates by reference and realleges paragraphs 1 through 41 of its Complaint, paragraphs 1-60 of its First Amended Complaint, paragraphs 1 through 11 of its Answer filed October 28, 2024 (D.I. 19), and paragraphs 1-11 of this

Answer to Cytek's Counterclaims to the First Amended Complaint as if set forth here in their entirety.

13. Admitted.

14. Admitted.

15. Plaintiff admits that it virtually marks the CytoFLEX® products with the '582, '443, and '106 Patents. Plaintiff admits that the link in paragraph 15 is a link to a beckman.com webpage titled, "Patent Marking," which speaks for itself as to form and content; Plaintiff denies that it shows any false marking. Plaintiff denies all other allegations in paragraph 15 of Cytek's Counterclaims to the First Amended Complaint.

16. Denied.

17. Admitted.

18. Admitted.

19. Admitted.

20. The allegations in paragraph 20 contain legal conclusions that require no response. To the extent a response is required, Plaintiff admits that it virtually marks the CytoFLEX® products with the '582, '443, and '106 Patents.

21. Denied.

22. Plaintiff admits that the link in paragraph 22 is a link to a beckman.com webpage titled, "Wavelength Division Multiplexer of the CytoFLEX," which speaks for itself as to form and content. Plaintiff denies all other allegations in paragraph 22

of Cytek's Counterclaims to the First Amended Complaint.

23. Plaintiff admits that the links in paragraph 23 are links to youtube.com videos titled, "CytoFLEX SRT Overview" and "CytoFLEX SRT The CytoFLEX That Sorts," which speak for themselves as to form and content. Plaintiff denies all other allegations in paragraph 23 of Cytek's Counterclaims to the First Amended Complaint.

24. Plaintiff admits that the excerpts in paragraph 24 are excerpts from the "Instructions for Use" for a CytoFLEX nano Cytometer, which speaks for itself as to form and content. Plaintiff denies all other allegations in paragraph 24 of Cytek's Counterclaims to the First Amended Complaint.

25. Plaintiff admits that it virtually marks the CytoFLEX® products with the '582, '443, and '106 Patents. Plaintiff admits that the link in paragraph 25 is a link to a beckman.com webpage titled, "Patent Marking," which speaks for itself as to form and content; Plaintiff denies that it shows any false marking or misrepresentations. Plaintiff denies all other allegations in paragraph 25.

26. Plaintiff admits that it virtually marks the CytoFLEX® products with the '582, '443, and '106 Patents. Plaintiff denies all other allegations in paragraph 26.

27. Plaintiff admits that it virtually marks the CytoFLEX® products with the '582, '443, and '106 Patents. Plaintiff admits that the link in paragraph 27 is a link to a beckman.com webpage titled, "Patent Marking," which speaks for itself as to form and content; Plaintiff denies that it shows any false marking or intent to deceive the

public. Plaintiff denies all other allegations in paragraph 27.

28. Plaintiff admits that it virtually marks the CytoFLEX® products with the ’582, ’443, and ’106 Patents. Plaintiff denies all other allegations in paragraph 28.

29. Plaintiff admits that it virtually marks the CytoFLEX® products with the ’582, ’443, and ’106 Patents. Plaintiff denies all other allegations in paragraph 29.

30. Denied.

31. Denied.

32. On information and belief, Plaintiff admits that Cytek manufactures and sells flow cytometers that compete with the CytoFLEX® products.

33. On information and belief, Plaintiff admits that Cytek and Beckman Coulter compete for sales of certain flow cytometry products in the same market. Plaintiff denies all other allegations in paragraph 33.

34. Denied.

35. Denied.

## BECKMAN COULTER’S DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Beckman Coulter asserts the following defenses to the Counterclaims to the First Amended Complaint and reserves its right to assert additional defenses.

## FIRST DEFENSE: FAILURE TO STATE A CLAIM

36. Cytek fails to state a claim upon which relief can be granted.

**SECOND DEFENSE: NO EXCEPTIONAL CASE**

37. Beckman Coulter's actions do not give rise to an exceptional case in Cytek's favor under 35 U.S.C. § 285.

**THIRD DEFENSE: LIMITATION ON DAMAGES AND/OR NO DAMAGES OR INJUNCTIVE RELIEF**

38. Cyek's alleged damages and its request for injunctive relief are each barred, in whole and/or in part, by the relevant statute of limitations, laches, unclean hands, and/or other equitable doctrines. Cytek's alleged damages or any requests for injunctive relief are barred or limited, and/or Cytek is not entitled to any damages or injunctive relief.

**DEMAND FOR JURY TRIAL**

39. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury on all issues so triable, including but not limited to Defendant's counterclaims.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court grant the following relief:

A. An order dismissing Cytek's Counterclaims to the First Amended Complaint Counterclaim with prejudice and denying each and every Prayer for Relief sought by Cytek.

B. An order granting each and every Prayer for Relief sought by Plaintiff

in its Complaint;

C. An award of all costs of this action, including attorneys' fees and interest;

D. An order, decision, and/or decree that Cytek's actions make this case exceptional pursuant to 35 U.S.C. § 285;

E. Such further and other relief as this Court deems proper and just, including any appropriate relief under Title 35 and costs of this litigation.

*<u>/s/ Christine D. Haynes</u>*
Frederick L. Cottrell III (#2555)
Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
RICHARDS, LAYTON & FINGER P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
cottrell@rlf.com
farnan@rlf.com
haynes@rlf.com

*Attorneys for Plaintiff*

OF COUNSEL:

Omar A. Khan
Jeffrey A. Dennhardt
Lauren E. Matlock-Colangelo
WILMER CUTLER PICKERING HALE
AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800

Asher S. McGuffin
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Dated: February 27, 2025