# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BECKMAN COULTER, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 24-0945-CFC-EGT |
| | ) |
| CYTEK BIOSCIENCES, INC. | ) |
| | ) |
| Defendant. | ) |

**LETTER TO THE HONORABLE COLM F. CONNOLLY FROM FREDERICK L. COTTRELL III IN RESPONSE TO CYTEK BIOSCIENCES, INC.'S REQUEST FOR A STATUS CONFERENCE**

OF COUNSEL:

Omar A. Khan
Jeffrey A. Dennhardt
Lauren E. Matlock-Colangelo
WILMER CUTLER PICKERING HALE
  AND DORR LLP
7 World Trade Center
250 Greewich Street
New York, NY 10007
(212) 230-8800

Asher S. McGuffin
WILMER CUTLER PICKERING HALE
  AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Frederick L. Cottrell III (#2555)
Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
RICHARDS, LAYTON & FINGER P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
cottrell@rlf.com
farnan@rlf.com
haynes@rlf.com

*Attorneys for Plaintiff*

Dated: October 24, 2025

Dear Chief Judge Connolly:

While BEC does not oppose Cytek's request for a status conference,[1] D.I. 190, Cytek's request for early partial summary judgment on an issue that is not yet briefed and is not ripe for consideration should be denied. Indeed, as the Court noted at the August 21 *Markman* hearing, the issues Cytek seeks to raise require expert discovery. Ex. 1, 133:11-135:16. Further, the Court stated at the September 17 *Markman* hearing that it is "not doing partial summary judgment motions" that do not "g[e]t rid of the case in its entirety" because they "do[] not help" and are "a waste of Court assets." Ex. 2, 198:22-199:4. Because Cytek's request for early partial summary judgment should be denied, no conference is needed.

Cytek omits key facts in the procedural posture. During *Markman*, Cytek purported to identify 10 terms for construction, D.I. 89-1, though it ultimately required the Court to consider 15 distinct terms across two hearings, D.I. 114, 158, 160. The Court held the two remaining terms in abeyance, including because case narrowing could moot some of the disputes. Ex. 2, 196:21-197:22, 203:23-205:4. BEC did just that, dropping one asserted patent and electing claims that mooted the dispute on "collecting optical element," and so now only one disputed term remains.

*See* Ex. 3 at 2. Cytek waited nearly a month after BEC's election of claims to request early partial summary judgment, and its proposed brief goes beyond the previous §112(6) indefiniteness briefing for "collimating optical element," instead asking the Court to consider a generalized indefiniteness-based summary judgment motion.

The Court should reject Cytek's request for several reasons. **First**, early partial summary judgment will not substantially streamline the case. Regardless of Cytek's motion, more than two thirds of the asserted claims will remain. D.I. 190 at 1; Ex. 3 at 2. Cytek's request for early partial summary judgment to address just five claims would not be an efficient use of Court resources, as the Court itself suggested. Ex. 2, 198:22-199:4.

**Second**, while Cytek suggests the record is well-developed on indefiniteness of "collimating optical element," D.I. 190 at 1, it omits that *only* §112(6) indefiniteness has been briefed. D.I. 114 at 74-90; D.I. 158 at 16-20; D.I. 160 at 29-31. There has been no briefing or expert testimony on any other indefiniteness issue for that term, and Cytek's request for limited briefing and no expert discovery is

---

[1] Cytek unilaterally filed its letter without agreeing to BEC's proposed process for submitting these issues to the Court, forcing BEC to respond to substantive arguments Cytek raised.

therefore unworkable.  Cytek also contends that its dispute implicates the meaning of "collimate" and "image" but ignores that each of those terms was construed in BEC's favor, Ex. 2, 90:9-13 (image); Ex. 1, 133:11-13 (collimate), with the Court noting that further assessment of the construction or indefiniteness of "collimate" "could only" occur "after hearing expert testimony," *id.*, 133:11-135:16.  In any event, Cytek's indefiniteness argument is questionable at best because Cytek proposed an alternative, non-means-plus-function construction, confirming the term is not indefinite. D.I. 114 at 75.  Deferring indefiniteness until the ordinary summary judgment phase would allow for a complete record to be built on the indefiniteness issues and provide the Court with a holistic understanding of the disputes before they are briefed at summary judgment.  And, of course, Cytek may withdraw the issue at summary judgment in favor of other motions it may bring at that time.

*Finally*, the existing schedule will permit resolution of outstanding disputes in a timely manner.  Opening expert reports are due in mere weeks, and opening summary judgment motions will be filed in under five months.[2]  D.I. 178.  As the Court has recognized, "indefiniteness…can be raised…at the summary judgment phase." *Personal Audio v. Google*, 2020 WL 58631, at *5 (D. Del. Jan. 6, 2020). Maintaining the current schedule would also provide the Court a complete record— including full expert testimony—on the generalized indefiniteness Cytek seeks to raise.  The Court need not upend its usual practice for Cytek's narrow motion.

Thus, the Court should continue to hold the construction of "collimating optical element" in abeyance and deny Cytek's request for early partial summary judgment.  To the extent the Court is inclined to hold a conference and consider permitting briefing now, any partial motion should count towards the Court's ranking process, and if Cytek's motion is denied, it should not be permitted to file any further summary judgment motions, D.I. 25 at 20-21.  The Court should also permit expert discovery on the full scope of issues Cytek seeks to raise.

Respectfully,

/s/ *Frederick L. Cottrell III*

Frederick L. Cottrell III (#2555)

Enclosures
cc:  All Counsel of Record (via CM/ECF and E-mail)

---

[2] The parties are discussing minor adjustments to the schedule that would not materially alter summary judgment deadlines.