# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BECKMAN COULTER, INC., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CYTEK BIOSCIENCES, INC., )<br>)<br>Defendant. )<br>) | C.A. No. 24-945-CFC-EGT |

**PLAINTIFF BECKMAN COULTER, INC.'S SECOND
ELECTION OF ASSERTED CLAIMS**

Pursuant to the Court's Oral Order at the Supplemental Markman Hearing (9/17/2025 Hr'g Tr. at 206:16-19), Plaintiff Beckman Coulter, Inc. ("Beckman Coulter") hereby serves Defendant Cytek Biosciences, Inc. ("Cytek") with Beckman Coulter's Second Election of Asserted Claims, which identifies 16 total Asserted Claims. Beckman Coulter provides this disclosure solely because the Court has ordered it over Beckman Coulter's objection. *See, e.g.*, 9/17/2025 Hr'g Tr. at 201:12-204:10; 3/24/25 Hr'g Tr. at 12:2-16:23, 20:2-25, 24:1-25:1; D.I. 61 (Beckman Coulter's Letter Regarding Discovery Dispute). Consistent with Magistrate Judge Tennyson's statement that Beckman Coulter can "bring claims back" (3/24/25 Hr'g Tr. at 14:15-19), Beckman Coulter reserves the right to amend, substitute, and/or supplement this initial election of asserted claims as fact discovery and expert discovery in this case progress.

RLF1 33903660v.1

Subject to the objections and reservations above and below, Beckman Coulter hereby elects the following Asserted Claims:

| Patent | Asserted Claims |
|---|---|
| 10,330,582 | Claims 1, 3, 6, 23, 26 |
| 11,703,443 | Claims 4, 6, 10, 11, 15 |
| 12,174,107 | Claims 5, 16, 18, 26, 27, 29 |

For the reasons set forth above and below and in Beckman Coulter's Letter Regarding Discovery Dispute (D.I. 61), which is incorporated herein, Beckman Coulter objects to the Court's Order requiring Beckman Coulter to narrow the Asserted Claims while Cytek has continued to fail to comply with its discovery obligations, including, e.g., by failing to produce certain discovery that is relevant to understanding Cytek's claims and defenses, such as its Court-ordered core technical document production, its other document production, and other discovery. Such premature claim narrowing violates Beckman Coulter's due process rights by depriving Beckman Coulter of "the opportunity to determine whether particular claims might raise separate issues of infringement and invalidity in light of the defendants' accused products and proposed defenses." *In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1313 n.3 (Fed. Cir. 2011). Beckman Coulter reserves all rights.

Beckman Coulter's Second Election of Asserted Claims is based upon the discovery that has been provided by Cytek thus far in this matter. Although the deadline for substantial completion of fact discovery was August 22, Cytek's

production, including Cytek's production of core technical documents pursuant to Paragraph 2 of the Scheduling Order (D.I. 25), remains substantially deficient and does not comply with the Court's order. Cytek produced less than 45% of its production (to date) by the Court's deadline for substantial completion of production. For example, Cytek has produced over 300,000 pages of documents this week and over 18,000 documents from the custodian Mr. Kennedy less than one week before his deposition. Despite its belated productions, Cytek's production remains substantially deficient. For example, at least the following categories of core technical documents appear to be absent from Cytek's production: samples of each accused product; simulations of light paths or ray trace diagrams; documents from which technical specifications for elements of the optical system of each accused product can be discerned, including information regarding the filters used in the WDM; documents from multiple custodians identified in its initial disclosures; and documents prior to 2019 that are highly relevant to infringement, validity, and willfulness. Beckman Coulter repeatedly identified these and other deficiencies in numerous correspondence and asked Cytek to comply with its obligations. However, Cytek has thus far failed to remedy these deficiencies.

Beckman Coulter's Second Election of Asserted Claims is also based upon the Court's oral rulings at the Markman Hearings. 8/21/2025 Hr'g Tr.; 9/17/2025

2

Hr'g Tr. To the extent the Court later orders additional constructions or different constructions, Beckman Coulter reserves the right to amend its election of claims.

Consistent with Magistrate Judge Tennyson's statement that Beckman Coulter can "bring claims back" (3/24/25 Hr'g Tr. at 14:15-19), Beckman Coulter reserves the right to amend, substitute, and/or supplement this initial election of asserted claims as fact discovery and expert discovery in this case progress. Moreover, as explained during the March 24, 2025 Hearing, the claims in this case "are not duplicative," and "there is no argument that they are." 3/24/25 Hr'g Tr. at 15:14-15. These claims therefore raise "unique issues as to liability or damages," *Katz*, 639 F.3d at 1312, and Beckman Coulter expressly reserves all rights, including to, at a later date, assert at a trial in this or a subsequent litigation any or all of the Asserted Claims identified in Beckman Coulter's Paragraph 4(c) Disclosures. Moreover, to the extent any currently non-elected claims are dismissed from the case, they are dismissed without prejudice. *See, e.g., SanDisk Corp. v. Kingston Tech. Co.*, 695 F.3d 1348, 1353 (Fed. Cir. 2012); Fed. R. Civ. P. 41(a).

| | |
|---|---|
| | */s/ Frederick L. Cottrell III* |
| OF COUNSEL: | Frederick L. Cottrell III (#2555) |
| | Kelly E. Farnan (#4395) |
| Omar A. Khan | Christine D. Haynes (#4697) |
| Jeffrey A. Dennhardt | RICHARDS, LAYTON & FINGER P.A. |
| Lauren E. Matlock-Colangelo | One Rodney Square |
| WILMER CUTLER PICKERING HALE AND DORR LLP | 920 North King Street |
| | Wilmington, Delaware 19801 |
| 7 World Trade Center | (302) 651-7700 |
| 250 Greewich Street | cottrell@rlf.com |
| New York, NY 10007 | farnan@rlf.com |
| (212) 230-8800 | haynes@rlf.com |
| | |
| Asher S. McGuffin | *Attorneys for Plaintiff* |
| WILMER CUTLER PICKERING HALE AND DORR LLP | |
| 60 State Street | |
| Boston, MA 02109 | |
| (617) 526-6000 | |

Dated: October 1, 2025

4

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2025, true and correct copies of the foregoing document were served upon the following counsel of record in the manner indicated:

<u>**BY E-MAIL**</u>

Karen Jacobs
Jeremy A. Tigan
Cameron P. Clark
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P. O. Box 1347
Wilmington, DE  19801

<u>**BY EMAIL**</u>

Reuben H. Chen
Cooley LLP
3175 Hanover Street
Palo Alto, CA 94304

Elizabeth M. Flanagan
Cooley LLP
30 S. 9th Street, 7th Floor
Minneapolis, MN 55402

Adam Pivovar
Dustin M. Knight
Rosalynd D. Upton
David Yun
Cooley LLP
1299 Pennsylvania Avenue NW
Suite 700
Washington, DC 20004

<u>/s/ Christine D. Haynes</u>
Christine D. Haynes (#4697)
haynes@rlf.com