IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BECKMAN COULTER, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 24-945 (CFC) (EGT) |
| | ) |
| CYTEK BIOSCIENCES, INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT CYTEK BIOSCIENCES, INC.'S REPLY LETTER
REGARDING EARLY SUMMARY JUDGMENT**

OF COUNSEL:

Reuben H. Chen
HanByul Chang
Juan Pablo González
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304

Elizabeth M. Flanagan
COOLEY LLP
30 South 9th Street, 7th Floor
Minneapolis, MN 55402

Adam Pivovar
Dustin M. Knight
Rosalynd D. Upton
David Yun
COOLEY LLP
1299 Pennsylvania Avenue NW
Suite 700
Washington, DC 20004

October 27, 2025

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs (#2881)
Jeremy A. Tigan (#5239)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
kjacobs@morrisnichols.com
jtigan@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Defendant
Cytek Biosciences, Inc.*

Dear Chief Judge Connolly:

We write to address BEC's Letter (D.I. 192), which disclosed—for the first time—BEC's position on Cytek Bioscience's request for a status conference to discuss a motion for early summary judgment.

First, BEC wrongly suggests Cytek unduly delayed in requesting a status conference. (*Id.* at 1.) Cytek approached BEC on October 15, just two weeks after BEC's October 1 second election of Asserted Claims (*see* D.I. 181). Ex. A. Thereafter, the parties met and conferred on October 20 with Cytek explaining the basis for seeking early summary judgment. BEC's counsel did not explain on that call the bases for which BEC believed Cytek's request to seek summary judgment should not be permitted. Having heard nothing further from BEC, Cytek moved forward with its request on October 23.

Second, BEC's position that no status conference is needed ignores that BEC elected six claims that include terms that have not been construed because BEC did not follow this Court's rules in failing to provide citations in its brief. (Sept. 17, 2025 Tr. at 3:16-4:9, 47:25-49:2, 203:23-204:3.) Thus, addressing the indefiniteness issues simultaneously with claim construction may lead to substantial efficiencies if Cytek prevails. Both parties have submitted voluminous expert declarations addressing the issue, and the joint *Markman* brief captures the parties' positions. A succinct summation of the issues in 5 pages of simultaneous briefing (or some other length the Court chooses) is a reasonable way to present the issue.

Finally, no application for early summary judgment would be needed if BEC had dropped the '582 patent from the case. As Cytek explained in its letter, addressing this patent now is likely to greatly simplify the case and aid in its resolution, including settlement discussions, given that this patent is associated with Beckman Coulter's highest damages claim.

Respectfully,

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)

JAT/ncf
Enclosure
cc:   Clerk of the Court (by hand delivery)
      Counsel of Record (by CM/ECF and email)