

Frederick L. Cottrell
Director
302-651-7509
Cottrell@rlf.com

February 18, 2026

**VIA CM-ECF**
The Honorable Eleanor G. Tennyson
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street, Unit 38
Room 4104
Wilmington, DE 19801-3555

      Re:    *Beckman Coulter, Inc. v. Cytek Biosciences, Inc.*
              **C.A. 24-945-CFC-EGT**

Dear Judge Tennyson:

      I write on behalf of Beckman Coulter, Inc. ("BEC") in response to Cytek's improper filing of a Motion for Hearing to Resolve Discovery Disputes (the "Motion"). D.I. 224. BEC respectfully submits that because fact discovery closed nearly four months ago—on October 22, 2025, *see* D.I. 178—the discovery disputes raised Cytek's Motion are waived. Accordingly, the Court should decline to hear Cytek's Motion. Nonetheless, to the extent the Court is willing to entertain discovery motions, it should order the parties to meet and confer when the present expert deposition schedule allows, raise disputes from both sides in one request to the Court, and – per the Court's order – appear for an in-person conference on those disputes.

      BEC was surprised to see Cytek file the Motion unilaterally given Cytek's previous admonitions to BEC that it could not file similar discovery motions unilaterally. Cytek also ignored BEC's request that BEC's own issues be included in the Motion.

      Cytek's Motion is improper because the issues Cytek raises are not properly before the Court —either because the parties have not met and conferred or because the issues are moot.

      *First*, with respect to Cytek's objection to BEC's clawback and privilege designations of certain privileged documents and testimony, Cytek raised its purported issue regarding BEC's privilege claims on December 23, 2025 (one month after the clawback on November 26, 2025), and in doing so, identified only two documents for which it intended to challenges BEC's privilege claims. All subsequent discussions between the parties were limited to those two documents. Cytek now challenges "all" documents *and* testimony clawed back. The parties have not met and conferred with respect to *all* documents and testimony. To the extent the Court believes that Cytek can raise these issues months after fact discovery has closed (which it should not), the Court should order Cytek to provide the requested information and for the parties to meet and confer on these

issues. But the parties cannot have reached impasse on issues on which they have not yet met and conferred.

**Second**, on the other two issues, BEC and Dr. Chen have repeatedly explained to Cytek there is nothing more to produce. BEC and Dr. Chen believe it would be a waste of the Court's and the parties' resources for Cytek to proceed. BEC and Dr. Chen do not even understand what relief Cytek could be seeking that is actually available. If the Court would like to hear these disputes now, BEC will explain its position in more detail as directed by the Court.[1]

**Finally**, to the extent the Court remains willing to consider fact discovery disputes at this late stage, Cytek's unilateral Motion is improper because it omits issues that BEC requested be included before any motion for a discovery conference be filed. Specifically, BEC raised at least the following three issues:

- BEC's motion to compel a second deposition of Ming Yan due to Cytek's improper withholding of thousands of documents, which were ultimately produced well after the fact discovery period.
- BEC's motion to compel production of Cytek's Search Disclosure Declarations for U.S. Patent Nos. 12,174,106 and 12,174,107 in Post Grant Review Proceedings, which Cytek filed on November 26, 2025, after the close of fact discovery.
- BEC's motion to compel Cytek to collect documents from its investors and bankers relating to BEC's patents.

To the extent the Court is inclined to entertain Cytek's Motion, the issues above should be added to the agenda for any discovery hearing. If the Court is willing to hold a hearing, BEC will confer with Cytek and provide the Court with mutually convenient dates.

BEC also objects to Cytek's misstatements as to BEC's actions.[2] The motion for a discovery hearing is not a place for such argument, and BEC will address those misstatements as needed if these issues become ripe for the Court.

                                                     Respectfully,

                                                     */s/ Frederick L. Cottrell, III*

                                                     Frederick L. Cottrell (#2555)

Cc: All Counsel of Record (via CM-ECF)

---

[1] As to Dr. Chen, this Court is not the appropriate forum for Cytek to properly raise any dispute relating to Dr. Chen's emails. Dr. Chen is a third party located in California, and the proper location to seek relief regarding compliance with Cytek's subpoena is in that jurisdiction.

[2] Among other misstatements, the motion incorrectly identifies the counsel present during the meet and confers and incorrectly states that this is the third dispute brought to the Court. It is the fourth. *See* D.I. 54, 94, and 200.