IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BECKMAN COULTER, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 24-945 (CFC) (EGT) |
| ) | |
| CYTEK BIOSCIENCES, INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT CYTEK BIOSCIENCES, INC.'S LETTER TO THE HONORABLE
ELEANOR G. TENNYSON IN RESPONSE TO ORAL ORDER (D.I. 227) REGARDING
REQUEST FOR DISCOVERY DISPUTE CONFERENCE (D.I. 224)**

OF COUNSEL:

Reuben H. Chen
Allie Leeper
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
(650) 843-5000

Elizabeth M. Flanagan
COOLEY LLP
30 S. 9th Street, 7th Floor
Minneapolis, MN 55402

Adam Pivovar
Dustin M. Knight
Rosalynd D. Upton
David Yun
COOLEY LLP
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004
(202) 842-7800

February 26, 2026

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs (#2881)
Jeremy A. Tigan (#5239)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
kjacobs@morrisnichols.com
jtigan@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Defendant
Cytek Biosciences, Inc.*

Dear Judge Tennyson,

      Cytek's discovery dispute (D.I. 224) concerns 35 documents that Beckman Coulter ("BEC") only produced on October 28, after the August 22 deadline for substantial completion of document production (D.I. 55) and October 22 close of fact discovery (D.I. 177). BEC clawed back these documents on November 21, and clawed back on November 26 deposition testimony taken on November 7. The parties verbally discussed the clawbacks on December 3, January 2, and January 29, and from November 28 to February 13 in correspondence, as detailed below.

      On November 28, Cytek requested a call about all November 21/26 clawbacks and sought a privilege log for the testimony clawed back on November 26, which BEC provided on December 1. On December 2, Cytek raised questions about BEC's logs for the November 21/26 clawbacks, including the role and identity of individuals identified in them. On December 3, the parties conferred about the November 21/26 clawbacks (and other issues), with Cytek raising its questions about BEC's logs, and BEC advising the questions were under investigation. On December 4, 8, and 9, Cytek contacted BEC about the requested information and sought another meet and confer. On December 9, BEC provided the requested information but declined to confer on the basis that BEC was unaware of any disputes on the clawbacks requiring a meet and confer. Cytek replied it would revert with additional privilege questions.

      On December 11, BEC for the first time provided a redacted transcript of what it contended was privileged information. Cytek could not access this transcript under the Protective Order before then because of the clawback request. (D.I. 40 at ¶¶64-65)

      On December 17, Cytek requested details about two third-party diligence reports over which BEC claimed privilege because an in-house attorney—whose name appears on all but three of the 39 entries on the relevant logs—purportedly directed the work, and cases supporting the privilege claim. On December 23, Cytek followed up and provided supporting cases. On December 30, BEC provided its position and cases. Also on December 30, Cytek declared its "inten[t] to raise the issue with the court and seek in camera review of all documents and testimony clawed back Nov. 21-26, 2025." On January 2, the parties conferred and agreed on impasse, though BEC suggested it might supplement its log. On January 5, BEC sent a call summary, stating "BEC intends to supplement its [] log with respect to these documents and will do so in due course." Cytek responded on January 7, stating that "we understand that the parties are at an impasse on this issue," responding to BEC's arguments, and reiterating Cytek's position.

      On January 27, having received no further communication or supplemental privilege log from BEC by that date, Cytek sent BEC a draft motion to resolve discovery disputes including the clawback issues.[1] On January 28, the parties conferred on a separate issue and Cytek sent an updated motion. The parties conferred again on January 29, where BEC asserted the parties had not adequately conferred on all clawbacks. Cytek disagreed. BEC never responded to the January 28 draft motion. Cytek followed up on February 11 re-attaching the motion, and reiterating that "the parties have sufficiently met-and-conferred regarding all documents and testimony BEC clawed back on Nov. 21 and 26." On February 13, BEC confirmed disagreement, and Cytek stated it "intend[s] to proceed with our discovery dispute." On February 17, Cytek filed its motion because BEC would still not agree the parties were at an impasse and refused to join Cytek in bringing the dispute to the Court, despite Cytek's repeated and continuing efforts over two and a half months to reach resolution (D.I. 224).

---

[1] Cytek notes the parallel expert report deadlines on January 20 (rebuttal) and February 9 (reply).

1

        Respectfully,

        */s/ Jeremy A. Tigan*

        Jeremy A. Tigan (#5239)

JAT/ncf
cc:    Clerk of the Court (by hand delivery)
       Counsel of Record (by CM/ECF and email)

2