**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BECKMAN COULTER, INC.,<br>Plaintiff,<br>v.<br>CYTEK BIOSCIENCES, INC.,<br>Defendant. | C.A. No. 24-0945-CFC-EGT<br>**HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY**<br>[redacted] |

# PLAINTIFF BECKMAN COULTER, INC.'S OPENING BRIEF IN SUPPORT OF MOTION TO EXCLUDE CERTAIN OPINIONS OF DEFENDANT'S DAMAGES EXPERT, JOHN L. HANSEN

OF COUNSEL:

Omar A. Khan
Jeffrey A. Dennhardt
Laura Macro
Lauren Matlock-Colangelo
Jennifer L. Graber
Maggie Sawin
Kelly A. Todd
WILMER CUTLER PICKERING
HALE and DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800

Akkad Y. Moussa
WILMER CUTLER PICKERING
HALE and DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037

Frederick L. Cottrell III (#2555)
Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
cottrell@rlf.com
farnan@rlf.com
haynes@rlf.com

*Attorneys for Plaintiff*

# TABLE OF CONTENTS

Page


**I. INTRODUCTION** .......... 1

**II. NATURE AND STAGE OF THE PROCEEDINGS** .......... 2

**III. STATEMENT OF FACTS** .......... 2

A. Hansen's Apportionment of the Value of the Asserted Patents in the Accused Products .......... 2

B. Mr. Hansen's Non-Infringing Alternative Opinion .......... 2

**IV. SUMMARY OF ARGUMENT** .......... 3

**V. LEGAL STANDARDS** .......... 3

**VI. ARGUMENT** .......... 4

A. MOTION #6: MR. HANSEN'S ADJUSTED REASONABLE ROYALTY RATE IS BASED ON UNRELIABLE METHODOLOGY AND SHOULD BE EXCLUDED .......... 4

1. Mr. Hansen's Royalty Analysis Double-Counts the Value of "Spectral" Features .......... 4

2. Mr. Hansen's Failure to Value the Invention as a Whole Underscores the Unreliability of His Apportionment Analysis .......... 5

B. MOTION #7: MR. HANSEN'S OPINIONS THAT CYTEK HAD A NON-INFRINGING ALTERNATIVE FOR "NON-U.S. SALES" SHOULD BE EXCLUDED .......... 7

1. Mr. Hansen's Non-Infringing Alternative Assumptions Render His Lost Profits Opinion Methodologically Unsound .......... 7

2. Mr. Hansen's Royalty Rate Opinion Relying on His Flawed Non-Infringing Alternative Assumption Should Be Excluded .......... 13

**VII. CONCLUSION** .......... 14

[redacted]

## TABLE OF AUTHORITIES

Page(s)

## CASES

*Acceleration Bay LLC v. Activision Blizzard Inc.*,
2019 WL 4194060 (D. Del. Sept. 4, 2019) ....................................................7

*Allergan, Inc. v. Revance Therapeutics, Inc.*,
789 F. Supp. 3d 365 (D. Del. June 30, 2025)....................................9, 10, 13

*Conceptus, Inc. v. Hologic, Inc.*,
771 F. Supp. 2d 1164 (N.D. Cal. 2010)........................................................13

*Correct Transmission, LLC v. Nokia of Am. Corp.*,
2024 WL 1289821 (E.D. Tex. Mar. 26, 2024)....................................7, 9, 13

*Daubert v. Merrell Dow Pharms., Inc.*,
509 U.S. 579 (1993)...........................................................................................3

*EcoFactor, Inc. v. Google LLC*,
137 F.4th 1333 (Fed. Cir. 2025) .......................................................4, 12, 13

*Finalrod IP, LLC v. Endurance Lift Sols., Inc.*,
2021 WL 4943649 (E.D. Tex. Oct. 22, 2021)................................................9

*Finjan, Inc. v. Sophos, Inc.*,
2016 WL 4702651 (N.D. Cal. Sept. 8, 2016)............................................4, 5

*Fiskars, Inc. v. Hunt Mfg. Co.*,
279 F.3d 1378 (Fed. Cir. 2002) ......................................................................10

*Grain Processing Corp. v. Am. Maize-Prods. Co.*,
185 F.3d 1341 (Fed. Cir. 1999) ........................................................................9

*Intel Corp. v. U.S. Intern. Trade Com's*,
946 F.2d 821 (Fed. Cir. 1991) ..........................................................................6

