IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BECKMAN COULTER, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 24-945 (CFC) (EGT) |
| CYTEK BIOSCIENCES, INC., | ) | [redacted] |
| Defendant. | ) | REDACTED - PUBLIC VERSION |

**DEFENDANT'S OPENING BRIEF IN SUPPORT OF ITS**
**<u>*DAUBERT* MOTIONS 1 AND 2</u>**

OF COUNSEL:

Reuben H. Chen
Alexandra Leeper
HanByul Chang
Juan Pablo Gonzalez
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304

Elizabeth M. Flanagan
COOLEY LLP
30 S. 9th Street, 7th Floor
Minneapolis, MN 55402

Adam Pivovar
Dustin M. Knight
Rosalynd D. Upton
David Yun
COOLEY LLP
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs (#2881)
Jeremy A. Tigan (#5239)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
kjacobs@morrisnichols.com
jtigan@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Defendant*
*Cytek Biosciences, Inc.*

March 13, 2026

# TABLE OF CONTENTS

Page


I. INTRODUCTION ....................................................................... 4

II. NATURE AND STAGE OF THE PROCEEDINGS ................................. 5

III. SUMMARY OF ARGUMENT ......................................................... 5

IV. DAUBERT 1 – HOUSTON ............................................................ 6

A. Statement of Facts ............................................................... 6

B. Argument: Houston's Willfulness Opinions Should Be Excluded ....................................................................... 7

V. DAUBERT 2 – ARNOLD ............................................................... 9

A. Statement of Facts ............................................................... 9

B. Argument: Arnold's Validity Opinions Should Be Excluded ........... 12

VI. CONCLUSION .......................................................................... 14

# TABLE OF AUTHORITIES

**Page**

**Cases**

*BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch. Organisation*, 28 F.4th 1247 (Fed. Cir. 2022)....2, 4

*HVLPO2, LLC v. Oxygen Frog, LLC*, 949 F.3d 685 (Fed. Cir. 2020)....11

*Kyocera Senco Indus. Tools Inc. v. Int'l Trade Comm'n*, 22 F.4th 1369 (Fed. Cir. 2022)....3, 9, 10, 11

*Oxford Gene Tech., Ltd. v. Mergen Ltd.*, 345 F. Supp. 2d 431 (D. Del. 2004)....2, 5, 6

*Shire ViroPharma Inc. v. CSL Behring LLC*, No. 17-cv-00414, 2021 WL 1227097 (D. Del. Mar. 31, 2021)....2

*Sierra Wireless, ULC v. Sisvel S.p.A*, 130 F.4th 1019 (Fed. Cir. 2025)....10

*Sonos, Inc. v. D&M Holdings, Inc.*, 297 F. Supp. 3d 501 (D. Del. 2017)....5, 6

*Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356 (Fed. Cir. 2008)....3

*Victaulic Co. v. ASC Engineered Sols., LLC*, No. 20-cv-00887-GBW, 2022 WL 17250376 (D. Del. Nov. 28, 2022)....6

*Wirtgen Am., Inc. v. Caterpillar, Inc.*, No. 17-cv-00770, 2024 WL 166833 (D. Del. Jan. 16, 2024)....5, 6

*Zimmer Surgical, Inc. v. Stryker Corp.*, 365 F. Supp. 3d 466 (D. Del. Mar. 7, 2019)....2, 4, 6

**Other Authorities**

Rule 702....1, 3, 4, 6

Rule 703....6

# TABLE OF ABBREVIATIONS

| Abbreviation | Term/Meaning |
|---|---|
| ’582 patent | U.S. Patent No. 10,330,582 |
| ’443 patent | U.S. Patent No. 11,703,443 |
| ’107 patent | U.S. Patent No. 12,174,107 |
| Asserted Patents | ’582 patent; ’443 patent; ’107 patent |
| Asserted Claims | Claims 1, 3, 6, 23, and 26 of the ’582 patent; claims 4, 6, 10, 11, and 15 of the ’443 patent; claims 5, 16, 18, 26, 27, and 29 of the ’107 patent |
| BEC | Plaintiff Beckman Coulter, Inc. |
| Cytek | Defendant Cytek Biosciences, Inc. |
| Arnold | Dr. Michael Arnold, Ph.D., BEC’s expert |
| Houston | Dr. Jessica Houston, Ph.D., BEC’s expert |
| Ilkov | Dr. Fedor Ilkov, Ph.D., Cytek’s expert |
| Robinson | Dr. J. Paul Robinson, Ph.D., BEC’s expert |
| Schaafsma | Dr. David Schaafsma, Ph.D., BEC’s expert |
| Rule 702 | Federal Rule of Evidence 702 |

# I. INTRODUCTION

Cytek moves to exclude certain opinions of BEC experts Houston (Daubert 1) and Arnold (Daubert 2) under Rule 702.

