# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BECKMAN COULTER, INC., <br><br> Plaintiff, <br><br> v. <br><br> CYTEK BIOSCIENCES, INC., <br><br> Defendant. | C.A. No. 24-0945-CFC <br><br>  |

## LETTER TO THE HONORABLE COLM F. CONNOLLY FROM FREDERICK L. COTTRELL, III IN SUPPORT OF BECKMAN COULTER, INC.'S MOTION TO STRIKE

OF COUNSEL:

Omar A. Khan
Jeffrey A. Dennhardt
Laura Macro
Lauren Matlock-Colangelo
Jennifer L. Graber
Kelly A. Todd
Maggie Sawin
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800

Akkad Y. Moussa
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Ave.
NW Washington, DC 20037
(202) 663-6000

Frederick L. Cottrell III (#2555)
Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
RICHARDS, LAYTON & FINGER P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
cottrell@rlf.com
farnan@rlf.com
haynes@rlf.com
*Attorneys for Plaintiff*

Dated:  March 26, 2026

RICHARDS
LAYTON &
FINGER

Frederick L. Cottrell, III
Director
302-651-7509
cottrell@rlf.com

March 26, 2026

**VIA CM-ECF**
The Honorable Colm F. Connolly
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street, Unit 38
Room 4104
Wilmington, DE 19801-3555

> Re:   *Beckman Coulter, Inc. v. Cytek Biosciences, Inc.*
>        **C.A. 24-945-CFC-EGT**

Dear Judge Connolly:

Plaintiff Beckman Coulter Inc. seeks to strike certain testimony of Defendant Cytek Biosciences, Inc.'s experts that presented (1) invalidity opinions that exceed the number of permissible invalidity grounds per claim and included new grounds; and (2) entirely new non-infringement theories first disclosed days before opening expert reports and months after the close of fact discovery. These late disclosures have substantially prejudiced Beckman, including because Beckman narrowed its case before Cytek raised new arguments that directly impact the claims and patents that were withdrawn. Beckman respectfully requests that the Court strike these opinions.

## I.   New Obviousness Grounds

Dr. Ilkov's invalidity opinions should be stricken for exceeding the number of permissible invalidity grounds and for going beyond the grounds preserved during fact discovery. At Cytek's request (Ex.11), the Court required Beckman to narrow its asserted clams and for Cytek, in turn, to narrow to *five* invalidity grounds/combinations per claim. Ex.1, 19:8-13, 27:22-24. Because Cytek was required to elect prior art grounds, its experts were not permitted to reintroduce grounds Cytek chose not to elect (*see* Ex.15), even if based on references in other combinations. *Core Wireless Licensing. v. LG Electronics*, 2016 WL 3655302, at

■ ■ ■

*3, n.8 (E.D. Tex. Mar. 21, 2016) (striking obviousness combination where prior art "references were individually disclosed …, but their combination was not"). Nonetheless, Cytek's expert, Dr. Fedor Ilkov, did exactly that:

- asserting single-reference obviousness of claim 4 of the '443 patent based on the DxP system (Ex.2, ¶¶405-410) where Cytek did not elect DxP for single-reference obviousness and only elected DxP in combination with other art (Ex.3, 2);
- asserting obviousness of claims 5, 16, 26-27, and 29 of the '107 patent over the combination of BD FACSArray System, Oostman, and Lemoff (Ex.2, ¶¶691-713, 718-724) not previously disclosed (Ex.3, 2);
- asserting obviousness of claim 18 of the '107 patent over BD FACSArray System in combination with Lemoff (Ex.2, ¶587) not previously disclosed (Ex.3, 2-3).

Dr. Ilkov's opinions thus introduced new grounds that were not disclosed in Cytek's prior art election, contrary to the Court's order. These opinions should be excluded under *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977) and Rule 16 as contrary to the Court's Order. *See* Order, *State Farm Mut. Auto. Ins. v. Amazon.com*, 1:22-cv-01447-CJB (D. Del. Sept. 11, 2024), D.I. 231 (striking expert testimony referencing combinations beyond the six per patent that defendants elected). "Defendants would need to show that they could not have known that they needed to earlier assert the additional references," *id.*, 2—they have not. Any argument by Cytek that its "additional combinations do not present any new theories since they constitute a subset of previously disclosed combinations" is "problematic" as they "have a very real impact on Plaintiff's responsive theories as to issues such as motivation to combine." *Id.*, 4-5. Beckman is thus plainly prejudiced by these late-breaking theories, and they should be stricken.

## II. New Non-Infringement Opinions

Cytek's experts also offer new non-infringement theories that Cytek did not disclose during fact discovery. These new opinions should also be stricken.

