D.I. 288

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**REDACTED - PUBLIC VERSION**

BECKMAN COULTER, INC.,          )
                                )
            Plaintiff,          )   C.A. No. 24-945 (CFC) (EGT)
                                )
        v.                      )   ████████████████████████
                                )   ████████████████████████
CYTEK BIOSCIENCES, INC.,        )
                                )   ████████████████████
            Defendant.          )

**DEFENDANT CYTEK BIOSCIENCES, INC.'S RESPONSIVE LETTER TO
THE HONORABLE COLM F. CONNOLLY REGARDING
<u>BECKMAN COULTER'S MOTION TO STRIKE</u>**

OF COUNSEL:

COOLEY LLP
Reuben H. Chen
Allie Leeper
Juan Pablo González
HanByul Chang
3175 Hanover Street
Palo Alto, CA 94304
(650) 843-5000

Elizabeth M. Flanagan
30 S. 9th Street, 7th Floor
Minneapolis, MN 55402

Adam Pivovar
Dustin M. Knight
Rosalynd D. Upton
David Yun
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004
(202) 842-7800

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs (#2881)
Jeremy A. Tigan (#5239)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
kjacobs@morrisnichols.com
jtigan@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Defendant
Cytek Biosciences, Inc.*

Original filing date: April 2, 2026
Redacted filing date: April 9, 2026

Dear Chief Judge Connolly,

BEC's motion to strike Cytek's expert opinions that a "wavelength division *multiplexer*" is not a "wavelength division *demultiplexer*" should be denied. Cytek timely disclosed this non-infringement position, BEC had notice of it during fact discovery, and indeed discussed it with Cytek's witnesses during depositions. Furthermore, BEC cannot show any *Pennypack* factor favors exclusion. In particular, no prejudice exists because BEC's expert, Dr. Houston, addressed it in her opening and reply infringement reports. BEC's motion to strike should be denied.[1]

Cytek disclosed in its May 9, 2025 interrogatory responses that the Accused Products lack a "wavelength division multiplexer (WDM)," long before BEC narrowed asserted claims on October 1, 2025. (Ex. A, 6-7.) Since then, Cytek has consistently made clear that a wavelength division *multiplexer* multiplexes (i.e., combines) light, whereas a *demultiplexer* demultiplexes (i.e., separates) light.

First, BEC repeatedly explored Cytek's no-WDM non-infringement position with Cytek witnesses during depositions, demonstrating that BEC understood the position. (*See e.g.*, Ex. B, 63:5-20 (A: "what we have been doing is – really is a demultiplexer"); Ex. C, 80:8-17 (A: "it is a demultiplexer… It's demultiplexing the wavelengths into multiple detectors."); Ex. D, 56:20-57:24 (A: "Yeah, the 'de' – that's correct. Demultiplexer. 'De' means separate."); *accord* Ex. E, 54:5-25.) As Cytek's CEO testified, multiplexers and demultiplexers refer to physical components, and a "wavelength division demultiplexer" is "a physical optical item to split separate wavelengths." (Ex. B, 373:4-374:3.)

Second, on October 22, 2025, Cytek denied BEC's requests for admission that "each of the Accused Products includes at least one wavelength division multiplexer" and stated that "a person of ordinary skill would otherwise generally understand [a 'wavelength division multiplexer'] to be a device or system that multiplexes light." (Ex. F, No. 23.)

Third, on December 12, 2025, before opening reports, Cytek supplemented its interrogatory response to incorporate witness testimony and RFA responses. (Ex. G, 31-32 ("The Accused Products do not contain a 'wavelength division multiplexer;' they do not multiplex light.").)

---

[1] In anticipation of narrowing for trial and without conceding the merits, Cytek has agreed Drs. Ilkov and Leary will not offer the other opinions identified in BEC's letter brief.

1

Cytek thus timely disclosed its non-infringement position. But even if the Court finds some violation (it should not), BEC cannot establish exclusion is warranted under *Meyers v. Pennypack Woods Home Ownership Assn.*, 559 F.2d 894, 904-05 (3d Cir. 1977). Critically, BEC cannot establish Cytek acted in bad faith or claim prejudice given the foregoing discovery responses and testimony. Furthermore, any possible prejudice has been cured because Dr. Houston addressed the no-WDM theory in her two infringement reports. (Ex. H, ¶137; *id.*, ¶¶129-135; Ex. I ¶¶39-45, 64-67.) Dr. Houston actually opined on WDM in three reports, though notably, inconsistently. For infringement, Dr. Houston opined that "the <u>plain meaning</u> of 'wavelength division multiplexer,' *in the context of the claims and the written description of the Asserted Patents*, is an optical system that optically separates a beam of light into beams of different colors." (Ex. I, ¶39 (emphases altered); *accord* Ex. H, ¶137.) But in her rebuttal validity report, she opined she had "never heard of a 'wavelength division multiplexer' in the context of flow cytometry before the Priority Date of the Asserted Patents." (Ex. J, ¶381.)[2]

BEC identifies no specific discovery that it could have but did not obtain, nor why BEC could not have sought that discovery earlier. In fact, BEC requested, and Cytek searched for and produced, documents containing terms like "*WDM*" and "*multiplex*." (Ex. K, 2, 3 (attached to Ex. L.)[3] Nor does BEC allege any impact on dispositive motions. Moreover, BEC represented it only purported to bring these motions to counter Cytek's motions, further demonstrating lack of prejudice. D.I.265, 2 & n.2 ("if the Court were to find that Cytek's motions are not timely raised, Beckman Coulter would withdraw its motions").

