# EXHIBIT D



**Exhibit A to Joint Claim Construction Chart**

**Agreed Constructions[2]**

| Claim Terms/Phrases | Construction[3] |
|---|---|
| Preambles<br><br>"A wavelength division multiplexer (WDM) for a flow cytometer comprising" ('443 Patent, cls. 1, 2, 3, 4, 6, 7, 9, 10, 16, 18; '106 Patent, cls. 1, 2, 13, 17; '107 Patent, cls. 1, 5, 10, 16, 17, 26)<br><br>"A flow cytometer comprising" ('443 Patent, cls. 11, 13, 15, 16, 17, 18; '106 Patent, cls. 1, 2, 10, 11, 13, 14, 17; '107 Patent, cls. 1, 3, 5, 7, 9-12, 14, 16-18, 26, 27, 29, 30; '582 Patent, cls. 1, 20)<br><br>"An optical subsystem for a flow cytometer, the optical subsystem comprising" ('582 Patent, cls. 1, 2, 3, 6, 14, 15, 17, 18, 20, 21, 22, 23, 25, 26) | Preambles are limiting. |

---

[2] The Parties respectfully request, to the extent the Court deems appropriate, that the Court include the parties' agreed-upon claim constructions in its Claim Construction Order.

[3] The parties agree that the preambles are limiting.

Cytek Position: Additionally, Cytek had proposed constructions for these terms and reserves its right to pursue these constructions, including to raise potential disputes related to the scope of these terms for resolution if necessary.

## Exhibit A to Joint Claim Construction Chart

### Disputed Claim Terms[4,5,6]

| Claim Term(s) | Patent No./Claim No(s). | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence | Defendant's Proposed Construction | Defendant's Intrinsic Evidence |
|---|---|---|---|---|---|
| "first" / "second" | '582 Patent, cls. 1, 3, 6, 14, 15, 17, 18, 20, 21, 22, 25, 26; '106 Patent, cl. 1; | No construction necessary; plain and ordinary meaning. | '582 Patent, Abstract; 3:37-48; 4:2-33; 4:34-60; 4:61-5:22; 5:23-46; 5:47- | **First**: "initial [curved mirror / focusing optical element / filter/ optical filter / | '582 Patent, 44:58-61; 45:4-15; 45:32-38; 46:17-26; 46:36-42;  FIG. 25 |

Beckman Coulter Position: As explained above, consistent with the Court's practice, the parties agreed that only ten Cytek terms would be construed.  Beckman Coulter therefore disagrees that Cytek may properly reserve other claim construction arguments for later in the proceeding.

[4] The Asserted Patents share a common specification.  Where the parties identify intrinsic citations within the '582 Patent specification, it is understood that the parties are also identifying parallel disclosures in the specifications for the '443, '106, and '107 Patents.

[5] All Beckman Coulter citations referencing a figure or table incorporate by reference that figure or table.  Beckman Coulter reserves the right to rely on any intrinsic evidence identified and/or relied upon by Cytek.  Beckman Coulter reserves the right to amend, supplement, or modify its proposed constructions and intrinsic evidence, including to rely upon additional intrinsic evidence in its claim construction briefing.

[6] Cytek reserves the right to rely on any intrinsic evidence identified and/or relied upon by Beckman Coulter. Cytek further reserves its right to supplement the attached Joint Claim Construction Chart with additional intrinsic evidence and to rely upon additional intrinsic evidence in its claim construction briefing.