# EXHIBIT F



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BECKMAN COULTER, INC.,

                    Plaintiff,

      v.                                    Civil Action No. 24-945-CFC

CYTEK BIOSCIENCES, INC.,

                    Defendant.

## ORDER

In the two claim construction hearings I held in this case, 8.21.25 Hr'g Tr (docketed as D.I. 151); 9.17.25 Hr'g Tr. (docketed as D.I. 173), I resolved from the bench all but one claim construction dispute. *See* D.I. 190 at 1; D.I. 192 at 1. The parties agree that the sole remaining term—collimating optical element—is a means-plus-function term. D.I. 131-1 at 26; 9.17.25 Tr. 39:25–41:11, 165:2–10. They dispute, however, the precise function and corresponding structure of that term.

Having thought more about the parties' positions, read the transcripts of the hearings, and rereviewed the parties' briefing, I have decided to adopt Beckman's proposed function and corresponding structure. I do so primarily because under Federal Circuit caselaw, the "corresponding structure" means the minimum

structure necessary to perform the recited function. *Micro Chem., Inc. v. Great Plains Chem. Co.*, 194 F.3d 1250, 1257–58 (Fed. Cir. 1999) (holding that § 112, ¶ 6 does not "permit incorporation of structure from the written description beyond that necessary to perform the claimed function."). My decision is also informed by the Federal Circuit's holding in *Asyst Techs., Inc. v. Empak, Inc.*, 268 F.3d 1364, 1371 (Fed. Cir. 2001), that "the corresponding structure to a function set forth in a means-plus-function limitation must actually perform the recited function, not merely enable the pertinent structure to operate as intended."

The parties first dispute the function of a collimating optical element. The parties agree on the claims all having a function of "receiv[ing] light from a light source," and then either "project[ing] a collimated beam," or "project[ing] a first image." D.I. 131-1 at 26–31. Cytek, however, further proposes that the function include projecting the beam and image "onto an optical relay element." D.I. 131-1 at 26–28. In support of its position, Cytek points to claim 1's requirement that an optical relay element receive at least a portion of the collimated beam from the collimating optical element. #582 patent at claim 1. While I agree with Cytek that the claims mention this additional detail, the relevant portion of the claims with the term "collimating optical element" that claims a function (e.g., "collimating optical element *arranged to receive light from a light source*, the collimating optical

2

element *configured to project a collimated beam*," #582 patent at claim 1 (emphasis added)) do not contain the additional requirement of an optical relay element. I will accordingly adopt Beckman's proposed functions.

I will also adopt Beckman's proposed structure, as I find that a lens and structural equivalents are sufficient to satisfy the claimed functions. The written description provides many examples of a lens as an optical element that satisfies the claimed functions. For instance, the written description describes "a collimating optical element, in this case an achromatic doublet lens 902, [that] may capture the light from source 901 and project a magnified image of the object," #582 patent at 44:58–61, using the exact words that appear in the claims and tying the use of lenses to the claimed functions. *See also* #582 patent at 4:34–62 (describing a "lens" as an "optical element" that "collimates a beam of light" and "magnifies the extended light source . . . to an image having a size similar to the effective cross section of the first optical element thereby creating a collimated light beam").

Cytek argues that the specification lacks structure to perform the function of "projecting a collimated beam." It argues specifically that for claims 1 and 20 of the #582 patent, an artisan or ordinary skill would view a "magnified image" or "image," as described in the written description, #582 patent at 44:58–61, as not a

3

collimated beam because an image requires ray convergence, while a collimated beam cannot have ray convergence. D.I. 158 at 16–19. I disagree. I declined to construe "collimate" because I was not persuaded that an artisan of ordinary skill would find that a "collimated beam" requires perfectly parallel rays. 8.21 Tr. 133:11–17. Similarly, I construed "image" as simply "a representation of an object created by light or emanating from a light source" because I was not persuaded that an artisan of ordinary skill would find that an "image" requires rays of light to be focused to a point. 9.17 Tr. 90:9–13. Thus, "collimated beam" and "magnified image" are not incompatible.

NOW THEREFORE, at Wilmington on this Twenty-fourth Day of February in 2026, it is HEREBY ORDERED that the Court adopts the following claim constructions with respect to the asserted claims of U.S. Patent No. 10,330,582:

| Claim Term | Asserted Claim(s) | Court's Construction under 35 U.S.C. § 112, ¶ 6 |
|---|---|---|
| "collimating optical element" | #582 patent claims 1, 3, and 6 | *Function*: (1) receive light from a light source; (2) project a collimated beam<br><br>*Structure*: a lens, such as an achromatic doublet lens, and structural equivalents thereof |
| | #582 patent claims 23 and 26 | *Function*: (1) receive light from a light source; (2) project a first image<br><br>*Structure*: a lens, such as an achromatic doublet lens, and structural equivalents thereof |

_____

CHIEF JUDGE

5