# EXHIBIT M



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

BECKMAN COULTER, INC.,          )
                                )
          Plaintiff,            )
                                )  C.A. No. 24-945-CFC
   v.                           )
                                )
CYTEK BIOSCIENCES, INC.,        )
                                )
          Defendant.            )
                                )

Thursday, August 21, 2025
12:58 p.m.
Markman Hearing


844 King Street
Wilmington, Delaware


BEFORE: THE HONORABLE COLM F. CONNOLLY
United States District Court Judge



APPEARANCES:


          RICHARDS, LAYTON & FINGER
          BY:  CHRISTINE D. HAYNES, ESQ.
          BY:  FREDERICK L. COTTRELL III, ESQ.

          -and-

APPEARANCES CONTINUED:

WILMERHALE
BY:  OMAR KAHN, ESQ.
BY:  JEFFREY DENNHARDT, ESQ.

    Counsel for the Plaintiff

MORRIS NICHOLS ARSHT & TUNNELL
BY:  KAREN JACOBS, ESQ.

-and-

COOLEY LLP
BY:  REUBEN CHEN, ESQ.
BY:  ADAM PIVOVAR, ESQ.
BY:  DUSTIN KNIGHT, ESQ.
BY:  BETSY FLANAGAN, ESQ.
BY:  ROSALYND UPTON, ESQ.

    Counsel for the Defendant

_ _ _ _ _ _ _ _ _

P R O C E E D I N G S

(Proceedings commenced in the courtroom beginning at 12:58 p.m.)

**THE COURT:**  Good afternoon.  Please be seated.

**MS. HAYNES:**  Good afternoon, Your Honor.
Christine Haynes on behalf of the plaintiff, Beckman

result here is where you started initially, which is, I think this is going to be a battle of the experts as to what amount of convergence, if any, or divergence, if any, is acceptable.

And the right way to approach this is, don't construe the term.  Allow the experts to battle it out at trial.  Again, we'll ask them, "Well, tell us why the Fiber Optics Standard Dictionary says you can have some convergence."

Right, the standard dictionary says you can have some convergence.  But you, expert, saying that we don't infringe, says, oh, actually we think it can't. And we'll have that battle at trial.

**THE COURT:**  But I do not find satisfactory the nearly parallel language that you have in there.  I think it's --

**MR. DENNHARDT:**  Understood, Judge.  And I would just, again, point back to the file -- excuse me -- the written description that says "substantially the same diameter."

It doesn't limit it to convergence or divergence.  It just says "substantially the same."

And there are numerous cases that say you can talk about substantially.  Why can you do that?  Because a person of skill knows how much substantially is

appropriate.

And that includes in connection with substantially parallel in a Delaware case decided by Judge Andrews in which he said "substantially parallel is not indefinite because a person of ordinary skill would know what 'substantially parallel' means," and that's exactly the case here.

THE COURT:  All right.  Hold on a second.

Okay.  Thank you.

MR. DENNHARDT:  Thank you, Judge.

THE COURT:  All right.  I'm not going to construe this term.  I'm going to give it its plain and ordinary meaning.

I do think it raises, though, serious concerns about indefiniteness.  I also think there may reach a point where I would have to construe it, but I could only do so after hearing expert testimony.

So we'll go to trial, and I will do what I did last week, or two weeks ago in a patent trial, they all go together, where I left it to construe it at trial.  Both sides had some risk when they went to trial.

In that case, turns out I didn't have to construe it because of the way the expert testimony came in, and we let the jury decide, based on plain and

ordinary meaning.  And both sides agreed, before the case went to the jury, that we didn't need claim construction.  So that could happen here.

Let me say a couple things.  I mean, I am very sympathetic to the defendant.  And I think it's undisputed, first of all, that, one, you cannot achieve, at least in practice, if not even possibly in this world, absolute parallel rays.  And yet, it's also undisputed that "collimating" is a concept that's understood by the experts in this field.

I think it's undisputed that there can be some divergence in rays that are recognized as collimated.  Very much disputed whether you could have convergent angles in a collimated beam.

The patent, in various instances, discusses substantial or substantially collimated beams.  If you look at, for instance, Column 2, 26 through 29, the lines of Column 2, they discuss a device capable of collimating a light beam from an extended light source over an extended distance without significantly expanding the beam diameter.

So consistent with there can be a divergent angle, that sentence seems to me to suggest that you can have a collimated beam with some divergence.  But it's without significant divergence.  And then that begs, you

know, the question is, is it possible to have any really definite sense of what this patent is claiming.

And then in the claims, but I put less stock in the claims on this, there is discussion about substantially the same diameter.  I find it more probative, the written description citation I just gave. But I don't think I have to go further on that because I think it's pretty much undisputed about divergence.

And I just think that it's likely this will boil down to a question of degree that the experts will have differing viewpoints on; i.e, what degree of divergence and, perhaps, convergence could be accepted and still have a collimated beam.

So I am just going to give it its plain and ordinary meaning.  I'm not going to construe it, and we'll have a battle of the experts.

All right.  Next?

You are going to have to pick it up.

MR. KHAN:  Thank you, Your Honor.  So based on the parties' discussions, next term will be "optical element."

THE COURT:  Okay.

MR. KHAN:  And so on this one, Your Honor, the term is "optical element."  It is situated within a larger term.  Optical element configured to detect.

And, essentially, the difference is between whether the optical element term has a well-understood meaning in the art or whether it should be construed as means -- means-plus-function.  And then they contend if it is means-plus-function, then there's no appropriate construction.  And it's indefinite.

So, really, when we're talking about sort of whether it's means-plus-function term or not, in the context of this claim, there's really, Your Honor, two issues.  The first is whether optical element is a structural term.  The second is whether that structure performs the function.

So we're going to take those in pieces, Your Honor, if you don't mind.  So we'll start with the claims.

As I said, "optical element" is situated in this claim as "optical element configured to detect," but there are other terms, Your Honor, where optical element is used differently.

So, in other terms, there's a collimating optical element that's coming later in our discussion as a later-to-be-construed term.  Collecting optical element, focusing optical element.

But here, we're talking about an optical element configured to detect.  If the Court were to find