# EXHIBIT N



# EXHIBIT 1

**Second Amended Infringement Contentions for U.S. Patent No. 10,330,582**

Defendant has infringed and continues to infringe at least the asserted claims[1] of U.S. Patent No. 10,330,582 (the "'582 Patent") under 35 U.S.C. §§ 271(a), (b), (c), and/or 271(f) as a result of its activities relating to and including the make, manufacture, use, purchase, sale, offer for sale, marketing, promotion, import, export, supply, causing to be supplied, and/or inducement of the use of Cytek Aurora™, Aurora CS™, Aurora Evo™, and Northern Lights™ (including Northern Lights[TM] Research, Northern Lights[TM] Clinical, and Northern Lights[TM] NL-CLC) flow cytometers, cell sorters, platforms, solutions, instruments, and analyzers, as well as all derivative products, all convoyed products, and/or all other components or products made, manufactured, used, purchased, sold, offered for sale, marketed, promoted, imported, exported, supplied, caused to be supplied, and/or induced to be used in connection with the foregoing (collectively the "Accused Products"). Plaintiff contends that each element of each claim is literally embodied in and/or practiced by the Accused Products. But to the extent that any claim element is not found to be literally embodied in and/or practiced by the Accused Products, Plaintiff contends it is embodied in and/or practiced by the Accused Products under the doctrine of equivalents—e.g., because the Accused Products perform substantially the same function, in substantially the same way, to achieve substantially the same result as would be achieved by the elements if literally present; and/or because the differences between the claim limitation and the corresponding functionality and/or feature in the Accused Products are insubstantial, including as further described below.

Defendant has infringed and continues to infringe the asserted claims of the '582 patent directly, literally, and/or by equivalents under § 271(a). By making, importing, offering to sell, selling, and/or using the Accused Products in the United States, Defendant infringes the asserted claims of the '582 patent. Additionally, Defendant infringes the asserted claims of the '582 patent through its research, development, and testing of the Accused Products.

Defendant has and continues to actively induce infringement of the '582 patent under § 35 U.S.C. § 271(b). Defendant has known of the '582 patent and of its infringement. *See, e.g.*, Complaint (D.I. 1) ¶¶ 16-24, 29-31, 37-39; First Amended Complaint (D.I. 42) ¶¶ 18-25, 32-34, 40-42, 48-50, 56-58. Defendant knew and intended that its sale of the Accused Products and their subsequent use according to Defendant's guides, instructions, and marketing materials would infringe the asserted claims of the '582 patent. Defendant provides to customers the Accused Products along with directions and instructions for use of those products that, when followed in the manner intended by Defendant and in a normal mode of operation, Defendant knows infringe the Asserted Claims of the '582 patent. Such conduct by Defendant is intended to cause, and has resulted in, past and ongoing infringement of the '582 patent in the United States.

Defendant has and continues to contribute to the infringement of the asserted claims of the '582 patent under 35 U.S.C. § 271(c). Defendant has known of the '582 patent and of its infringement. *See supra*. Defendant has designed the Accused Products and/or component(s) thereof to specifically be used in the manner recited in the Asserted Claims of the Asserted

---

[1] Plaintiff incorporates its Objection to Magistrate Judge Tennyson's Order on Case Narrowing (D.I. 69) and accompanying briefing.

Patents.  As such, the Accused Products and/or component(s) thereof comprise a material part of the patented inventions, are specifically designed to be used according to the asserted claims of the '582 patent and are especially made and adapted for use in a manner that infringes the asserted claims of the '582 patent.  Defendant thus offers to sell and sells the Accused Products and/or component(s) thereof within the United States knowing these products are especially made and adapted for use in a manner that infringes the asserted claims of the '582 patent and that these products are not staple articles of commerce suitable for substantial non-infringing use. Additionally, Defendant offers to sell and/or sells the Accused Products and/or component(s) thereof to third parties who use Defendant's products to infringe the asserted claims of the '582 patent.

