# EXHIBIT 2Q



# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

BECKMAN COULTER, INC.,

      Plaintiff,

     v.

CYTEK BIOSCIENCES, INC.,

      Defendant.

C.A. No. 24-945-CFC-EGT

## JOINT CLAIM CONSTRUCTION BRIEF

Frederick L. Cottrell III (#2555)
Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
RICHARDS, LAYTON & FINGER P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
farnan@rlf.com
haynes@rlf.com

*Attorneys for Plaintiff Beckman Coulter, Inc.*

Karen Jacobs (#2881)
Jeremy A. Tigan (#5239
Cameron P. Clark (#6647)
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
Wilmington, DE 19801
(302) 658-6200
kjacobs@morrisnichols.com
jtigan@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Defendant Cytek Biosciences, Inc.*

Dated: July 27, 2025

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ......................................................................................... ii

PRELIMINARY STATEMENTS ...................................................................................1

I.  PLAINTIFF'S OPENING STATEMENT ..............................................................1

    A.    Introduction ....................................................................................................1

    B.    Background.......................................................................................................2

II.  DEFENDANT'S ANSWERING STATEMENT .....................................................4

    A.    Introduction ....................................................................................................4

    B.    Patents-In-Suit ................................................................................................5

III.  PLAINTIFF'S REPLY STATEMENT ...................................................................8

    A.    Background.......................................................................................................8

IV.  DEFENDANT'S SUR-REPLY STATEMENT .......................................................9

DISPUTED CONSTRUCTIONS ...................................................................................10

I.  "first/second" .........................................................................................................10

    A.    Plaintiff's Opening Position .........................................................................10

    B.    Defendant's Answering Position....................................................................13

    C.    Plaintiff's Reply Position ..............................................................................17

    D.    Defendant's Sur-Reply Position....................................................................20

II.  "collimating"/"collimate" and "collimated beam" ...............................................21

    A.    Plaintiff's Opening Position .........................................................................21

    1.    "collimating"/"collimate".......................................................................21

2. "collimated beam" ...................................................................................24

B. Defendant's Answering Position.............................................................26

C. Plaintiff's Reply Position ......................................................................33

D. Defendant's Sur-Reply Position.............................................................35

III. "image" .............................................................................................................41

A. Plaintiff's Opening Position....................................................................41

B. Defendant's Answering Position.............................................................43

C. Plaintiff's Reply Position ......................................................................48

D. Defendant's Sur-Reply Position.............................................................50

IV. "optical element" ...............................................................................................51

A. Plaintiff's Opening Position....................................................................53

B. Defendant's Answering Position.............................................................56

C. Plaintiff's Reply Position ......................................................................66

1. "Optical Element" Connotes Structure.......................................66

2. An "Optical Element" "Detect[s]" and "Output[s]" Light...................70

3. Even If "Optical Element" Is Means-Plus-Function, It Is Not Indefinite..........................................................................................70

D. Defendant's Sur-Reply Position.............................................................72

V. "collimating optical element" .........................................................................74

A. Plaintiff's Opening Position....................................................................75

B. Defendant's Answering Position.............................................................79

C. Plaintiff's Reply Position ......................................................................82

1. "Collimating Optical Element" Connotes Structure ...........................82

2.    Even If "Collimating Optical Element" Were Means-Plus-Function, It Would Not Be Indefinite.................................................................85

D.    Defendant's Sur-Reply Position..............................................................86

VI.  "collecting optical element" ...............................................................................90

A.    Plaintiff's Opening Position....................................................................92

B.    Defendant's Answering Position..............................................................93

C.    Plaintiff's Reply Position .......................................................................97

1.    "Collecting Optical Element" Connotes Structure..............................97

2.    Even If "Collecting Optical Element" Were Means-Plus-Function, The Structure Would Be An Objective .................................................98

D.    Defendant's Sur-Reply Position..............................................................100

VII.  "focusing optical element" ...............................................................................102

A.    Plaintiff's Opening Position....................................................................104

B.    Defendant's Answering Position..............................................................106

C.    Plaintiff's Reply Position .......................................................................108

1.    "Focusing Optical Element" Connotes Structure..............................108

2.    Even If "Focusing Optical Element" Were Means-Plus-Function, The Structure Would Be A Lens .........................................................110

