# EXHIBIT 2R



Page 1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

-------------------------------x

BECKMAN COULTER, INC.,                :

                                      : Civil Action No.

            Plaintiff,                :

      vs.                             : 1:24-cv-00945-

                                      :     CFC-EGT

CYTEK BIOSCIENCES, INC.,              :

                                      :

            Defendant.                :

-------------------------------x

                    Washington, D.C.

                    Friday, February 27, 2026

   VIDEOTAPED Deposition of:

            DAVID SCHAAFSMA, Ph.D.,

   the witness, was called for examination by

   counsel for the Defendant, pursuant to notice,

   commencing at 9:39 a.m., at the law offices of

   WilmerHale, 2100 Pennsylvania Avenue, NW,

   Washington, D.C. 20037, before Dawn A. Jaques,

   CSR, CLR, and Notary Public in and for the

   District of Columbia.

                Magna Legal Services

                   866-624-6221

                 www.MagnaLS.com



APPEARANCES:

On behalf of the Plaintiff:

WILMERHALE

By: Laura Macro, Ph.D., Esq.

7 World Trade Center

250 Greenwich Street

New York, New York 10007

(212) 295-6446

laura.macro@wilmerhale.com

WILMERHALE

By:  Patrick Nyman, Ph.D., Esq.

1200 Pennsylvania Avenue, NW

Washington, D.C.  20037

(202) 663-6126

patrick.nyman@wilmerhale.com



Page 3

APPEARANCES (Continued):

On behalf of the Defendant:

COOLEY LLP

By:  Dr. Adam Pivovar, Esq.

1299 Pennsylvania Avenue, NW

Suite 700

Washington, D.C.   20004-2400

(202) 842-7889

apivovar@cooley.com

COOLEY LLP

By:  Joseph Van Tassel, Esq.

Reston Town Center

11951 Freedom Drive

14th Floor

Reston, Virginia   20190-5656

(703) 456-647

jvantassel@cooley.com

VIDEOGRAPHER:

Jason Aqui, Magna Legal Services



Page 8

P R O C E E D I N G S

THE VIDEOGRAPHER:  We are now on the record.  This begins Videotape No. 1 in the deposition of Dr. David Schaafsma, in the matter of Beckman Coulter Incorporated v. Cytek Biosciences Incorporated, in the United States District Court for the District of Delaware, Case No. 1:24-cv-00945-CFC-EGT.

Today's date is February 27, 2026. The time on the video monitor is 9:39 a.m. Eastern Time.

This deposition is being taken at WilmerHale, located at 2100 Pennsylvania Avenue, Northwest, Washington, D.C., at the request of Cooley LLP.

The videographer is Jason Aqui of Magna Legal Services, and the court reporter is Dawn Jaques, also of Magna Legal Services.

Will counsel and all parties present state their appearances and whom they



Page 9

represent?

MR. PIVOVAR:  Adam Pivovar of Cooley LLP on behalf of Cytek Biosciences, and here with me today is my colleague, Joe Van Tassel.

MS. MACRO:  Laura Macro on behalf of Plaintiff, Beckman Coulter, from WilmerHale, and I'm joined by my colleague, Patrick Nyman, also from WilmerHale.

THE VIDEOGRAPHER:  Will the court reporter please swear in the witness?

THE REPORTER:  If you'll raise your right hand, sir.

(The witness was administered the oath.)

Whereupon,

DAVID SCHAAFSMA, Ph.D., was called as a witness, after having been first duly sworn by the Notary Public, was examined and testified as follows:



multicolor fluorescence light detection applications."  Do you see that?

A    That's what that sentence says.

Q    Do you agree that efficient color separation can only be accomplished economically with collimated light beam?

A    That sentence, I think if you read the sentence, it's talking about prior art. It says "has not been considered viable for multicolor fluorescence light detection applications."

So I don't think it's establishing any kind of constraint for the system discussed in the patent itself.

Q    So when it says "Since efficient color separation can only be accomplished economically with collimated light beam," you think that is something that is only referencing the prior art?

MS. MACRO:  Objection, mischaracterizes document, asked and answered.



Page 280

THE WITNESS:  I think the context comes from the second half of that sentence that you haven't been reading, is that "small area APD has not been considered viable for multicolor fluorescence light detection applications."

BY MR. PIVOVAR:

Q    Well, and the next sentence after that says, "Clearly, a technology capable of collimating a large etendue light beam over an extended distance without significantly expanding the beam diameter would be highly desirable."  Do you see that?

A    That's what that sentence says.

Q    And then it says, "Such a technology would enable a WDM like device for fluorescence light detection with characteristics comparable to low noise semiconductor detectors," right?

A    That's what that sentence says.

Q    Okay.  And is the technology that is



Page 281

described in the last two sentences at column 44, lines 28 through 34, was disclosed as the inventions in the '582 patent?

MS. MACRO:  Objection, mischaracterizes document, vague, compound.

THE WITNESS:  I would interpret that part of that paragraph as more of like a statement of the problem: here's what we're trying to solve.

So I don't think it's necessarily a description of the technology itself. The specification goes on to describe that.

BY MR. PIVOVAR:

Q    At column 44, beginning around line 58, it says, "As depicted in FIG. 25, a collimating optical element, in this case an achromatic doublet lens 902, may capture the light from source 901, and project a magnified image of the object near a final focusing lens 905.  The size of the image near 905 may be



Page 282

kept approximately the same size as the effective size of the collimating optical element 902.  Consequently, beam of light propagating between the collimating optical element 902 and the focusing lens 905 may be effectively collimated."

Do you see that?

MS. MACRO:  Objection, mischaracterizes document.

THE WITNESS:  That's what the beginning of that paragraph says.

BY MR. PIVOVAR:

Q    Mm-hmm.  This is referring to a collimating optical element receiving light from a light source, and then projecting an effectively collimated beam onto the final focusing lens 905?

MS. MACRO:  Objection, mischaracterizes document.

THE WITNESS:  Yeah, I don't see the word "final" in there.  I do see it says the focusing lens 905.



MAGNA
LEGAL SERVICES

Page 308

CERTIFICATE OF NOTARY PUBLIC

I, DAWN A. JAQUES, a Notary Public in and for the District of Columbia, before whom the foregoing deposition was taken, do hereby certify that witness whose testimony appears in the foregoing pages was duly sworn by me; that the testimony of said witness was taken by me in shorthand at the time and place mentioned in the caption hereof and thereafter reduced to typewriting under my supervision; that said deposition is a true record of the testimony given by said witness; that I am neither counsel for, related to, nor employed by any of the parties to the action in which this deposition is taken; and, further, that I am not a relative or employee of any attorney or counsel employed by the parties thereto, nor financially or otherwise interested in the outcome of the actions.

_—Dawn A. Jaques —_

Dawn A. Jaques, CSR, CLR

Notary Public in and for

the District of Columbia

My commission expires:

February 28, 2030

