# EXHIBIT 2T



## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BECKMAN COULTER, INC.., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 24-0945-CFC-EGT |
| | ) | |
| CYTEK BIOSCIENCES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## REPLY EXPERT REPORT OF DR. DAVID SCHAAFSMA, PH.D. REGARDING INFRINGEMENT OF U.S. PATENT NOS. 10,330,582, 11,703,443, AND 12,174,107

February 9, 2026

Respectfully submitted,

Dr. David Schaafsma

Schaafsma Reply Report
INTRODUCTION

# TABLE OF CONTENTS

I.     INTRODUCTION ................................................................. 5

II.    BACKGROUND AND QUALIFICATIONS ................................... 6

III.   MATERIALS CONSIDERED FOR THIS REPORT .......................... 6

IV.    LEGAL FRAMEWORK ........................................................ 6

    A.   Reverse Doctrine of Equivalents ....................................... 6

    B.   Doctrine of Equivalents Prosecution History Estoppel ............... 7

    C.   Doctrine of Equivalents Ensnarement ................................ 8

V.     SUMMARY OF OPINIONS .................................................... 8

VI.    A PERSON OF ORDINARY SKILL IN THE ART ("POSA") ............. 9

VII.   TECHNOLOGY BACKGROUND ............................................ 9

VIII.  THE ASSERTED PATENTS ................................................... 9

    A.   The Asserted Patents Provided Significant Improvements and Advantages to the Existing Field of Flow Cytometry ................................................ 10

       1.   APDs in Flow Cytometers ............................................ 10

       2.   WDMs in Flow Cytometers ........................................... 15

IX.    CLAIM CONSTRUCTION ..................................................... 17

    A.   The Court's Constructions .............................................. 17

    B.   Additional Means-Plus-Function Terms ............................... 17

       1.   "Collimating Optical Element" ....................................... 17

       2.   "Focusing Optical Element" .......................................... 25

X.     COMMENTS ON THE ASSERTED PATENTS' DISCLOSURES .............. 29

XI.    CYTEK'S PATENTS ........................................................... 33

XII.   OVERVIEW OF THE ACCUSED PRODUCTS ............................... 36

    A.   Optical Subsystem ...................................................... 36

       1.   The Accused Products Have a "WDM" As Claimed .................. 36

    B.   Zemax Optical Model, Optical Path Through the WDM, and Collimating the Beam ..... 37

       1.   Collimating The Beam From The Fiber (Hsieh ███ Models) .................... 41

       2.   Collimating The Beam From The Fiber (Accused Products) ...................... 46

       3.   The Beam In The WDM ............................................... 50

    C.   Spot Sizes on the Filters ................................................ 52

       1.   Dr. Ilkov's Spot Size Comparisons Are Flawed ..................... 56

       2.   The Actual Filter And Mirror Spot Sizes Match The Real Model .............. 60

    E.   Summary of the Accused Product Lines ................................ 66

Schaafsma Reply Report
INTRODUCTION

F.    The Accused Products' Purported Use of "Spectral" Technology Does Not Avoid Infringement ................................................................................. 68

G.    The Accused Products Have a "Collimating Optical Element" ......................................... 69

H.    The Claims Do Not Require a Collimated Beam Throughout the WDM and The Accused Products Have a Collimated Beam ...................................................... 76

I.    The Accused Products Use Dichroic Filters ...................................................... 84

    1.    The Bandpass Filters In The Accused Products Are Dichroic Filters ......................... 84

    2.    To the extent the Accused Products' bandpass filters are not literally dichroic filters, they are equivalent to dichroic filters...................................... 87

J.    The Accused Products Have Concave Mirrors ...................................................... 91

    1.    Dr. Leary's distinction between a microlens ███████████████ and a mirror is incorrect....................................................... 91

    2.    Dr. Leary's Alternate Definition Of "Mirror" Is Incorrect ............................... 94

    3.    Dr. Leary's Arguments Regarding Refraction In The Accused Products Do Not Prevent Infringement ...................................................... 98

    4.    To The Extent The Accused Products Do Not Literally Contain Mirrors, The Microlenses With █████████████ Are Equivalent To Mirrors......................... 100

XIII.    CYTEK INFRINGES THE ASSERTED CLAIMS AS SHOWN BY A PREPONDERANCE OF THE EVIDENCE ...................................................... 101

