D.I. 323

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BECKMAN COULTER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 24-945 (CFC) (EGT) |
| | ) | |
| CYTEK BIOSCIENCES, INC., | ) | ███████████████ |
| | ) | |
| Defendant. | ) | REDACTED - PUBLIC VERSION |

## DEFENDANT CYTEK'S REPLY BRIEF IN SUPPORT OF ITS *DAUBERT* MOTIONS 1 AND 2

OF COUNSEL:

Reuben H. Chen
Alexandra Leeper
HanByul Chang
Juan Pablo Gonzalez
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304

Elizabeth M. Flanagan
COOLEY LLP
30 S. 9th Street, 7th Floor
Minneapolis, MN 55402

Adam Pivovar
Dustin M. Knight
Rosalynd D. Upton
David Yun
COOLEY LLP
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs (#2881)
Jeremy A. Tigan (#5239)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
kjacobs@morrisnichols.com
jtigan@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Defendant
Cytek Biosciences, Inc.*

Original filing date: April 29, 2026
Redacted filing date: May 6, 2026

# TABLE OF CONTENTS

**Page**

I.    DAUBERT #1: HOUSTON'S CHALLENGED OPINIONS........................1

II.   DAUBERT #2: ARNOLD'S CHALLENGED OPINIONS .........................3

III.  CONCLUSION...................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AstraZeneca Pharms. LP v. Anchen Pharms., Inc.*,
No. 10-1835(JAP)(TJB), 2012 WL 1065458 (D.N.J. Mar. 29, 2012) ...................................................................................................6

*BASF Plant Sci. v. Commonwealth Sci. & Ind. Rsch. Organisation*,
28 F.4th 1274 (Fed. Cir. 2022) ....................................................................1

*Bausch & Lomb Inc. v. SBH Holdings LLC*,
No. 20-1463-GBW, 2025 WL 1005815 (D. Del. Apr. 3, 2025) ..................4, 5

*Durr Sys., Inc. v. EFC Sys., Inc.*,
No. 24-2158, 2026 WL 786540 (Fed. Cir. 2026) .........................................5

*First Quality Tissue, LLC v. Irving Consumer Prods. Ltd.*,
No. 19-428-RGA, 2022 WL 958089 (D. Del. Mar. 30, 2022)......................3

*Kyocera Senco. Indus. Tools Inc. v. Int'l Trad Comm'n*,
22 F.4th 1369 (Fed. Cir. 2022) ...................................................... 3-4, 6, 7

*Medtronic, Inc. v. Axonics, Inc.*,
19-2115-DOC-JDE, 2024 WL 4406920 (C.D. Cal. Sept. 17, 2024)............5

*Otsuka Pharm. Co. v. Zenara Pharma Priv. Ltd.*,
No. 19-1938-LPS, 2022 WL 4365744 (D. Del. Sept. 21, 2022).................6

*Oxford Gene Tech. Ltd. v. Mergen Ltd.*,
345 F.Supp.2d 431 (D. Del. 2004)............................................................1, 3

*Shure Inc. v. ClearOne, Inc.*,
No. 19-1343-RGA, 2021 WL 4974001 (D. Del. Oct. 26, 2021)..................2, 3

*Sierra Wireless v. Sisvel S.P.A.*,
130 F.4th 1019 (Fed. Cir. 2025) ...............................................................5

*Univ. of Rochester v. G.D. Searle & Co.*,
249 F.Supp.2d 216 (W.D.N.Y. 2003)........................................................6

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Victaulic Co. v. ASC Engineered Sols.*,
   No. 20-887, 2022 WL 17250376 (D. Del. Nov. 28, 2022) ..................................2

iii

## TABLE OF ABBREVIATIONS

| Abbreviation | Term/Meaning |
|---|---|
| '582 patent | U.S. Patent No. 10,330,582 |
| '443 patent | U.S. Patent No. 11,703,443 |
| '107 patent | U.S. Patent No. 12,174,107 |
| Asserted Patents | '582 patent; '443 patent; '107 patent |
| Asserted Claims | Claims 1, 3, 6, 23, and 26 of the '582 patent; claims 4, 6, 10, 11, and 15 of the '443 patent; claims 5, 16, 18, 26, 27, and 29 of the '107 patent |
| BEC | Plaintiff Beckman Coulter, Inc. |
| Cytek | Defendant Cytek Biosciences, Inc. |
| Arnold | Dr. Michael Arnold, Ph.D., BEC's expert |
| Houston | Dr. Jessica Houston, Ph.D., BEC's expert |
| Kono | Dr. Junichiro Kono, Ph.D., Cytek's expert |
| Leary | Dr. James R. Leary, Ph.D., Cytek's expert |
| Schaafsma | Dr. David Schaafsma, Ph.D., BEC's expert |

iv

## I.    DAUBERT #1: HOUSTON'S CHALLENGED OPINIONS

Houston expressly and improperly opines on Cytek's intent.  BEC incorrectly tries re-classifying Houston's challenged opinions as based on industry practice.  (D.I.300, 1, 3-6.)  This fails.

