# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| BECKMAN COULTER, INC.,<br><br>            Plaintiff,<br><br>    v.<br><br>CYTEK BIOSCIENCES, INC.,<br><br>            Defendant. | C.A. No. 24-0945-CFC<br><br> |

## PLAINTIFF BECKMAN COULTER, INC.'S REPLY BRIEF
## IN SUPPORT OF ITS MOTIONS FOR SUMMARY JUDGMENT

OF COUNSEL:

Omar A. Khan
Jeffrey A. Dennhardt
Laura Macro
Lauren Matlock-Colangelo
Jennifer L. Graber
Maggie Sawin
Kelly A. Todd
WILMER CUTLER PICKERING
HALE and DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800

Akkad Y. Moussa
WILMER CUTLER PICKERING
HALE and DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037

Frederick L. Cottrell III (#2555)
Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
RICHARDS, LAYTON & FINGER,
P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
cottrell@rlf.com
farnan@rlf.com
haynes@rlf.com

*Attorneys for Plaintiff*

# TABLE OF CONTENTS

I.      INTRODUCTION ..................................................................................1

II.     ARGUMENT.........................................................................................1

     A.     MOTION#1:  SUMMARY JUDGMENT ON "REVERSE DOCTRINE OF EQUIVALENTS" IS WARRANTED.......................1

          1.     Cytek Fails to Show RDOE Is Available as a Legal Defense ....2

          2.     Cytek's Application of RDOE Is Legally Flawed .....................4

     B.     MOTION#2:  SUMMARY JUDGMENT AGAINST CYTEK'S MARKING DEFENSE IS WARRANTED ........................................7

     C.     MOTION#3:  SUMMARY JUDGMENT SHOULD BE GRANTED AGAINST ANTICIPATION ...........................................................10

          1.     DxP Lacks the "Flow Cytometer"/"Flow Cell" Limitations ....10

          2.     Cytek Cannot Meet Its High Burden to Show Public Use or Sale ......................................................................................11

III.    CONCLUSION...................................................................................14

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Arbutus Biopharma Corp. v. Moderna, Inc.*, 1:22-cv-00252-JDW, 2026 WL 512462 (D. Del. Feb. 24, 2026)........................................................4

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350 (Fed. Cir. 2017)........................................................8

*Arizona v. California*, 373 U.S. 546 (1963)..................................................................2

*Aro Mfg. Co. v. Convertible Top Replacement Co.*, 365 U.S. 336 (1961)........................................................................3

*AVM Techs. LLC v. Intel  Corp.*, 15–33–RGA, 2017 WL 1753447 (D. Del. Apr. 28, 2017)........................................................4

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ...........................................................5

*Ciena Corp. v. Corvis Corp.*, 334 F. Supp. 2d 598 (D. Del. 2004) ..........................5

Ciena Corp. v. Corvis Corp., No. Civ.A. 00–662–JJF, 2004 WL 253481 (D. Del. Feb. 6, 2004)........................................................5

*City of Milwaukee v. Illinois*, 451 U.S. 304 (1981) ..................................................2

*DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314 (Fed. Cir. 2009)........................................................4

*IBM Corp. v. Priceline Grp. Inc.*, 271 F. Supp. 3d 667 (D. Del. 2017) ............... 8-9

*In re ESML Holdings Inc.*, 135 F.4th 80 (3d Cir. 2025)..............................................1

*In re Katz Interactive Call Processing Pat. Litig.*, 821 F. Supp. 2d 1135 (C.D. Cal. 2011) ........................................................9

*Intell. Ventures I LLC v. Symantec Corp.*, 10–1067–LPS, 2015 WL 294240 (D. Del. Jan. 21, 2015)........................................................8

*Invitrogen Corp. v. Clontech Lab'ys Inc.*, 429 F.3d 1052 (Fed. Cir. 2005) ........................................................7

*JVW Enters., Inc., v. Interact Accessories, Inc.*, 424 F.3d 1324 (Fed. Cir. 2005)......................................................................................6

*Mortg. Grader, Inc. v. First Choice Loan Servs, Inc.*, 811 F.3d 1314 (Fed. Cir. 2016)................................................................................7

