IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BECKMAN COULTER, INC.,

               Plaintiff,

        v.

CYTEK BIOSCIENCES, INC.,

              Defendant.

Civil Action No. 24-945-CFC

## **MEMORANDUM ORDER**

Plaintiff Beckman Coulter, Inc. (Beckman) has sued Defendant Cytek Biosciences, Inc. (Cytek) for patent infringement. Pending before me is Beckman's Motion for Summary Judgment #1 Against Cytek's "Reverse Doctrine of Equivalents" Defense. D.I. 234.

Both parties refer to the doctrine in their briefing as the "reverse doctrine of equivalents" because Cytek has invoked the doctrine. The Supreme Court, however, has never adopted that term. On the contrary, the Supreme Court made clear in *Graver Tank & Manufacturing Co. v. Linde Air Products Co.*, 339 U.S. 605 (1950), that the doctrine of equivalents applies equally to plaintiffs and defendants in a patent infringement case. In the Supreme Court's words:

> The essence of the doctrine is that one may not practice a
> fraud on a patent. Originating almost a century ago in the

case of *Winans v. Denmead*, 15 How. 330, 14 L.Ed. 717, it has been consistently applied by this Court and the lower federal courts, and continues today ready and available for utilization when the proper circumstances for its application arise. 'To temper unsparing logic and prevent an infringer from stealing the benefit of the invention' a patentee may invoke this doctrine to proceed against the producer of a device 'if it performs substantially the same function in substantially the same way to obtain the same result.' *Sanitary Refrigerator Co. v. Winters*, 280 U.S. 30, 42, 50 S.Ct. 9, 13, 74 L.Ed. 147. The theory on which it is founded is that 'if two devices do the same work in substantially the same way, and accomplish substantially the same result, they are the same, even though they differ in name, form or shape.' *Union Paper-Bag Machine Co. v. Murphy*, 97 U.S. 120, 125, 24 L.Ed. 935. *The doctrine operates not only in favor of the patentee of a pioneer or primary invention, but also for the patentee of a secondary invention consisting of a combination of old ingredients which produce new and useful results, Imhaeuser v. Buerk,* 101 U.S. 647, 655, 25 L.Ed. 945, although the area of equivalence may vary under the circumstances. *See Continental Paper Bag Co. v. Eastern Paper Bag Co.*, 210 U.S. 405, 414–415, 28 S.Ct. 748, 749, 52 L.Ed. 1122, and cases cited; *Seymour v. Osborne*, 11 Wall. 516, 556, 20 L.Ed. 33; *Gould v. Rees*, 15 Wall. 187, 192, 21 L.Ed. 39. *The wholesome realism of this doctrine is not always applied in favor of a patentee but is sometimes used against him. Thus, where a device is so far changed in principle from a patented article that it performs the same or a similar function in a substantially different way, but nevertheless falls within the literal words of the claim, the doctrine of equivalents may be used to restrict the claim and defeat the patentee's action for infringement.*

*Id*. at 608–09 (emphasis added) (footnote omitted). Because the doctrine of

equivalents applies equally to the patentee and the accused infringer, "reverse

2

doctrine of equivalents" is really a misnomer. But for ease of reference, I will follow the parties' (and Federal Circuit's) lead and use the term here.

Beckman argues that it is entitled to summary judgment for two reasons. It argues first that "the Federal Circuit has recognized[] [that] [the] reverse doctrine of equivalents was abrogated as a legal theory by the Patent Act of 1952." D.I. 246 at 6. But the dicta in *Steuben Foods, Inc. v. Shibuya Hoppmann Corp.*, 127 F.4th 348, 356–57 (Fed. Cir. 2025), that Beckman relies on in support of this argument are neither binding nor persuasive. For starters, the dicta conflict with statements in earlier Federal Circuit opinions that recognized the viability of the defense. *See, e.g.*, *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1339 (Fed. Cir. 2009) ("[T]he unusual nature of the reverse doctrine of equivalents is not itself a reason to sanction a party for invoking it. The Supreme Court has recognized it to be a viable defense, even if it is rarely asserted."); *Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1351 (Fed. Cir. 2003) ("Under the reverse doctrine of equivalents, an accused product or process that falls within the literal words of a claim nevertheless may not infringe if the product or process 'is so far changed in principle from a patented article that it performs the same or a similar function in a substantially different way.'") (quoting *Graver Tank*, 339 U.S. at 608–09); *SRI International v. Matsushita Electrical Corp. of America*, 775 F.2d

3

1107, 1124 (Fed. Cir. 1985) ("[T]he reverse doctrine of equivalents . . . raises a fact question, determinable on inquiry into whether a product has been so far changed in principle that it performs the same or similar function in a substantially different way."). But more to the point, regardless of what certain members of the Federal Circuit might think about the doctrine, the Supreme Court held in *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 365 U.S. 336, 342 (1961) that "[§] 271(a) of the [1952] Patent Code, which defines 'infringement,' left intact the entire body of case law on direct infringement" and it rejected in *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 25 (1997) the argument that "the doctrine of equivalents, as set out in *Graver Tank* in 1950, did not survive the 1952 revision of the Patent Act, 35 U.S.C. § 100 *et seq*." Thus, as Judge Saylor recently noted, "a fair reading of the Supreme Court case law compels the conclusion that, at least as of 1997, the reverse doctrine of equivalents was a long-standing and viable, if somewhat rare, defense." *Maquet Cardiovascular LLC v. Abiomed, Inc.*, 2026 WL 1217150, at *1 (D. Mass. May 4, 2026).

Beckman's second argument is that Cytek "has used the doctrine as a pretext for importing unrecited requirements" into the asserted claims. D.I. 246 at 11. But there is no pretext here. Cytek is openly employing the reverse doctrine of equivalents to restrict the scope of the asserted claims. That is the whole point of

the defense.  As the Court held in *Graver Tank*, "[W]here a device is so far changed in principle from a patented article that it performs the same or a similar function in a substantially different way, but nevertheless falls within the literal words of the claim, *the doctrine of equivalents may be used to restrict the claim and defeat the patentee's action for infringement.*"  339 U.S. at 608–09 (emphasis added).

NOW THEREFORE, at Wilmington on this First Day of July in 2026, Plaintiff Beckman Coulter, Inc.'s Motion for Summary Judgment #1 Against Cytek's "Reverse Doctrine of Equivalents" Defense (D.I. 234) is DENIED.

_____
CHIEF JUDGE

5