IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BECKMAN COULTER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 24-945 (CFC) (EGT) |
| | ) | |
| CYTEK BIOSCIENCES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## CYTEK'S [PROPOSED] VERDICT FORM (PHASE I)

**Instructions:** When answering the following questions and completing this Verdict Form, please follow the directions provided and follow the Jury Instructions that you have been given. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

As used herein:

1.  "Beckman Coulter" refers to Plaintiff Beckman Coulter, Inc.

2.  "Cytek" refers to Defendant Cytek Biosciences, Inc.

3.  "'582 Patent" refers to U.S. Patent No. 10,330,582.

4.  "'443 Patent" refers to U.S. Patent No. 11,703,443.

5.  "'107 Patent" refers to U.S. Patent No. 12,174,107.

6.  "Asserted Patents" refers collectively to the '582 Patent, '443 Patent, and '107 Patent.

## PHASE I

## INFRINGEMENT

1.    Did Beckman Coulter prove, by a preponderance of the evidence, that Cytek directly infringed any of the following claims of the Asserted Patents under 35 U.S.C. § 271(a), literally or under the doctrine of equivalents?[1]

("YES" is a finding in favor of Beckman Coulter, and "NO" is a finding in favor of Cytek.)

| '582 Patent | | | |
|---|---|---|---|
| | YES (for Beckman Coulter) | | NO (for Cytek) |
| | Literal | Doctrine of Equivalents | |
| '582 Patent, Claim 1 | | | |
| '582 Patent, Claim 3 | | | |
| '582 Patent, Claim 6 | | | |
| '582 Patent, Claim 23 | | | |
| '582 Patent, Claim 26 | | | |

---

[1]    The parties agree that the jury should expressly decide issues of literal infringement and doctrine of equivalents infringement but differ in presenting those issue in a single question (Cytek) or two questions (Beckman Coulter).  Cytek's proposed single question streamlines the jury's work.

Cytek's instructions following Question 1 appropriately direct the jury how to proceed with the next questions on a claim-by-claim basis.  In particular, the instructions provide that if a claim has not been found to be directly infringed, no further infringement questions are appropriate for that claim because whether an Accused Product meets all limitations of the claim is a predicate for infringement under 35 §§ U.S.C. 271(b), (c), (f)(1), and (f)(2).  As such, the jury should skip any additional infringement questions and next consider whether any claim that is not directly infringed is invalid.  Beckman Coulter's verdict form does not account for this and asks the jury to answer more questions than may be necessary.

2

| '443 Patent | | | |
|---|---|---|---|
| | **YES**<br>**(for Beckman Coulter)** | | **NO**<br>**(for Cytek)** |
| | Literal | Doctrine of Equivalents | |
| '443 Patent, Claim 4 | | | |
| '443 Patent, Claim 6 | | | |
| '443 Patent, Claim 10 | | | |
| '443 Patent, Claim 11 | | | |
| '443 Patent, Claim 15 | | | |
| '107 Patent | | | |
| | **YES**<br>**(for Beckman Coulter)** | | **NO**<br>**(for Cytek)** |
| | Literal | Doctrine of Equivalents | |
| '107 Patent, Claim 5 | | | |
| '107 Patent, Claim 16 | | | |
| '107 Patent, Claim 18 | | | |
| '107 Patent, Claim 26 | | | |
| '107 Patent, Claim 27 | | | |
| '107 Patent, Claim 29 | | | |

If, for any claim(s), you answered "NO", do not answer Questions 2-6 for that claim, and proceed to Question 7 for that claim.

If, for any claim(s) of the '443 Patent or '107 Patent, you answered "YES" for literal infringement or infringement under the doctrine of equivalents, go to Question 2 and answer Question 2 for that claim.

2.    If you answered "YES" as to literal infringement or infringement under the doctrine of equivalents for any Asserted Claim of the '443 Patent or '107 Patent in Question 1, do you find that the Accused Products, even though they meet the literal terms of the claim(s) or otherwise satisfy the claims under the doctrine of equivalents, do not infringe because of the reverse doctrine of equivalents?[2]

---

[2]    The parties differ in where the reverse doctrine of equivalents question should appear on the verdict form, and whether the reverse doctrine of equivalents applies to 35 U.S.C. 271(f)(1) and 271(f)(2), and also differ to some extent on the wording for the reverse doctrine of equivalents question.

