# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BECKMAN COULTER, INC.,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>CYTEK BIOSCIENCES, INC.,<br><br>　　　　　　　　　　　Defendant. | C.A. No. 24-0945-CFC<br><br>▮▮▮▮▮▮▮▮▮▮▮<br><br>TGF CE VGF '/ 'RWDNKE 'XGTUKQP |

## BECKMAN COULTER'S [PROPOSED] VERDICT FORM (PHASE I)

**Instructions:** When answering the following questions and completing this Verdict Form, please follow the directions provided and follow the Jury Instructions that you have been given. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

As used herein:

1. "Beckman Coulter" refers to Plaintiff Beckman Coulter, Inc.

2. "Cytek" refers to Defendant Cytek Biosciences, Inc.

3. "'582 Patent" refers to U.S. Patent No. 10,330,582.

4. "'443 Patent" refers to U.S. Patent No. 11,703,443.

5. "'107 Patent" refers to U.S. Patent No. 12,174,107.

6. "Asserted Patents" refers collectively to the '582 Patent, '443 Patent, and '107 Patent.

**INFRINGEMENT**

**LITERAL INFRINGEMENT**[1]

1.    Did Beckman Coulter prove, by a preponderance of the evidence, that Cytek literally infringed any of the following claims of the Asserted Patents under 35 U.S.C. § 271(a)?[2]

("YES" is a finding in favor of Beckman Coulter, and "NO" is a finding in favor of Cytek.)

| | '582 Patent | |
|---|---|---|
| | **YES**<br>**(for Beckman Coulter)** | **NO**<br>**(for Cytek)** |
| '582 Patent, Claim 1 | | |
| '582 Patent, Claim 3 | | |
| '582 Patent, Claim 6 | | |
| '582 Patent, Claim 23 | | |
| '582 Patent, Claim 26 | | |
| | **'443 Patent** | |
| | **YES**<br>**(for Beckman Coulter)** | **NO**<br>**(for Cytek)** |

---

[1] Beckman Coulter proposes using subheadings for each theory of infringement, just as the verdict form uses subheadings for each theory of invalidity.

[2] To the extent the jury is asked to give separate answers on literal infringement and direct infringement under the doctrine of equivalents as Cytek proposes, rather than a single combined answer on direct infringement, Beckman proposes breaking out literal infringement and the doctrine of equivalents into two separate questions on the jury form.  The split column that Cytek proposes (with small boxes for "Literal" and "Doctrine of Equivalents") combined with the word "or" in Cytek's proposed question ("literally or under the doctrine of equivalents") could confuse the jury into thinking it has to choose between theories and check only one box.  At minimum, Cytek's proposed verdict form would need an instruction telling the jury that it can check both boxes.  The better solution is to ask separate questions, which will more clearly convey that the jury can find both literal infringement and infringement under the doctrine of equivalents.

2

| | YES (for Beckman Coulter) | NO (for Cytek) |
|---|---|---|
| '443 Patent, Claim 4 | | |
| '443 Patent, Claim 6 | | |
| '443 Patent, Claim 10 | | |
| '443 Patent, Claim 11 | | |
| '443 Patent, Claim 15 | | |
| **'107 Patent** | | |
| | **YES (for Beckman Coulter)** | **NO (for Cytek)** |
| '107 Patent, Claim 5 | | |
| '107 Patent, Claim 16 | | |
| '107 Patent, Claim 18 | | |
| '107 Patent, Claim 26 | | |
| '107 Patent, Claim 27 | | |
| '107 Patent, Claim 29 | | |

Continue to the next question.

3

**DOCTRINE OF EQUIVALENTS**

2.    Did Beckman Coulter prove, by a preponderance of the evidence, that Cytek directly infringed any of the following claims of the Asserted Patents under the doctrine of equivalents?

