# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BECKMAN COULTER, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CYTEK BIOSCIENCES, INC.,<br><br>Defendant. | C.A. No. 24-0945-CFC<br><br>██████████<br><br>**TGF CEVGF 'RWDNIE 'XGTUIQP** |

## JOINT [PROPOSED] PRELIMINARY JURY INSTRUCTIONS (PHASE I)[1]

---

[1] Language proposed by Beckman Coulter and opposed by Cytek appears in blue text and brackets.  Language proposed by Cytek and opposed by Beckman Coulter appears in green text and brackets.  The parties reserve the right to modify their proposals, and the proposals are without prejudice to outstanding or forthcoming motions.

# TABLE OF CONTENTS

1. INTRODUCTION ......................................................................................1

2. DESCRIPTION OF THE ISSUES...........................................................1

3. ROLE OF THE JURY AND ROLE OF THE COURT.....................5

4. EVIDENCE ...........................................................................................6

   4.1. DIRECT AND CIRCUMSTANTIAL EVIDENCE......................7

   4.2. CREDIBILITY OF WITNESSES......................................................8

   4.3. EXPERT WITNESSES ....................................................................9

   4.4. DEPOSITION TESTIMONY ..........................................................9

   4.5. CONSIDERATION OF EVIDENCE ...........................................10

5. BURDENS OF PROOF........................................................................10

6. CONDUCT OF THE JURY ................................................................11

7. NOTE-TAKING BY JURORS.............................................................13

8. INTRODUCTION TO PATENTS ......................................................14

9. OUTLINE OF PHASE I OF THE TRIAL.........................................15

1.    **INTRODUCTION[2]**

Now that you have been sworn, I am going to give you some preliminary instructions to guide you in your participation in the trial.  I will give you more detailed instructions on the law at the end of the trial.

2.    **DESCRIPTION OF THE ISSUES[3]**

I am going to give you an overview of who the parties are and what each contends.  This is a civil case concerning allegations of patent infringement arising under the patent laws of the United States.

The Plaintiff in this case is Beckman Coulter, Inc.  I will refer to Beckman Coulter as "Beckman Coulter" or "Plaintiff."  The Defendant is Cytek Biosciences, Inc.  I will refer to Cytek Biosciences, Inc. as "Cytek" or "Defendant."

Now, our trial is going to occur in phases.  In the first phase, we are going to look at three patents.  Beckman Coulter owns the three U.S. Patents that are at issue in this case: U.S. Patent No. 10,330,582; U.S. Patent No. 11,793,443 and U.S. Patent No. 12,174,107.  Because patent numbers are so long, patents are usually referred to by their last three digits.  I will refer to the three patents at issue as the '582 Patent;

---

[2] *Globus Medical, Inc. v. Life Spine, Inc.*, 1:21-cv-01445-CFC, D.I. 339, at § 1 (Aug. 11, 2025).

[3] Adapted from *Globus Medical, Inc. v. Life Spine, Inc.*, 1:21-cv-01445-CFC, D.I. 339, at §§ 1-2 (Aug. 11, 2025).

the '443 Patent; and the '107 Patent, respectively.  I will refer to them together as the Asserted Patents.

Beckman Coulter contends that Cytek's flow cytometry products infringe claims 1, 3, 6, 23, and 26 of the '582 Patent; claims 4, 6, 10, 11, and 15 of the '443 Patent; and claims 5, 16, 18, 26, 27, and 29 of the '107 Patent.  I will refer to these claims as the Asserted Claims.  [**Beckman Coulter**: Beckman Coulter also contends that Cytek has knowingly encouraged and enabled its customers to directly infringe the Asserted Claims and continues to knowingly encourage and enable its customers to infringe the Asserted Claims.][4]

---

[4] **Beckman Coulter:**  Beckman Coulter's proposed language is necessary to avoid juror confusion because Beckman Coulter also alleges that Cytek is liable for indirect infringement, including induced and contributory infringement and infringement under 35 U.S.C. § 271(f)(1)-(2).  Beckman Coulter's instruction will not confuse the jury because the proposed language tells the jury that Cytek indirectly infringes by causing its customers to directly infringe.  By contrast, Cytek's proposal that the jury not be informed about indirect infringement until the final jury instructions will result in juror confusion because the jury will have no context for testimony and evidence regarding the infringement by Cytek's customers.

**Cytek:**  Beckman Coulter's proposed language is unnecessary because the point of this paragraph is to introduce the asserted claims, not infringement theories, which the jury will not be instructed on until the close of the evidence.  In addition, Beckman Coulter's proposed language risks confusing the jury about whether indirect infringement can exist without direct infringement (it cannot), which is explained in the proposed final instructions.  Beckman Coulter's proposal is also unnecessary because Sections 5.1 and 5.6-5.9 of the proposed final instructions inform the jury that Beckman Coulter also alleges that Cytek is liable for indirect infringement.

