# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| BECKMAN COULTER, INC.,<br><br>      Plaintiff,<br><br>  v.<br><br>CYTEK BIOSCIENCES, INC.,<br><br>      Defendant. | C.A. No. 24-0945-CFC<br><br>██████████████<br><br>**REDACTED PUBLIC VERSION** |

## JOINT [PROPOSED] PRELIMINARY JURY INSTRUCTIONS

## (PHASE II)[1]

---

[1] Language proposed by Beckman Coulter and opposed by Cytek appears in blue text and brackets.  Language proposed by Cytek and opposed by Beckman Coulter appears in green text and brackets.  The parties reserve the right to modify their proposals, and the proposals are without prejudice to outstanding or forthcoming motions.

# TABLE OF CONTENTS

1.  INTRODUCTION ...................................................................................1

2.  ISSUES PRESENTED IN PHASE II.......................................................2

3.  JUROR CONDUCT ...............................................................................3

4.  BURDENS OF PROOF...........................................................................5

5.  OUTLINE OF TRIAL............................................................................6

## PHASE II

### 1. INTRODUCTION[2]

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding the second phase of the case. Now that you have determined that Beckman Coulter has proven by a preponderance of the evidence that Cytek has infringed [claims __ of the '582 Patent, claims __ of the '443 Patent, and claims __ of the '107 Patent], we will proceed to the second phase.

---

[2] Adapted from *Globus Medical, Inc. v. Life Spine, Inc.*, 1:21-cv-01445-CFC, D.I. 347, at § 1 (Aug. 14, 2025).

1

**2. ISSUES PRESENTED IN PHASE II[3]**

All the general rules and guidance I gave you at the beginning of this trial apply equally to this phase.

In this phase, you will need to determine the amount of money damages that Beckman Coulter has proven that it should be awarded to Beckman Coulter to compensate for Cytek's infringement. Separately, you will need to decide whether Cytek's infringement was willful. [**Cytek:** If you determine that any infringement was willful, that decision must not affect the amount of any damages award you give for infringement. I will take willfulness into account later if you find it.][4]

---

[3] Adapted from *Natera, Inc. v. CareDx, Inc.*, 1:20-cv-00038-CFC-CJB, D.I. 445, at § 2 (Jan. 22, 2024).

[4] **Cytek:** Cytek's proposal mirrors the model instruction in 2025 AIPLA Model Patent Jury Instructions, at § 11.0 (citing 35 U.S.C. § 298; *Halo Elecs. Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016)), *available at* https://www.aipla.org/docs/default-source/committee-documents/patent-litigation-files/2025/final/2025-08-18---aipla-model-patent-jury-instructions97a6c7cf1cf24560aa4c091382f9a2e2.pdf?sfvrsn=8254824d_1. Indeed, Cytek's proposed language mirrors instructions given by courts in this District. *E.g.*, *Cap-XX Ltd. v. Maxwell Tech.*, No. 1:19-cv-01733-JLH, D.I. 314, at § 12 (D. Del. Dec. 15, 2023); *IOEngine, LLC v. Imation, Corp.*, No. 14-1572-GMS, D.I. 199, § 5.1 at p.40 (D. Del. Feb. 17, 2017). This instruction will also prevent juror confusion about whether a willfulness finding can affect the amount of damages awarded (it cannot).

**Beckman Coulter:** Cytek's proposed language is not in the *Natera* jury instruction on which this instruction is based. *See Natera, Inc. v. CareDx, Inc.*, 1:20-cv-00038-CFC-CJB, D.I. 445, at § 2 (Jan. 22, 2024). Cytek also identifies no instructions given by this Court that contain this language. Cytek's proposed

During this phase, you must not revisit or reconsider your prior determination that [claims __ of the '582 Patent, claims __ of the '443 Patent, and claims __ of the '107 Patent] are infringed.  In other words, you can't change what you've already decided.

You may, however, consider evidence presented in the first phase of trial to determine the issues of damages and willfulness.  I will give you more information about the issues of damages and willfulness at the end of this phase of the trial.

## 3.  JUROR CONDUCT[5]

All of the instructions I gave you at the beginning of Phase I apply equally to this phase.  So you must not talk about the case with each other or with anyone else until you retire to the jury room to deliberate.  You cannot deliberate about this phase's issues until the evidence is complete on this phase.  You cannot go out and research or talk to anybody else about the case, either what you've already decided or what's going on.  You are still within the bubble, if you will, about this particular case.

---

language is also unnecessary because the instructions identify damages and willfulness as "separate[]" determinations.

[5] Adapted from *Natera, Inc. v. CareDx, Inc.*, 1:20-cv-00038-CFC-CJB, D.I. 445, at § 3 (Jan. 22, 2024).

And about the issues that I've just said you are going to address, do not make any determination about those until all the evidence has come in.  Keep an open mind until you start your deliberations at the end of the case.

4

## 4.  BURDENS OF PROOF[6]

In this second phase of the trial, the burden of proof rests on Beckman Coulter. That is, Beckman Coulter has the burden of proving damages and willful infringement  by a preponderance of the evidence.  As we discussed in Phase I, this means Beckman Coulter must produce evidence which, when considered in light of all of the facts, leads you to believe that what Beckman Coulter claims is more likely true than not.

---

[6] Adapted from *Natera, Inc. v. CareDx, Inc.*, No. 1:20-cv-00038-CFC-CJB, D.I. 445, at § 4 (Jan. 22, 2024).

## 5.  OUTLINE OF TRIAL[7]

The second phase of the trial will now begin.  It will follow roughly the same format as the first phase.

First, each side may make an opening statement.  Then each party may present evidence.  Beckman Coulter will go first because they have the burden of proof on damages and willful infringement.  Following Beckman Coulter's case, Cytek may present evidence to rebut the evidence Beckman Coulter presented.

Once all the evidence has been presented, the attorneys may present to you closing arguments to summarize and interpret the evidence for you.  Opening statements and closing arguments are not evidence.

Then, after I give you final instructions on the law that applies to this phase of the case, you will retire to the jury room to deliberate on your verdict.

---

[7] Adapted from *Natera, Inc. v. CareDx, Inc.*, No. 1:20-cv-00038-CFC-CJB, D.I. 445, at § 5 (Jan. 22, 2024).

6