**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BECKMAN COULTER, INC., <br><br> Plaintiff, <br><br> v. <br><br> CYTEK BIOSCIENCES, INC., <br><br> Defendant. | C.A. No. 24-0945-CFC <br><br> ██████████████ |

**EXHIBIT 2**

**<u>PLAINTIFF BECKMAN COULTER, INC.'S
STATEMENT OF CONTESTED FACTS THAT REMAIN TO BE
LITIGATED AT TRIAL</u>**

Plaintiff Beckman Coulter, Inc. ("Beckman Coulter") respectfully submits this Statement of Contested Facts That Remain to Be Litigated.

To the extent Beckman Coulter's Statement of Issues of Law That Remain to be Litigated set forth in **Exhibit 4** to the Joint Pretrial Order contains issues of fact, those issues are incorporated herein by reference.  Likewise, should the Court determine that any issue identified below is more appropriately considered an issue of law, Beckman Coulter incorporates such issues by reference into **Exhibit 2**. By including a fact herein, Beckman Coulter does not assume the burden of proof or production with regard to that fact.  Beckman Coulter reserves the right to revise this statement in light of the Court's rulings, in response to Defendant Cytek Biosciences, Inc.'s ("Cytek") positions, or as otherwise may be appropriate.  The following statements are not exhaustive, and Beckman Coulter reserves the right to prove any matters identified in its pleadings, infringement contentions, interrogatory responses, and/or expert reports.  Beckman Coulter also intends to offer evidence as to the issues of fact and issues of law identified in this Joint Pretrial Order.  Beckman Coulter further intends to offer evidence to rebut evidence offered by Cytek and to argue that Cytek is precluded from offering evidence in support of theories and claims not adequately disclosed in accordance with the scheduling order.  Beckman Coulter incorporates by reference its expert reports in support of any proof to be presented by expert testimony.

1

# I.    ISSUES ON WHICH BECKMAN COULTER BEARS THE BURDEN OF PROOF

## A.    Infringement

### 1.    Infringement of U.S. 10,330,582 (the "'582 Patent")

1.    Whether Defendant Cytek Biosciences, Inc. ("Cytek") has infringed claim 1 of the '582 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, or importing the Accused Products within the United States.

2.    Whether Cytek has infringed claim 3 of the '582 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, or importing the Accused Products within the United States.

3.    Whether Cytek has infringed claim 6 of the '582 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, or importing the Accused Products within the United States.

4.    Whether Cytek has infringed claim 23 of the '582 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, or importing the Accused Products within the United States.

2

5.     Whether Cytek has infringed claim 26 of the '582 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, or importing the Accused Products within the United States.

6.     Whether Cytek has indirectly infringed claim 1 of the '582 Patent under § 271(b) by actively inducing, with knowledge of the '582 Patent, acts by others that constitute infringement, either literally or under the doctrine of equivalents, of claim 1 of the '582 Patent.

7.     Whether Cytek has indirectly infringed claim 3 of the '582 Patent under § 271(b) by actively inducing, with knowledge of the '582 Patent, acts by others that constitute infringement, either literally or under the doctrine of equivalents, of claim 3 of the '582 Patent.

8.     Whether Cytek has indirectly infringed claim 6 of the '582 Patent under § 271(b) by actively inducing, with knowledge of the '582 Patent, acts by others that constitute infringement, either literally or under the doctrine of equivalents, of claim 6 of the '582 Patent.

9.     Whether Cytek has indirectly infringed claim 23 of the '582 Patent under § 271(b) by actively inducing, with knowledge of the '582 Patent, acts by others that constitute infringement, either literally or under the doctrine of equivalents, of claim 23 of the '582 Patent.

3

10.     Whether Cytek has indirectly infringed claim 26 of the '582 Patent under § 271(b) by actively inducing, with knowledge of the '582 Patent, acts by others that constitute infringement, either literally or under the doctrine of equivalents, of claim 26 of the '582 Patent.

11.     If Cytek is found to have infringed claim 1 of the '582 Patent, whether Cytek has willfully infringed claim 1 of the '582 Patent under 35 U.S.C. § 284.

