**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BECKMAN COULTER, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>CYTEK BIOSCIENCES, INC.,<br><br>    Defendant. | C.A. No. 24-cv-945 (CFC) (EGT)<br><br>██████████████ |

**EXHIBIT 3: CYTEK BIOSCIENCES, INC.'S STATEMENT OF ISSUES
OF FACT WHICH REMAIN TO BE LITIGATED**

1

## I.   INTRODUCTION

Pursuant to Delaware Local Rule 16.3(c)(4), Defendant Cytek Biosciences, Inc. ("Defendant" or "Cytek") respectfully submits the following statement of contested facts that remain to be litigated in the action brought by Plaintiff Beckman Coulter, Inc. ("Plaintiff" or "Beckman Coulter") for alleged infringement of claims 1, 3, 6, 23 and 26 of U.S. Patent No. 10,33,582 (the "'582 Patent"); claims 4, 6, 10, 11, and 15 of U.S. Patent No. 11,703,443 (the "'443 Patent"); and claims 5, 16, 18, 26, 27, and 29 of U.S. Patent No. 12,174,107 (the "'107 Patent") (collectively, the "Asserted Claims" of the "Asserted Patents").

This statement of contested facts is based on the parties' pleadings, documentary and testimony evidence, and on Cytek's current understanding of the parties' claims and defenses and the Court's rulings to date. Cytek reserves the right to revise, amend, supplement, or modify its statement of contested facts based upon any pretrial rulings by the Court and/or to address any additional issues, arguments, evidence, or other developments in the case, including edits to the draft pretrial order, any meet and confers or other negotiations between the parties, pending and anticipated motions, and similar developments. Cytek further reserves the right to supplement this statement to rebut or otherwise address the contested facts identified by Beckman Coulter.

1

Should the Court determine that any issue identified in this statement is more properly considered an issue of law, it shall be so considered and Cytek incorporates it by reference into its statement of issues of law that remain to be litigated, which is submitted as Exhibit 5 hereto. Cytek contends that the issues of fact (or mixed questions of fact and law) that remain to be litigated at trial and decided by the jury are as follows.

## II.    CONTESTED ISSUES OF FACT ON ISSUES WHERE BECKMAN COULTER, INC. BEARS THE ULTIMATE BURDEN OF PROOF

### A.    Infringement

#### 1.    Infringement of U.S. 10,330,582 (the "'582 Patent")

1.    Whether Beckman Coulter has failed to meet its burden by a preponderance of the evidence of showing that Cytek has infringed and continues to infringe claims 1, 3, 6, 23, and/or 26 of the '582 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, or importing the Accused Products within the United States.

2.    Whether Beckman Coulter has failed to meet its burden by a preponderance of the evidence of showing that Cytek has indirectly infringed and continues to indirectly infringe claims 1, 3, 6, 23, and/or 26 of the '582 Patent under § 271(b) by actively inducing, with knowledge of the '582 Patent, acts by others that constitute infringement, either literally or under the doctrine of equivalents, of claims 1, 3, 6, 23, and/or 26 of the '582 Patent.

2

3.      If Cytek is found to have infringed claims 1, 3, 6, 23, and/or 26 of the '582 Patent, whether Beckman Coulter has failed to meet its burden by a preponderance of the evidence of showing that Cytek has willfully infringed claims 1, 3, 6, 23, and/or 26, respectively, of the '582 Patent under 35 U.S.C. § 284.

**2.      Infringement of U.S. 11,703,443 (the "'443 Patent")**

4.      Whether Beckman Coulter has failed to meet its burden by a preponderance of the evidence of showing that Cytek has infringed and continues to infringe claims 4, 6, 10, 11, and/or 15 of the '443 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, or importing the Accused Products within the United States.

5.      Whether Beckman Coulter has failed to meet its burden by a preponderance of the evidence of showing that Cytek has indirectly infringed and continues to indirectly infringe claims 4, 6, 10, 11, and/or 15 of the '443 Patent under § 271(b) by actively inducing, with knowledge of the '443 Patent, acts by others that constitute infringement, either literally or under the doctrine of equivalents, of claims 4, 6, 10, 11, and/or 15 of the '443 Patent.

6.      Whether Beckman Coulter has failed to meet its burden by a preponderance of the evidence of showing that Cytek has contributed and continues to contribute, under § 271(c), to infringement by others of claims 11 and/or 15 of the '443 Patent, with knowledge of the '443 Patent, by supplying Accused Products,

3

including upgrades and APD modules, that are combined into infringing flow cytometers and used by customers.

7.    Whether Beckman Coulter has failed to meet its burden by a preponderance of the evidence of showing that Cytek has infringed and continues to infringe claims 11 and/or 15 of the '443 Patent under § 271(f)(1) by supplying or causing to be supplied in or from the United States all or a substantial portion of the components of the patented invention, where such components are uncombined in whole or part, in such a manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such a combination occurred within the United States.

