IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BECKMAN COULTER, INC., <br><br> Plaintiff, <br><br> v. <br><br> CYTEK BIOSCIENCES, INC., <br><br> Defendant. | C.A. No. 24-cv-945 (CFC) (EGT) <br><br> ███████████████ |

**EXHIBIT 10**

**<u>CYTEK BIOSCIENCES, INC.'S WITNESS LIST BY PHASE OF TRIAL</u>**

1

Pursuant to Local Rule 16.3(c)(7), Defendant Cytek Biosciences, Inc. ("Defendant" or "Cytek"), by its attorneys, hereby submits the following list of witnesses whom it may call live or by deposition at trial for each phase of the trial. Cytek reserves the right to modify this list in accordance with Fed. R. Civ. P. 26(a)(3), D. Del. LR 16.3, or in view of other events or changed circumstances that may occur before or during trial. Cytek expressly reserves the right to call live or by deposition any witness on its witness list or any witness on Plaintiff's witness lists. This list is not a commitment that Cytek will call any particular witness at trial, or a representation that any witness listed is available or will appear for trial. If any Cytek witness, Plaintiff's witness, or third party witness is unavailable or refuses to testify live, Cytek reserves the right to introduce testimony through deposition. With respect to Plaintiffs' witnesses, Cytek reserves the right to introduce testimony through deposition or live examination, as appropriate. Additionally, Cytek reserves the right to call any witness, whether listed below or not, to establish authenticity and/or admissibility of any trial exhibit whose authenticity or admissibility is challenged by Plaintiff. Cytek reserves the right to call in its case-in-chief any witness identified by Plaintiff and to call by deposition any witness identified by Plaintiff who does not testify at trial or who is unavailable. Cytek reserves the right to call any witness on Plaintiff's list either in its case-in-chief, or as a rebuttal witness, or both. Cytek also reserves the right to object to the deposition or trial

1

testimony of any individual identified in its disclosures.

## I.    CYTEK'S PHASE I WILL CALL FACT WITNESSES

- Ray Lannigan (live)

- Wenbin Jiang (live)

## II.    CYTEK'S PHASE I MAY CALL FACT WITNESSES

- Yong Qin Chen (live or by deposition)

- Bing Shan (live)

- Qing Shao (live)

- Melik Ulusu (live)

- Ming Yan (live)

- Jay Hsieh (live or by deposition)

- Lisa Nichols (by deposition)

- Fiona Brannen (live or by deposition)

- Patty Del Castillo (live or by deposition)

- Matthew Goff (live or by deposition)

- Evgenia Kim (live or by deposition)

- Mario Koksch (live or by deposition)

- Pietro Lopriore (live or by deposition)

- Leo Shi (live or by deposition)

- Greg Milosevich (live or by deposition)

- Barry Walters (by FRE 902(11) declaration)

- Irene Adams (by FRE 902(11) declaration)

### III.  CYTEK'S PHASE I WILL CALL EXPERT WITNESSES

- Fedor Ilkov, Ph.D. (live)

### IV.  CYTEK'S PHASE I MAY CALL EXPERT WITNESSES

- James Leary, Ph.D. (live)

- Junichiro Kono, Ph.D. (live)

- Bernhard Weigl, Ph.D. (live)

- Jessica Houston, Ph.D. (if called live by Beckman)

- Michele Riley (if called live by Beckman)

- David Schaafsma, PhD. (if called live by Beckman)

- Michael Arnold, Ph.D. (if called live by Beckman)

- J. Paul Robinson, Ph.D. (if called live by Beckman)

### V.  CYTEK'S PHASE II WILL CALL FACT WITNESSES

- Wenbin Jiang (live)

### VI.  CYTEK'S PHASE II MAY CALL FACT WITNESSES

- Yong Qin Chen (live or by deposition)

- Laurent Ginestet-Araki (live)

- Al Hernandez (live)

- David Kennedy (live)

- Melik Ulusu (live)

- Ming Yan (live)

- Jay Hsieh (live or by deposition)

- Fiona Brannen (live or by deposition)

- Patty Del Castillo (live or by deposition)

- Matthew Goff (live or by deposition)

- Evgenia Kim (live or by deposition)

- Mario Koksch (live or by deposition)

- Pietro Lopriore (live or by deposition)

- Leo Shi (live or by deposition)

- Greg Milosevich (live or by deposition)

VII. **CYTEK'S PHASE II WILL CALL EXPERT WITNESSES**

- John Hansen (live)

VIII. **CYTEK'S PHASE II MAY CALL EXPERT WITNESSES**

- Jessica Houston, Ph.D. (if called live by Beckman)

- Michele Riley (if called live by Beckman)

- David Schaafsma, PhD. (if called live by Beckman)

- Michael Arnold, Ph.D. (if called live by Beckman)

- J. Paul Robinson, Ph.D. (if called live by Beckman)

- Fedor Ilkov, Ph.D. (live)

- James Leary, Ph.D. (live)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

BECKMAN COULTER, INC.,

               Plaintiff,

        v.

CYTEK BIOSCIENCES, INC.,

               Defendant.

C.A. No. 24-0945-CFC

## PLAINTIFF BECKMAN COULTER, INC.'S OBJECTIONS TO EXHIBIT 10: CYTEK BIOSCIENCES, INC.'S WITNESS LIST

Pursuant to Local Rule 16.3 and the Court's scheduling order, Plaintiff Beckman Coulter, Inc. ("Beckman Coulter") objects to Defendant Cytek Biosciences, Inc.'s ("Cytek") Witness List served on July 2, 2026.

