# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BECKMAN COULTER, INC., <br><br> Plaintiff, <br><br> v. <br><br> CYTEK BIOSCIENCES, INC., <br><br> Defendant. | C.A. No. 24-945-CFC <br><br> ███████████ |

## EXHIBIT 13

## <u>BECKMAN COULTER'S STATEMENT OF INTENDED PROOFS</u>

Pursuant to Delaware Local Rule 16.3(c)(9), Plaintiff Beckman Coulter, Inc. ("Beckman Coulter") identifies the following issues that Beckman Coulter intends to prove at trial.  This statement is based on the arguments Beckman Coulter intends to make, as well as its understanding of the arguments that defendant Cytek Biosciences, Inc. ("Cytek") may seek to present at trial.

These proofs may encompass disputed issues of fact and law identified in Exhibits 2 and 4, which are incorporated by reference herein.  Beckman Coulter further incorporates by reference its expert reports in support of any proof to be presented by expert testimony, as well as its discovery responses, deposition testimony, and pleadings.  Beckman Coulter reserves the right to amend and supplement these statements in response to Cytek's pretrial submissions, any subsequent discovery, and any pretrial order by the Court.  The following statements are not intended to be exhaustive, and Beckman Coulter reserves the right to prove any matters identified in its pleadings, infringement contentions, interrogatory responses, or expert reports.  To the extent that Beckman Coulter asserts that Cytek has failed to meet its burden of proof on any issue for which it bears the burden, such statement does not constitute an admission that Beckman Coulter has any obligation to prove or disprove any element or any part of any such claim or defense.  Beckman Coulter does not assume the burden of proof or production as to any matter set forth unless required to do so by law.

# TABLE OF CONTENTS

I.    **INFRINGEMENT** .................................................................................................... 1

II.    **WILLFULNESS** ..................................................................................................... 1

III.    **CLAIMED INVENTIONS** ..................................................................................... 1

IV.    **REMEDIES** ............................................................................................................ 2

V.    **PRIORITY** ............................................................................................................. 3

VI.    **INVALIDITY** ........................................................................................................ 4

VII.    **AFFIRMATIVE DEFENSES** ............................................................................... 4

VIII.    **RELIEF REQUESTED BY CYTEK** ..................................................................... 5

**ISSUES ON WHICH BECKMAN COULTER BEARS THE BURDEN**

## I.      INFRINGEMENT

1.      Beckman Coulter intends to prove, by a preponderance of the evidence, that Cytek infringes claims 1, 3, 6, 23, and 26 of the '582 Patent, directly, indirectly under 35 U.S.C. § 271(b), literally, and under the doctrine of equivalents.

2.      Beckman Coulter intends to prove, by a preponderance of the evidence, that Cytek infringes claims 4, 6, 10, 11, 15 of the '443 Patent, directly, indirectly under 271(b), literally, and under the doctrine of equivalents.

3.      Beckman Coulter intends to prove, by a preponderance of the evidence, that Cytek infringes claims 11 and 15 of the '443 Patent contributorily under 35 U.S.C. § 271(c) and indirectly under 35 U.S.C. §§ 271(f)(1) and 271(f)(2).

4.      Beckman Coulter intends to prove, by a preponderance of the evidence, that Cytek infringes claims 5, 16, 18, 26, 27, and 29 of the '107 Patent, directly under § 271(a), and indirectly under 35 U.S.C. §§ 271(b), 271(c), 271(f)(1), and 271(f)(2), literally, and under the doctrine of equivalents.

## II.      WILLFULNESS

5.      Beckman Coulter intends to prove that Cytek's infringement of one or more of the Asserted Claims of the Asserted Patents has been willful.