*LaserDynamics, Inc. v. Quanta Comput., Inc.*,
2011 WL 197869 (E.D. Tex. Jan. 20, 2011) ................................................10

[redacted]

*Lucent Techs., Inc. v. Gateway, Inc.*,
580 F.3d 1301 (Fed. Cir. 2009) ....................6

*Micro Chem., Inc. v. Lextron, Inc.*,
318 F.3d 1119 (Fed. Cir. 2003) ....................8

*Puff Corp. v. SHO Prods.*,
LLC, 2024 WL 2208929 (C.D. Cal. Apr. 19, 2024) ....................5, 6

*PureWick Corp. v. Sage Prods., LLC*,
2021 WL 2593338 (D. Del. June 24, 2021) ....................11

*Saint Lawrence Commc'ns LLC v. ZTE Corp.*,
2017 WL 679623 (E.D. Tex. Feb. 21, 2017)....................5

*Siemens Med. Sols. USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*,
637 F.3d 1269 (Fed. Cir. 2011) ....................8

*ThinkOptics, Inc. v. Nintendo of Am., Inc.*,
2014 WL 2859578 (E.D. Tex. June 21, 2014) ....................6

## STATUTES, RULES, AND REGULATIONS

35 U.S.C. § 284....................6

Federal Rule of Evidence 701....................3

Federal Rule of Evidence 702....................1, 3, 13, 14

# I. INTRODUCTION

Cytek Biosciences, Inc. ("Cytek") offers John L. Hansen to rebut the analysis of Michele M. Riley, which demonstrates the damages Beckman Coulter, Inc. ("Beckman") has suffered due to Cytek's patent infringement. Rather than engaging with Ms. Riley's analysis or the evidence, Mr. Hansen offers methodologically unsound and conclusory assertions that are untethered to the record and incapable of assisting the jury in reliably determining the damages owed.

***First***, with respect to a reasonable royalty, Mr. Hansen impermissibly double-counts in his apportionment analysis and (contrary to Georgia-Pacific) purports to deconstruct the claimed invention into constituent elements without ever considering the value of the invention as an ordered whole.

***Second***, with respect to Beckman's lost profits, instead of producing evidence demonstrating the availability of a commercially acceptable and economically viable non-infringing alternative to Cytek's infringement, as the law required, Mr. Hansen assumes the existence of such an alternative.

Because Mr. Hansen's opinions are inadmissible under Federal Rule of Evidence 702, they must be excluded from trial.

[redacted]

## II. NATURE AND STAGE OF THE PROCEEDINGS

On December 19, 2025, Beckman offered the expert opinion of Ms. Riley demonstrating its entitlement to damages for Cytek's patent infringement. Cytek served a rebuttal opinion from Mr. Hansen on January 20, 2026, to which Ms. Riley replied on February 9, 2026. Discovery is complete, and trial is set for August 17, 2026.

## III. STATEMENT OF FACTS

### A. Hansen's Apportionment of the Value of the Asserted Patents in the Accused Products

Mr. Hansen's reasonably royalty engaged in impermissible double-counting by deducting for a second time the value that he attributed to Cytek's "spectral capability," which is "enable[d]" by the Cytek's "spectral unmixing algorithm" in Cytek's software. Ex.1, Hansen Rebuttal Report ¶¶180, 287; *id.* Table 22; Ex.3, Hansen Tr. 131:21-132:6; *id.* 130:6-24.

### B. Mr. Hansen's Non-Infringing Alternative Opinion

Mr. Hansen offers a "non-infringing alternative" opinion by performing no analysis of the commercial acceptability and economic viability of his proposed alternative. Ex.1, Hansen Rebuttal Report ¶¶114-119, 161. Mr. Hansen also performed no actual calculation of the financial impact or costs associated with Cytek's moving its manufacture, assembly, and testing of all accused flow

[redacted]

cytometers abroad. Ex.1, Hansen Rebuttal Report, ¶251; Ex.3, Hansen Tr. 230:12-20 (testifying he did not quantify these costs).

## IV. SUMMARY OF ARGUMENT

Cytek's damages expert, Mr. Hansen, offers opinions on lost profits and reasonable royalties. Mr. Hansen's opinions are unreliable for two reasons:

***First***, Mr. Hansen's apportionment calculations double-counted the value of Cytek's software, failed to value the invention as claimed in the Asserted Patents, and are thus unreliable and unhelpful to the jury, and should be excluded

***Second***, Mr. Hansen's opinions supporting his adjustment of Ms. Riley's lost profits rely on conclusory assumptions that fail to assess (1) the cost or availability of moving manufacturing abroad as a non-infringing alternative; and (2) the acceptability of this alternative to customers, and should therefore be excluded as unreliable and unhelpful to the jury.