First, Houston's opinions regarding willful infringement should be excluded because experts may not opine on subjective state of mind, which is reserved for the factfinder; thus her opinions are inadmissible.[1]

Second, certain of Arnold's opinions should be excluded because he does not qualify as a POSA. Cytek contends that all Asserted Claims lack written description and enablement support because the written description states that a "carbon nanotube photodetector" is within the scope of the recited "detectors," but as of the priority date—and even today—no viable carbon nanotube photodetectors existed aside from prototypes in a select few research labs, and none function for flow cytometers, the subject of the Asserted Claims. (*See, e.g.*, Ex. 3 (Ilkov Opening), ¶¶992-993.) In rebuttal, Arnold offers opinions about what a POSA would have known about flow cytometers, despite never having used or designed one, and he does not meet the parties' agreed-upon POSA definition, which requires such experience. Thus, Arnold lacks the expertise to offer his opinions regarding what a

[1] The specific Houston opinions that should be excluded include the subject matter of the highlighted paragraphs identified in Houston's Opening Report at §§XII–XIII and Houston's Reply Report at §XII.I, which are attached hereto as Exhibits 1 and 2, respectively.

POSA would have known, and his opinions should thus be excluded as unreliable.[2]

## II. NATURE AND STAGE OF THE PROCEEDINGS

Fact and expert discovery are closed. D.I. 178 at 1; D.I. 210 at 2. The pretrial conference is set for August 7, 2026. D.I. 178 at 2. A jury trial is set to begin on August 17, 2026. *Id.*

## III. SUMMARY OF ARGUMENT

1. **Daubert 1.** Houston purports to opine on willful infringement, including that Cytek knew of and "copied" the Asserted Patents and BEC's products. But willful infringement is a question of fact for the jury and rests on the accused infringer's subjective intent. *BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch. Organisation*, 28 F.4th 1247, 1274 (Fed. Cir. 2022). Courts in this District routinely exclude willfulness opinions because experts may not opine about "intent, motive, or state of mind, or evidence by which state of mind may be inferred." *E.g.*, *Oxford Gene Tech., Ltd. v. Mergen Ltd.*, 345 F. Supp. 2d 431, 443 (D. Del. 2004); *Zimmer Surgical, Inc. v. Stryker Corp*., 365 F. Supp. 3d 466, 497 (D. Del. Mar. 7, 2019); *see also Shire ViroPharma Inc. v. CSL Behring LLC*, No. 17-cv-00414, 2021 WL 1227097, at *5 (D. Del. Mar. 31, 2021) (collecting cases). Accordingly,

---

[2] The specific Arnold opinions that should be excluded include the subject matter of the highlighted paragraphs, and portions of paragraphs, identified in his Rebuttal Report, at ¶¶5, 18, 31, 35, 37, 42, 49, 57-58, 63-65, 67-68, 72-74, and Subheadings VII.A, VII.C), attached as Exhibit 4.

Houston's willfulness opinions are unhelpful, unreliable, and untethered from any technical analysis, and should be excluded.

2. **Daubert 2.** Arnold does not qualify as a POSA for his challenged opinions because he has no experience with flow cytometers. Nonetheless, he opines extensively about what a POSA would have known concerning flow cytometers to allege that the Asserted Claims purportedly are valid. Because Arnold is unqualified to provide these opinions, his testimony is neither relevant nor reliable. *Kyocera Senco Indus. Tools Inc. v. Int'l Trade Comm'n*, 22 F.4th 1369, 1376-78 (Fed. Cir. 2022); *see also Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1363 (Fed. Cir. 2008) ("[W]here an issue calls for consideration of evidence from the perspective of [a POSA], it is contradictory to Rule 702 to allow a witness to testify on the issue who is not qualified as a technical expert in that art."). Arnold's challenged opinions should be excluded.