Dr. Ilkov and Cytek's second non-infringement expert, Dr. James Leary, offer new opinions that the Accused Products do not include "wavelength division multiplexers" ("WDMs").[1] These arguments were never disclosed during fact

---

[1] Ex.8, ¶¶201-207, 253, 272; Ex.9, ¶¶157-170, 217, 250.

discovery, which closed on October 22, 2025.  Instead, Cytek disclosed these arguments for the first time nearly two months after the close of fact discovery; after Beckman narrowed its case pursuant to the Court order discussed above, whereby Beckman withdrew a patent that does not recite the WDM limitation that Cytek now disputes; and, one week before opening expert reports were served.  Ex.4, 32.

These new opinions are also directly contrary to Cytek's representations during fact discovery in which it repeatedly stated that "the Accused Products do not infringe because *their respective WDMs* do not propagate a collimated beam throughout their relay architecture."  Ex.5, 19; Ex.6, 15.  In fact, before this litigation, Cytek routinely advertised the "Coarse Wavelength Division Multiplexing (CWDM)" detectors in the Accused Products.  Ex.13.  These new opinions are also directly contrary to Cytek's representations to the Patent Office, and the Director rejected Cytek's petition for post-grant review because Cytek's post-grant and litigation positions were inconsistent.  Ex.14.

Cytek's experts also advance the untimely opinion that the Accused Products do not include a "multimode optical fiber configured to receive light from the flow cell" in claim 16 of the '107 patent.  Cytek contends that the Accused Products do not receive light directly from a flow cell but instead receive light from an objective lens (which follows a flow cell in the Accused Products).[2]  Here too, Cytek's theory first appeared in contentions served after fact discovery and days before expert reports.  Ex.7, 15.

These untimely disclosures should be stricken because they are incurably prejudicial and inexcusable, and, in any case, impact a small subset of Cytek's non-infringement arguments.  *See Konstantopoulos v. Westvaco*, 112 F.3d 710, 719 (3d Cir. 1997) (citing *Pennypack*, 559 F.2d at 904-05).  Beckman is substantially prejudiced by Cytek's untimely disclosure because Beckman narrowed its asserted claims and patents *before* these new theories were asserted.  Had Cytek timely disclosed its "WDM" theory, Beckman could have elected different claims that do not recite a WDM at all.  Likewise, had Cytek timely disclosed its position on "optical fiber," Beckman could have asserted claims that include the objective lens that Cytek contends is absent from the currently asserted claims.  *E.g.*, Ex.10, Claim 14.  The Court's narrowing order permitted Beckman to narrow its claims *after* Cytek should have disclosed its non-infringement positions during discovery.  Ex.1, 12:17-13:1.  By withholding these theories until after Beckman narrowed its claims, Cytek deprived Beckman of relevant information that would have impacted election

---

[2] Ex.8, ¶¶269-271; Ex.9, ¶¶212-216.

of claims. Nor could Beckman have known to seek fact discovery on these issues, leaving it unable to request appropriate documents and testimony from Cytek and/or third parties. At this late stage of the case, there is simply no way to cure this prejudice, which would require redoing large portions of fact and expert discovery with a different set of claims. *See Cirba Inc. v. VMware, Inc.*, 2023 WL 6799267, at *3 (D. Del. Mar. 30, 2023) (striking new infringement contention where "such a late stage of litigation would factor against a party's ability to cure prejudice").

There is no excuse for Cytek's untimely disclosure. In meet-and-confers, Cytek was unable to identify new information that would support its late disclosure. Indeed, each argument is based on Cytek's own products—it could have asserted these arguments at the outset of the case. In fact, the only support Cytek identified for its new multimode fiber theory was testimony from its ***own*** witness (Ex.7, 15), who was deposed before fact discovery closed and almost two months before Cytek first disclosed this theory. There is no justification for Cytek's complete non-disclosure, and Cytek will suffer no prejudice if they are stricken, as Cytek asserts numerous non-infringement bases. *See Bausch & Lomb v. SBH Holdings*, 1-20-cv-01463 (D. Del. Feb. 5, 2025), D.I. 250.

\*    \*    \*

Cytek should be held to the positions it asserted during fact discovery, and the Court should strike each of the paragraphs identified herein.

Respectfully,

*/s/ Frederick L. Cottrell, III*

Frederick L. Cottrell, III (#2555)

Cc: All Counsel of Record (via CM-ECF and by e-mail)

3

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned hereby certifies that the foregoing Plaintiff Beckman Coulter, Inc.'s Opening Letter Brief in support of its Motion to Strike complies with the Court's March 20, 2026 Oral Order. The text of the letter brief, including footnotes, was prepared in Times New Roman 14-point font and contains 1,199 words.

*/s/ Christine D. Haynes*
Christine D. Haynes (#4697)
haynes@rlf.com


Dated: March 26, 2026