BEC simply cannot claim prejudice on these facts. *See* Ex. M, *Allergan, Inc. v. Revance, Inc.*, No. 21-1411, D.I. 303, at 1 (D. Del. Feb. 2, 2024) ("I do not find prejudice… because Revance had the opportunity to depose multiple witnesses on the [issue]."); Ex. N, *Natera, Inc. v. CareDx, Inc.*, No. 20-38, D.I. 390, at 1 (D. Del. Oct. 4, 2023) (denying motion to strike when "Plaintiff failed to provide the Court with any further specifics as to what such 'documents and testimony' would likely include"); Ex. O, *Vertex Pharms. Inc. v. Lupin Ltd.*, No. 22-966, D.I. 202 (D. Del. Jan. 7, 2026) (finding no prejudice when expert had the opportunity to opine in

---

[2] In deposition, Dr. Houston could not answer whether she applied the plain meaning of "wavelength division multiplexer." (Ex. T, 44:21-45:3.) If BEC wanted to argue that the inventor was acting as a "lexicographer," BEC should have sought construction of the term.

[3] Contrary to BEC's assertion, certain Cytek documents refer to the accused components as ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Ex. U, at -838 (italics added).)

2

rebuttal); Ex. P, *Oasis Tooling, Inc. v. Siemens Industry Software, Inc.*, No. 22-151, D.I. 280, at 1 (D. Del. Mar. 25, 2024) ("Plaintiff does not contend that the issue impacts the ongoing summary judgment and Daubert process.").

BEC's assertion that it would have elected different claims is unavailing; it knew in May 2025 that Cytek contended the Accused Products do not meet the "WDM" limitation. Moreover, the only Asserted Patent that does not recite a "WDM" is the '582 patent, from which BEC still asserts multiple claims after narrowing. Every independent claim of the asserted '107 and '443 patents recites a "WDM," (Ex. Q, cls. 1, 16; Ex. R, cls. 1, 18), as do those of the '106 patent, which BEC incorrectly states "does not recite the WDM limitation." (Ex. S, cls.1, 13, 18.)[4] Thus, BEC's argument that it would have elected different claims does not stand up. Further, since the "WDM" limitation appears in all asserted '443 and '107 claims, the no-WDM theory is a critical non-infringement defense.

BEC's cited cases are inapposite. In *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997), expert testimony disclosed (without a report) within a month of trial was excluded because of a "flagrant disregard of a court order." *Cirba* does not apply because BEC's expert addressed the no-WDM issue in both opening and reply reports. *Cirba Inc. v. VMware, Inc.*, No. 19-742-GBW, 2023 WL 6799267, at *3 (D. Del. Mar. 30, 2023). And, given the explanations provided through Cytek's discovery responses and multiple Cytek witnesses' testimony, BEC's expert did not "scramble" to address Cytek's no-WDM theory. *Id.* (citing *Galderma Labs, L.P. v. Amneal Pharms., LLC*, C.A. No. 16-207-LPS, 2018 WL 508876, *2 (D. Del. Jan. 22, 2018)).

Lastly, Cytek's no-WDM position does not contradict Cytek's invalidity and additional non-infringement position that the claimed "WDM" projects a collimated beam. The arguments stand independently – the Accused Products do not contain a "multiplexer" and the claimed "WDM" lacks written description support (and is not infringed) if it does not project a collimated beam. BEC also mischaracterizes the PTAB's discretionary denial of Cytek's PGR, which lacked any reasoning. Ex. 14.[5]

---

[4] All independent claims of the '106 patent also include the term "collecting optical element," which BEC was encouraged not to select to avoid prejudicing Cytek given BEC's failure to follow the Court's standing order in BEC's supplemental claim construction brief on means-plus-function terms. (Ex. V, 192:12-24; Ex. W, 3:16-4:9, 204:13-205:7.)

[5] Prior PTAB practice also allowed Petitioner to adopt <u>Patent Owner's</u> proposed constructions for purposes of prior art invalidity.

Respectfully,

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)

JAT:ncf
Enclosure(s)
cc:   Clerk of the Court (via hand delivery)
      All Counsel of Record (via CM/ECF and e-mail)

4

## <u>WORD COUNT CERTIFICATION</u>

The undersigned counsel hereby certifies that the foregoing document contains 1,239 words, which were counted using the word count feature in Microsoft Word, in 14-point Times New Roman font.  The word count includes only the body of the letter.

/s/ Jeremy A. Tigan

_____
Jeremy A. Tigan (#5239)