Defendant has infringed and continues to infringe the asserted claims of the '582 patent under 35 U.S.C. § 271(f)(1).  Defendant has known of the '582 patent and of its infringement.  *See supra*. Defendant knows that to the extent it supplies all or a substantial portion of the components of the Accused Instrumentalities, which are uncombined in whole or in part, in or from the United States to actively induce the combination of such components outside the United States Defendant is supplying all or substantial portion of the component(s) of the inventions claimed in the Asserted Claims of the Asserted Patents in a manner that infringes the asserted claims of the '582 patent.  Defendant further understood that combination of the supplied component(s) according to Defendant's guides, instructions, and marketing materials would infringe the asserted claims of the '582 patent.  Additionally, to the extent supplied abroad, Defendant supplied to customers the Accused Products and/or component(s) thereof along with directions and instructions for use that, when followed in the manner intended by Defendant and in a normal mode of operation, Defendant knew and intended would actively induce consumers to combine the component(s) in a manner that would infringe the asserted claims of the '582 patent if such combination occurred in the United States. Such conduct by Defendant is intended to cause, and has resulted in, the past and ongoing combination of component(s) that would infringe the asserted claims of the '582 patent if such combination occurred in the United States.

Defendant has infringed and continues to infringe the asserted claims of the '582 patent under 35 U.S.C. § 271(f)(2).  Defendant has known of the '582 patent and of its infringement.  *See supra*. Defendant knows that to the extent it supplies any component of the Accused Instrumentalities that is especially made or especially adapted for us in the invention and not a staple article or commodity of commerce capable for substantial noninfringing use in and from the United States, where such component is uncombined in whole or in part and intending that such component will be combined outside the United States, Defendant is supplying at least one component especially made and especially adapted for use in the inventions claimed in the Asserted Claims of the Asserted Patents in a manner that infringes the asserted claims of the '582 patent. Defendant further understood that combination of the supplied component(s) according to Defendant's guides, instructions, and marketing materials would infringe the asserted claims of the '582 patent.  Additionally, to the extent supplied abroad, Defendant supplied to customers the Accused Products and/or component(s) thereof along with directions and instructions for use that, when followed in an intended manner and in a normal mode of operation, Defendant knew and intended would result in a combination that would infringe the asserted claims of the '582 patent if such combination occurred in the United States.

3

Further exemplary evidence of Defendant's infringement of the asserted claims of the '582 patent is below. For the avoidance of doubt, a reference to a page of a document is a reference to the entire document and to every page of that document, which is expressly incorporated by reference herein. For the further avoidance of doubt, a reference to the name of a file produced natively is a reference to every file produced natively with the same name and every version of the native files named, which are expressly incorporated by reference herein. For avoidance of doubt, the evidence, citations, and infringement theories for any corresponding limitations in Exhibits 2 and 3 are expressly incorporated by reference herein.

Discovery and Plaintiff's investigation into this matter are ongoing. Additionally, Defendant has been untimely and delinquent in producing and has not yet completed production of certain relevant documents showing the composition, functionality, and operation of the Accused Products. In particular, Plaintiff reserves the right to supplement, modify, and/or amend these contentions in view of Defendant's failure to produce core technical documents on the January 8, 2025 date required by the Scheduling Order sufficient to show the composition, functionality, and operation of the Accused Products identified in Plaintiff's Disclosure of Accused Products, as well as Defendant's failure to produce source code, specifications, schematics, flow charts, artwork, formulas, or other documents sufficient to show the operation of any aspects or elements of an Accused Instrumentality on the April 21, 2025 date for Defendant's Document Production Accompanying Invalidity Contentions or in response to Beckman Coulter's discovery requests, and also Defendant's failure to substantially complete its production by the August 22, 2025 deadline for substantial completion of document production. For example, and without limitation, Defendant has failed to produce data sheets, technical drawings, or technical specifications that show the characteristics of at least the accused filters; optical ray trace diagrams or other simulations; documents showing any changes made to all relevant versions of core technical documents; technical documents corresponding to each version of each Accused Product; and numerous other categories of core technical documents.[2] Plaintiff also reserves the right to assert additional claims of the Asserted Patents, accuse different or additional products, or identify alternative literal or equivalent infringing elements in the Accused Products. Plaintiff also notes that the Court has not yet construed all the terms of the Asserted Patents that Defendant requested and therefore reserve all rights to supplement, modify, and/or amend these Infringement Contentions as appropriate in the event that the Court issues any additional *Markman* order(s). Moreover, Defendant identified specific terms and claims including those terms for construction in its identification of claim terms and the Joint Claim Construction Chart (Dkt. 89-1). To the extent Defendant makes any argument that a term, limitation, or claim should be construed in a particular way that was not disclosed in the Joint Claim Construction Chart, including to the extent Defendant seeks to incorporate the construed term(s) into