D.    Defendant's Sur-Reply Position..............................................................111

VIII.  "focusing lenses…"..........................................................................................112

A.    Plaintiff's Opening Position....................................................................113

B.    Defendant's Answering Position..............................................................114

C.    Plaintiff's Reply Position .......................................................................118

D.    Defendant's Sur-Reply Position..............................................................120

IX. "portion of the" .................................................................................................121

    A.    Plaintiff's Opening Position ...............................................................121

    B.    Defendant's Answering Position.........................................................123

    C.    Plaintiff's Reply Position ...................................................................125

    D.    Defendant's Sur-Reply Position.........................................................127

## IX. "portion of the"

| Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|
| No construction necessary; plain and ordinary meaning.<br><br>*That is*: a part of any whole, either separated from or integrated with it | "a subset of the spectrum of wavelengths of light within a defined beam" otherwise indefinite. |

### A. Plaintiff's Opening Position

The parties dispute whether "portion of the" is intended to refer to a separate or integrated part of a whole (as BEC proposes) or whether it is limited to a "defined beam" with only a subset of wavelengths of light (as Defendant proposes).

"[P]ortion" is an everyday, plain-English term that is readily understood by a jury. *See* Ex.3 ("portion" is "a part of any whole, either separated from or integrated with it"). Courts routinely construe "portion" consistent with BEC's construction. *Virentem v. YouTube*, 2019 WL 6829067, at *2 (D. Del. Dec. 13, 2019) (construing "portion" as "a part of any whole, either separated from or integrated with it"); *see also Rexnord v. Laitram*, 274 F.3d 1336, 1344-48 (Fed. Cir. 2001) (same).

BEC's construction also aligns with the claims. For example, '582 Patent claim 1 refers to an "optical relay element arranged to receive at least a portion of the collimated beam," which broadly permits any part of the collimated beam to be received by the optical relay element. By contrast, when the claims intend to refer

to a specific part of an overall whole, they do so expressly. For example, dependent claim 7 further recites that a "first optical filter" reflects "light of a *first range* of wavelengths" in "the portion of the collimated beam … received by the optical relay element," thereby identifying the subset of wavelengths (i.e., the "first range") that are reflected. "Portion" thus is not limited to a subset of wavelengths (as Defendant proposes).

Further, the specification broadly uses "portion" to mean part. For example, the specification refers to a sample flowing through a "nearly flat portion of the elliptically shaped beam," '582 Patent, 29:50-52, meaning "portion" is referencing a part of the beam that is "nearly flat" and not referring to its wavelength content. BEC's construction thus properly accords with the intrinsic and extrinsic evidence.

Defendant's improper attempt to rewrite the claims should be rejected.

*First*, Defendant's construction is contrary to the plain language of the claims. *Supra* 32. Nothing in the term "portion" relates to wavelengths. It is improper to "depart" from the plain meaning to import this limitation. *Eis v. Intihealth*, 2023 WL 346631, at *16 (D. Del. Jan. 9, 2023).

*Second,* Defendant's "defined beam" requirement improperly injects ambiguity. *See Extricom v. Meru*, 2011 WL 13380397, at *1 n.7 (D. Del. Dec. 5, 2011). The Asserted Patents do not use the phrase "defined beam," leaving the jury to wonder as to its scope. Moreover, several claims recite "portion" without

122

referencing any beam at all. *See* '107 patent, cls.1, 5, 16, 21. Defendant's construction would render these terms inconsistent and incomprehensible. *See, e.g.*, *Nike*, 43 F.3d at 647.

### B. Defendant's Answering Position

Cytek's proposal reflects a POSA's understanding of "portion of the…" as informed by the claims and specifications, which is a portion of the wavelength spectrum of light. Construing "portion of the …" to connote a spatial dimension of light, as BEC proposes, is unsupported by the intrinsic record.