A.    All Elements of the '582 Asserted Claims Are Present in the Accused Products Either Literally or Under the Doctrine of Equivalents ...................................... 101

    1.    Asserted Claim 1 ...................................................... 106

    2.    Asserted Claim 3...................................................... 131

    3.    Asserted Claim 6...................................................... 132

    4.    Asserted Claim 20...................................................... 134

    5.    Asserted Claims 23 and 26...................................................... 142

B.    All Elements of the '443 Asserted Claims Are Present in the Accused Products Either Literally or Under the Doctrine of Equivalents ...................................... 144

    1.    Asserted Claim 4...................................................... 144

    2.    Asserted Claim 6...................................................... 145

    3.    Asserted Claim 10...................................................... 145

    4.    Asserted Claim 11...................................................... 147

    5.    Asserted Claim 15...................................................... 147

C.    All Elements of the '107 Asserted Claims Are Present in the Accused Products Either Literally or Under the Doctrine of Equivalents ...................................... 148

    1.    Asserted Claim 5...................................................... 148

    2.    Asserted Claim 16...................................................... 150

Schaafsma Reply Report
INTRODUCTION

   3.    Asserted Claim 18 .................................................................................... 154

   4.    Asserted Claims 26, 27, and 29 ............................................................. 154

XIV.     CYTEK'S PRODUCTS INFRINGE THE ASSERTED PATENTS UNDER THE REVERSE DOCTRINE OF EQUIVALENTS ............................................................. 155

  A.   The Fair Scope of the Invention of the Asserted Patents and the Principles of Operation of the Accused Products Are Not Fundamentally Different .................................................. 156

  B.   The Reverse Doctrine of Equivalents Does Not Apply to the Asserted '443 Claims .... 158

  C.   The Reverse Doctrine of Equivalents Does Not Apply to the Asserted '107 Claims .... 159

XV.     CYTOFLEX PRODUCTS EMBODY THE ASSERTED PATENTS ............................. 159

  A.   CytoFLEX Products Practice Claims 1 and 20 of the '582 Patent & Asserted Claims Dependent Thereon ................................................................................ 160

XVI.     SUPPLEMENTAL OPINIONS ............................................................. 164

Schaafsma Reply Report

CYTEK INFRINGES THE ASSERTED CLAIMS AS SHOWN BY A PREPONDERANCE OF THE EVIDENCE

240.    Drs. Ilkov and Leary both suggest that my "doctrine of equivalents opinions would render meaningless the claimed function 'to project a collimated beam' where the 'optical relay element' receives at least a portion of the collimated beam from the collimating optical element.'"  Ilkov Rebuttal, ¶¶148-149; *see also* Leary Rebuttal, ¶373.  But Drs. Ilkov and Leary again set up a false dichotomy between a "collimated beam" and everything else, which is incorrect as I explained with respect to element 1(a) of the '582 Patent.  My analysis is also entirely consistent with the '106 Patent's prosecution history, which stated (and which both Drs. Ilkov and Leary omit) that a POSA "would have understood that collimation means generally maintaining the width of a beam for some distance, including by, for example, *limiting its convergence or divergence*."  BEC-CYTEK-00004404 at BEC-CYTEK-00004820.[40]  Drs. Ilkov and Leary otherwise improperly suggest that I argued that the focusing lens was equivalent to a collimating optical element and repeat or incorporate arguments from element 1(a) of the '582 Patent, and they are incorrect for the same reasons I discussed with respect to those elements.

f.    **The Accused Products meet element 1(b) of the '582 Patent via their concave mirrors, either literally or under the Doctrine of Equivalents**

241.    As I explained in Section XI and paragraph 201 of my Opening Report, the odd-numbered mirrors in the Accused Products literally meet the limitation of "collimating optical element."  Drs. Ilkov and Leary try to distinguish these mirrors because 1) they do not "'receive light from a light source' but instead receive light reflected from filters," and 2) they do not "'project a collimated beam" but instead "reflect light."  Ilkov Rebuttal, ¶150; *see also* Leary

---

[40] Dr. Leary also states that "I understand that this would violate the doctrines of prosecution history estoppel, ensnarement, and claim vitiation."  Dr. Leary has failed to demonstrate any of these doctrines apply for the same reasons as I discussed above with regard to element 1(a) of the '582 Patent.