*First*, BEC ignores that Houston's challenged opinions—regarding Cytek's alleged "knowledge," "copying," and "willful[ness]"—depend upon her evaluation of Cytek's subjective intent.  (D.I.233-1 (Ex.1, Houston Opening), §§XII-XIII; D.I.233-2 (Ex.2, Houston Reply), §XII.I.)  *See BASF Plant Sci. v. Commonwealth Sci. & Ind. Rsch. Organisation*, 28 F.4th 1274, 1275 (Fed. Cir. 2022).  Exclusion is thus warranted.  *E.g.*, *Oxford Gene Tech. Ltd. v. Mergen Ltd.*, 345 F.Supp.2d 431, 443 (D. Del. 2004).

*Second*, Houston never opines on "industry practice" or "industry norms"; these phrases are not in her Opening Report.  (*See* D.I.233-1, §§XII-XIII.)  Nor could she opine on this, having never worked in the commercial flow cytometry industry; she has instead worked in government and academia.  (Ex.10 (Houston Opening), §II; Ex.11 (Houston CV); Ex.12 (Houston Tr.), 101:6-102:13 (admitting she has "never worked for a cytometry company" and "never designed a commercial flow cytometer").)  Houston mentions industry practice only in reply to Leary's rebuttal that Cytek's activities were "common industry practice," but never explains "typical" industry behavior, nor why Cytek's behavior is "atypical."  (*See* D.I.300,

1

3; Ex.13 (Leary Rebuttal), §XIV.H.2; D.I.233-2, §XI.I.)[1]  Rather, Houston merely summarizes non-technical evidence and facts—which the jury is equipped to assess. (*E.g.,* D.I.233-1, ¶¶483-488, 490-495, 497-498 (summarizing documents, including a 21-bullet list).)  Houston's purported "analysis" is conclusory and not rooted in technical expertise.  (*Id.* ¶¶489, 496, 499-501.)  She does not "explain what is common, or not, in designing and developing flow cytometers." (*See* D.I.300, 6; *see generally* D.I.233-1, D.I.233-2.)  In short, BEC appears to use Houston as a mouthpiece to put evidence before the jury that should be addressed through fact witnesses.

Positioning Houston's opinions as relevant to copying does not salvage them. (*See* D.I.300, 6.)  Courts in this District have excluded opinions on copying as an objective indicium because "expert testimony as to intent, motive, or state of mind offers no more than the drawing of an inference from the facts of the case," which "merely substitutes the expert's judgment for the jury's and would not be helpful to the jury." *Victaulic Co. v. ASC Engineered Sols.*, No. 20-887, 2022 WL 17250376, at *8 (D. Del. Nov. 28, 2022) (citation modified).  Regardless, Houston's copying opinions are conclusory and only identify ████████████████████, which the jury can assess.  (D.I.233-1, §XII.C.)  *Shure* is inapplicable because, there, unlike

---

[1] Leary opines only "to the extent Dr. Houston is permitted to testify regarding Cytek's mental state[.]"  (Ex.13, ¶491; *see also id.*, ¶¶492-493, 529; *cf.* D.I.300, 5 n.8.)

with Houston, the expert on copying was "not opining on [defendant's] mental state[.]" *Shure Inc. v. ClearOne, Inc.*, No. 19-1343-RGA, 2021 WL 4974001, at *2 (D. Del. Oct. 26, 2021).  (*Cf.*, D.I.233-1, ¶500 ("Cytek deliberately and wantonly copied the claimed inventions").)