*Philip Morris Prods., S.A. v. ITC*, 63 F.4th 1328 (Fed. Cir. 2023) ........................13

*Roche Palo Alto LLC v. Apotex, Inc.*, 531 F.3d 1372 (Fed. Cir. 2008)....................6

*Scripps Clinic & Rsch. Found. v. Genentech., Inc.*, 927 F.2d 1565 (Fed. Cir. 1991)................................................................................4

*SDS USA, Inc. v. Ken Specialties, Inc.*, 122 F. Supp. 2d 533 (D.N.J. 2000) ........................................................................................5

*SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107 (Fed. Cir. 1985) ....................................................................................4, 5

*Steuben Foods, Inc. v. Shibuya Hoppmann Corp.*, 127 F.4th 348 (Fed. Cir. 2025)...........................................................................1, 2, 3

*Studiengesellschaft Kohle, m.b.H. v. Dart Indus., Inc.*, 726 F.2d 724 (Fed. Cir. 1984).............................................................................10

*W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165 (3d Cir. 2013) ..............................................................9

*Warner-Jenkinson Co. v. Hilton Davis Chemical Co.*, 812 F.3d 319 (3d Cir. 2016)................................................................................3

*Wiest v. Tyco Elecs.*, 812 F.3d 319 (3d Cir. 2016) ....................................................9

## STATUTES, RULES, AND REGULATIONS

35 U.S.C. § 112..............................................................................2, 3, 4, 5

Patent Act of 1952, Pub L. No. 593, 66 Stat. 792 (1952)..............................1, 2, 3, 4

## I.  INTRODUCTION

Cytek's Opposition confirms Beckman's summary judgment motions should be granted.  Unable to escape the literal scope of the claims, Cytek attempts to import limitations that the claims do not require by misusing reverse doctrine of equivalents ("RDOE").[1]  Cytek cannot avoid liability based on misapplication of a now-abrogated defense.

Cytek's attempts to limit damages by arguing Beckman lacks evidence of marking strain credulity, as Cytek admitted to marking throughout discovery.

Finally, Cytek argues certain asserted claims are anticipated by a supposed "BMS-Z DxP System."  But Cytek's invalidity contentions failed to preserve this theory, which its own witness's testimony refutes.

## II.  ARGUMENT

### A.  MOTION#1:  SUMMARY JUDGMENT ON "REVERSE DOCTRINE OF EQUIVALENTS" IS WARRANTED

Congress's abrogation of RDOE in the Patent Act of 1952 ("1952 Act") presents a pure legal question for the Court.  *In re ESML Holdings*, 135 F.4th 80, 90 (3d Cir. 2025) ("whether an incorrect legal standard has been used is an issue of law").  Given the Federal Circuit's pronouncement in *Steuben Foods v. Shibuya Hoppmann*, 127 F.4th 348, 357 (Fed. Cir. 2025), it would be error to allow RDOE

---

[1] Cytek also tries to import these unrecited requirements through its experts, which Beckman's *Daubert* motions show is impermissible under FRE 702.  D.I.252.

1

to reach the jury.  Even if this outdated defense remained available, Cytek's misuse of the doctrine to import claim requirements independently warrants summary judgment.  Opening-Br.9-12.  Notably, Cytek does not dispute any fact upon which Beckman's motion is based.  Cytek-CounterSOF1¶¶1-5.

### 1.    Cytek Fails to Show RDOE Is Available as a Legal Defense

The 1952 Act limited the "[e]xcept[ions]" (i.e., defenses) to infringement to those "otherwise provided in this title."  Opening-Br.4,7-9.  Nowhere does the Act provide an RDOE defense.  *See* Title 35.  Because Congress expressly limited the exceptions to infringement, "courts have no power to substitute their own notions of an" equitable defense for those "chosen by Congress."  *Arizona v. California*, 373 U.S. 546, 565-66 (1963); *City of Milwaukee v. Illinois*, 451 U.S. 304, 315 (1981) (same).