First, Beckman Coulter is wrong that the "RDOE" defense does not apply to § 271(f). To trigger § 271(f), Beckman Coulter must still show the accused components form the patented invention when combined abroad. *Microsoft Corp. v. AT&T*, 550 U.S. 437, 453 (2007). Courts have treated this requirement as similar to the direct infringement requirement found in §§ 271(b), (c), which may be proven literally or under the doctrine of equivalents. *See TriDiNetworks Ltd. v. NXP-USA, Inc.*, 2020 WL 2514086, at *2, *3-4 (D. Del. May 15, 2020) (analyzing § 271(f) under requirements for §§ 271(b)-(c), including direct infringement); *Sartorius Bioanalytical Instruments, Inc. v. Gator Bio, Inc.*, 2026 WL 473295, at *8 (N.D. Cal. Feb. 16, 2026) (*citing in re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1333 (Fed. Cir. 2012)) (same); *Global Comm'cns v. DirectTV, Inc.*, 2015 WL 10906061, at *6-7 (N.D. Fla. 2015) ("[Section 271(f)] addressed the problem in *Deepsouth*—the combination of American-made components outside the United States that would be infringing if the combination occurred within the United States. But Congress did not otherwise change the bedrock principle that there can be no contributory infringement absent direct infringement.").

The "RDOE" defense, as part of the doctrine of equivalents (D.I. 367), is available for § 271(f). The fact that the parties could not find a specific application of the "RDOE" defense in the context of § 271(f) is unsurprising, as "RDOE" is a rare defense. *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1339 (Fed. Cir. 2009); *Maquet Cardiovascular*, 2026 WL 1217150, at *1; D.I. 367.

4

("YES" is a finding in favor of Cytek, and "NO" is a finding in favor of Beckman Coulter.)

| | YES (for Cytek) | NO (for Beckman Coulter) |
|---|---|---|
| **'443 Patent** | | |
| '443 Patent, Claim 4 | | |
| '443 Patent, Claim 6 | | |
| '443 Patent, Claim 10 | | |
| '443 Patent, Claim 11 | | |

The instructions following Question 2 thus appropriately direct the jury how to proceed with the next questions on a claim-by-claim basis. In particular, the instructions provide that if a claim has been found to not infringe because of the reverse doctrine of equivalents, no further infringement questions are appropriate for that claim because whether an Accused Product meets all limitations of the claim is a predicate for infringement under 35 §§ U.S.C. 271(b), (c), (f)(1), and (f)(2). This saves jurors unnecessary work and time. As such, the jury should skip any additional infringement questions and next consider whether any claim that is not directly infringed is invalid.

Second, Beckman Coulter's use of "Accused Products or direct infringement by Cytek customers" rather than simply "Accused Products" as Cytek proposes, will unduly confuse the issue presented in Question 2. The Asserted Patents include no method claims and even if they did, § 271 liability does not apply to method claims. *Cardia Pacemakers, Inc. v. St. Jude Medical, Inc.*, 576 F.3d 1348, 1365-66 (Fed. Cir. 2009).

Finally, the Court has already rejected Beckman Coulter's motion for summary judgment against Cytek's "RDOE" defense. *See* D.I. 367. As this Court properly found, the Supreme Court held that § 271(a) left intact the entire body of case law on direct infringement and rejected the argument that the doctrine of equivalents, as set out in *Graver Tank* in 1950, did not survive the 1952 revision of the Patent Act. *Id*., at 4 (citations and quotation marks omitted). There is no "substantial uncertainty surrounding the status of the reverse doctrine of equivalents," as Beckman Coulter contends, because post-1952 Supreme Court and Federal Circuit *en banc* decisions recognize "the reverse doctrine of equivalents was a long-standing and viable, if somewhat rare, defense." *Maquet Cardiovascular LLC v. Abiomed, Inc.*, 2026 WL 1217150, at *1 (D. Mass. May 4, 2026); D.I. 367.