("YES" is a finding in favor of Beckman Coulter, and "NO" is a finding in favor of Cytek.)

| '582 Patent | | |
|---|---|---|
| | **YES** (for Beckman Coulter) | **NO** (for Cytek) |
| '582 Patent, Claim 1 | | |
| '582 Patent, Claim 3 | | |
| '582 Patent, Claim 6 | | |
| '582 Patent, Claim 23 | | |
| '582 Patent, Claim 26 | | |
| **'443 Patent** | | |
| | **YES** (for Beckman Coulter) | **NO** (for Cytek) |
| '443 Patent, Claim 4 | | |
| '443 Patent, Claim 6 | | |
| '443 Patent, Claim 10 | | |
| '443 Patent, Claim 11 | | |
| '443 Patent, Claim 15 | | |
| **'107 Patent** | | |
| | **YES** (for Beckman Coulter) | **NO** (for Cytek) |
| '107 Patent, Claim 5 | | |
| '107 Patent, Claim 16 | | |
| '107 Patent, Claim 18 | | |
| '107 Patent, Claim 26 | | |
| '107 Patent, Claim 27 | | |

| '107 Patent, Claim 29 | | |
| --- | --- | --- |

Continue to the next question.

**INDUCED INFRINGEMENT**

3.    Did Beckman Coulter prove, by a preponderance of the evidence, that Cytek induced direct infringement by another of any of the following claims of the Asserted Patents under 35 U.S.C. § 271(b)?

("YES" is a finding in favor of Beckman Coulter, and "NO" is a finding in favor of Cytek.)

| | YES (for Beckman Coulter) | NO (for Cytek) |
|---|---|---|
| **'582 Patent** | | |
| '582 Patent, Claim 1 | | |
| '582 Patent, Claim 3 | | |
| '582 Patent, Claim 6 | | |
| '582 Patent, Claim 23 | | |
| '582 Patent, Claim 26 | | |
| **'443 Patent** | | |
| '443 Patent, Claim 4 | | |
| '443 Patent, Claim 6 | | |
| '443 Patent, Claim 10 | | |
| '443 Patent, Claim 11 | | |
| '443 Patent, Claim 15 | | |
| **'107 Patent** | | |
| '107 Patent, Claim 5 | | |
| '107 Patent, Claim 16 | | |
| '107 Patent, Claim 18 | | |
| '107 Patent, Claim 26 | | |
| '107 Patent, Claim 27 | | |
| '107 Patent, Claim 29 | | |

Continue to the next question.

**CONTRIBUTORY INFRINGEMENT**

4.    Did Beckman Coulter prove, by a preponderance of the evidence, that Cytek contributed to the infringement by another of any of the following claims of the Asserted Patents under 35 U.S.C. § 271(c)?

("YES" is a finding in favor of Beckman Coulter, and "NO" is a finding in favor of Cytek.)

| | YES (for Beckman Coulter) | NO (for Cytek) |
|---|---|---|
| **'443 Patent** | | |
| '443 Patent, Claim 11 | | |
| '443 Patent, Claim 15 | | |
| **'107 Patent** | | |
| '107 Patent, Claim 5 | | |
| '107 Patent, Claim 16 | | |
| '107 Patent, Claim 18 | | |
| '107 Patent, Claim 26 | | |
| '107 Patent, Claim 27 | | |
| '107 Patent, Claim 29 | | |

Continue to next question.

7

## REVERSE DOCTRINE OF EQUIVALENTS DEFENSE[3]

---

[3] For the reasons given in Beckman Coulter's motion for summary judgment against Cytek's reverse doctrine of equivalents defense, Beckman Coulter preserves the argument that the reverse doctrine of equivalents did not survive the Patent Act of 1952 and that, in any event, Cytek's application of the doctrine is legally flawed.  *See* D.I. 234, 246, 326; *see also Steuben Foods, Inc. v. Shibuya Hoppmann Corp.*, 127 F.4th 348, 357 (Fed. Cir. 2025).

Further, given that 35 U.S.C. § 271(f) was not passed until 1984 and was designed to change the law, there is no basis for applying the reverse doctrine of equivalents to § 271(f).