The Cytek products that Beckman Coulter alleges infringe are [**Beckman Coulter:** as follows: Cytek Aurora™, Aurora CS™, Aurora Evo™, and Northern Lights™ (including Northern Lights™ Research, Northern Lights™ Clinical, and Northern Lights™ NL-CLC) flow cytometers.  In addition, Beckman Coulter alleges infringement by Cytek's APD Modules and laser upgrade kits, which allow users to add additional colors and channels to Cytek's accused flow cytometers.  I will refer to these products as the "accused products."; **Cytek:** generally referred to as the Aurora and Northern Lights flow cytometers.  I will refer to the Aurora and Northern Lights flow cytometers as the "accused products."][5]  Infringement is assessed on a claim-by-claim basis, so you must compare each accused product with each Asserted

---

[5] **Beckman Coulter:**  Beckman Coulter's proposed language is necessary to inform the jury about the specific infringement allegations in this case, including the specific Aurora and Northern lights flow cytometers accused of infringement, and that Beckman Coulter also alleges that Cytek's APD modules and laser upgrade kits infringe.  Cytek's proposal risk confusing the jury about which products are accused of infringement in this case, including because it wholly omits Beckman's infringement allegations against APD modules and laser upgrade kits.  Thus, the extent Cytek's proposal is accepted, it should be revised to state that "Beckman Coulter also alleges infringement by Cytek's APD Modules and laser upgrade kits, which allow users to add additional colors and channels to the Aurora and Northern Lights flow cytometers" and that "I will refer to the Aurora and Northern Lights flow cytometers and APD Modules and laser upgrade kits as the accused products."

**Cytek:**  Beckman Coulter's proposed language introduces an unnecessary level of detail that risks confusing the jurors regarding Beckman Coulter's allegations as to the various accused products.

Claim.  There may be infringement of all claims, there may be infringement as to one claim but no infringement as to another, or there may be no infringement of any claims.

Cytek denies that the accused products infringe any of the Asserted Claims of the Asserted Patents.  Cytek also contends that each Asserted Claim is invalid and that the Asserted Patents should not have been granted.  Beckman Coulter denies that any Asserted Claim is invalid.

In the first phase of the trial, you will be addressing Beckman Coulter's claims that Cytek has infringed, and continues to infringe, the Asserted Claims.  You will also be addressing Cytek's claims that the Asserted Claims are invalid.

During the course of this case, you will hear references to certain terms and phrases from the Asserted Claims.  I will give you a list of those terms and phrases for which I have provided a definition that you are to use in deciding the issues presented to you.  Any other terms and phrases that are not included on the list should be given their plain and ordinary meaning in the context of the field of the Asserted Patents.

4

## 3.    ROLE OF THE JURY AND ROLE OF THE COURT[6]

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

You and you alone will be the judges of the facts.  You will have to decide what happened.  I play no part in judging the facts.  You should not take anything I may say or do during the trial as an indication of what I think of the evidence or what your verdict should be.  Instead, I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions.

You are bound by your oath as jurors to follow these and all instructions that I give you, even if you personally disagree with them.  All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly.  Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.  Also, do not let anything that I may say or do during the course of the trial influence you.  Nothing that I may say or do is intended to indicate, or should be taken by you as indicating, what your verdict should be.

---

[6] *Globus Medical, Inc. v. Life Spine, Inc.*, 1:21-cv-01445-CFC, D.I. 339, at § 3 (Aug. 11, 2025).

## 4.    EVIDENCE[7]

You must make your decision based only on the evidence that you see and hear in the courtroom.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses say while they are testifying under oath, including deposition testimony that will be played or read to you, the exhibits that I allow into evidence, and any facts that the parties agreed to by stipulation.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  My comments or questions are not evidence.

During the trial you may be shown charts and animations to help illustrate the testimony of the witness.  These illustrative slides are called "demonstrative exhibits" and are not evidence.

During the trial I may not let you hear the answers to some of the questions that the lawyers ask.  I also may rule that you cannot see some of the exhibits that

---

[7] Adapted from *Globus Medical, Inc. v. Life Spine, Inc.*, 1:21-cv-01445-CFC, D.I. 339, at § 4 (Aug. 11, 2025) and *Deere & Co. v. AGCO Corp.*, 1:18-cv-00827-CFC-JLH, D.I. 535-1, at §§ 4-5, 9 (D. Del. Mar. 28, 2023).

the lawyers want you to see.  And sometimes I may instruct you to disregard things that you saw or heard, or that I strike from the record.