12.     If Cytek is found to have infringed claim 3 of the '582 Patent, whether Cytek has willfully infringed claim 3 of the '582 Patent under 35 U.S.C. § 284.

13.     If Cytek is found to have infringed claim 6 of the '582 Patent, whether Cytek has willfully infringed claim 6 of the '582 Patent under 35 U.S.C. § 284.

14.     If Cytek is found to have infringed claim 23 of the '582 Patent, whether Cytek has willfully infringed claim 23 of the '582 Patent under 35 U.S.C. § 284.

15.     If Cytek is found to have infringed claim 26 of the '582 Patent, whether Cytek has willfully infringed claim 26 of the '582 Patent under 35 U.S.C. § 284.

### 2.     Infringement of U.S. 11,703,443 (the "'443 Patent")

16.     Whether Cytek has infringed and continues to infringe claim 4 of the '443 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. §

4

271(a) by making, using, offering to sell, selling, or importing the Accused

Products within the United States.

17. Whether Cytek has infringed and continues to infringe claim 6 of the '443 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, or importing the Accused

Products within the United States.

18. Whether Cytek has infringed and continues to infringe claim 10 of the '443 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, or importing the Accused

Products within the United States.

19. Whether Cytek has infringed and continues to infringe claim 11 of the '443 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, or importing the Accused

Products within the United States.

20. Whether Cytek has infringed and continues to infringe claim 15 of the '443 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, or importing the Accused

Products within the United States.

21. Whether Cytek has indirectly infringed and continues to infringe claim  4 of the '443 Patent under § 271(b) by actively inducing, with knowledge of

the '443 Patent, acts by others that constitute infringement, either literally or under the doctrine of equivalents, of claim 4 of the '443 Patent.

22. Whether Cytek has indirectly infringed and continues to infringe claim 6 of the '443 Patent under § 271(b) by actively inducing, with knowledge of the '443 Patent, acts by others that constitute infringement, either literally or under the doctrine of equivalents, of claim 6 of the '443 Patent.

23. Whether Cytek has indirectly infringed and continues to infringe claim 10 of the '443 Patent under § 271(b) by actively inducing, with knowledge of the '443 Patent, acts by others that constitute infringement, either literally or under the doctrine of equivalents, of claim 10 of the '443 Patent.

24. Whether Cytek has indirectly infringed and continues to infringe claim  11 of the '443 Patent under § 271(b) by actively inducing, with knowledge of the '443 Patent, acts by others that constitute infringement, either literally or under the doctrine of equivalents, of claim 11 of the '443 Patent.

25. Whether Cytek has indirectly infringed and continues to infringe claim  15 of the '443 Patent under § 271(b) by actively inducing, with knowledge of the '443 Patent, acts by others that constitute infringement, either literally or under the doctrine of equivalents, of claim 15 of the '443 Patent.

26. Whether Cytek has contributed and continues to contribute, under § 271(c), to infringement by others of claim 11 of the '443 Patent, with knowledge

6

of the '443 Patent, by supplying Accused Products, including upgrades and APD modules, that are combined into infringing flow cytometers and used by customers.

27.    Whether Cytek has contributed and continues to contribute, under § 271(c), to infringement by others of claim 15 of the '443 Patent, with knowledge of the '443 Patent, by supplying Accused Products, including upgrades and APD modules, that are combined into infringing flow cytometers and used by customers.

28.    Whether Cytek has infringed and continues to infringe claim 11 of the '443 Patent under § 271(f)(1) by supplying or causing to be supplied in or from the United States all or a substantial portion of the components of the patented invention, where such components are uncombined in whole or part, in such a manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such a combination occurred within the United States.

29.    Whether Cytek has infringed and continues to infringe claim 15 of the '443 Patent under § 271(f)(1) by supplying or causing to be supplied  in or from the United States all or a substantial portion of the components of the patented invention, where such components are uncombined in whole or part, in such a manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such a combination occurred within the United States.