8.    Whether Beckman Coulter has failed to meet its burden by a preponderance of the evidence of showing that Cytek has infringed and continues to infringe claims 11 and/or 15 of the '443 Patent under § 271(f)(2) by supplying or causing to be supplied in or from the United States a component of the patented invention that is especially made or especially adapted for use in the invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, where such component is uncombined in whole or in part, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe the patent if such combination occurred within the United States.

4

9.     If Beckman Coulter establishes infringement of claims 4, 6, 10, 11, and/or 15 of the '443 Patent, whether Cytek has raised a *prima facie* case that Cytek does not infringe 4, 6, 10, 11, and/or 15, respectively, of the '443 Patent under the reverse doctrine of equivalents, and whether Beckman Coulter has rebutted that *prima facie* case.

10.     If Cytek is found to have infringed claims 4, 6, 10, 11, and/or 15 of the '443 Patent, whether Beckman Coulter has failed to meet its burden by a preponderance of the evidence of showing that Cytek has willfully infringed claims 4, 6, 10, 11, and/or 15 , respectively, of the '443 Patent under 35 U.S.C. § 284.

### 3.     Infringement of U.S. 12,174,107 (the "'107 Patent")

11.     Whether Beckman Coulter has failed to meet its burden by a preponderance of the evidence of showing that Cytek has infringed and continues to infringe claims 5, 16, 18, 26, 27, and/or 29 of the '107 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, or importing the Accused Products within the United States.

12.     Whether Beckman Coulter has failed to meet its burden by a preponderance of the evidence of showing that Cytek has indirectly infringed and continues to indirectly infringe claims 5, 16, 18, 26, 27, and/or 29 of the '107 Patent under § 271(b) by actively inducing, with knowledge of the '107 Patent, acts by others that constitute infringement, literally or under the doctrine of equivalents, of

claims 5, 16, 18, 26, 27, and/or 29 of the '107 Patent.

13.    Whether Beckman Coulter has failed to meet its burden by a preponderance of the evidence of showing that Cytek has contributed and continues to contribute, under § 271(c), to infringement by others of claims 5, 16, 18, 26, 27, and/or 29 of the '107 Patent, with knowledge of the '107 Patent, by supplying Accused Products, including upgrades and APD modules, that are combined into infringing flow cytometers and used by customers.

14.    Whether Beckman Coulter has failed to meet its burden by a preponderance of the evidence of showing that Cytek has infringed and continues to infringe claims 5, 16, 18, 26, 27, and/or 29 of the '107 Patent under § 271(f)(1) by supplying or causing to be supplied in or from the United States all or a substantial portion of the components of the patented invention, where such components are uncombined in whole or part, in such a manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such a combination occurred within the United States.

15.    Whether Beckman Coulter has failed to meet its burden by a preponderance of the evidence of showing that Cytek has infringed and continues to infringe claims 5, 16, 18, 26, 27, and/or 29 of the '107 Patent under § 271(f)(2) by supplying or causing to be supplied in or from the United States a component of the patented invention that is especially made or especially adapted for use in the

6

invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, where such component is uncombined in whole or in part, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe the patent if such combination occurred within the United States.

16. If Beckman Coulter establishes infringement of claims 5, 16, 18, 26, 27, and/or 29 of the '107 Patent, whether Cytek has raised a *prima facie* case that Cytek does not infringe 5, 16, 18, 26, 27, and/or 29, respectively, of the '107 Patent under the reverse doctrine of equivalents, and whether Beckman Coulter has rebutted that *prima facie* case.

17. If Cytek is found to have infringed claims 5, 16, 18, 26, 27, and/or 29 of the '107 Patent, whether Beckman Coulter has failed to meet its burden by a preponderance of the evidence of showing that Cytek has willfully infringed claims 5, 16, 18, 26, 27, and/or 29, respectively, of the '107 Patent under 35 U.S.C. § 284.

## B. Damages to Beckman Coulter

18. Whether Beckman Coulter has failed to meet its burden by a preponderance of the evidence of showing Beckman Coulter is entitled to compensatory damages and the amount, if any, for Cytek's purported infringement of the '582 Patent, '443 Patent, and/or '107 Patent.

19. Whether Beckman Coulter has failed to meet its burden by a

7

preponderance of the evidence of showing Beckman Coulter is entitled to lost profits and the amount, and more specifically, whether, during the damages period: (1) there was a demand for the patented products; (2) there were no acceptable non-infringing alternatives; (3) Beckman Coulter had the manufacturing and marketing capacity to make the infringing sales Cytek made; and (4) Beckman Coulter would have made a quantifiable amount of lost profits if Cytek had not infringed.

20.    For any purported infringement of the Asserted Patents for which Beckman Coulter is not entitled to lost profits, whether Beckman Coulter has failed to meet its burden by a preponderance of the evidence of showing whether Beckman Coulter is entitled to reasonable royalty damages and the amount as a result of Cytek's purported infringement, if any.

21.    Whether Beckman Coulter has failed to meet its burden by a preponderance of the evidence of showing Beckman Coulter is entitled to an award of pre-judgment and post-judgment interest, and the amount of such interest.