1. **<u>Presenting Deposition Testimony from Available Witnesses</u>**. Beckman Coulter objects to Cytek introducing deposition testimony of any witness who is available to testify live at trial, including witnesses who will be or should be presented live during Cytek's case.  *See* Fed. R. Civ. P. 32.

2. **<u>Testimony Outside the Scope of Disclosures</u>**.  Beckman Coulter objects to each of Cytek's trial witnesses to the extent that they intend to offer testimony beyond the scope of the subject(s) disclosed in Cytek's Rule 26(a) Disclosures.  Cytek should be confined to the scope of the Disclosures.  *See, e.g.*, Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial unless the failure was substantially justified or is harmless.").

3. **<u>Improper Testimony on Irrelevant Subjects</u>**.  Beckman Coulter objects to each of Cytek's trial witnesses to the extent that Cytek intends to use those witnesses to introduce testimony on any subject matter that is not relevant to any claims or defenses in this case, or will be rendered irrelevant by the Court's summary

1

judgment, *Daubert*, motion *in limine*, or other pretrial rulings. *See* Fed. R. Civ. P. 32; Fed. R. Evid. 401-403.

4. **<u>Testimony Excluded by or Inconsistent with Court Orders</u>**. Beckman Coulter objects to each of Cytek's trial witnesses to the extent that the subject matter of their testimony will be precluded by any of the Court's *Daubert* rulings, or later-issued rulings on motions *in limine* or other evidentiary rulings. In particular, Beckman Coulter objects to (i) any testimony from Junichiro Kono that is inconsistent with the Court's order on Cytek's *Daubert* Motion 2, *see* Dkt. 366, and (ii) any attempt by Cytek to call Greg Milosevich or any other witness to testify on any issues subject to Beckman Coulter's Motion *in Limine* No. 2 to Preclude Evidence, Testimony, or Argument Regarding Non-Party Danaher Corporation, Speculation Regarding Danaher's Purported Mental State to Argue Non-Infringement, and Danaher's Non-Comparable Valuation of Cytek to Suppress Damages.

5. **<u>Needless Duplicative Testimony</u>**. Beckman Coulter objects to each of Cytek's trial witnesses to the extent that they are providing testimony cumulative of other witnesses who will already be testifying at trial.

6. **<u>Undisclosed and Undeposed Witnesses</u>**. Beckman Coulter objects to any witness testifying at trial for whom Beckman Coulter has not been given proper notice through Cytek's disclosures or had the opportunity to depose in this matter in

2

advance of trial, including with respect to the particular subject matter of a witnesses trial testimony. *See, e.g.*, Fed. R. Civ. P. 37(c)(1).

7.      **Calling Beckman Coulter's Experts Adversely**.  Beckman Coulter objects to any attempt by Cytek to call in their case any of Beckman Coulter's expert witnesses adversely.

8.      **Testimony Not Disclosed in Fact Discovery**.  Beckman Coulter objects to any attempt by Cytek to offer testimony that was not disclosed during fact discovery.  In particular, Beckman Coulter objects by any attempt by Cytek to offer testimony on issues that were the subject of interrogatory responses and contentions, including the testimony of Lisa Nichols, Barry Walters, and Irene Adams, none of which was disclosed in Cytek's Invalidity Contentions.

9.      **Untimely FRE 902(11) Declarations**.  Beckman Coulter objects to testimony by FRE 902(11) declarations from Barry Walter and Irene Adams as untimely.  Cytek served Mr. Walter's declaration on October 8, 2025, mere days before the close of fact discovery on October 25, 2025.  *See* D.I. 178.  Beckman Coulter requested information and documents from Mr. Walter, which Cytek refused to provide, and given the timing of service of his declaration, Beckman Coulter was precluded from serving a subpoena to obtain the necessary discovery relating to his declaration, rendering it untimely.  Cytek served Ms. Adams' declaration on December 15, 2025, well after the close of fact discovery on

3

October 25, 2025.  *See* D.I. 178.  Beckman Coulter was thus precluded from taking discovery on the subject matter of Ms. Adams' declaration, and her declaration is thus untimely.  Cytek should thus be precluded from offering the declaration of each witness.  To the extent Cytek is permitted to offer these declarations, it should be required to make each witness available for deposition in advance of trial.

10.    **Improper Reservation of Rights**.  Beckman Coulter objects to Cytek's attempt to "reserve[] the right to call any witness, whether listed below or not, to establish authenticity and/or admissibility of any trial exhibit whose authenticity or admissibility is challenged by Plaintiff."  Cytek should not be permitted to call any witness not identified on its witness list.

11.    **Duplicate Testimony**.  Beckman Coulter objects to any attempt by Cytek to call any fact witness, live or by deposition, more than once.  To the extent a fact witness is called during Beckman Coulter's case-in-chief, Cytek should not be permitted to recall that witness, live or by deposition, during its case, as each fact witness should testify only once per phase of trial.

12.    **Failure to Give Notice**.  Beckman Coulter objects to Cytek's witness list to the extent it fails to give meaningful notice of the witness Cytek intends to call at trial.

Beckman Coulter reserves the right to assert additional objections, including witness-specific objections, and incorporates by reference its objections, both general and specific, to Cytek's affirmative deposition designations.

Beckman Coulter reserves the right to call any witness identified in its June 17, 2026 Trial Witness List to rebut any witness called by Cytek.