## III.      CLAIMED INVENTIONS

6.      Beckman Coulter intends to present evidence of the nature of the inventions of the Asserted Patents.

7.    Beckman Coulter intends to prove, by a preponderance of the evidence, the following invention dates for the Asserted Claims of the '582 Patent, '443 Patent, and '107 Patent.

| Claims | Conception Date | Reduction to Practice Date |
|---|---|---|
| Asserted Claims of the '582 Patent | No later than April 2012, including about April 18, 2012 | Actually reduced to practice no later than September 20, 2012, and constructively reduced to practice no later than October 19, 2012 |
| Asserted Claims of the '443 Patent | No later than April 2012, including about April 18, 2012 | Actually reduced to practice no later than September 20, 2012, and constructively reduced to practice no later than October 19, 2012 |
| Asserted Claims of the '107 Patent | No later than April 2012, including about April 18, 2012 | Actually reduced to practice no later than September 20, 2012, and constructively reduced to practice no later than October 19, 2012 |

## IV.   REMEDIES

8.    Beckman Coulter intends to prove, by a preponderance of the evidence, that it is entitled to lost profits damages for Cytek's infringement of one or more claims of the Asserted Patents and the amount of lost profits damages to which Beckman Coulter is entitled.

9.    Beckman Coulter intends to prove, by a preponderance of the evidence, that it is entitled to reasonable royalty damages for Cytek's infringement of one or

more claims of the Asserted Patents and the amount of reasonable royalty damages to which Beckman Coulter is entitled.

10. Beckman Coulter intends to prove, by a preponderance of the evidence, it is entitled to attorneys' fees and/or costs.

11. Beckman Coulter intends to prove, by a preponderance of the evidence, it is entitled to an award of pre-judgement and post-judgement interest and, if so, what amount of interest Beckman Coulter is entitled to.

12. Beckman Coulter intends to prove, by a preponderance of the evidence, it is entitled to enhanced damages under 35 U.S.C. § 284.

13. Beckman Coulter intends to prove, by a preponderance of the evidence, this case is exceptional under 35 U.S.C. § 285.

14. Beckman Coulter intends to prove, by a preponderance of the evidence, it is entitled to a permanent injunction to enjoin Cytek, its officers, agents, employees, attorneys, parents, subsidiaries, divisions, affiliates, other related business entities, and all other persons in active concert or privity with them, and the successors and assigns of each, from infringement from one or more Asserted Claims of the Asserted Patents.

## V.    PRIORITY

15. Beckman Coulter intends to prove that the Asserted Claims are entitled to an effective filing date of either: (1) October 19, 2012 based on provisional patent

3

application numbers 61/653,245, 61/653,328, 61/715,819, and 61/715,836; (2) April 29, 2013 based on provisional patent application numbers 61/653,328, 61/715,819, 61/715,836, 61/653,245, and 61/816,819; (4) May 30, 2013 based on provisional patent application numbers 61/653,328, 61/715,819, 61/715,836, 61/653,245, and 61/816,819 and PCT application no. PCT/US2013/043453; (5) December 4, 2013 based on provisional patent application numbers 61/653,328, 61/715,819, 61/715,836, 61/653,245, 61/816,819, and 61/911,859 and PCT application no. PCT/US2013/043453.

## VI.   INVALIDITY

16.    Cytek has the burden of proving invalidity by clear and convincing evidence and cannot shift that burden to Beckman Coulter.  Beckman Coulter intends to rebut Cytek's allegations that there is clear and convincing evidence that one or more of the Asserted Claims of the Asserted Patents were anticipated by or obvious from the prior art under 35 U.S.C. §§ 102, 103.  Beckman Coulter likewise intends to rebut Cytek's allegations that one or more of the Asserted Claims of the Asserted Patents are invalid under 35 U.S.C. § 112.

## VII.   AFFIRMATIVE DEFENSES

17.    Beckman Coulter intends to rebut each of Cytek's affirmative defenses, including without limitation that one or more of Beckman Coulter's claims for infringement and damages should be limited, dismissed, or denied.

4

## VIII.  RELIEF REQUESTED BY CYTEK

18.    Cytek has the burden of proving entitlement to remedies by a preponderance of evidence.  Assuming a jury finds Cytek does not infringe one or more valid claims of the Asserted Patents, Beckman Coulter intends to rebut Cytek's allegations that Cytek is entitled to attorney's fees.

19.    Cytek has the burden of proving that this case is exceptional under 35 U.S.C. § 285 if it alleges entitlement to attorney's fees.  Assuming a jury finds Cytek does not infringe one or more valid claims of the Asserted Patents, Beckman Coulter intends to rebut Cytek's allegations that this case is exceptional under 35 U.S.C. § 285.