## V. LEGAL STANDARDS

Under Federal Rule of Evidence 701, the Court must "ensure[] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993); Fed. R. Evid. 702. An expert's opinion is "not based on sufficient facts or data," making it "unreliable and therefore inadmissible under Rule 702," if it is "untethered from"

[redacted]

and "unsupported by" the evidence. *EcoFactor, Inc. v. Google LLC*, 137 F.4th 1333, 1345-46 (Fed. Cir. 2025).

## VI. ARGUMENT

### A. MOTION #6: MR. HANSEN'S ADJUSTED REASONABLE ROYALTY RATE IS BASED ON UNRELIABLE METHODOLOGY AND SHOULD BE EXCLUDED

#### 1. Mr. Hansen's Royalty Analysis Double-Counts the Value of "Spectral" Features

Mr. Hansen's reasonable royalty opinion should be excluded because he removed the value of Cytek's spectral technology from a reasonably royalty rate that had already removed this value. Ex.2, Hansen Rebuttal Report ¶180. Double-counting renders these opinion unreliable, warranting exclusion of Mr. Hansen's apportionment analysis. *See Finjan, Inc. v. Sophos, Inc.*, 2016 WL 4702651, *2 (N.D. Cal. Sept. 8, 2016).

Beckman's damages expert, Ms. Riley, deducted the value of spectral software when she deducted the value of all software to reach her apportioned WDM value. *See* Ex.2, Riley Opening Report ¶¶467, 493. Mr. Hansen purports to start from Ms. Riley's apportioned WDM value (Ex.1, Hansen Rebuttal Report ¶¶180, 286; Ex.3, Hansen Tr. 73:24-74:1), but then deducted the value of spectral software a ***second*** time. Ex.1, Hansen Rebuttal Report ¶¶180, 287; Ex.3, Hansen Tr. 133:4-12 (agreeing he deducted for "the value of the spectral capability" including spectral software that calculates unmixing algorithms); *id.*, 131:21-132:6

[redacted]

(agreeing his deduction "relates to the software, the unmixing algorithm that enables Cytek to provide a spectral capability and functionality.").

It is methodologically unsound to double-count the value of the same spectral software, and deduct this same value twice as part of an apportionment calculus. *See Finjan*, 2016 WL 4702651, *2 (excluding opinion for "double-counting the [technology's] value"); *Saint Lawrence Commc'ns LLC v. ZTE Corp.*, 2017 WL 679623, *3 (E.D. Tex. Feb. 21, 2017) ("royalty rate improperly double counts" where the royalty rate "already fully incorporates any adjustment").

**2. Mr. Hansen's Failure to Value the Invention as a Whole Underscores the Unreliability of His Apportionment Analysis**

Further underscoring Mr. Hansen's unreliable calculation of a reasonable royalty is his failure to "compare the value of the claimed invention as a whole to the value of the conventional elements standing alone." *Puff Corp. v. SHO Prods.*, LLC, 2024 WL 2208929, *12 (C.D. Cal. Apr. 19, 2024). Mr. Hansen deconstructed the claims into constituent elements and addressed the value of those elements standing alone—which he asserts Beckman "did not invent." Ex.1, Hansen Rebuttal Rep. ¶213. Mr. Hansen's "assum[ption] that a conventional element cannot be rendered more valuable by its use in combination with an invention" is "improper" and "fails to compare the value of the claimed invention as a whole to the value of the conventional elements standing alone." *Puff*, 2024

[redacted]

WL 2208929, *12; *see Intel Corp. v. U.S. Intern. Trade Com's*, 946 F.2d 821, 842 (Fed. Cir. 1991). And a predicate to the damages analysis is that the asserted patent is both valid and infringed. 35 U.S.C. § 284; *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1325 (Fed. Cir. 2009). Mr. Hansen's arguments fail to adopt that assumption, underrepresenting the value of Beckman's patents to Cytek's infringing products. Ex.1, Hansen Rebuttal Report ¶213.