## IV. DAUBERT 1 – HOUSTON

### A. Statement of Facts

In her Opening Report, Houston acknowledges that whether infringement is willful depends upon Cytek's subjective state of mind. (Ex. 1, ¶32.) She then recounts facts and documents regarding Cytek's purported knowledge of the Asserted Patents (and related patents) and BEC's products (and their precursor). (*Id.*, §§XII.A-B.) Based on this, Houston opines that "Cytek has willfully infringed

and continues to willfully infringe the Asserted Patents," "Cytek deliberately and wantonly copied the claimed inventions," and "Cytek did so knowing the accused Products infringed the Asserted Patents and its purported non-infringement positions were not reasonable." (*Id.*, ¶¶499-500; *see also id.*, §§XII.C, XIII.) Houston maintained her opinion on willful infringement in Reply. (Ex. 2, §XII.I.) At deposition Houston admitted she has no knowledge of Cytek's state of mind. (Ex. 5 (Houston Tr.), 205:21-208:14.)

### B. Argument: Houston's Willfulness Opinions Should Be Excluded

Houston's challenged opinions improperly speculate about Cytek's subjective intent and beliefs about infringement. Those opinions are neither helpful, reliable, nor grounded in technical analysis, and invade the province of the jury. Thus, they should be excluded under Rule 702 and *Daubert*.

Willful infringement is a question of fact that requires finding specific intent to infringe or, for willful blindness, a subjective belief in a high probability of infringement and deliberate steps to avoid learning of that infringement. *See BASF Plant*, 28 F.4th at 1274. Willfulness thus depends on the accused infringer's state of mind, which is not appropriate subject matter for expert testimony. *E.g.*, *Zimmer Surgical*, 365 F. Supp. 3d at 497 ("Expert testimony as to intent, motive, or state of mind offers no more than the drawing of an inference from the facts of the case … and permitting expert testimony on this subject would be merely substituting the

expert's judgment for the jury's and would not be helpful to the jury.") (quotation omitted). It is well established in this District that experts cannot opine on a party's state of mind for willful infringement. *Id.*; *Oxford Gene*, 345 F. Supp. 2d at 443 (excluding expert testimony regarding "the legal standard for willfulness" and "whether [defendant's] behavior met the standard for reasonableness"); *Wirtgen Am., Inc. v. Caterpillar, Inc.*, No. 17-cv-00770, 2024 WL 166833, at *2 (D. Del. Jan. 16, 2024) (excluding willfulness opinions because "[expert] has no knowledge about [defendant's] state of mind"). Nor is it helpful for experts to "summari[ze] … evidence and … [include] statements that imply … copying" because "the jury … is fully competent to evaluate the evidence and draw its own conclusion about whether [Cytek] copied [BEC's] technology and products." *Sonos, Inc. v. D&M Holdings, Inc*., 297 F. Supp. 3d 501, 521 (D. Del. 2017).

Here, Houston opines about what she thinks Cytek "kn[ew]," "believed," and "inten[ded]." (*E.g.*, Ex. 1, ¶¶483, 489, 491, 496-501; Ex. 2, ¶¶268-277, 284-285, 288.) She summarizes evidence regarding Cytek's purported knowledge and actions over nine pages in her Opening Report, from which she concludes—without technical analysis—that Cytek "deliberately and wantonly copied" BEC's claimed inventions and "willfully infringed" the Asserted Patents. (*See* Ex. 1, §§XII.A-C, XIII; *id.*, ¶¶499-500; *see also* Ex. 2, §XII.I.)

Houston even purports to interpret what Cytek's CEO believed when [redacted] (Ex. 1, ¶¶485-487; Ex. 2, ¶¶270-275.) This is conjecture, unrooted in technical analysis, and thus improper expert testimony. *See Zimmer Surgical*, 365 F. Supp. at 497 (excluding willfulness opinions); *Oxford Gene*, 345 F. Supp. 2d at 443 (same); *Wirtgen*, 2024 WL 166833 at *2 (same). Houston merely "point[s] to objective facts"—[redacted]—"as evidence of … state of mind[.]" *Wirtgen*, 2024 WL 166833, at *2. This is "nothing more than lawyer argument"—"[i]t's not expert analysis" and "Rules 702 and 703 do not permit parties to cloak attorney argument in the guise of expert testimony." *Id.*

It is likewise improper for Houston to repeat and summarize non-technical facts that "should be presented through fact witnesses and/or documents." *See Victaulic Co. v. ASC Engineered Sols., LLC*, No. 20-cv-00887-GBW, 2022 WL 17250376, at *8 (D. Del. Nov. 28, 2022) (citation omitted) (excluding copying opinions); *see also Sonos*, 297 F. Supp. 3d at 521 (similar). (*See* Ex. 1, §§XII.A-B.) Therefore, such testimony should be excluded.