---

[2] To this day, Defendant has still not produced many plainly relevant documents that show the composition, functionality, and operation of the Accused Products. Thus, Defendant has not completed its core technical document production or its document production accompanying invalidity contentions as of the date of service of these Infringement Contentions. In view of Defendant's untimely and ongoing production following the deadline for production of core technical documents and following the deadline for substantial completion of document production, Plaintiff reserves the right to supplement, modify, and/or amend these Infringement Contentions in view of those subsequently-produced documents and any documents not yet produced.

unidentified claims or limitations, Plaintiff reserves the right to supplement, modify, and/or amend these Infringement Contentions to respond to that argument.  Accordingly, Plaintiff reserves the right to supplement, modify, and/or amend these Infringement Contentions.[3]

---

[3] To the extent any limitation in an Asserted Claim depends from or refers to an unelected claim and/or unelected limitation thereof included in Beckman Coulter's Initial Infringement Contentions and/or First Amended Infringement Contentions, Beckman Coulter incorporates by reference the evidence and argument from the unelected claim and/or limitation.

| Claim | Exemplary Evidence |
|---|---|
| <br><br>CYTEK_0000103871; CYTEK_0000103904; CYTEK_0000104010. | |
| 1(c) | an optical relay element arranged to receive at least a portion of the collimated beam from the collimating optical element, the optical relay element comprising a curved mirror configured to reflect the portion of the collimated beam received from the | *The Accused Products each comprise "an optical relay element arranged to receive at least a portion of the collimated beam from the collimating optical element, the optical relay element comprising a curved mirror configured to reflect the portion of the collimated beam received from the collimating optical element to produce a first image."*<br><br>Any of the curved mirrors in a coarse wavelength division multiplexer is "an optical element." Any of the images in a coarse wavelength division multiplexer is "a first image" produced by the "optical relay element," |

| Claim | Exemplary Evidence |
|---|---|
| collimating optical element to produce a <mark>first image</mark>; |

*See, e.g.,* **CYTEK_0000002507 at CYTEK_0000002626-2627; CYTEK_0000003882 at CYTEK_0000004001**

*See, e.g.,* **CYTEK_0000000903**

*See, e.g.,* **CYTEK_0000082467 at CYTEK_0000082481-2483** |

[0074]    The detection module **614** includes a if image array **608** and a detector/lens array **611**. The image array **608** is an embodiment of the image array **106B** of FIGS. **2B** and **5**. The image array **608** includes a transparent block **680** (e.g., see blocks **806,1006** of FIGS. **8** and **10**) including the wedge **607** and fifteen micro-mirrors **612** on one side. On an opposing side of the transparent block **680**, there are sixteen dichroic filters **609**. The detector/lens array **611**, an embodiment of the plurality of detectors **313A-313P**, includes a plurality of photodetectors **D1** through **D16** (e.g., detector **318** of FIG. **3**) each having a lens (e.g., lens **316** of FIG. **3**) to focus the demultiplexed light into the photodetector.

[0075]    The light that is coupled into the image array **608** by the input stage **601**, is wavelength demultiplexed into the detectors **D1** through **D16** of the detector/lens array **611**. The 16-channel detection module analyzes a range of wavelengths (e.g., 400 nm to 800 nm wavelengths).

*See, e.g.,* **BEC-CYTEK-00039357 (U.S. Pub. No. 2018/0024040 A1) at FIGS. 2A, 2B; CYTEK_0000009787 at CYTEK_0000009792; BEC-CYTEK-00039357 (U.S. Pat No. 11,913,868) at FIGS. 2A, 2B**





| Claim | | Exemplary Evidence |
|---|---|---|
| 20(d) | wherein the size of the first image is substantially the same as the size of the second image, and | *The Accused Products each comprise "wherein the size of the first image is substantially the same as the size of the second image."*<br><br>*See, e.g.,* **CYTEK_0000002507 at CYTEK_0000002626-2627; CYTEK_0000003882 at CYTEK_0000004001**<br><br>*See, e.g.,* **CYTEK_0000000903**<br><br>*See, e.g.,* **CYTEK_0000082467 at CYTEK_0000082481-2483** |

202



| Claim | Exemplary Evidence |
|---|---|
| | **CYTEK-00039357 (U.S. Pat No. 11,913,868) at FIGS. 2A, 2B**<br><br>*See, e.g.*, **BEC-CYTEK-00039357 (U.S. Pub. No. 2018/0024040 A1) at FIG. 3; CYTEK_0000009787 at CYTEK_0000009793; BEC-CYTEK-00039357 (U.S. Pat No. 11,913,868) at FIG. 3** |