The claim language supports Cytek's construction. *See, e.g., ACTV, Inc. v. Walt Disney Co.*, 346 F.3d 1082, 1088 (Fed. Cir. 2003). For each independent claim reciting "portion of" in the '443/'107/'106 Patents, it is a sub-limitation of the recited ***wavelength division*** [de]multiplexer (WDM), the purpose of which is to optically separate light by wavelength range (*i.e.*, color band). (*See* '443, cls. 1, 18; '107, cls. 1, 16; '106, cls. 1, 18; Ilkov¶138.) *Tritek Techs., Inc. v. United States*, No. 02-255 C, 2004 WL 1299571, at *1 (Fed. Cl. June 4, 2004) ("a term's placement in a clause or phrase gives it meaning"). Claim 3 of the '443 Patent confirms that "portion" refers to a wavelength range: "one or more portions of the light include different color bands of the light." ('443, cl. 3.)

This is consistent with the specifications, which state repeatedly that the WDM separates light into multiple color bands while maintaining beam diameter.

123

(*See, e.g.*, '582, 2:52-53, 4:34-60, 7:1-3, 8:51-55, 9:51-65, 20:18-33, 20:62-21:10, 23:19-25, 45:8-15, 46:22-27; FIGs. 25, 27, 28.)

The '582 claims also support Cytek's construction. Dependent claim 6 recites a "first optical filter" that separates claim 1's collimated beam into a first branch and second branch.  Claim 7 further recites that the "collimated beam comprises light of a plurality of wavelengths, wherein the first optical filter is configured to reflect light of a first range of wavelengths of the plurality of wavelengths to form the first branch of the collimated beam, … wherein the first branch ***includes the portion of the collimated beam*** projected from the collimating optical element and received by the optical relay element."  Later dependent claims further split these branches of light by wavelength range.  (*See* '582, cls. 10, 11; *see* cl. 18 (branches comprise "light of different colors").)   The specifications refer to these branches of the collimated beam propagating through the relay architecture by their wavelength ranges.  (*See id.*, 9:51-65 ("…said dichroic filter separating the collimated beam of light into two (2) branches of distinct colors…"), 20:18-33, 20:62-21:10.) Use of the word "portion" in the '582 claims is thus consistent with its use in the other related Patents-in-Suit, and the term should be uniformly construed.  *E.g.*, *Omega Eng'g*, 334 F.3d at 1334.

The intrinsic record does not support BEC's construction of "portion," which seeks to cover spatial segments of a beam. BEC, however, cites to irrelevant aspects

of the specification that are *outside* the WDM. But "portion" appears in the claims only within a WDM and that term is not used in the specifications' WDM disclosures. The specifications' WDM disclosures only describe wavelength demultiplexing by propagating a collimated beam through its 1:1 relay architecture "without significantly expanding" its spot size. ('582, 20:18-33, 20:40-44, 20:62-21:11, 44:58-66, 45:8-13, 45:16-29, 45:32-38, 45:44-54.) FIGs. 25, 27, and 28 also show a collimated beam that is color-separated by filters but maintains spatial beam size throughout the WDM's relay architecture. (*Id.*, FIGs. 25, 27, 28; Ilkov¶139.)

BEC's construction based on common English dictionaries is unhelpful because it is divorced from a POSA's understanding of "portion" based on intrinsic evidence. *See McRo, Inc. v. Bandai Namco Games Am., Inc.*, 959 F.3d 1091, 1099 (Fed. Cir. 2020) (rejecting extrinsic evidence because "what matters is the meaning most appropriate in the context of the particular patent."); *Phillips*, 415 at F.3d 1321-22 ("Yet heavy reliance on the dictionary divorced from the intrinsic evidence risks transforming the meaning of the claim term to the artisan into the meaning of the term in the abstract, out of its particular context, which is the specification…").

### C.     Plaintiff's Reply Position

Defendant does not dispute that BEC's construction is the ordinary meaning of "portion." Nor does Defendant contest that, when the claims and specification refer to specific types of "portions" or subparts (such as wavelengths), they do so

expressly. *Supra* at 120-121. And Defendant does not even attempt to defend its "defined beam" requirement. *Supra* at 121-122. For these reasons alone, Defendant's construction should be rejected but, regardless, Defendant's arguments are without merit.