Schaafsma Reply Report

CYTEK INFRINGES THE ASSERTED CLAIMS AS SHOWN BY A PREPONDERANCE OF THE EVIDENCE

Rebuttal, ¶380.[41]  Regarding (1),  Drs. Ilkov and Leary do not provide any explanation of how "project[ing] a collimated beam" and "reflect[ng] light" are mutually exclusive  A POSA would understand that reflective instruments such as concave mirrors can be used to project a collimated beam (essentially an astronomical telescope in reverse).  Drs. Ilkov and Leary also improperly import a requirement into the claims that the collimating optical element receive light from the light source without any intervening component.  Dr. Ilkov mentions the concave mirrors receive light reflected from filters—I note that Claim 1 of the '582 Patent recites "an optical relay element arranged to receive at least a portion of the collimated beam from the collimating optical element," whereas claim 6 includes "a first optical filter disposed along an optical path between the collimating optical element and the optical relay element."  Thus, a POSA would understand that "receive … from" does not exclude having other components in between.  Regarding (2), Drs. Ilkov and Leary provide no analysis or support for his understanding of "project," and regardless, Claim 20 of the '582 Patent recites an "optical relay element [which may comprise a curved mirror] configured to receive light from the collimating optical element and to *project* a second image."  Drs. Ilkov and Leary provide no analysis for why a POSA would understand "project" differently for claim 1.  Dr. Leary also refers to Zemax models from Dr. Hsieh and in the '868 Patent as demonstrating lack of collimation (Leary Rebuttal, ¶¶383-384), but he is incorrect for the reasons I discussed in Sections XI and XII.  Drs. Leary and Ilkov have thus failed to refute the literal infringement of the Accused Products.

242.    Drs. Leary and Ilkov also suggest that "a concave mirror [is] not equivalent to an achromatic doublet lens" because mirrors reflect and lenses refract.  Leary Rebuttal, ¶381; Ilkov

---

[41] Dr. Leary also disputes the Accused Products "microlenses" as mirrors and suggests that my infringement analysis is inconsistent with prior Beckman Coulter positions.  Leary Rebuttal, ¶¶375-378. Dr. Leary is incorrect as to the microlenses as I discuss in Section XII.J above, and he is incorrect regarding consistency in positions as I discuss in Section IX above.

Schaafsma Reply Report
CYTEK INFRINGES THE ASSERTED CLAIMS AS SHOWN BY A PREPONDERANCE OF THE EVIDENCE

Rebuttal, ¶151. Notwithstanding the fact that this statement directly contradicts their embrace of the term "microlens" for a demonstrably reflective optical element, Drs. Leary and Ilkov provide no argument for why the Accused Products' "microlenses" are not equivalent to a collimating optical element. Drs. Leary and Ilkov both make conclusory statements about "a concave mirror" by saying that refraction and reflection are different. While refraction and reflection are different physical processes, they do not explain why a POSA would view the described functions of focusing and collimating as substantially different depending on whether they are performed by mirrors or lenses. They would not. *See, e.g.*, Smith at 44 ("The concave mirror is the equivalent of a positive converging lens and forms a real image of distant objects.").

243. Thus, it remains my opinion that the Accused Products infringe Element 1(b) of Claim 1 of the '582 Patent.

g. **1(c)-1(f): "an optical relay element arranged to receive at least a portion of the collimated beam from the collimating optical element, the optical relay element comprising a curved mirror configured to reflect the portion of the collimated beam received from the collimating optical element to produce a first image; a first focusing optical element arranged to receive at least a portion of the collimated beam reflected by the optical relay element; and a first semiconductor detector, wherein the first focusing optical element is configured to focus the portion of the collimated beam received from the optical relay element onto the first semiconductor detector"**

244. As I discussed in my Opening Report at Section XII.A.1, it is my opinion that the Accused Products infringe elements 1(c)-1(f) of the '582 Patent. I further incorporate my analysis above in Section XII regarding my Zemax analysis and elements 1(a) and 1(b) of this claim in response to Drs. Ilkov's and Leary's corresponding repeated arguments. I respond to additional arguments from Drs. Ilkov and Leary below.

128