*Lastly*, BEC wrongly asserts there is "nothing inadmissible" about informing the jury that Houston's opinions relate to willfulness.  (D.I.300, 8.)  But Houston's challenged opinions either (a) summarize non-technical evidence or (b) speculate about Cytek's intent—each of which is inadmissible.  *E.g.*, *Oxford Gene*, 345 F.Supp.2d at 435, 443.  For these same reasons, BEC's critique of Cytek's cited cases is unavailing.  (D.I.300, 7.)  Nor must the Court "parse" Houston's opinions because Cytek has already identified which portions to exclude.  (D.I.233-1, §§XII-XIII; D.I.233-2, §XII.I.)  Unlike the "incidental and sporadic references to intent and 'copying'" in *First Quality*, every section and sub-section of Houston's challenged opinions pertain to Cytek's alleged "knowledge," "copying," or "willful[ness]." (*See id.*)  *See First Quality Tissue, LLC v. Irving Consumer Prods. Ltd.*, No. 19-428-RGA, 2022 WL 958089, at *10 (D. Del. Mar. 30, 2022).  None of BEC's non-binding, out-of-circuit cases support admissibility.  (D.I.300, 5-8.)

## II.    DAUBERT #2: ARNOLD'S CHALLENGED OPINIONS

Arnold's challenged opinions should be excluded because he is not a POSA. Inexplicably, BEC's opposition neither mentions nor distinguishes *Kyocera*, where

the Federal Circuit held an expert must be a POSA to opine on validity.  (D.I.300, §III.)  *Kyocera Senco. Indus. Tools Inc. v. Int'l Trad Comm'n*, 22 F.4th 1369, 1376-78 (Fed. Cir. 2022).  Arnold opines on validity, but indisputably lacks the required experience with flow cytometers.  This threshold error permeates Arnold's opinions and renders them unreliable under *Kyocera*.

To rescue Arnold's opinions, BEC nonsensically asks the Court to rewrite the agreed POSA definition[2] to make flow cytometry experience optional.  BEC's post-hoc justifications fail.

First, the Asserted Patents are specifically directed to flow cytometers (D.I.233, 9-10), so it follows that a POSA must have some experience with flow cytometers.  In BEC counsel's words, "this is a case … about flow cytometers." (D.I.310 (Ex.26, 8/21/25 Tr.), 3:21-22.)  It thus makes no sense to omit flow cytometer experience from the definition.  (D.I.233, 10-11.)  This also disposes of BEC's contention that the agreed definition permits less experience than enumerated (D.I.300, 9-11); that does not override the requirement for flow cytometry experience.  *Bausch & Lomb Inc. v. SBH Holdings LLC*, No. 20-1463-GBW, 2025 WL 1005815, at *4, *7 (D. Del. Apr. 3, 2025) (excluding non-POSA expert where

---

[2] The parties agree that a POSA "would have had at least a B.S. in physics, mechanical engineering, electrical engineering, or optical engineering (or equivalent degree) and at least two years of experience in designing optical and electro-optical systems, ***including for flow cytometer applications***."  (D.I.233, 10 (emphasis altered).)

POSA definition allowed "sliding scale approach" for education versus experience).

Contrary to BEC's assertion, the word "including" in the definition does not make flow cytometry experience "optional"; rather "including" specifies the type of experience that is required. (D.I.300, 2, 10.) Similarly, in *Durr*, the Federal Circuit affirmed exclusion of expert testimony where the definition required "extensive experience in atomization and the fluid dynamics of rotary atomizers, ***including*** specific experience in the design of such atomizers" and the expert "admittedly ha[d] no experience designing rotary atomizers." *Durr Sys., Inc. v. EFC Sys., Inc.*, No. 24-2158, 2026 WL 786540, at *3, *6 (Fed. Cir. 2026) (emphasis added); *see also*, *e.g.*, *Sierra Wireless v. Sisvel S.P.A.*, 130 F.4th 1019, 1024-25 (Fed. Cir. 2025) (similar). BEC's non-binding *Medtronic* case is inapplicable because that POSA definition did not use the word "including" and recited multiple experience types. *Medtronic, Inc. v. Axonics, Inc.*, 19-2115-DOC-JDE, 2024 WL 4406920, at *1 (C.D. Cal. Sept. 17, 2024).

To the extent there were any issue about the meaning of the agreed definition, the Court can define the POSA. *E.g.*, *Durr*, 2026 WL 786540, at *3, *6 (affirming district court's POSA definition); *Bausch & Lomb*, 2025 WL 1005815, at *4-5 n.3 (adopting POSA definition that "better comports with common sense understanding of what it means to be a [POSA]"). Here, a POSA unquestionably should have flow cytometry experience because that is the subject of the patents.