Importantly, Congress supplied a statutory means to address the concern RDOE purportedly served: "§ 112 … imposed requirements … that are co-extensive with the broadest possible reach of the reverse doctrine of equivalents."  *Steuben*, 127 F.4th at 357.  A patent claim that exceeds the invention's scope is properly challenged under Section 112, not RDOE.  Opening-Br.8-9.

Citing the foregoing reasons, the Federal Circuit described the conclusion that Congress abrogated RDOE with the 1952 Act as "compelling."  127 F.4th at 357.  Cytek's arguments to the contrary are meritless.

2

*First*, Cytek cites *dicta* from two Supreme Court decisions it contends support RDOE's continuing existence, but neither addressed RDOE, much less considered its abrogation. Cytek-Br.18. *Aro Mfg. v. Convertible Top Replacement* stated generally that the 1952 Act left the "body of case law on direct infringement" intact without discussing RDOE. 365 U.S. 336, 342-44, 346 (1961). Similarly, *Warner-Jenkinson v. Hilton Davis Chemical* addressed the 1952 Act's impact on infringement under the doctrine of equivalents, not defenses to infringement like RDOE. 520 U.S. 17 (1997). *Warner-Jenkinson* nowhere addressed whether Section 271's "except as otherwise provided in this title" language, which expressly limits infringement defenses to those Title 35 provides, legislated RDOE out of existence. Neither case alters the conclusion the Federal Circuit found "compelling" in *Steuben*: that Congress chose to abrogate RDOE. 127 F.4th at 357.

*Second*, Cytek argues Section 112 did not "absorb" RDOE yet identifies no difference in scope between Section 112 defenses and the former RDOE. Cytek-Br.18-19. Cytek's own Section 112 and RDOE arguments are the same. *Compare* Ex.12, ¶¶911-932 *with* Ex.13, ¶¶314-315; Ex.12-A, ¶¶1033-1039 *with* Ex.13, ¶¶316-317; Ex.12, ¶¶933-943 *with* Ex.13, ¶318.

*Third*, while Cytek argues that RDOE remains viable because courts have at times mentioned it (Cytek-Br.19-20), none of its cases address whether the 1952

3

Act abrogated RDOE.  *See AVM Techs. v. Intel*, 2017 WL 1753447, \*1-2 (D. Del. Apr. 28, 2017) (describing the RDOE "test"); *Scripps Clinic & Rsch. Found. v. Genentech.*, 927 F.2d 1565, 1581 (Fed. Cir. 1991) (district court left RDOE unaddressed); *DePuy Spine v. Medtronic Sofamor Danek*, 567 F.3d 1314, 1339 (Fed. Cir. 2009) (denying sanctions for raising RDOE).  Contrary to Cytek's argument, *Arbutus Biopharma v. Moderna* did not "note[] the continued viability of RDOE" (Cytek-Br.20); *Arbutus* described RDOE as "anachronistic" and noted that "Arbutus did not move for summary judgment on the issue."  2026 WL 512462, \*4 n.9 (D. Del. Feb. 24, 2026).

### 2.    Cytek's Application of RDOE Is Legally Flawed

Even if RDOE remains viable (it does not), Cytek misapplies the doctrine. RDOE considers: (1) the "principle" of the claimed invention; (2) the "principle" of the accused product; (3) the "degree of change" between these principles; and (4) whether the accused product performs in a "substantially different way."  *SRI Int'l v. Matsushita Elec. Am.*, 775 F.2d 1107, 1124 (Fed. Cir. 1985).  Rather than faithfully apply this test, Cytek conflates RDOE with Section 112, arguing that even if its Accused Products are within the claims' literal scope, RDOE must excuse that infringement or else the claims lack written description.  Opening-Br.9-12.  Remarkably, Cytek nonetheless concedes that it is unlawful to argue non-

4

infringement based on Section 112. D.I.301, 20. Cytek's efforts to conflate infringement and validity should be rejected.

*First*, Cytek is incorrect that RDOE is not amenable to summary judgment absent a *prima facie* case of infringement. Cytek-Br.20. A "principal purpose[]" of summary judgment "is to isolate and dispose of factually unsupported claims *or defenses*." *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986).[2] If RDOE still exists, the Court can consider the merits of this defense irrespective of Beckman's infringement arguments. *SDS USA v. Ken Specialties*, 122 F. Supp. 2d 533, 540-41 (D.N.J. 2000) (granting summary judgment without finding literal infringement); *SRI*, 775 F.2d at 1124.