5

|  | YES<br>(for Cytek) | NO<br>(for Beckman Coulter) |
|---|---|---|
| '443 Patent, Claim 15 |  |  |
| **'107 Patent** | | |
| '107 Patent, Claim 5 |  |  |
| '107 Patent, Claim 16 |  |  |
| '107 Patent, Claim 18 |  |  |
| '107 Patent, Claim 26 |  |  |
| '107 Patent, Claim 27 |  |  |
| '107 Patent, Claim 29 |  |  |

If, for any claim(s), you answered "YES" to Question 2, do not answer Questions 3-6 for that claim, and proceed to Question 7 for that claim.

If, for any claim(s), you answered "NO" to Question 2, proceed to Question 3 for that claim.

6

3.      Did Beckman Coulter prove, by a preponderance of the evidence, that Cytek induced direct infringement by another of any of the following claims of the Asserted Patents under 35 U.S.C. § 271(b)?[3]

("YES" is a finding in favor of Beckman Coulter, and "NO" is a finding in favor of Cytek.)

Answer Question 3 for any claim where the answer to Question 1 is "YES (literal)" or "Yes (doctrine of equivalents)" <u>and</u> the answer to Question 2 is "NO".

| | YES (for Beckman Coulter) | NO (for Cytek) |
|---|---|---|
| **'582 Patent** | | |
| '582 Patent, Claim 1 | | |
| '582 Patent, Claim 3 | | |
| '582 Patent, Claim 6 | | |
| '582 Patent, Claim 23 | | |
| '582 Patent, Claim 26 | | |
| **'443 Patent** | | |
| '443 Patent, Claim 4 | | |
| '443 Patent, Claim 6 | | |
| '443 Patent, Claim 10 | | |
| '443 Patent, Claim 11 | | |
| '443 Patent, Claim 15 | | |
| **'107 Patent** | | |
| '107 Patent, Claim 5 | | |
| '107 Patent, Claim 16 | | |
| '107 Patent, Claim 18 | | |

---

[3]     The parties' questions on induced infringement are identical.  However, Cytek's verdict form more appropriately groups questions that involve the inducement standard (Questions 3 and 4 for 35 U.S.C. § 271(b) and § 271(f)(1), respectively) and the contributory infringement standard (Questions 5 and 6 for 35 U.S.C. § 271(c) and § 271(f)(2), respectively) to assist the jury in navigating the complex legal issues in succession.

|  | YES<br>(for Beckman Coulter) | NO<br>(for Cytek) |
|---|---|---|
| '107 Patent, Claim 26 |  |  |
| '107 Patent, Claim 27 |  |  |
| '107 Patent, Claim 29 |  |  |

Continue to the next question.

4.    Did Beckman Coulter prove, by a preponderance of the evidence, that Cytek infringed any of the following claims of the Asserted Patents under 35 U.S.C. § 271(f)(1)?[4]

("YES" is a finding in favor of Beckman Coulter, and "NO" is a finding in favor of Cytek.)

Answer Question 4 for any claim where the answer to Question 1 is "YES (literal)" or "Yes (doctrine of equivalents)" <u>and</u> the answer to Question 2 is "NO".

| | YES<br>(for Beckman Coulter) | NO<br>(for Cytek) |
|---|---|---|
| **'443 Patent** | | |
| '443 Patent, Claim 11 | | |
| '443 Patent, Claim 15 | | |
| **'107 Patent** | | |
| '107 Patent, Claim 5 | | |
| '107 Patent, Claim 16 | | |
| '107 Patent, Claim 18 | | |
| '107 Patent, Claim 26 | | |
| '107 Patent, Claim 27 | | |
| '107 Patent, Claim 29 | | |

Continue to next question.

---

[4]    The parties' questions on 35 U.S.C. § 271(f)(1) infringement are identical. However, Cytek's verdict form more appropriately groups questions that involve the inducement standard (Questions 3 and 4 for 35 U.S.C. § 271(b) and § 271(f)(1), respectively) and the contributory infringement standard (Questions 5 and 6 for 35 U.S.C. § 271(c) and § 271(f)(2), respectively) to assist the jury in navigating the complex legal issues in succession.

5.      Did Beckman Coulter prove, by a preponderance of the evidence, that Cytek contributed to the infringement by another any of the following claims of the Asserted Patents under 35 U.S.C. § 271(c)?[5]

("YES" is a finding in favor of Beckman Coulter, and "NO" is a finding in favor of Cytek.)