To the extent the reverse doctrine of equivalents question is tried to the jury, Beckman Coulter's proposal differs from Cytek's in four main respects.  *First*, Beckman Coulter proposes placing the reverse doctrine of equivalents question after the infringement questions to which it purportedly serves as a defense—much as other defenses, such as invalidity, normally come later in the verdict form.  This eliminates complicated and repetitive instructions that Cytek includes before most of its infringement questions.

*Second*, given the substantial uncertainty surrounding the status of the reverse doctrine of equivalents, the jury should not skip other infringement questions, as proposed by Cytek.  If the jury fails to answer a question based on the reverse doctrine of equivalents, it would leave a gap in the verdict, whereas if the jury answers each infringement question before reaching Cytek's defense, there will be a complete verdict even if any finding under the reverse doctrine of equivalents is vacated on appeal.

*Third*, because there is no authority applying the reverse doctrine of equivalents to § 271(f), Beckman Coulter's verdict form does not link the reverse doctrine of equivalents to the § 271(f) questions.

*Fourth*, Cytek's question refers solely to "the Accused Products," but Beckman Coulter's proposed question refers to "the Accused Products or direct infringement by Cytek customers" to more accurately reflect the role Cytek argues that the reverse doctrine of equivalents should play with regard to induced and contributory infringement.

5.      If you answered "YES" for any claim of the '443 Patent or '107 Patent in Questions 1-4, do you find that the Accused Products or direct infringement by Cytek customers, even though they meet the literal terms of the claims or otherwise satisfy the claims under the doctrine of equivalents, do not infringe because of the reverse doctrine of equivalents?

("YES" is a finding in favor of Cytek, and "NO" is a finding in favor of Beckman Coulter.)

| | YES (for Cytek) | NO (for Beckman Coulter) |
|---|---|---|
| **'443 Patent** | | |
| '443 Patent, Claim 4 | | |
| '443 Patent, Claim 6 | | |
| '443 Patent, Claim 10 | | |
| '443 Patent, Claim 11 | | |
| '443 Patent, Claim 15 | | |
| **'107 Patent** | | |
| '107 Patent, Claim 5 | | |
| '107 Patent, Claim 16 | | |
| '107 Patent, Claim 18 | | |
| '107 Patent, Claim 26 | | |
| '107 Patent, Claim 27 | | |
| '107 Patent, Claim 29 | | |

Continue to the next question.

9

**INDUCED INFRINGEMENT THROUGH SUPPLY OF COMPONENTS FROM THE UNITED STATES[4]**

6.    Did Beckman Coulter prove, by a preponderance of the evidence, that Cytek infringed any of the following claims of the Asserted Patents under 35 U.S.C. § 271(f)(1).

("YES" is a finding in favor of Beckman Coulter, and "NO" is a finding in favor of Cytek.)

| | YES (for Beckman Coulter) | NO (for Cytek) |
|---|---|---|
| **'443 Patent** | | |
| '443 Patent, Claim 11 | | |
| '443 Patent, Claim 15 | | |
| **'107 Patent** | | |
| '107 Patent, Claim 5 | | |
| '107 Patent, Claim 16 | | |
| '107 Patent, Claim 18 | | |
| '107 Patent, Claim 26 | | |
| '107 Patent, Claim 27 | | |
| '107 Patent, Claim 29 | | |

Continue to next question.

---

[4] Beckman Coulter proposes adding headers to clarify for the jury what theory of infringement is at issue.  Merely referring to the statutory citation, without more, might confuse jurors not familiar with the statute.

Alternatively, the following language could be added to the end of the question: "by supplying or causing to be supplied from the United States all or a substantial portion of the components of the patented invention in a manner that actively induced a combination that would infringe if it occurred within the United States."

**CONTRIBUTORY INFRINGEMENT THROUGH SUPPLY OF SPECIALIZED COMPONENT FROM THE UNITED STATES[5]**

7.      Did Beckman Coulter prove, by a preponderance of the evidence, that Cytek infringed any of the following claims of the Asserted Patents under 35 U.S.C. § 271(f)(2).