You must ignore all of these things that are not evidence.

Do not speculate about what a witness might say or what an exhibit might show.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.  Do not consider my rulings on whether you can hear certain testimony or see certain exhibits as any indication of my opinion of the case or of what your verdict should be.

You must not conduct any independent research, investigation, or experiments about the case or its subject matter on your own.  Consider only the evidence as I have defined it here and nothing else.

### 4.1.   Direct and Circumstantial Evidence[8]

There are two kinds of evidence: direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness.  For example, if a witness testified that she saw it raining outside, that would be direct evidence that it was raining.

Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist.  For example, if someone walked into the courtroom

---

[8] *Globus Medical, Inc. v. Life Spine, Inc.*, 1:21-cv-01445-CFC, D.I. 339, at § 5 (Aug. 11, 2025).

wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

The law makes no distinction between the weight that you should give to either direct or circumstantial evidence, but simply requires that you find facts from all the evidence in the case, both direct and circumstantial, and give it whatever weight you believe it deserves.

### 4.2.  Credibility of Witnesses[9]

You are the sole judges of each witness's credibility.  You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

You may determine how much of any witness's testimony to accept or reject and choose to reject some parts of a witness's testimony while accepting other parts. This instruction applies to the testimony of all witnesses, including expert witnesses.

---

[9] Adapted from *Globus Medical, Inc. v. Life Spine, Inc.*, 1:21-cv-01445-CFC, D.I. 339, at § 6 (Aug. 11, 2025) and *Deere & Co. v. AGCO Corp.*, 1:18-cv-00827-CFC-JLH, D.I. 535-1, at § 7 (D. Del. Mar. 28, 2023).

### 4.3.    Expert Witnesses[10]

When knowledge of technical subject matter might be helpful to the jury, a person who has special training or experience in that technical field—he or she is called an expert witness—is permitted to state his or her opinion on those technical matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to judge the credibility of the expert witness and decide whether to rely upon his or her testimony.

In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing testimony of any other witness.  Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case.

### 4.4.    Deposition Testimony[11]

You may hear witnesses testify through deposition testimony. A deposition is testimony of a witness taken under oath before trial.  A court reporter is present and

---

[10] *Magnolia Medical Technologies, Inc. v. Kurin, Inc.*, Case 1:19-cv-00097-CFC-CJB, D.I. 447, at § 7 (Aug. 4, 2022).

[11] *Magnolia Medical Technologies, Inc. v. Kurin, Inc.*, Case 1:19-cv-00097-CFC-CJB, D.I. 447, at § 6 (Aug. 4, 2022).

records the questions and answers.  You should judge deposition testimony, insofar as possible, in the same way as if the witness had been present to testify.

### 4.5.    Consideration of Evidence[12]

You should use your common sense in weighing the evidence.  Consider the evidence in light of your everyday experience with people and events and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## 5.    BURDENS OF PROOF[13]

This is a civil case in which Beckman Coulter alleges that Cytek infringes the Asserted Claims.

Beckman Coulter has the burden of proving that Cytek infringes the Asserted Claims by what is called a preponderance of the evidence.  That means Beckman Coulter has to produce evidence which, when considered in light of all of the facts, leads you to believe that what Beckman Coulter claims is more likely true than not.  To put it differently, if you were to put the parties' evidence on opposite sides of a scale, the evidence supporting Beckman Coulter's claims would make the scales tip

---

[12] Adapted from *Deere & Co. v. AGCO Corp.*, 1:18-cv-00827-CFC-JLH, D.I. 535-1, at § 5 (D. Del. Mar. 28, 2023).

[13] Adapted from *Globus Medical, Inc. v. Life Spine, Inc.*, 1:21-cv-01445-CFC, D.I. 339, at § 7 (Aug. 11, 2025) and *Deere & Co. v. AGCO Corp.*, 1:18-cv-00827-CFC-JLH, D.I. 535-1, at §§ 2-3 (D. Del. Mar. 28, 2023).

at least slightly on Beckman Coulter's side.  If Beckman Coulter fails to meet this burden, you must find for Cytek.

In addition to denying that it infringes the Asserted Claims, Cytek contends that the Asserted Claims are invalid.  Cytek has the burden of proving invalidity by clear and convincing evidence.  Clear and convincing evidence means that it is highly probable that a fact is true.  Proof by clear and convincing evidence is a higher burden than proof by a preponderance of the evidence.

Some of you may have heard the phrase "beyond a reasonable doubt."  That burden of proof is a stricter burden of proof than both clear and convincing evidence and preponderance of the evidence, and applies only in criminal cases, and has nothing to do with a civil case like this one.  You should therefore not consider it in this case.