30.     Whether Cytek has infringed and continues to infringe claim 11 of the '443 Patent under § 271(f)(2) by supplying or causing to be supplied in or from the United States a component of the patented invention that is especially made or especially adapted for use in the invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, where such component is uncombined in whole or in part, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe the patent if such combination occurred within the United States.

31.     Whether Cytek has infringed and continues to infringe claim 15 of the '443 Patent under § 271(f)(2) by supplying or causing to be supplied in or from the United States a component of the patented invention that is especially made or especially adapted for use in the invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, where such component is uncombined in whole or in part, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe the patent if such combination occurred within the United States.

32.     If Cytek is found to have infringed claim 4 of the '443 Patent, whether Cytek has willfully infringed claim 4 of the '443 Patent under 35 U.S.C. § 284.

33.    If Cytek is found to have infringed claim 6 of the '443 Patent, whether Cytek has willfully infringed claim 6 of the '443 Patent under 35 U.S.C. § 284.

34.    If Cytek is found to have infringed claim 10 of the '443 Patent, whether Cytek has willfully infringed claim 10 of the '443 Patent under 35 U.S.C. § 284.

35.    If Cytek is found to have infringed claim 11 of the '443 Patent, whether Cytek has willfully infringed claim 11 of the '443 Patent under 35 U.S.C. § 284.

36.    If Cytek is found to have infringed claim 15 of the '443 Patent, whether Cytek has willfully infringed claim 15 of the '443 Patent under 35 U.S.C. § 284.

### 3.    Infringement of U.S. 12,174,107 (the "'107 Patent")

37.    Whether Cytek has infringed and continues to infringe claim 5 of the '107 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, or importing the Accused Products within the United States.

38.    Whether Cytek has infringed and continues to infringe claim 16 of the '107 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a) by making, using, offering to sell, or selling, or importing the Accused Products within the United States.

39.    Whether Cytek has infringed and continues to infringe claim 18 of the '107 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, or importing the Accused Products within the United States.

40.    Whether Cytek has infringed and continues to infringe claim 26 of the '107 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, or importing the Accused Products within the United States.

41.    Whether Cytek has infringed and continues to infringe claim 27 of the '107 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, or importing the Accused Products within the United States.

42.    Whether Cytek has infringed and continues to infringe claim 29 of the '107 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, or importing the Accused Products within the United States.

43.    Whether Cytek has indirectly infringed and continues to infringe claim 5 of the '107 Patent under § 271(b) by actively inducing, with knowledge of the '107 Patent, acts by others that constitute infringement, literally or under the doctrine of equivalents, of claim 5 of the '107 Patent.

44.     Whether Cytek has indirectly infringed and continues to infringe claim 16 of the '107 Patent under § 271(b) by actively inducing, with knowledge of the '107 Patent, acts by others that constitute infringement, literally or under the doctrine of equivalents, of claim 6 of the '107 Patent.

45.     Whether Cytek has indirectly infringed and continues to infringe claim 18 of the '107 Patent under § 271(b) by actively inducing, with knowledge of the '107 Patent, acts by others that constitute infringement, literally or under the doctrine of equivalents, of claim 18 of the '107 Patent.

46.     Whether Cytek has indirectly infringed and continues to infringe claim 26 of the '107 Patent under § 271(b) by actively inducing, with knowledge of the '107 Patent, acts by others that constitute infringement, literally or under the doctrine of equivalents, of claim 26 of the '107 Patent.

47.     Whether Cytek has indirectly infringed and continues to infringe claim 27 of the '107 Patent under § 271(b) by actively inducing, with knowledge of the '107 Patent, acts by others that constitute infringement, literally or under the doctrine of equivalents, of claim 27 of the '107 Patent.

48.     Whether Cytek has indirectly infringed and continues to infringe claim 29 of the '107 Patent under § 271(b) by actively inducing, with knowledge of the '107 Patent, acts by others that constitute infringement, literally or under the doctrine of equivalents, of claim 29 of the '107 Patent.

49.    Whether Cytek has contributed and continues to contribute, under § 271(c), to infringement by others of claim 5 of the '107 Patent, with knowledge of the '107 Patent, by supplying Accused Products, including upgrades and APD modules, that are combined into infringing flow cytometers and used by customers.