### C.    Injunctive Relief to Beckman Coulter

22.    Whether Beckman Coulter has failed to meet its burden of proof to satisfy the four-factor test (i.e., (1) that Beckman Coulter has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and

8

(4) that the public interest would not be disserved by a permanent injunction) that is a prerequisite for the Court to decide whether or not, in its discretion, to grant a permanent injunction that enjoins Cytek, together with its directors, officers, agents, servants, employees, attorneys, parents, subsidiaries, divisions, affiliates, other related business entities, and/or all persons in active concert or privity with them, and their successors and assigns, from further infringement of the Asserted Patents.

### D. Enhanced Damages, Attorneys Fees, and Costs

23. Whether Beckman Coulter is entitled to enhanced damages pursuant to 35 U.S.C. § 284.

24. Whether this is an exceptional case pursuant to 35 U.S.C. § 285.

25. Whether Beckman Coulter is entitled to attorney fees, expenses, and/or costs, and the amount.

26. Whether Beckman Coulter is entitled to any further relief that the Court deems just and proper.

### III. CONTESTED ISSUES OF FACT ON ISSUES WHERE CYTEK BIOSCIENCES, INC. BEARS THE ULTIMATE BURDEN OF PROOF

### A. Invalidity of the '443 Patent Based on Anticipation

27. Whether Cytek has shown by clear and convincing evidence that claims 6, 11, and/or 15 of the '443 Patent are invalid as anticipated by the prior art.

9

**B.     Invalidity Based on Obviousness**

**1.     Invalidity of the '582 Patent Based on Obviousness**

28.     Whether Cytek has shown by clear and convincing evidence that claims 1, 3, 6, 23, and/or 26 of the '582 Patent are invalid as obvious over the prior art.

**2.     Invalidity of the '443 Patent Based on Obviousness**

29.     Whether Cytek has shown by clear and convincing evidence that claims 4, 6, 10, 11, and/or 15 of the '443 Patent are invalid as obvious over the prior art.

**3.     Invalidity of the '107 Patent Based on Obviousness**

30.     Whether Cytek has shown by clear and convincing evidence that claims 5, 16, 18, 26, 27, and/or 29 of the '107 Patent are invalid as obvious over the prior art.

**C.     Invalidity for Lack of Written Description**

**1.     Invalidity of the '582 Patent for Lack of Written Description**

31.     Whether Cytek has shown by clear and convincing evidence that claims 1, 3, 6, 23, and/or 26 of the '582 Patent are invalid for failure to comply with the written description requirement under 35 U.S.C. § 112.

**2.     Invalidity of the '443 Patent for Lack of Written Description**

32.     Whether Cytek has shown by clear and convincing evidence that claims 4, 6, 10, 11, and/or 15 of the '443 Patent are invalid for failure to comply with the written description requirement under 35 U.S.C. § 112.

### 3.      Invalidity of the '107 Patent for Lack of Written Description

33.      Whether Cytek has shown by clear and convincing evidence that claims 5, 16, 18, 26, 27, and/or 29 of the '107 Patent are invalid for failure to comply with the written description requirement under 35 U.S.C. § 112.

## D.      Invalidity for Lack of Enablement

### 1.      Invalidity of the '582 Patent for Lack of Enablement

34.      Whether Cytek has shown by clear and convincing evidence that claims 1, 3, 6, 23, and/or 26 of the '582 Patent are invalid for failure to comply with the enablement requirement under 35 U.S.C. § 112.

### 2.      Invalidity of the '443 Patent for Lack of Enablement

35.      Whether Cytek has shown by clear and convincing evidence that claims 4, 6, 10, 11, and/or 15 of the '443 Patent are invalid for failure to comply with the enablement requirement under 35 U.S.C. § 112.

### 3.      Invalidity of the '107 Patent for Lack of Enablement

36.      Whether Cytek has shown by clear and convincing evidence that claims 5, 16, 18, 26, 27, and/or 29 of the '107 Patent are invalid for failure to comply with the enablement requirement under 35 U.S.C. § 112.

## E.      Invalidity for Indefiniteness

### 1.      Invalidity of the '582 Patent for Indefiniteness

37.      Whether Cytek has shown by clear and convincing evidence that claims 1, 3, 6, 23, and/or 26 of the '582 Patent are invalid for failure to comply with the

11

definiteness requirement under 35 U.S.C. § 112.

### 2. Invalidity of the '443 Patent for Indefiniteness

38. Whether Cytek has shown by clear and convincing evidence that claim 10 of the '443 Patent is invalid for failure to comply with the definiteness requirement under 35 U.S.C. § 112.

### 3. Invalidity of the '107 Patent for Indefiniteness

39. Whether Cytek has shown by clear and convincing evidence that claims 5 and 29 of the '107 Patent are invalid for failure to comply with the definiteness requirement under 35 U.S.C. § 112.

### F. Attorneys' Fees and Costs

40. Whether this is an exceptional case pursuant to 35 U.S.C. § 285.

41. Whether Cytek is entitled to attorneys' fees, expenses, and/or costs, and the amount.