The value of a claimed invention must be assessed based upon the ordered combination that the claim recites, not by decomposing the claim into constituent elements. *Puff*, 2024 WL 2208929, at *12*; see also Magnolia*, 2025 WL 3063189, *3; *ThinkOptics, Inc. v. Nintendo of Am., Inc.*, 2014 WL 2859578, *2 (E.D. Tex. June 21, 2014). Mr. Hansen asserts that Beckman must have invented "the APD detector itself," Ex.1, Hansen Rebuttal Report ¶213, and therefore does not ascribe value to that component. He improperly fails to analyze Beckman's entitlement to recover damages based upon the value of APD detectors "in combination with" all elements of the claimed invention as a whole. *Puff*, 2024 WL 2208929, *12; *see also Magnolia*, 2025 WL 3063189, *3; *ThinkOptics*, 2014 WL 2859578, *3.

Mr. Hansen's analyses is "not 'the product of reliable principles and methods' and does not reflect 'a reliable application of [his] principles and methods to the facts of the case." *Puff Corp.*, 2024 WL 2208929, *12. These opinions

[redacted]

should be excluded. Ex.1, Hansen Rebuttal Report ¶¶184-185, 213, 246-249, 287-291, 294-296.

### B. MOTION #7: MR. HANSEN'S OPINIONS THAT CYTEK HAD A NON-INFRINGING ALTERNATIVE FOR "NON-U.S. SALES" SHOULD BE EXCLUDED

#### 1. Mr. Hansen's Non-Infringing Alternative Assumptions Render His Lost Profits Opinion Methodologically Unsound

Mr. Hansen opined that Cytek had a non-infringing alternative available for its Accused Product sales outside of the United States because "its manufacturing, assembly and testing operations" of Accused Products could have been "relocated outside of the U.S. for foreign sales" such that Beckman "would not [have been] entitled to recover lost profits for foreign sales." Ex.1, Hansen Rebuttal Report ¶161, *see also id.* ¶¶114-119. But Mr. Hansen's conclusory statements make no effort to analyze the economic viability or commercial acceptability of his alleged alternative. Mr. Hansen's opinions should thus be excluded. *Correct Transmission, LLC v. Nokia of Am. Corp.*, 2024 WL 1289821, *5 (E.D. Tex. Mar. 26, 2024) (failure to perform "any financial analysis of the impact of a non-infringing alternative" "will only operate to confuse the jury"); *Acceleration Bay LLC v. Activision Blizzard Inc.*, 2019 WL 4194060, *8 (D. Del. Sept. 4, 2019).

***First***, Mr. Hansen performed no quantitative analysis of whether it would be economically feasible for Cytek to move all manufacturing, assembly, and testing abroad for ex-U.S. sales of the Accused Products during the period of

[redacted]

infringement. Ex.3, Hansen Tr. 230:12-20 ("Q. You've not done a quantitative analysis of the investment that it would have taken Cytek to move all manufacturing, assembly for ex-US sales" "and moved them abroad for all accused products; correct? **A. I haven't quantified that amount.**"), *id.* 232:18-233:1 ("Q. In your report[] you did not present a financial analysis explaining, from a quantitative or financial perspective, that Cytek could have made its manufacturing investments earlier in time; right? **A. I didn't put forth a particular quantification of that.**"). Nor has Mr. Hansen accounted for costs to Cytek from shuttering its already built-out manufacturing, assembly, and testing capacity in the United States. *Id.* Further, Mr. Hansen did not assess the personnel costs that would be required to move all operations abroad. *Id*. Thus, Mr. Hansen failed to analyze whether this alleged alternative could "be commercialized readily" as the law requires for an accused infringer to show an alleged alternative was available during the infringement period. *Siemens Med. Sols. USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*, 637 F.3d 1269, 1288 (Fed. Cir. 2011) ("[I]f the substitute cannot be commercialized 'readily,' then it is not available for purposes of a lost profits determination"); *Micro Chem., Inc. v. Lextron, Inc.*, 318 F.3d 1119, 1123 (Fed. Cir. 2003) ("high cost" can "render a substitute 'unavailable'").

[redacted]

Mr. Hansen's opinions lacking "any financial analysis of the impact of a non-infringing alternative" to Cytek "will only operate to confuse the jury" and should be excluded. *Correct Transmission*, 2024 WL 1289821, *5.