## V. DAUBERT 2 – ARNOLD

### A. Statement of Facts

The Asserted Patents are entitled "Flow Cytometer." (D.I. 1-1, Ex. 1 ('582

patent), cover.) The "Technical Field" states that "[t]he present disclosure relates generally to the technical field of flow cytometry and, more particularly, to the structure and operation of an improved flow cytometer[.]" (*Id.*, 1:30-34.) Because the patents are directed to a "Flow Cytometer," it is not surprising that the parties agreed to a POSA definition that includes experience in designing systems "for flow cytometer applications":

> A [POSA] … would have had at least an B.S. in physics, mechanical engineering, electrical engineering, or optical engineering (or equivalent degree) and ***at least two years of experience*** in designing optical and electro-optical systems, ***including for flow cytometer applications***.[3]

(D.I. 115, Ex. 28 (Ilkov Claim Construction Decl.), ¶16; Ex. 6 (Schaafsma Opening), ¶¶33-34 ("I adopt this definition and agree it is appropriate."); Ex. 1, ¶¶40-41 (same); Ex. 7 (Robinson Rebuttal), ¶¶74-75 ("I adopt this definition"); Ex. 4, ¶¶30-31 (applying same definition).) Although Arnold has expertise with carbon nanomaterials (*see* Ex. 8 (Arnold Tr.), 28:22-29:1), it is undisputed that he has never seen, used, researched, or designed a flow cytometer. (*See* Ex. 9 (Arnold CV); Ex. 8, 27:21-28:8 ("Prior to this case, I have done no research in flow cytometry."), 88:23-89:11 ("[n]ot to my knowledge have I seen a flow cytometer in real life" and "[p]rior to this case, I have never seen in-person a flow cytometer"), 148:9-10, 153:13-19.) Arnold admitted he has no "direct experience" designing flow

[3] All emphases are added unless otherwise noted.

cytometers:

> Q. Do you have any experience, Dr. Arnold, in designing flow cytometer applications?
>
> A: ***I have no direct experience designing flow cytometers***, although I have consulted with experts who do.

(Ex. 8, 153:13-19 (objection omitted).) He thus does not qualify as a POSA under the parties' agreed-upon definition, which ***requires*** experience specifically related to flow cytometers.

Despite not qualifying as a POSA, Arnold purports to present enablement opinions on flow cytometer design from a POSA's perspective. (*E.g.*, Ex. 4, §IV.B; *see also id.*, ¶¶37, 49, 57-58, 63-65, 72-74.) For example, Arnold opines that "carbon nanotube (CNT) photodetectors could have been made and integrated into flow cytometers as of April 2012 by a POSA without undue experimentation." (*Id.*, ¶37.) Despite lacking any experience with flow cytometers, Arnold speculates regarding what a POSA would have known or been able to accomplish with flow cytometers using "[c]arbon [n]anotube [s]emiconductor [p]hotodetectors" (*id.*, p.12 (Subheading VII.A)), how a POSA would allegedly interpret the Asserted Patents (*id.*, ¶64), and how a POSA would assess "the performance criteria required by flow cytometers" (*id.*, ¶73).

Notwithstanding his inexperience designing flow cytometers, Arnold claimed to provide his opinions from a POSA's perspective. (Ex. 8, 116:6-12 ("My opinions

are … also ***formed from viewing the perspective of a person ordinary skilled in the art*** and their ability to create a carbon nanotube photodetector or implement one ***to a flow cytometer***."); *id.*, 124:8-14, 154:22-25.)

Below are non-exhaustive examples of Arnold's improper, speculative opinions regarding a POSA's enablement assessment, including technical opinions regarding flow cytometers:

- "It is my opinion that, as of April 2012, a POSA could have made and used carbon nanotube semiconductor photodetectors that meet the performance criteria required by flow cytometers." (Ex. 4, ¶73.)[4]
- "Therefore, it is my opinion that the Asserted Claims are fully enabled and the inclusion of carbon nanotubes within the scope of semiconductor photodetectors ***for the claimed flow cytometer*** does not render the claims invalid." (*Id.*, ¶74.)
- "It is my opinion that carbon nanotube (CNT) photodetectors could have been made and integrated into flow cytometers as of April 2012 by a POSA without undue experimentation." (*Id.*, ¶37.)
- "It is therefore my opinion that CNT HJ PDs could have been integrated into flow cytometers as of April 2012 without undue experimentation." (*Id.*, ¶57.)
- "It is therefore my opinion that Hybrid PDs could have been integrated into flow cytometers as of April 2012 without undue experimentation." (*Id.*, ¶63.)