*First*, it is Defendant's construction—not BEC's—that fails to reflect the intrinsic record. *Supra* at 122. The claims themselves define what "portions" are recited. *See* '582 Patent, cl.1 ("portion of the collimated beam); '443 Patent, cl.1 ("portion of the light"). here the claims refer to a subset of wavelengths, they refer to the wavelengths expressly using terms *other* than "portion." *See* '582 Patent, cl.7 ("*range of wavelengths*...to form the first *branch*"), cls.10-11 (similar), 18 ("*branches*" comprise "*light* of different colors"); '106 Patent, cl.1 ("*color band*"), cl.3, cl.5; '443 Patent, cl.3; *supra* at 122-123 (specification "state[s] repeatedly that the WDM separates light into multiple *color bands*").[44]

Defendant's construction simply rewrites the claims. '582 Patent claim 1 *does not* recite a WDM at all. And that certain independent claims recite "portion" in a "sub-limitation of the recited [WDM]" (*supra* at 122) is irrelevant. While WDMs

---

[44] Defendant is incorrect that the specification does not refer to "portion" in "WDM disclosures." *Supra* at 124; '582 Patent, 44:35-57 (discussing WDM in Figure 25 and stating "diameter of the collimated portion needs to be small").

126

separate light by wavelength, this cannot mean *any* use of "portion" in describing a WDM must refer to a subset of wavelengths. Indeed, '107 Patent claim 5 recites "the WDM is configured such that *a portion* of an optical path…forms a zig-zag," which indisputably uses "portion" to refer to the "optical path," which would not be a single "subset of wavelengths."

*Second*, the common understanding of the word "portion" is not "divorced from a POSA's understanding." *Supra* at 124. Courts routinely construe "portion" according to its standard definition. *Supra* at 120. In Defendants' cited cases—*McRo* and *Phillips*—the extrinsic evidence *conflicted* with the intrinsic evidence; here, the intrinsic evidence is perfectly consistent with the standard usage of "portion."

### D.     Defendant's Sur-Reply Position

Cytek's construction interprets the claimed "portion" in the context within which it appears—*wavelength division* (de)multiplexing. The appearance of "portion" within the recited WDM is far from "irrelevant" as BEC baselessly argues. It is essential to understand its scope, consistent with the specification. (*Supra* at 123-124.) Although the '582 claims recite an "optical subsystem," that term's use in the specification corresponds to a laser diode subsystem. (*E.g.*, '582, 2:38-40, 2:54-67, 28:14-32:47.) Accordingly, unless "optical subsystem" in these claims refers to a WDM, they are invalid under § 112.

BEC's reply arguments ignore that its construction lacks written description support. Every WDM embodiment in the specification has a 1:1 relay architecture with a collimated beam, where divisions of the collimated beam are by wavelength, not spatial. (Ans.47-49.) BEC's briefing tellingly lacks any citations to the specification related to a WDM in support of its construction. If allowed, BEC's construction could, for example, permit a single photon to qualify as a "portion of a collimated beam" even where the beam is generally not collimated, effectively reading out any collimation requirement—a nonsensical result. Its infringement contentions demonstrate that is *exactly* what BEC intends to do by pointing to a light ray at the center of a focused beam as a "portion of a collimated beam":



(*E.g.*, Ex.87 (Ex. 1, 26).)

/s/  *Kelly E. Farnan*
Frederick L. Cottrell III (#2555)
Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
RICHARDS, LAYTON & FINGER P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
farnan@rlf.com
haynes@rlf.com

*Attorneys for Plaintiff Beckman Coulter, Inc.*

OF COUNSEL:

Omar A. Khan
Jeffrey A. Dennhardt
Lauren E. Matlock-Colangelo
Wilmer Cutler Pickering Hale
 and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800

Asher S. McGuffin
Wilmer Cutler Pickering Hale
 and Dorr LLP
60 State Street
Boston, MA 02109
(617) 526-6000

/s/  *Jeremy A. Tigan*
Karen Jacobs (#2881)
Jeremy A. Tigan (#5239
Cameron P. Clark (#6647)
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
Wilmington, DE  19801
(302) 658-6200
kjacobs@morrisnichols.com
jtigan@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Defendant Cytek Biosciences, Inc.*

OF COUNSEL:

Reuben Chen
Cooley LLP
3175 Hanover Street
Palo Alto, CA 94304
(650) 843-5000

Elizabeth M. Flanagan
Cooley LLP
30 S. 9th Street, 7th Floor
Minneapolis, MN 55402

Adam Pivovar
Dustin M. Knight
Rosalynd D. Upton
David Yun
Cooley LLP
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004

Dated:  July 27, 2025

129