BEC's "part of a team" argument (D.I.300, 11-12) fails because (a) the agreed definition does not mention a team, and (b) an expert must qualify as a POSA to opine on validity under *Kyocera*, 22 F.4th at 1376-78. BEC's cases do not concern a non-POSA purporting to opine as a POSA, as Arnold does here; further, *AstraZeneca* and *Rochester* are non-binding and pre-*Kyocera*. *See Otsuka Pharm. Co. v. Zenara Pharma Priv. Ltd.*, No. 19-1938-LPS, 2022 WL 4365744, at *2 (D. Del. Sept. 21, 2022) (expert individually qualified to testify on validity); *AstraZeneca Pharms. LP v. Anchen Pharms., Inc.*, No. 10-1835(JAP)(TJB), 2012 WL 1065458, *21 (D.N.J. Mar. 29, 2012) (formulator experts defer to clinician experts regarding dosage); *Univ. of Rochester v. G.D. Searle & Co.*, 249 F.Supp.2d 216, 228-29 (W.D.N.Y. 2003). Additionally, Schaafsma's enablement opinions improperly rely on Arnold's opinions regarding what a POSA would have thought—not vice versa. (Ex.14 (Schaafsma Rebuttal), ¶¶902, 904-906, 918; *e.g.*, *id.* at ¶902 (agreeing with Arnold's assessment that "a POSA could have made and used carbon nanotube photodetectors in a flow cytometer without undue experimentation…").

BEC asserts that Arnold's validity opinions are admissible because he "does not (and will not) offer testimony on flow cytometry per se, only on how carbon nanotube technology detects light." (D.I.300, 2.) This is wrong because Arnold specifically invokes flow cytometry to opine on validity. (*E.g.*, D.I.233-4 (Ex.4, Arnold Rebuttal), ¶73 ("[A] POSA could have made and used carbon nanotube

6

semiconductor photodetectors that meet the performance criteria required by flow cytometers."); *id.*, ¶¶35, 37, 57, 58, 63, 74.)

BEC's argument that "Arnold's testimony is admissible to help the jury understand CNTs" (D.I.300, 12) ignores that a non-POSA's validity opinions are not beneficial where not "based on any specialized knowledge, training, or experience that would be helpful to the fact-finder." *Kyocera*, 22 F.4th at 1377. BEC points to Cytek's carbon-nanotube expert Kono, but overlooks that Kono never opines on validity but Arnold does. (*See* D.I.301, 24.)

## III.    CONCLUSION

Cytek's *Daubert* motions should be granted.

OF COUNSEL:

Reuben H. Chen
HanByul Chang
Juan Pablo González
Alexandra Leeper
COOLEY LLP
3175 Hanover Street
Palo Alto, CA  94304

Elizabeth M. Flanagan
COOLEY LLP
30 South 9th Street, 7th Floor
Minneapolis, MN  55402

Adam Pivovar
Dustin M. Knight
Rosalynd D. Upton
David Yun
COOLEY LLP
1299 Pennsylvania Avenue NW
Suite 700
Washington, DC  20004

April 29, 2026

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Cameron P. Clark*

Karen Jacobs (#2881)
Jeremy A. Tigan (#5239)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
kjacobs@morrisnichols.com
jtigan@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Defendant*
*Cytek Biosciences, Inc.*

8

## **WORD COUNT CERTIFICATION**

The undersigned counsel hereby certifies that the foregoing document contains 1,459 words, which were counted by using the word count feature in Microsoft Word, in 14-point Times New Roman font.  The word count includes only the body of the brief.  The word count does not include the cover page, tables of contents and authorities, or the counsel blocks.

/s/ Cameron P. Clark

Cameron P. Clark (#6647)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 29, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on April 29, 2026, upon the following in the manner indicated:

Frederick L. Cottrell III                                  *VIA ELECTRONIC MAIL*
Kelly E. Farnan
Christine D. Haynes
RICHARDS, LAYTON & FINGER P.A.
One Rodney Square
920 North King Street
Wilmington, DE  19801
*Attorneys for Plaintiff*

Omar A. Khan                                              *VIA ELECTRONIC MAIL*
Jeffrey A. Dennhardt
Lauren E. Matlock-Colangelo
Kelly A. Todd
Laura Macro
Maggie Sawin
WILMER CUTLER PICKERING HALE
  AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY  10007
*Attorneys for Plaintiff*

Akkad Y. Moussa
WILMER CUTLER PICKERING HALE
  AND DORR LLP
2100 Pennsylvania Avenue NW
Washington DC 20037
*Attorneys for Plaintiff*

*VIA ELECTRONIC MAIL*

*/s/ Cameron P. Clark*

Cameron P. Clark (#6647)