*Second*, Cytek is mistaken that RDOE must go to "the jury" because it "requires determining the equitable scope of the claims." Cytek-Br.20-22. Courts in this district have confirmed that RDOE "is not required to be submitted to a jury." *Ciena v. Corvis*, 2004 WL 253481, at *2 (D. Del. Feb. 6, 2004). Moreover, articulating "the principle of the claimed invention" under RDOE cannot devolve into "an impermissible attempt to limit the claimed invention to the preferred embodiments disclosed in the patents." *Ciena v. Corvis*, 334 F. Supp. 2d 598, 605 (D. Del. 2004). Yet that is exactly what Cytek does here. Tellingly, Cytek cites no

---

[2] All emphases added unless otherwise indicated.

case holding that the "equitable scope" of a claim may differ from its actual scope. Cytek-Br.22.

Cytek also fails to distinguish *Roche Palo Alto v. Apotex*, which found unlawful an RDOE theory that did not "properly support its alleged 'principle' of the patents invention" and instead sought to import a limitation. 531 F.3d 1372, 1374, 1378-79 (Fed. Cir. 2008). Cytek's quibble that it cannot be expected to support a "principle" not mentioned "in the claims, specification, or prosecution history" (Cytek-Br.22 (citing *Roche*, 531 F.3d at 1378)) misses the point. Cytek must articulate the ***claimed*** principle and cannot "import limitations into claims from examples or embodiments appearing only in a patent's written description." *JVW Enters., v. Interact Accessories*, 424 F.3d 1324, 1335 (Fed. Cir. 2005).

Cytek also fails to identify any material factual dispute and instead points to a purported set of "counter"-facts—none of which are material to Beckman's motion. Cytek-Br.21 (citing Cytek-CounterSOF1¶¶32-37). Upon inspection, these are mere conclusions masquerading as facts in the hope of manufacturing an irrelevant dispute. Cytek asserts, for example, that Dr. Ilkov "applied his reverse doctrine equivalents analysis" and Drs. Schaafsma and Robinson "disagree."[3] Cytek-CounterSOF1¶¶32-37. But such dueling conclusions are irrelevant to

---

[3] Cytek's cherry-picked statements from Dr. Robinson purportedly describing the "different way" spectral and conventional cytometers work (Cytek-Br.21) has nothing to do with RDOE and cannot justify importing claim requirements.

Beckman's motion on the unlawfulness of Cytek's importation of claim requirements. *Mortg. Grader v. First Choice Loan Servs*, 811 F.3d 1314, 1325 (Fed. Cir. 2016) ("[D]ueling expert testimony does not necessarily raise a genuine issue of material fact."); *Invitrogen v. Clontech Lab'ys*, 429 F.3d 1052, 1080 (Fed. Cir. 2005) (a party cannot "manufacture" a dispute "simply by … asserting that something is black when the moving party's expert says it is white").  Whether Cytek impermissibly imports limitations under the guise of RDOE is a legal question, not a fact dispute.

***Finally***, Cytek is wrong that Beckman "ignores" the "flow cytometer" limitation.  Cytek-Br.22.  Beckman discusses "WDM" as one example of Cytek's erroneous RDOE analysis but also identifies Cytek's importing limitations into the "flow cytometer" term as another example of "[t]his same 'cardinal sin.'" Opening-Br.11 (citing Ex.13, ¶¶288-320).

### B.    MOTION#2:  SUMMARY JUDGMENT AGAINST CYTEK'S MARKING DEFENSE IS WARRANTED

Cytek admitted Beckman marked CytoFLEX with the '582 patent by October 17, 2021 and with the '443 patent by September 9, 2024.  Opening-Br.13 (citing Ex.6, ¶30).  Cytek also does not dispute ***any*** of the facts supporting Beckman's motion.  Cytek-CounterSOF2¶¶1-10.  Cytek's admissions render its failure-to-mark arguments unsupportable, ending the inquiry.