Answer Question 5 for any claim where the answer to Question 1 is "YES (literal)" or "Yes (doctrine of equivalents)" <u>and</u> the answer to Question 2 is "NO".

| | YES<br>(for Beckman Coulter) | NO<br>(for Cytek) |
|---|---|---|
| **'443 Patent** | | |
| '443 Patent, Claim 11 | | |
| '443 Patent, Claim 15 | | |
| **'107 Patent** | | |
| '107 Patent, Claim 5 | | |
| '107 Patent, Claim 16 | | |
| '107 Patent, Claim 18 | | |
| '107 Patent, Claim 26 | | |
| '107 Patent, Claim 27 | | |
| '107 Patent, Claim 29 | | |

Continue to next question.

---

[5]      The parties' questions on contributory infringement are identical. However, Cytek's verdict form more appropriately groups questions that involve the inducement standard (Questions 3 and 4 for 35 U.S.C. § 271(b) and § 271(f)(1), respectively) and the contributory infringement standard (Questions 5 and 6 for 35 U.S.C. § 271(c) and § 271(f)(2), respectively) to assist the jury in navigating the complex legal issues in succession.

6.      Did Beckman Coulter prove, by a preponderance of the evidence, that Cytek infringed any of the following claims of the Asserted Patents under 35 U.S.C. § 271(f)(2)?[6]

("YES" is a finding in favor of Beckman Coulter, and "NO" is a finding in favor of Cytek.)

Answer Question 6 for any claim where the answer to Question 1 is "YES (literal)" or "Yes (doctrine of equivalents)" <u>and</u> the answer to Question 2 is "NO".

| | YES (for Beckman Coulter) | NO (for Cytek) |
|---|---|---|
| **'443 Patent** | | |
| '443 Patent, Claim 11 | | |
| '443 Patent, Claim 15 | | |
| **'107 Patent** | | |
| '107 Patent, Claim 5 | | |
| '107 Patent, Claim 16 | | |
| '107 Patent, Claim 18 | | |
| '107 Patent, Claim 26 | | |
| '107 Patent, Claim 27 | | |
| '107 Patent, Claim 29 | | |

Continue to next question.

---

[6]     The parties' questions on 35 U.S.C. § 271(f)(1) infringement are identical. However, Cytek's verdict form more appropriately groups questions that involve the inducement standard (Questions 3 and 4 for 35 U.S.C. § 271(b) and § 271(f)(1), respectively) and the contributory infringement standard (Questions 5 and 6 for 35 U.S.C. § 271(c) and § 271(f)(2), respectively) to assist the jury in navigating the complex legal issues in succession.

## INVALIDITY

### EFFECTIVE FILING DATE[7]

7.    Did the evidence establish that the Asserted Claims of the Asserted Patents are entitled to an effective filing date of October 19, 2012 based on provisional application No. 61/715,836?

("YES" is a finding in favor of Beckman Coulter, and "NO" is a finding in favor of Cytek.)

---

[7]    Cytek's Questions 7-10 track Beckman Coulter's assertion in its statement of intended proof that each Asserted Claim is entitled to a conception and reduction to practice date earlier than the earliest-filed provisional application in the family of the Asserted Patents, No. 61/715,836.  As an initial matter, the Asserted Claims of the Asserted Patents, at minimum, are only entitled to a presumed effective filing date of November 26, 2014, the filing date of the ancestral continuation-in-part application for U.S. Patent No. 9,746,402. *See PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1305 (Fed. Cir. 2008).  Beckman Coulter seeks to antedate the presumptive effective filing date in an attempt to swear behind a prior art reference that may serve as the primary basis for Cytek's 102 and 103 defenses to the Asserted Claims.  To swear behind its earliest provisional application, Beckman Coulter must first establish that the pre-AIA patent statute applies and that Beckman Coulter is first entitled to claim the benefit of priority back to its earliest provisional application. *Lockwood v. Am. Airlines, Inc.*, 107 F.3d 1565, 1571 (Fed. Cir. 1997).