("YES" is a finding in favor of Beckman Coulter, and "NO" is a finding in favor of Cytek.)

|  | YES (for Beckman Coulter) | NO (for Cytek) |
|---|---|---|
| **'443 Patent** | | |
| '443 Patent, Claim 11 | | |
| '443 Patent, Claim 15 | | |
| **'107 Patent** | | |
| '107 Patent, Claim 5 | | |
| '107 Patent, Claim 16 | | |
| '107 Patent, Claim 18 | | |
| '107 Patent, Claim 26 | | |
| '107 Patent, Claim 27 | | |
| '107 Patent, Claim 29 | | |

Continue to next question.

---

[5] Beckman Coulter proposes adding headers to clarify for the jury what theory of infringement is at issue.  Merely referring to the statutory citation, without more, might confuse jurors not familiar with the statute.

Alternatively, the following language could be added to the end of the question: "by supplying or causing to be supplied from the United States a component, which is especially made or especially adapted for use in a patented invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, intending for it to be combined in a manner that would infringe if it occurred within the United States."

## INVALIDITY[6]

### ANTICIPATION

8.    Did Cytek prove, by clear and convincing evidence, that any of the following claims of the Asserted Patents are invalid due to anticipation?

("YES" is a finding in favor of Cytek, and "NO" is a finding in favor of Beckman Coulter.)

| | YES (for Cytek) | NO (for Beckman Coulter) |
|---|---|---|
| '443 Patent | | |
| '443 Patent, Claim 6 | | |
| '443 Patent, Claim 10 | | |
| '443 Patent, Claim 11 | | |
| '443 Patent, Claim 15 | | |

Continue to the next question.

---

[6] Cytek proposes to begin its invalidity section with four additional questions about the effective filing date and conception and reduction to practice. Cytek's questions are unwieldly, contain unnecessary detail and misleading statements of law, and would lead to juror confusion. The jury will be instructed on the issue of effective filing date and can follow those instructions in answering validity questions. Moreover, Cytek's proposed language is incomplete and inconsistent with Beckman Coulter's assertions, as Cytek ignores other potential filing dates. To the extent the court is inclined to include a question on effective filing date, Beckman Coulter reserves all rights to propose alternative language consistent with the evidence Beckman Coulter will present at trial.

12

**OBVIOUSNESS**

9.    Did Cytek prove, by clear and convincing evidence, that any of the following claims of the Asserted Patents are invalid due to obviousness?

("YES" is a finding in favor of Cytek, and "NO" is a finding in favor of Beckman Coulter.)

| | YES (for Cytek) | NO (for Beckman Coulter) |
|---|---|---|
| **'582 Patent** | | |
| '582 Patent, Claim 1 | | |
| '582 Patent, Claim 3 | | |
| '582 Patent, Claim 6 | | |
| '582 Patent, Claim 23 | | |
| '582 Patent, Claim 26 | | |
| **'443 Patent** | | |
| '443 Patent, Claim 4 | | |
| '443 Patent, Claim 6 | | |
| '443 Patent, Claim 10 | | |
| '443 Patent, Claim 11 | | |
| '443 Patent, Claim 15 | | |
| **'107 Patent** | | |
| '107 Patent, Claim 5 | | |
| '107 Patent, Claim 16 | | |
| '107 Patent, Claim 18 | | |
| '107 Patent, Claim 26 | | |
| '107 Patent, Claim 27 | | |
| '107 Patent, Claim 29 | | |

Continue to the next question.

13

**WRITTEN DESCRIPTION**

10.    Did Cytek prove, by clear and convincing evidence, that any of the following claims of the Asserted Patents are invalid due to lack of written description?