## 6.    CONDUCT OF THE JURY[14]

Now, a few words about your conduct as jurors:

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you.  Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this

---

[14] Adapted from *Globus Medical, Inc. v. Life Spine, Inc.*, 1:21-cv-01445-CFC, D.I. 339, at §§ 8 (Aug. 11, 2025) and *Deere & Co. v. AGCO Corp.*, 1:18-cv-00827-CFC-JLH, D.I. 535-1, at § 31 (D. Del. Mar. 28, 2023).

11

case, not even among yourselves and not with family and friends.  If anyone should try to talk to you about this case, including a fellow juror, bring it to my attention promptly.  There are good reasons for this ban on discussions.  The most important is the need for you to keep an open mind throughout the presentation of the evidence.  If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk with you nor you with them.  They are following my instructions not to talk to or visit with you either.  That is the reason you are asked to wear your juror tags.

Second, do not read or listen to anything touching on or relating to this case that is not admitted into evidence.  By that I mean, if there may be a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report.  In addition, do not try to do any independent research or investigation on your own on matters relating to the case, including using the Internet.  Do not ask your family or friends whom you think might know more than you do about the subject matter of this case.

I know that many of you use cell phones, smart phones, tablets, laptops, and other portable electronic devices.  You must not talk to anyone at any time about this case or otherwise use these or other electronic devices to communicate with anyone about the case or, as I noted, get information about the case, the parties or any of the witnesses or lawyers involved in the case.  This includes your family and friends.

12

You may not communicate with anyone about the case on your cell phone, through e-mail, text messaging, Facebook or Meta, Instagram, Snapchat, Twitter, now known as X, TikTok, or through any blog or website. You may not use any similar technology or social media to get information about this case, even if I have not specifically mentioned it here.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case. After you retire to deliberate, you may begin to discuss the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at its end.

## 7. NOTE-TAKING BY JURORS[15]

The courtroom deputy will now distribute your jury notebooks. If you wish, you may take notes during the presentation of evidence, the summations of the attorneys at the conclusion of the evidence, and during my instructions to you on the law. Your notes are for your own personal use and are valuable, if at all, only as a way to refresh your memory. Your notes are not to be used in place of the evidence.

The court reporter will transcribe the trial testimony, but you should not assume that the transcripts will be available for your review during your

---

[15] *Globus Medical, Inc. v. Life Spine, Inc.*, 1:21-cv-01445-CFC, D.I. 339, at § 9 (Aug. 11, 2025).

deliberations.  Instead, as you listen to the testimony, keep in mind that you will be relying on your memory when it comes time to deliberate and render your verdict in this case.

If you do take notes, do not take them away from court.  At the end of each day, leave your notes in the jury room.  At the conclusion of the case, after you have reached a verdict, a court officer will collect and destroy your notes.

## 8.    INTRODUCTION TO PATENTS[16]

At this time, we are going to show a 17-minute video that will provide background information to help you understand what patents are, why they are needed, the role of the Patent Office, and why disputes over patents arise.  This video was prepared by the Federal Judicial Center, not the parties in this case, to help introduce you to the patent system.  During the video, reference will be made to a sample patent, not the patents in this case.

[The video will be played: https://www.fjc.gov/publications/patent-process-overview-jurors.]

---

[16] Adapted from *Globus Medical, Inc. v. Life Spine, Inc.*, 1:21-cv-01445-CFC, D.I. 339, at § 10 (Aug. 11, 2025).

## 9.    OUTLINE OF PHASE I OF THE TRIAL[17]

The trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is an outline of what that party intends to prove, and is presented as a preview of that party's case to help you follow the evidence as it is offered.

After the opening statements, the parties will present evidence which may include testimony from live witnesses, deposition testimony, and documents and things.  Beckman Coulter will go first because they have the burden of proof on infringement.  Following Beckman Coulter's case, Cytek may present evidence to support its arguments that Beckman Coulter cannot prove its claims of infringement and that the Asserted Claims are invalid.  Following Cytek's case, Beckman Coulter may then present evidence to rebut the evidence Cytek offers.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference, which is also called a sidebar.  If that happens, please be patient.  We are not trying to keep important information from you.  These conferences are necessary for me to fulfill my responsibility to be sure that evidence is presented to you correctly under the law.  We will, of course, do what we can to keep the number and length of these conferences to a minimum.  Do

---

[17] Adapted from *Globus Medical, Inc. v. Life Spine, Inc.*, 1:21-cv-01445-CFC, D.I. 339, at § 11 (Aug. 11, 2025).

15

not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

After all of the evidence is presented, the attorneys will present to you closing arguments.  As with opening arguments, closing arguments are not evidence.  I will give you instructions on the law that applies to the case, and you will then retire to the jury room to deliberate on your verdict.