50.    Whether Cytek has contributed and continues to contribute, under § 271(c), to infringement by others of claim 16 of the '107 Patent, with knowledge of the '107 Patent, by supplying Accused Products, including upgrades and APD modules, that are combined into infringing flow cytometers and used by customers.

51.    Whether Cytek has contributed and continues to contribute, under § 271(c), to infringement by others of claim 18 of the '107 Patent, with knowledge of the '107 Patent, by supplying Accused Products, including upgrades and APD modules, that are combined into infringing flow cytometers and used by customers.

52.    Whether Cytek has contributed and continues to contribute, under § 271(c), to infringement by others of claim 26 of the '107 Patent, with knowledge of the '107 Patent, by supplying Accused Products, including upgrades and APD modules, that are combined into infringing flow cytometers and used by customers.

53.    Whether Cytek has contributed and continues to contribute, under § 271(c), to infringement by others of claim 27 of the '107 Patent, with knowledge of the '107 Patent, by supplying Accused Products, including upgrades and APD modules, that are combined into infringing flow cytometers and used by customers.

12

54.     Whether Cytek has contributed and continues to contribute, under § 271(c), to infringement by others of claim 29 of the '107 Patent, with knowledge of the '107 Patent, by supplying Accused Products, including upgrades and APD modules, that are combined into infringing flow cytometers and used by customers.

55.     Whether Cytek has infringed and continues to infringe claim 5 of the '107 Patent under § 271(f)(1) by supplying or causing to be supplied in or from the United States all or a substantial portion of the components of the patented invention, where such components are uncombined in whole or part, in such a manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such a combination occurred within the United States.

56.     Whether Cytek has infringed and continues to infringe claim 16 of the '107 Patent under § 271(f)(1) by supplying or causing to be supplied in or from the United States all or a substantial portion of the components of the patented invention, where such components are uncombined in whole or part, in such a manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such a combination occurred within the United States.

57.     Whether Cytek has infringed and continues to infringe claim 18 of the '107 Patent under § 271(f)(1) by supplying or causing to be supplied in or from the

13

United States all or a substantial portion of the components of the patented invention, where such components are uncombined in whole or part, in such a manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such a combination occurred within the United States.

58.    Whether Cytek has infringed and continues to infringe claim 26 of the '107 Patent under § 271(f)(1) by supplying or causing to be supplied in or from the United States all or a substantial portion of the components of the patented invention, where such components are uncombined in whole or part, in such a manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such a combination occurred within the United States.

59.    Whether Cytek has infringed and continues to infringe claim 27 of the '107 Patent under § 271(f)(1) by supplying or causing to be supplied in or from the United States all or a substantial portion of the components of the patented invention, where such components are uncombined in whole or part, in such a manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such a combination occurred within the United States.

60.    Whether Cytek has infringed and continues to infringe claim 29 of the '107 Patent under § 271(f)(1) by supplying or causing to be supplied in or from the United States all or a substantial portion of the components of the patented invention, where such components are uncombined in whole or part, in such a manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such a combination occurred within the United States.

61.    Whether Cytek has infringed and continues to infringe claim 5 of the '107 Patent under § 271(f)(2) by supplying or causing to be supplied in or from the United States a component of the patented invention that is especially made or especially adapted for use in the invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, where such component is uncombined in whole or in part, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe the patent if such combination occurred within the United States.

62.    Whether Cytek has infringed and continues to infringe claim 16 of the '107 Patent under § 271(f)(2) by supplying or causing to be supplied in or from the United States a component of the patented invention that is especially made or especially adapted for use in the invention and not a staple article or commodity of

15

commerce suitable for substantial noninfringing use, where such component is uncombined in whole or in part, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe the patent if such combination occurred within the United States.

63.    Whether Cytek has infringed and continues to infringe claim 18 of the '107 Patent under § 271(f)(2) by supplying or causing to be supplied in or from the United States a component of the patented invention that is especially made or especially adapted for use in the invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, where such component is uncombined in whole or in part, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe the patent if such combination occurred within the United States.