Mr. Hansen also failed present evidence demonstrating the technical capability and capacity of Cytek's facilities abroad to perform the manufacturing, assembly, and testing required for the foreign sales of the Accused Products, providing only conclusory statements that Cytek "could have" pursued such alternatives. Ex.1, Hansen Rebuttal Report ¶117 ("[T]here are no technical or economic reasons why Cytek could not have manufactured, assembled and tested products for foreign customers abroad earlier," (citing no evidence)), ¶119 (similar). Mr. Hansen did not cite any technical expert to support his bare assumption that Cytek has or could acquire the technological capability abroad manufacture, assemble, and test its accused flow cytometry products for foreign customers overseas. *Finalrod IP, LLC v. Endurance Lift Sols., Inc.*, 2021 WL 4943649, *3 (E.D. Tex. Oct. 22, 2021) (excluding opinion on non-infringing alternatives that "lacks citation to any expert technical opinion."). Since Mr. Hansen provides "no evidence" beyond bare assertion, and "leaves to the imagination how" the alternative would be implemented, his opinions should be excluded as unreliable. *Allergan, Inc. v. Revance Therapeutics, Inc.*, 789 F. Supp. 3d 365, 379 (D. Del. June 30, 2025).

[redacted]

Mr. Hansen's unsupported assumptions cannot demonstrate Cytek had the "equipment, know-how, and experience" to manufacture and assemble the Accused Products abroad or whether the alternative would be "acceptable to customers." *Fiskars, Inc. v. Hunt Mfg. Co.*, 279 F.3d 1378, 1382 (Fed. Cir. 2002); *Allergan*, 789 F. Supp. 3d at 379 (party assertion that it "required no additional equipment, know-how, or experience" for the alternative was "[m]ere speculation"). His failure to analyze whether alternatives were "available" "reveal only speculation that it might have been theoretically possible" for Cytek "to produce [its] non-infringing alternatives," and therefore his "opinions are irrelevant and do not 'assist the trier of fact to understand the evidence or to determine a fact at issue.'" *LaserDynamics, Inc. v. Quanta Comput., Inc.*, 2011 WL 197869, *3 (E.D. Tex. Jan. 20, 2011).

Mr. Hansen likewise fails to assess the commercial acceptability to customers of products fully manufactured in China or Singapore. In fact, his only discussion of "acceptability" is his bare conclusion that moving manufacturing, testing, and assembly abroad was an "acceptable non-infringing alternative available to Cytek." Ex.1, Hansen Rebuttal Report ¶119. Mr. Hansen acknowledges that the legal standard for assessing a non-infringing alternative requires "the analysis of ***acceptable***, non-infringing substitutes," he does not actual analysis of commercial acceptability to customers. Ex.1, Hansen Rebuttal Report

[redacted]

¶¶114 (citing *Grain Processing*)). *PureWick Corp. v. Sage Prods., LLC*, 2021 WL 2593338, *1 (D. Del. June 24, 2021) (excluding opinion that lacked analysis of relevant facts an evidence as amounting to little more than "instructions about patent law").

***Second***, Mr. Hansen's assumptions are contradicted by record evidence that Mr. Hansen ignores—confirming the unreliability of his conclusions. *E.g.*, Ex.4, Ulusu Tr. 54:11-56:14-20, 74:7-10, 75:1-18. For example, Cytek's witnesses confirmed that Cytek [redacted]. Ex.4, Ulusu Tr. 54:11-56:20 (agreeing that [redacted]"); *id.* 56:15-20 ([redacted]); Ex.5, Kennedy Tr. 45:25-57:19 (all Accused Products include blue detectors); *see also* Ex.4, Ulusu Tr. 75:1-18 ([redacted]).

[redacted] demonstrates that Mr. Hansen's baseless assumptions about what Cytek could have done are methodologically unsound. *See EcoFactor*, 137 F.4th at 1346 ("Where, as here, the relevant evidence is contrary to a critical fact upon which the expert relied, the district court fails to fulfill its responsibility as gatekeeper by allowing the expert to testify at trial"). As a result, Mr. Hansen's opinion is unreliable and must be excluded. *Id.*

Further, Mr. Hansen fails to analyze evidence that c[redacted]. *E.g.*, Ex.4, Ulusu Tr. 98:7-10 ([redacted]). Here again Mr. Hansen's opinions are "not based on sufficient facts or data," and are thus "unreliable and therefore inadmissible under Rule 702." *EcoFactor*, 137 F.4th at 1345-46.