### B. Argument: Arnold's Validity Opinions Should Be Excluded

An expert must at least be a POSA to opine on validity. *Kyocera*, 22 F.4th at 1376-78. But Arnold concedes he lacks experience with flow cytometers, which the

[4] Internal citations are omitted from bulleted citations.

agreed-upon definition requires. By opining about a POSA's capabilities, Arnold exceeds his expertise and offers inadmissible opinions that do not pass muster under *Daubert*.

In his Report, Arnold opines extensively regarding enablement and validity. (*See generally* Ex. 4; Ex. 8, 124:8-14; *see supra* §V.A.) Though he acknowledges that enablement must be assessed from a POSA's perspective, he concedes he has no experience designing flow cytometers. (Ex. 4, ¶¶25, 27, 33, 67; Ex. 8, 88:23-89:11, 153:13-17 (admitting he has never seen, used, or designed a flow cytometer).) Yet the parties agree that a POSA must have at least two years of experience in designing optical and electro-optical systems, including for flow cytometer applications. (*See supra* §V.A.)

Lacking this requisite experience, Arnold opines that a POSA in April 2012 could have integrated carbon nanotube photodetectors into flow cytometers without undue experimentation, and concludes a POSA would consider the Asserted Claims enabled. (*See supra* §V.A; Ex. 8, 124:8-14.) This is improper. Federal Circuit law is clear that "[t]o offer expert testimony from the perspective of a skilled artisan in a patent case—like for claim construction, validity, or infringement—a witness must at least have ordinary skill in the art." *Kyocera*, 22 F.4th at 1376-78; *accord Sierra Wireless, ULC v. Sisvel S.p.A*, 130 F.4th 1019, 1024-25 (Fed. Cir. 2025) (finding abuse of discretion for "relying on [expert's] testimony where he does not satisfy the

requirements for a [POSA]"); *HVLPO2, LLC v. Oxygen Frog, LLC*, 949 F.3d 685, 688-89 (Fed. Cir. 2020) (similar).

Notwithstanding his inexperience, Arnold's Report repeatedly opines about what a "POSA" could "make" or "use" in a flow cytometer, leading to his assertion that the Asserted Claims are valid. (*E.g.*, Ex. 4, ¶¶37, 49, 57-58, 63-65, 72-74; *see supra* p.9 (quoting ¶¶37, 57, 73).) Such opinions are pure conjecture, beyond Arnold's expertise, and thus irrelevant and unreliable. *Kyocera*, 22 F.4th at 1376-77.

## VI. CONCLUSION

For these reasons, Cytek's motions to exclude Houston's opinions regarding willful infringement and Arnold's opinions regarding validity should be granted.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

Karen Jacobs (#2881)
Jeremy A. Tigan (#5239)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
kjacobs@morrisnichols.com
jtigan@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Defendant*
*Cytek Biosciences, Inc.*

OF COUNSEL:

Reuben H. Chen
HanByul Chang
Juan Pablo González
Alexandra Leeper
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304

Elizabeth M. Flanagan
COOLEY LLP
30 South 9th Street, 7th Floor
Minneapolis, MN 55402

Adam Pivovar
Dustin M. Knight
Rosalynd D. Upton
David Yun
COOLEY LLP
1299 Pennsylvania Avenue NW
Suite 700
Washington, DC 20004

March 13, 2026

**WORD COUNT CERTIFICATION**

The undersigned counsel hereby certifies that the foregoing document contains 2,386 words, which were counted by using the word count feature in Microsoft Word, in 14-point Times New Roman font. The word count includes only the body of the brief. The word count does not include the cover page, tables of contents and authorities, or the counsel blocks.

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)

**CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on March 13, 2026, upon the following in the manner indicated:

Frederick L. Cottrell III *VIA ELECTRONIC MAIL*
Kelly E. Farnan
Christine D. Haynes
RICHARDS, LAYTON & FINGER P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
*Attorneys for Plaintiff*

Omar A. Khan *VIA ELECTRONIC MAIL*
Jeffrey A. Dennhardt
Lauren E. Matlock-Colangelo
Kelly A. Todd
Laura Macro
Maggie Sawin
WILMER CUTLER PICKERING HALE
AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
*Attorneys for Plaintiff*

Akkad Y. Moussa
WILMER CUTLER PICKERING HALE
AND DORR LLP
2100 Pennsylvania Avenue NW
Washington DC 20037
*Attorneys for Plaintiff*

*VIA ELECTRONIC MAIL*

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)