7

Moreover, in discovery, Beckman asked Cytek to "describe … any contention that Beckman … failed to properly mark any of their relevant products." Ex.11, 76-77.  Cytek's response, which it never supplemented, conceded that CytoFLEX was marked.  *Id.*  Cytek's failure to contest marking during discovery constitutes waiver.  *Intell. Ventures I v. Symantec*, 2015 WL 294240, *1 (D. Del. Jan. 21, 2015) (defendant "waived … its right to contest marking").

None of Cytek's arguments to avoid its own admissions defeat summary judgment.  ***First***, Cytek is incorrect that it bears no "burden on marking."  Cytek-Br.23.  "[A]n ***alleged infringer*** who challenges the patentee's compliance with §287 ***bears an initial burden of production*** to articulate the products it believes are unmarked." *Arctic Cat v. Bombardier Recreational Prods.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017).  Only after that initial burden is met does "the patentee bear[] the burden to prove" marking.  *Id.*  Cytek never satisfied its initial burden: it admitted that CytoFLEX was marked in its interrogatory response (Ex.11, 76-77), confirmed Beckman's marking in its Counterclaim (Ex.6, ¶30), and even now does not identify any unmarked products.  Cytek-Br.6-7, 23-25.

***Second***, Cytek is wrong that this issue is "not amenable to summary disposition."  Cytek-Br.23.  Marking is routinely decided on summary judgment, including where, as here, a defendant fails to meet its burden of production.  *IBM*

8

*v. Priceline Grp.*, 271 F. Supp. 3d 667, 690 (D. Del. 2017) (granting summary judgment); *In re Katz Interactive Call Processing Pat. Litig.*, 821 F. Supp. 2d 1135, 1159 (C.D. Cal. 2011) (same).

*Third*, Cytek manufactures fact disputes where there are none. Cytek-Br.23-25. Failing to dispute any fact cited in Beckman's marking motion (Cytek-CounterSOF2¶¶1-10), Cytek speculates whether Beckman's marking was "consistent and continuous." Cytek-Br.25. But Cytek cites no *evidence* of a gap in marking, and such bare "conjecture and speculation will not create a genuine issue of material fact sufficient to withstand the grant of summary judgment." *Wiest v. Tyco Elecs.*, 812 F.3d 319, 328 (3d Cir. 2016).

Cytek is also wrong that dismissal of its (meritless) false marking counterclaim avoids its marking admissions. Cytek-Br.23. "[A]t the summary judgment stage, a district court may consider a statement or allegation in a superseded complaint as rebuttable evidence when determining whether summary judgment is proper." *W. Run Student Hous. Assocs. v. Huntington Nat'l Bank*, 712 F.3d 165, 172-73 (3d Cir. 2013). Cytek's protestation that Beckman denied its allegations likewise lacks merit. Cytek-Br.23-25. Beckman properly denied that it *falsely* marked. Cytek-Ex.2D, ¶30.

9

### C.    MOTION#3:  SUMMARY JUDGMENT SHOULD BE GRANTED AGAINST ANTICIPATION

DxP cannot anticipate '443 patent claims 11 and 15 because (1) it lacks a "flow cytometer"/"flow cell," and (2) Cytek cannot meet its heavy burden to prove public use or sale of combined devices in the prior art.  Opening-Br.15-16.

### 1.    DxP Lacks the "Flow Cytometer"/"Flow Cell" Limitations

It is undisputed that Cytek's DxP product standing alone lacks the "flow cytometer"/"flow cell" requirements of claims 11 and 15, and that to attempt to find these elements Cytek must **combine** DxP with a product of third-party Becton-Dickinson ("BD") called FACSCalibur.  Opening-Br.16-17; Cytek-Br.9; Cytek-CounterSOF3¶4.  A combination of alleged prior art does not anticipate, however, because anticipation requires all claim elements to be present in "a single … device."  *Studiengesellschaft Kohle v. Dart Indus.*, 726 F.2d 724, 727 (Fed. Cir. 1984).  Cytek's attempts to overcome this core flaw fail as a matter of law.