Beckman Coulter is incorrect that this inquiry is more appropriately subsumed into later invalidity questions.  The party alleging prior invention must establish prior invention by clear and convincing evidence. *Kenexa BrassRing, Inc. v. Taleo Corp.*, 751 F. Supp. 2d 735, 753 (D. Del. 2010); *Price v. Symsek*, 988 F.2d 1187, 1191 (Fed. Cir. 1993) (holding that a party alleging an earlier date of invention must establish conception and reduction to practice by clear and convincing evidence); *see also In re Magnum Oil Tools Int'l, Ltd.*, 829 F.3d 1364, 1376 (Fed. Cir. 2016) ("[A] patentee bears the burden of establishing that its claimed invention is entitled to an earlier priority date than an asserted prior art reference") (*citing Dynamic Drinkware, LLC v. Nat'l Graphics, Inc.*, 800 F.3d 1375, 1380 (Fed. Cir. 2015)).  Without this question, the jury may be misled into believing that it is Cytek's burden to establish that its prior art references antedate Beckman Coulter's alleged priority date.  The priority date is also material to pertinent issues in this case related to a POSA's understanding of the plain meaning, the adequacy of the written description, and enablement.

| | YES (for Beckman Coulter) | NO (for Cytek) |
|---|---|---|
| **'582 Patent** | | |
| '582 Patent, Claim 1 | | |
| '582 Patent, Claim 3 | | |
| '582 Patent, Claim 6 | | |
| '582 Patent, Claim 23 | | |
| '582 Patent, Claim 26 | | |
| **'443 Patent** | | |
| '443 Patent, Claim 4 | | |
| '443 Patent, Claim 6 | | |
| '443 Patent, Claim 10 | | |
| '443 Patent, Claim 11 | | |
| '443 Patent, Claim 15 | | |
| **'107 Patent** | | |
| '107 Patent, Claim 5 | | |
| '107 Patent, Claim 16 | | |
| '107 Patent, Claim 18 | | |
| '107 Patent, Claim 26 | | |
| '107 Patent, Claim 27 | | |
| '107 Patent, Claim 29 | | |

If you answered "Yes" to Question 7 for any Asserted Claims, proceed to Question 8 for those Asserted Claims.

If you answered "No" to Question 7 for any Asserted Claims, proceed to Question 12 for those Asserted Claims.

Continue to the next question.

## CONCEPTION AND REDUCTION TO PRACTICE

8.    Did the evidence show that Yong Chen conceived the inventions of the Asserted Claims on or before April 18, 2012 and had a definite and permanent idea of the complete and operative invention?[8]

("YES" is a finding in favor of Beckman Coulter, and "NO" is a finding in favor of Cytek.)

Yes _____          No _____

(For Beckman Coulter)       (For Cytek)

9.    Did the evidence show that Yong Chen actually reduced the inventions of the Asserted Claims to practice on or before September 20, 2012?[9]

("YES" is a finding in favor of Beckman Coulter, and "NO" is a finding in favor of Cytek.)

Yes _____          No _____

(For Beckman Coulter)       (For Cytek)

10.    Did the evidence show that Yong Chen exercised reasonable diligence in reducing the invention of the Asserted Claims to practice from April 18, 2012 to either September 20, 2012, if you found there was an actual reduction to practice, or from April 18, 2012 to October 19, 2012 if you found that was the effective filing date in answering Question 7?[10]

---

[8] *See* Question 7 footnote.

[9] *See* Question 7 footnote.

[10] *See* Question 7 footnote.

14

("YES" is a finding in favor of Beckman Coulter, and "NO" is a finding in favor of Cytek.)

Yes _____          No _____

(For Beckman Coulter)          (For Cytek)


## ANTICIPATION

11.    Did Cytek prove, by clear and convincing evidence, that any of the following claims of the Asserted Patents are invalid due to anticipation?[11]

("YES" is a finding in favor of Cytek, and "NO" is a finding in favor of Beckman Coulter.)

| | YES (for Cytek) | NO (for Beckman Coulter) |
|---|---|---|
| **'443 Patent** | | |
| '443 Patent, Claim 6 | | |
| '443 Patent, Claim 10 | | |
| '443 Patent, Claim 11 | | |
| '443 Patent, Claim 15 | | |

Continue to the next question.

---

[11] The parties agree on this question.