("YES" is a finding in favor of Cytek, and "NO" is a finding in favor of Beckman Coulter.)

|  | YES (for Cytek) | NO (for Beckman Coulter) |
|---|---|---|
| **'582 Patent** | | |
| '582 Patent, Claim 1 | | |
| '582 Patent, Claim 3 | | |
| '582 Patent, Claim 6 | | |
| '582 Patent, Claim 23 | | |
| '582 Patent, Claim 26 | | |
| **'443 Patent** | | |
| '443 Patent, Claim 4 | | |
| '443 Patent, Claim 6 | | |
| '443 Patent, Claim 10 | | |
| '443 Patent, Claim 11 | | |
| '443 Patent, Claim 15 | | |
| **'107 Patent** | | |
| '107 Patent, Claim 5 | | |
| '107 Patent, Claim 16 | | |
| '107 Patent, Claim 18 | | |
| '107 Patent, Claim 26 | | |
| '107 Patent, Claim 27 | | |
| '107 Patent, Claim 29 | | |

Continue to the next question.

14

**ENABLEMENT**

11.    Did Cytek prove, by clear and convincing evidence, that any of the following claims of the Asserted Patents are invalid due to lack of enablement?

("YES" is a finding in favor of Cytek, and "NO" is a finding in favor of Beckman Coulter.)

| | YES (for Cytek) | NO (for Beckman Coulter |
|---|---|---|
| **'582 Patent** | | |
| '582 Patent, Claim 1 | | |
| '582 Patent, Claim 3 | | |
| '582 Patent, Claim 6 | | |
| '582 Patent, Claim 23 | | |
| '582 Patent, Claim 26 | | |
| **'443 Patent** | | |
| '443 Patent, Claim 4 | | |
| '443 Patent, Claim 6 | | |
| '443 Patent, Claim 10 | | |
| '443 Patent, Claim 11 | | |
| '443 Patent, Claim 15 | | |
| **'107 Patent** | | |
| '107 Patent, Claim 5 | | |
| '107 Patent, Claim 16 | | |
| '107 Patent, Claim 18 | | |
| '107 Patent, Claim 26 | | |
| '107 Patent, Claim 27 | | |
| '107 Patent, Claim 29 | | |

Continue to the next question.

**INDEFINITENESS**

12.    Did Cytek prove, by clear and convincing evidence, that any of the following claims of the Asserted Patents are invalid due to indefiniteness?

("YES" is a finding in favor of Cytek, and "NO" is a finding in favor of Beckman Coulter.)

|  | YES (for Cytek) | NO (for Beckman Coulter) |
|---|---|---|
| **'582 Patent** | | |
| '582 Patent, Claim 1 | | |
| '582 Patent, Claim 3 | | |
| '582 Patent, Claim 6 | | |
| '582 Patent, Claim 23 | | |
| '582 Patent, Claim 26 | | |
| **'443 Patent** | | |
| '443 Patent, Claim 10 | | |
| **'107 Patent** | | |
| '107 Patent, Claim 5 | | |
| '107 Patent, Claim 29 | | |

16

You have now reached the end of the verdict form and you should review it to ensure that it accurately reflects your unanimous determinations.  The Foreperson should then sign the verdict form in the space below and notify the Court Security Officer that you have reached a verdict.  The Foreperson should retain possession of the verdict form and bring it to the courtroom with the jury.

Signed: _____

Dated: _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BECKMAN COULTER, INC., | |
| Plaintiff, | |
| v. | C.A. No. 24-0945-CFC |
| CYTEK BIOSCIENCES, INC., | |
| Defendant. | |

## BECKMAN COULTER'S [PROPOSED] VERDICT FORM (PHASE II)

**Instructions:** When answering the following questions and completing this Verdict Form, please follow the directions provided and follow the Jury Instructions that you have been given. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

As used herein:

1. "Beckman Coulter" refers to Plaintiff Beckman Coulter, Inc.

2. "Cytek" refers to Defendant Cytek Biosciences, Inc.

3. "'582 Patent" refers to U.S. Patent No. 10,330,582.