64.    Whether Cytek has infringed and continues to infringe claim 26 of the '107 Patent under § 271(f)(2) by supplying or causing to be supplied in or from the United States a component of the patented invention that is especially made or especially adapted for use in the invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, where such component is uncombined in whole or in part, knowing that such component is so made or

16

adapted and intending that such component will be combined outside of the United States in a manner that would infringe the patent if such combination occurred within the United States.

65.     Whether Cytek has infringed and continues to infringe claim 27 of the '107 Patent under § 271(f)(2) by supplying or causing to be supplied in or from the United States a component of the patented invention that is especially made or especially adapted for use in the invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, where such component is uncombined in whole or in part, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe the patent if such combination occurred within the United States.

66.     Whether Cytek has infringed and continues to infringe claim 29 of the '107 Patent under § 271(f)(2) by supplying or causing to be supplied in or from the United States a component of the patented invention that is especially made or especially adapted for use in the invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, where such component is uncombined in whole or in part, knowing that such component is so made or adapted and intending that such component will be combined outside of the United

17

States in a manner that would infringe the patent if such combination occurred within the United States.

67. If Cytek is found to have infringed claim 5 of the '107 Patent, whether Cytek has willfully infringed claim 5 of the '107 Patent under 35 U.S.C. § 284.

68. If Cytek is found to have infringed claim 16 of the '107 Patent, whether Cytek has willfully infringed claim 16 of the '107 Patent under 35 U.S.C. § 284.

69. If Cytek is found to have infringed claim 18 of the '107 Patent, whether Cytek has willfully infringed claim 18 of the '107 Patent under 35 U.S.C. § 284.

70. If Cytek is found to have infringed claim 26 of the '107 Patent, whether Cytek has willfully infringed claim 26 of the '107 Patent under 35 U.S.C. § 284.

71. If Cytek is found to have infringed claim 27 of the '107 Patent, whether Cytek has willfully infringed claim 27 of the '107 Patent under 35 U.S.C. § 284.

72. If Cytek is found to have infringed claim 29 of the '107 Patent, whether Cytek has willfully infringed claim 29 of the '107 Patent under 35 U.S.C. § 284.

18

## B.    Damages to Beckman Coulter

73.    The amount of compensatory damages Beckman Coulter is entitled to for Cytek's infringement of the '582 Patent, '443 Patent, and/or '107 Patent. Beckman Coulter intends to prove that the compensatory damages owed by Cytek include both lost profits and, where lost profit damages are not available, a reasonable royalty.

74.    For lost profits, whether, during the damages period: (1) there was a demand for the patented products; (2) there were no acceptable non-infringing alternatives; (3) Beckman Coulter had the manufacturing and marketing capacity to make the infringing sales Cytek made; and (4) Beckman Coulter would have made a quantifiable amount of lost profits if Cytek had not infringed.

75.    For any infringement of the Asserted Patents for which Beckman Coulter is not entitled to lost profits, the amount of reasonable royalty damages Beckman Coulter is entitled to for Cytek's infringement.

76.    Whether Beckman Coulter is entitled to an award of pre-judgment and post-judgment interest, and the amount of such interest.

## C.    Injunctive Relief to Beckman Coulter

77.    Whether Beckman Coulter is entitled to injunctive relief that permanently enjoins Cytek, together with its directors, officers, agents, servants, employees, attorneys, parents, subsidiaries, divisions, affiliates, other related

19

business entities, and/or all persons in active concert or privity with them, and their successors and assigns, from further infringement of the Asserted Patents.