Mr. Hansen's discussions with Cytek's CEO, Dr. Wenbin Jiang are insufficient to excuse his lack of analysis. Ex.1, Hansen Rebuttal Report ¶117 ("***According to Dr. Wenbin Jiang***, Cytek would not have had any capacity issues abroad supporting additional manufacturing activities for foreign sales." (citing discussions with Dr. Jiang)). Where "the only support" that non-infringing alternatives were available "is a portion of the unsworn report of its own expert

[redacted]

that relies exclusively on private conversations with [accused infringer's] personnel…, that is not evidence." *Conceptus, Inc. v. Hologic, Inc.*, 771 F. Supp. 2d 1164, 1179 (N.D. Cal. 2010); *see also EcoFactor*, 137 F.4th at 1344 ("[Party CEO's] testimony" that "referenced no evidentiary support" "amounts to an unsupported assertion from an interested party.").

Thus, Mr. Hansen "leaves to the imagination" how Cytek could have achieved the purported non-infringing alternative "on which [he] retroactively opined." *Allergan*, 789 F. Supp. 3d at 379. Such "[m]ere speculation" is not useful to the jury and should be excluded. *Id.*

**2. Mr. Hansen's Royalty Rate Opinion Relying on His Flawed Non-Infringing Alternative Assumption Should Be Excluded**

As discussed above, Mr. Hansen conceded at his deposition that he did not calculate the cost to Cytek of moving manufacturing, assembly, and testing operations abroad. Ex.3, Hansen Tr. 230:12-20. Mr. Hansen thus has no methodologically sound basis to compare such indeterminate costs to any royalty demand that the parties might have exchanged during their hypothetical negotiation under *Georgia Pacific*. *Correct Transmission*, 2024 WL 1289821, *5 ("Because none of [the party's] experts provide any financial analysis of the impact of a non-infringing alternative … presenting these alternatives will only operate to confuse the jury.") Because Mr. Hansen has no sound basis upon which to rest such a comparison, his opinions that Cytek would rather move

[redacted]

manufacturing, testing, and assembly of all Accused Products abroad than accept, "an uneconomic royalty demand," or that this would supposedly "place downward pressure on the royalty rate in the hypothetical negotiation" (Ex.1, Hansen Rebuttal Report ¶251) have no sound evidentiary basis and therefore must be excluded as unreliable under Rule 702. *Id.*

## VII. CONCLUSION

For the reasons stated above, Beckman's Motions to Exclude #6-#7 should be granted.

[redacted]

OF COUNSEL:

Omar A. Khan
Jeffrey A. Dennhardt
Laura Macro
Lauren Matlock-Colangelo
Jennifer L. Graber
Kelly A. Todd
Maggie Sawin
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800

Akkad Y. Moussa
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Ave.
NW Washington, DC 20037
(202) 663-6000

Dated: March 13, 2026

*/s/ Frederick L. Cottrell III*
Frederick L. Cottrell III (#2555)
Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
RICHARDS, LAYTON & FINGER P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
cottrell@rlf.com
farnan@rlf.com
haynes@rlf.com

*Attorneys for Plaintiff*

[redacted]

**CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2026, true and correct copies of the foregoing document were served upon the following counsel of record in the manner indicated:

**BY E-MAIL**

Karen Jacobs
Jeremy A. Tigan
Cameron P. Clark
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19801

**BY EMAIL**

Reuben H. Chen
Cooley LLP
3175 Hanover Street
Palo Alto, CA 94304

Elizabeth M. Flanagan
Cooley LLP
30 S. 9th Street, 7th Floor
Minneapolis, MN 55402

Adam Pivovar
Dustin M. Knight
Rosalynd D. Upton
David Yun
Cooley LLP
1299 Pennsylvania Avenue NW
Suite 700
Washington, DC 20004

*/s/ Christine D. Haynes*
Christine D. Haynes (#4697)
haynes@rlf.com

**CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the foregoing Plaintiff Beckman Coulter, Inc.'s Opening Brief In Support of Motion To Exclude Certain Opinions Of Defendant's Damages Expert, John L. Hansen complies with the type-volume requirements of the Court's November 6, 2019 Standing Order Regarding Briefing in All Cases and the Scheduling Order. The text of the brief, including footnotes, was prepared in Times New Roman 14-point font and contains 2,812 words, and when combined with the Summary Judgment brief and other *Daubert* brief, the total is 12,280/12,500 words.

*/s/ Christine D. Haynes*
Christine D. Haynes (#4697)
haynes@rlf.com

Dated: March 13, 2026