For example, Cytek now points to something it calls a "BMS-Z DxP System," alleging this combined DxP+FACSCalibur in a "single" device.  Cytek-Br.28.  But Cytek's invalidity contentions never identified a "BMS-Z DxP System."  Ex.32.  Rather, Cytek identified DxP "Detectors," not a flow cytometer, separately from BD's FACSCalibur, which has no curved mirrors:

10

**APPENDIX B**

**A.    '443 Patent**

| Exhibit No. | Prior Art Reference |
|---|---|
| A-2 | U.S. Patent No. 11,703,443 vs. U.S. Patent No. 8,284,402 (Frazier-402) (served July 11, 2025) |
| A-9 | U.S. Patent No. 11,703,443 vs. U.S. Patent Pub. Appl. No. 2003/0048539 (Oostman-539) (served July 11, 2025) |
| A-17 | U.S. Patent No. 11,703,443 vs. U.S. Patent No. 6,198,864 (Lemoff-864) (served July 11, 2025) |
| A-18 | U.S. Patent No. 11,703,443 vs. Luminex (served November 25, 2025) |
| A-15 | U.S. Patent No. 11,703,443 vs. BD LSR-II (served July 11, 2025) |
| A-22 | U.S. Patent No. 11,703,443 vs. Cytek's Curved-Mirror DxP Wavelength Division (de)Multiplexer Detectors (served July 11, 2025) |

assembly, improved optical alignment). Use of WDMs was well-known in the prior art, and the prior art teaches numerous examples of WDMs, including those used for flow cytometry applications. *See, e.g.,* BD FACSArray System, BD LSRII System, BD LSRFortessa System, BD FACScan, BD FACSCalibur, Cytek's Curved-Mirror DxP Wavelength Division (de)Multiplexer Detectors, Frazier-402, Grann-908, Grann-976, Hansen-412, He-343, Ilkov-283, Lemoff-864, Li-244, Li-438, Luminex System, Oostman-539, Ortyn-357, Panotopoulos-677, Patt-324, Yount-804.

Ex.32, 44, 97. Cytek thus (at most) preserved the ability to argue obviousness from a combination of different devices—not anticipation based on a single "BMS-Z DxP System." Ex.12, ¶¶108-112.

### 2.    Cytek Cannot Meet Its High Burden to Show Public Use or Sale

Cytek fails to present clear and convincing evidence that a combined system was publicly used or sold. Opening-Br.15,17-18. Tellingly, neither Cytek's contentions (Ex.32) nor its counterstatement of facts (Cytek-CounterSOF3¶¶6-9) "specify[] the item offered for sale or publicly used or known" together with the requisite (1) "date the offer or use took place or the information became known,"

11

and (2) identity of the persons "that made the use or made and received the offer" or "made the information known." D.I.25, 5(a). Cytek's attempts to overcome these defects fail.

**First,** Cytek's argument that a "complete FACSCalibur flow cytometer DxP System" was publicly offered by January 2012 and sold by April 2012 is unsupported. Cytek-Br.9. Cytek relies on a purported "quote" for "refurbished FACSCaliburs" that supposedly had "two different cytometer configurations." Cytek-Exs.3D-3E. But no evidence proves either "configuration" was ever implemented because, as explained below, Cytek's diagram is concededly "inaccurate." Ex.12, ¶116 n.5. Cytek next cites what it calls a "purchase order," which is nothing more than an internal email discussing a "DxP11 Quote" that Cytek did **not** "seem to have":

| | |
|---|---|
| **From:** | Josephine Lee ▮▮▮▮▮▮▮▮ |
| **Sent:** | Thu, 19 Apr 2012 10:24:50 -0700 (PDT) |
| **To:** | Lisa Nichols ▮▮▮▮▮▮▮▮ |
| **Subject:** | zymogenetics DxP11 Quote |

Lisa... I dont seem to have the above quote. Please send. We got PO#43084304 for this ▮▮▮▮

--
Josephine Lee
Cytek Development, Inc.
Office Manager
▮▮▮▮▮▮▮

12

Ex.27.  None of Cytek's purported evidence establishes that a combined "BMS-Z DxP System" was publicly used or on sale as of the relevant date.  Cytek-Br.30-31.