15

**OBVIOUSNESS**

12.    Did Cytek prove, by clear and convincing evidence, that any of the following claims of the Asserted Patents are invalid due to obviousness?[12]

("YES" is a finding in favor of Cytek, and "NO" is a finding in favor of Beckman Coulter.)

| | YES (for Cytek) | NO (for Beckman Coulter) |
|---|---|---|
| **'582 Patent** | | |
| '582 Patent, Claim 1 | | |
| '582 Patent, Claim 3 | | |
| '582 Patent, Claim 6 | | |
| '582 Patent, Claim 23 | | |
| '582 Patent, Claim 26 | | |
| **'443 Patent** | | |
| '443 Patent, Claim 4 | | |
| '443 Patent, Claim 6 | | |
| '443 Patent, Claim 10 | | |
| '443 Patent, Claim 11 | | |
| '443 Patent, Claim 15 | | |
| **'107 Patent** | | |
| '107 Patent, Claim 5 | | |
| '107 Patent, Claim 16 | | |
| '107 Patent, Claim 18 | | |
| '107 Patent, Claim 26 | | |
| '107 Patent, Claim 27 | | |
| '107 Patent, Claim 29 | | |

Continue to the next question.

---

[12] The parties agree on this question.

16

**WRITTEN DESCRIPTION**

13.    Did Cytek prove, by clear and convincing evidence, that any of the following claims of the Asserted Patents are invalid due to lack of written description?[13]

("YES" is a finding in favor of Cytek, and "NO" is a finding in favor of Beckman Coulter.)

| | YES (for Cytek) | NO (for Beckman Coulter) |
|---|---|---|
| **'582 Patent** | | |
| '582 Patent, Claim 1 | | |
| '582 Patent, Claim 3 | | |
| '582 Patent, Claim 6 | | |
| '582 Patent, Claim 23 | | |
| '582 Patent, Claim 26 | | |
| **'443 Patent** | | |
| '443 Patent, Claim 4 | | |
| '443 Patent, Claim 6 | | |
| '443 Patent, Claim 10 | | |
| '443 Patent, Claim 11 | | |
| '443 Patent, Claim 15 | | |
| **'107 Patent** | | |
| '107 Patent, Claim 5 | | |
| '107 Patent, Claim 16 | | |
| '107 Patent, Claim 18 | | |
| '107 Patent, Claim 26 | | |
| '107 Patent, Claim 27 | | |
| '107 Patent, Claim 29 | | |

---

[13]    The parties agree on this question.

17

Continue to the next question.

## ENABLEMENT[14]

14.    Did Cytek prove, by clear and convincing evidence, that any of the following claims of the Asserted Patents are invalid due to lack of enablement?

("YES" is a finding in favor of Cytek, and "NO" is a finding in favor of Beckman Coulter.)

| | YES (for Cytek) | NO (for Beckman Coulter |
|---|---|---|
| **'582 Patent** | | |
| '582 Patent, Claim 1 | | |
| '582 Patent, Claim 3 | | |
| '582 Patent, Claim 6 | | |
| '582 Patent, Claim 23 | | |
| '582 Patent, Claim 26 | | |
| **'443 Patent** | | |
| '443 Patent, Claim 4 | | |
| '443 Patent, Claim 6 | | |
| '443 Patent, Claim 10 | | |
| '443 Patent, Claim 11 | | |
| '443 Patent, Claim 15 | | |
| **'107 Patent** | | |
| '107 Patent, Claim 5 | | |
| '107 Patent, Claim 16 | | |
| '107 Patent, Claim 18 | | |
| '107 Patent, Claim 26 | | |
| '107 Patent, Claim 27 | | |
| '107 Patent, Claim 29 | | |

---

[14] The parties agree on this question.

18

Continue to the next question.

## INDEFINITENESS[15]

15.    Did Cytek prove, by clear and convincing evidence, that any of the following claims of the Asserted Patents are invalid due to indefiniteness?

("YES" is a finding in favor of Cytek, and "NO" is a finding in favor of Beckman Coulter.)

| | YES (for Cytek) | NO (for Beckman Coulter) |
|---|---|---|
| **'582 Patent** | | |
| '582 Patent, Claim 1 | | |
| '582 Patent, Claim 3 | | |
| '582 Patent, Claim 6 | | |
| '582 Patent, Claim 23 | | |
| '582 Patent, Claim 26 | | |
| **'443 Patent** | | |
| '443 Patent, Claim 10 | | |
| **'107 Patent** | | |
| '107 Patent, Claim 5 | | |
| '107 Patent, Claim 29 | | |

---

[15] The parties agree on this question.