4. "'443 Patent" refers to U.S. Patent No. 11,703,443.

5. "'107 Patent" refers to U.S. Patent No. 12,174,107.

1

6. "Asserted Patents" refers collectively to the '582 Patent, '443 Patent, and '107 Patent.[7]

---

[7] Cytek's proposed verdict form begins with two unnecessary questions about marking. Cytek already admitted Beckman Coulter marked its products with the '582 and '443 Patent and has forfeited the ability to challenge marking. *See, e.g.,* D.I. 48 at Counterclaim ¶15 ("Beckman Coulter's website virtually marks the CytoFLEX® products as a commercial embodiment of the claimed inventions of the '443, '582, and '106 Patents"), 30 ("Beckman Coulter nonetheless has marked the CytoFLEX® products with the '582 patent since at least October 21, 2021. … Beckman Coulter started virtually marking the CytoFFLEX® products with the '443 patent somewhere between February 19, 2024 and September 9, 2024, seemingly for purposes of this litigation."), 20 ("By virtually marking the CytoFLEX® products as covered by the '443, '582, and '106 patents, Beckman Coulter represents to the public that the WDM present in the CytoFLEX® products has a curved mirror."), 26 ("Beckman Coulter marks the CytoFLEX® products under the '443, '582, and '106 patents"), 27-28 (similar); *see also* D.I. 246 at 12-13.

2

**DAMAGES**

1.      What is the amount of damages Beckman Coulter has proven, by a preponderance of the evidence, that it is entitled to be paid for lost profits as a result of Cytek's infringing sales?[8]

| Lost Profits | $ _____ |
|---|---|

2.      For any past infringing sales for which you did not award lost profits, what is the amount of damages Beckman Coulter has proven, by a preponderance of the evidence, that it is entitled to be paid as a reasonable royalty?[9]

| Reasonable Royalty | $ _____ |
|---|---|

---

[8] Beckman Coulter's proposed language follows the language used in *Natera, Inc. v. CareDx, Inc.*, 1:20-cv-00038-CFC-CJB, D.I. 462, Question 1 (Jan. 26, 2024). Beckman Coulter's proposed language provides additional clarity to the jury by making clear that the question seeks the *amount* of lost profits proven, whereas Cytek's proposed instruction only refers generally to "lost profits."

Further, Cytek's proposal to ask a prefatory question inquiring whether Beckman Coulter has proven that it is entitled to lost profits is unnecessary and likely to confuse the jury. The determination of whether Beckman Coulter is entitled to lost profits is already subsumed within the question below regarding the amount of lost profits Beckman Coulter has proven it is entitled to. A separate question is unnecessary, as the amount of lost profits will be $0 to the extent the jury finds Beckman Coulter has not established that it is entitled to lost profits. No prefatory question was asked in *Natera, Inc. v. CareDx, Inc.*, 1:20-cv-00038-CFC-CJB, D.I. 462, Question 1 (Jan. 26, 2024).

[9] Beckman Coulter's reasonable royalty question is identical to Cytek's except that Beckman Coulter refers to "past" infringement to match what the jury is being asked to determine.

3

Continue to the next question.

**WILLFUL INFRINGEMENT**

3.    Did Beckman Coulter prove, by a preponderance of the evidence, that Cytek willfully infringed any of the asserted claims of the Asserted Patents?

("YES" is a finding in favor of Beckman Coulter, and "NO" is a finding in favor of Cytek.)

|  | YES<br>(for Beckman Coulter) | NO<br>(for Cytek) |
|---|---|---|
| '582 Patent |  |  |
| '443 Patent |  |  |
| '107 Patent |  |  |

4

You have now reached the end of the verdict form and you should review it to ensure that it accurately reflects your unanimous determinations.  The Foreperson should then sign the verdict form in the space below and notify the Court Security Officer that you have reached a verdict.  The Foreperson should retain possession of the verdict form and bring it to the courtroom with the jury.

Signed: _____

Dated: _____