**D.      Enhanced Damages, Attorneys Fees, and Costs**

78.      Whether Beckman Coulter is entitled to enhanced damages pursuant to 35 U.S.C. § 284.

79.      Whether this is an exceptional case pursuant to 35 U.S.C. § 285.

80.      Whether Beckman Coulter is entitled to attorney fees, expenses, and/or costs, and the amount.

81.      Whether Beckman Coulter is entitled to any further relief that the Court deems just and proper.

**E.      Priority**

82.      The Asserted Claims are entitled to an effective filing date of either: (1) October 19, 2012 based on provisional patent application numbers 61/653,245, 61/653,328, 61/715,819, and 61/715,836; (2) April 29, 2013 based on provisional patent application numbers 61/653,328, 61/715,819, 61/715,836, 61/653,245, and 61/816,819; (4) May 30, 2013 based on provisional patent application numbers 61/653,328, 61/715,819, 61/715,836, 61/653,245, and 61/816,819 and PCT application no. PCT/US2013/043453; (5) December 4, 2013 based on provisional patent application numbers 61/653,328, 61/715,819, 61/715,836, 61/653,245, 61/816,819, and 61/911,859 and PCT application no. PCT/US2013/043453.

20

## II.    ISSUES ON WHICH CYTEK BEARS THE BURDEN OF PROOF

### A.    Invalidity

83.    Whether Cytek has overcome, by clear and convincing evidence, the presumption that each of the Asserted Claims of the Asserted Patents is valid.

84.    The scope and content of the asserted prior art and difference between the claimed inventions of the Asserted Patents and the Asserted Prior Art.

85.    Whether Cytek can prove, by clear and convincing evidence, that each asserted prior art reference or product qualifies under 35 U.S.C. § 102 as prior art to the patent against which it is asserted.

86.    Whether Cytek can prove, by clear and convincing evidence, that claims 6, 10, 11, and/or 15 of the '443 patent are invalid under 35 U.S.C. § 102 as anticipated by Cytek's asserted prior art product as set forth in Cytek's pretrial disclosures.

87.    Whether Cytek can prove, by clear and convincing evidence, that the Asserted Claims of the '582, '443, and/or '107 patents are invalid under 35 U.S.C. § 103 as obvious in view of Cytek's asserted prior art combinations as set forth in Cytek's pretrial disclosures.

88.    Whether Cytek can prove, by clear and convincing evidence, that a person of ordinary skill in the art at the time of the inventions of the Asserted Patents, without the benefit of hindsight, would have had any reason to modify or

21

combine the alleged prior art asserted by Cytek to arrive at the inventions of the Asserted Patents.

89.     Whether Cytek can prove, by clear and convincing evidence, that a person of ordinary skill in the art at the time of the inventions, without the benefit of hindsight, would have had a reasonable expectation of success in modifying or combining the alleged prior art asserted by Cytek to arrive at the inventions of the Asserted Patents.

90.     Whether objective indicia of non-obviousness of the '582, '443, or '107 patents tend to show that any of the Asserted Claims is non-obvious, and whether Cytek can rebut the objective indicia of non-obviousness.

91.     Whether Cytek can prove, by clear and convincing evidence, that any of the Asserted Claims of the '582, '443, or '107 patents is invalid for lack of adequate written description under 35 U.S.C. § 112.

92.     Whether Cytek can prove, by clear and convincing evidence, that any of the Asserted Claims of the '582, '443, or '107 patents is invalid for lack of enablement under 35 U.S.C. § 112.

93.     Whether Cytek can prove, by clear and convincing evidence, that any of the Asserted Claims of the '582, '443, or '107 patents is invalid for indefiniteness under 35 U.S.C. § 112.

**B.     Non-infringement under the Reverse Doctrine of Equivalents**

94.    If Cytek meets the limitations of one or more of the Asserted Claims of the '443 and '107 patents, whether it has raised a *prima facie* case that it does not infringe under the reverse doctrine of equivalents.

95.    Whether Cytek has established a *prima facie* case of non-infringement under the reverse doctrine of equivalents by establishing the equitable scope of the claims of the patented invention in light of the specification, prosecution history, and prior art.

96.    If Cytek has established a *prima facie* case under the reverse doctrine of equivalents, whether Beckman Coulter rebuts Cytek's case.

### C.    Attorney's Fees and Costs

97.    If a jury finds that  Cytek does not infringe one or more valid claims of the Asserted Patents, whether Cytek has shown that this is an exceptional case pursuant to 35 U.S.C. § 285.

98.    If a jury finds that  Cytek does not infringe one or more valid claims of the Asserted Patents, whether Cytek entitled to attorneys' fees, expenses, and/or costs, and the amount.

23