**Second**, Cytek cites no evidence proving what specific combination of components (if any) ever actually existed within any product publicly available. As noted above, Cytek places great weight on an "optical diagram" from May 2012.  Cytek-Br.9-10 (citing Cytek-Ex.3N, 95).  But this diagram merely shows a "proposed" layout for a "DxP11," not the allegedly on-sale system Cytek says "anticipates."  Cytek-Exs.3G, 3C.  Cytek's expert concedes this "optical diagram as shown in CYTEK_0000011458 *is inaccurate*."  Ex.12, ¶116 n.5; *see also* Ex.29, ¶366.  Cytek cannot prove by clear and convincing evidence what its alleged "BMS-Z DxP System" supposedly contained using an "inaccurate" drawing of a different system.  *Philip Morris Prods. v. ITC*, 63 F.4th 1328, 1356 (Fed. Cir. 2023) (evidence that a "device depicted in [a] photo" is different from the alleged prior art product "fail[s] to close the gap … linking the device in public use with the device [it] asserts anticipates").

**Third**, Cytek cites pictures of a "refurbished" DxP+FACSCalibur combination it admits it procured "[f]or this litigation."  Cytek-Br.11, 26-28.  Ray Lannigan, Cytek's 30(b)(6) designee, testified he coordinated with Cytek's litigation counsel to purchase the system from a third party.  Ex.28, 238:3-244:2. Mr. Lannigan admitted he had no evidence (1) showing how this system had been

13

modified or "refurbished" since its original sale, (2) proving the components pictured inside the box today are the same as those originally sold, nor (3) demonstrating chain of custody that reaches the prior art period.  *Id.*, 126:13-129:5, 136:15-137:5, 238:3-244:2.  Conversely, Mr. Lannigan confirmed the pictured system had ***not*** been in Cytek's continuous possession since its purported sale, and Cytek had no contemporaneous record the system as-sold.  *Id.*

No reasonable jury could find anticipation on these facts.

## III.   CONCLUSION

Beckman's Summary Judgment Motions should be granted.

OF COUNSEL:

Omar A. Khan
Jeffrey A. Dennhardt
Laura Macro
Lauren Matlock-Colangelo
Jennifer L. Graber
Kelly A. Todd
Maggie Sawin
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800

Akkad Y. Moussa
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Ave.
NW Washington, DC 20037
(202) 663-6000

Dated: April 29, 2026

/s/ Frederick L. Cottrell, III
Frederick L. Cottrell III (#2555)
Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
RICHARDS, LAYTON & FINGER P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
cottrell@rlf.com
farnan@rlf.com
haynes@rlf.com

*Attorneys for Plaintiff*

15

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2026, true and correct copies of the foregoing

document were served upon the following counsel of record in the manner indicated:

**BY E-MAIL**

Karen Jacobs
Jeremy A. Tigan
Cameron P. Clark
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P. O. Box 1347
Wilmington, DE  19801

**BY EMAIL**

Reuben H. Chen
Cooley LLP
3175 Hanover Street
Palo Alto, CA 94304

Elizabeth M. Flanagan
Cooley LLP
30 S. 9th Street, 7th Floor
Minneapolis, MN 55402

Adam Pivovar
Dustin M. Knight
Rosalynd D. Upton
David Yun
Cooley LLP
1299 Pennsylvania Avenue NW
Suite 700
Washington, DC 20004

*/s/ Christine D. Haynes*
Christine D. Haynes (#4697)
haynes@rlf.com

RLF1 35766164v.1

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing Plaintiff Beckman Coulter, Inc.'s Reply Brief in Support of its Motions for Summary Judgment complies with the type-volume requirements of the Court's November 6, 2019 Standing Order Regarding Briefing in All Cases and the Scheduling Order. The text of the brief, including footnotes, was prepared in Times New Roman 14-point font and contains 2,620 words, and when combined with all reply briefs filed in support of Beckman Coulter's summary judgment and *Daubert* motions, the total is 6,241/6,250 words.

/s/ Christine D. Haynes
Christine D. Haynes (#4697)
haynes@rlf.com

Dated: April 29, 2026