You have now reached the end of the verdict form and you should review it to ensure that it accurately reflects your unanimous determinations.  The Foreperson should then sign the verdict form in the space below and notify the Court Security Officer that you have reached a verdict.  The Foreperson should retain possession of the verdict form and bring it to the courtroom with the jury.

Signed: _____

Dated: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BECKMAN COULTER, INC.,                )
                                      )
            Plaintiff,                )
                                      )
      v.                              )    C.A. No. 24-945 (CFC) (EGT)
                                      )
CYTEK BIOSCIENCES, INC.,              )
                                      )
            Defendant.                )

## [PROPOSED] VERDICT FORM (PHASE II)

**Instructions:** When answering the following questions and completing this Verdict Form, please follow the directions provided and follow the Jury Instructions that you have been given.  Your answer to each question must be unanimous.   Some of the questions contain legal terms that are defined and explained in the Jury Instructions.  Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

As used herein:

1.    "Beckman Coulter" refers to Plaintiff Beckman Coulter, Inc.

2.    "Cytek" refers to Defendant Cytek Biosciences, Inc.

3.    "'582 Patent" refers to U.S. Patent No. 10,330,582.

4.    "'443 Patent" refers to U.S. Patent No. 11,703,443.

5.    "'107 Patent" refers to U.S. Patent No. 12,174,107.

6.    "Asserted Patents" refers collectively to the '582 Patent, '443 Patent, and '107 Patent.

1

## PHASE II[16]

**DAMAGES**

1.    Has Beckman Coulter proven, by a preponderance of the evidence, that it marked substantially all of its own products that practice the '582 Patent and/or '443 Patent with the number of the patent, before June 14, 2024?[17]

---

[16] Cytek's Proposed Verdict Form (Phase II) assumes a finding of infringement and no invalidity for the '582, '443, and '107 Patents.  To the extent the jury does not return a verdict of infringement and no invalidity for all Asserted Patents, Questions 1 and 2 will need to be revised to address only those patents for which the jury found infringement and no invalidity.

[17] *See Globus Med. Inc. v. Life Spine, Inc.*, C.A. No. 21-1445 (CFC), D.I. 355 at Question 1.  Marking is a contested issue for the jury to decide.  Cytek's verdict form thus includes a marking question, whereas Beckman Coulter's verdict form wrongly omits a marking question.  Contrary to Beckman Coulter's position, Cytek has never admitted Beckman Coulter complied with the marking requirements of 35 U.S.C. § 287 with respect to any Asserted Patent. Beckman Coulter moved for summary judgment to establish marking compliance as a matter of law (BEC's MSJ No. 2), but the Court denied that motion. D.I. 368.  That Cytek brought (but later dropped) a false marking counterclaim is not an admission that Beckman Coulter complied with 35 U.S.C. § 287. First, that counterclaim was made on "information and belief." (D.I. 58, ¶ 30.)  Second, Beckman Coulter itself denied those marking allegations in its Answer to Cytek's Counterclaims. (D.I. 52, ¶ 30.) Third, the counterclaim did not allege Beckman Coulter's marking complied with § 287 as to any patent as of any date in a substantially continuous manner.  Moreover, Cytek withdrew its false marking counterclaim (D.I. 263-264), and withdrawn pleadings are not binding judicial admissions. *See West Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 171-73 (3d Cir. 2013); *Giannone v. U.S. Steel Corp.*, 238 F.2d 544, 547 (3d Cir. 1956). Further, Cytek's dismissal was expressly without prejudice and "not intended to affect any party's other claims, counterclaims, or defenses in this case." *See* D.I. 52 at ¶ 30; D.I. 264. Whether BEC complied with the marking statute for the '582 and '443 patents – and if so, when – remains a disputed issue of fact for the jury, and Cytek's proposed verdict form appropriately presents that issue for the jury. *See also* D.I. As to the '107 patent, as reflected in Cytek's propose final Phase 2 jury instructions, Beckman Coulter provided actual notice of the patent to Cytek on January 9, 2025 when it filed its First Amended Complaint.  Cytek is not aware of evidence of marking of the '107 patent before then, but if Beckman Coulter

2

("YES" is a finding in favor of Beckman Coulter, and "NO" is a finding in favor of Beckman Coulter.)

Yes _____          No _____
(For Beckman Coulter)          (For Cytek)

If you answered "YES" to Question 1, go to Question 2.

If you answered "NO" to Question 1, proceed to Question 3 and use June 14, 2024 as the damages period start date for the '582 and '443 Patents when answering the remaining Questions on this verdict form, and use January 9, 2025 as the damages period start date for the '107 Patent when answering the remaining Questions on this verdict form.

2.    If you answered "YES" to Question 1, when did Beckman Coulter prove, by a preponderance of the evidence, that it had marked substantially all of its own products that practice the '582 Patent and/or '443 Patent with the number of the patent?[18]

'582 Patent _____          '443 Patent _____
              (Date)                          (Date)

Continue to the next question.

---

makes such a showing, Cytek would not object to adding the '107 patent to Questions 1 and 2.

[18] *See* Question 1 footnote.

3.    Did Beckman Coulter prove, by a preponderance of the evidence, that it is entitled to lost profits?[19]

("YES" is a finding in favor of Beckman Coulter, and "NO" is a finding in favor of Cytek.)

Yes _____                    No _____

(For Beckman Coulter)            (For Cytek)

If you answered YES to Question 3, go on to Question 4 and 5.  If you answered no to Question 3, go on to Question 5.

4.    What lost profits did Beckman Coulter prove by a preponderance of the evidence?

| **Lost Profits** | $ _____ |
| --- | --- |

---

[19] *Magnolia Med. Techs., Inc. v. Kurin, Inc.*, C.A. No. 19-97-CFC (CJB). D.I. 443 at Questions 4-5.  Cytek's Question 3 asks the foundational question of whether Beckman Coulter has proven an entitlement to lost profits before reaching Question 4 as to the amount of lost profits, which matches the two-question format in the verdict form in *Magnolia Medical Technologies*.  Beckman Coulter's competing Question 4 uses wording that suggests an entitlement to lost profits and simply asks the jury to fill in an amount without first addressing the question of whether lost profits are an appropriate damages measure under the applicable law.  *Compare Globus Med. Inc. v. Life Spine, Inc.*, C.A. No. 21-1445 (CFC), D.I. 355 at Question 2 ("What amount of damages, *if any*, did Globus prove by a preponderance of the evidence that it is entitled to for Life Spine's infringement of the '731 patent?") (emphasis added).  Beckman Coulter's expert puts forward alternative damages theories based on (1) lost profits plus a reasonable royalty component, and (2) solely a reasonable royalty.  Cytek's question format appropriately asks the jury to determine whether Beckman Coulter met its burden on the lost profits theory before any amount is identified.

5.    For those past infringing sales for which Beckman Coulter did not prove its entitlement to lost profits by a preponderance of the evidence, what reasonable royalty did it prove by a preponderance of the evidence?[20]

| Reasonable Royalty | $ _____ |
| --- | --- |

Continue to the next question.

---

[20] Cytek's Question 5 accounts for Beckman Coulter's burden of proof on damages, as well as the specific damages theories put forth by the experts in this case.  Indeed, Beckman Coulter's damages expert concedes that not all Cytek's infringing sales are recoverable as lost profits, and thus there is a reasonable royalty component to Beckman Coulter's lost profits theories.  Plus, Beckman Coulter's expert puts forward an alternative reasonable royalty theory. Cytek's question accounts for this and will assist the jury in improperly awarding a double recovery.

**WILLFUL INFRINGEMENT**

6.    Did Beckman Coulter prove, by a preponderance of the evidence, that Cytek willfully infringed any of the asserted claims of the Asserted Patents?[21]

("YES" is a finding in favor of Beckman Coulter, and "NO" is a finding in favor of Cytek.)

|  | YES (for Beckman Coulter) | NO (for Cytek) |
|---|---|---|
| '582 Patent | | |
| '443 Patent | | |
| '107 Patent | | |

---

[21] The parties agree on this question.

6

You have now reached the end of the verdict form and you should review it to ensure that it accurately reflects your unanimous determinations.  The Foreperson should then sign the verdict form in the space below and notify the Court Security Officer that you have reached a verdict.  The Foreperson should retain possession of the verdict form and bring it to the courtroom with the jury.

Signed: _____

Dated: _____