# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

BECKMAN COULTER, INC.,

        Plaintiff,

        v.

CYTEK BIOSCIENCES, INC.,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

C.A.  No. 24-945-CFC

**DEMAND FOR JURY TRIAL**

## EXHIBIT 15

## BECKMAN COULTER'S PROPOSED AMENDMENTS TO THE PLEADINGS

Beckman Coulter, Inc. ("Beckman Coulter" or "Plaintiff"), by and through its attorneys, hereby alleges for its Complaint against Cytek Biosciences, Inc. ("Cytek") as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. § 271.

2. Plaintiff brings this action to seek relief for Cytek's infringement of Beckman Coulter's rights arising under the patent laws of the United States, including 35 U.S.C. §§ 1, *et. seq.*, from U.S. Patent No. 10,330,582 (the "'582 Patent"), U.S. Patent No. 11,703,443 (the "'443 Patent"), and 12,174,107 (the "'107 Patent") (collectively the "Asserted Patents").

## THE PARTIES

3. Beckman Coulter, Inc., is a corporation organized and existing under the laws of Delaware, with a principal place of business at 250 South Kraemer Boulevard, Brea, California 92821. Beckman Coulter, Inc. is the owner of all right, title, and interest in and to the Asserted Patents.

4. Upon information and belief, Cytek is a corporation organized and existing under the laws of Delaware, with its principal place of business at 47215 Lakeview Boulevard, Fremont, California 94538-6407.

## JURISDICTION AND VENUE

5.    Beckman Coulter brings this action for patent infringement by Cytek arising under the patent laws of the United States, including Title 35 of the United States Code.  Accordingly, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.    This Court has personal jurisdiction over Cytek because, *inter alia*, Cytek is and was incorporated in Delaware, and committed, aided, abetted, induced, contributed to, and/or participated in the commission of tortious acts of patent infringement that led to foreseeable harm and injury to Plaintiff in Delaware.  Further, Cytek has and had substantial contacts with the forum as a consequence of its incorporation in Delaware and, upon information and belief, conducting business in Delaware.

7.    Venue is proper in this District under 28 U.S.C. § 1400(b) because Cytek is and was a Delaware corporation that, upon information and belief, conducts and did conduct business in Delaware.  Delaware is also the most convenient forum, and litigating this action in Delaware is in the interests of justice, under 28 U.S.C. § 1404(a).

## FACTUAL ALLEGATIONS

### The Asserted Patents

8.    Beckman Coulter has been a pioneer in flow cytometry and cell sorter

technologies and services for more than 40 years. Over the decades, Beckman Coulter has continued to innovate and develop flow cytometry and cell sorter technology. Two of Beckman Coulter's key innovations in this regard are reflected in the Asserted Patents.

9. The '582 Patent, entitled "Flow Cytometer," was duly and legally issued on June 25, 2019 to inventor Yong Qin Chen. A true and correct copy of the '582 Patent is attached as **Exhibit 1**.

10. The '443 Patent, entitled "Flow Cytometer," was duly and legally issued on July 18, 2023 to inventor Yong Qin Chen. A true and correct copy of the '443 Patent is attached as **Exhibit 2**.

11. The '107 Patent, entitled "Flow Cytometer," was duly and legally issued on December 24, 2024, to inventor Yong Qin Chen. A true and correct copy of the '107 Patent is attached as **Exhibit 23**.

12. Beckman Coulter owns all rights, title, and interest in the Asserted Patents.

**Cytek's Infringing Products**

13. Cytek makes, uses, sells, supplies, offers for sale, and/or imports Infringing Products, including at least the Cytek Aurora™, Aurora CS™, Aurora Evo™, and Northern Lights™ (including Northern Lights™ Research, Northern Lights™ Clinical, and Northern Lights™ NL-CLC) flow cytometers, and

Cytek's APD Modules and laser upgrade kits.

14. The Infringing Products further include any products, components, or convoyed or derivative products that were imported, made, used, sold, and/or offered for sale by or on behalf of Cytek in connection with and/or as part of Cytek Aurora™, Aurora CS™, Aurora Evo™, and Northern Lights™ (including Northern Lights™ Research, Northern Lights™ Clinical, and Northern Lights™ NL-CLC) flow cytometers or Cytek Aurora CS cell sorters and any other of Defendant's products that embody like functionality.

15. By selling, manufacturing, using, offering for sale in the United States, and/or importing into the United States the Infringing Products, and/or by supplying infringing components from the United States for combination with Infringing Products, Cytek has infringed and continues to infringe the Asserted Patents and has benefited from doing so.An exemplary infringement chart, attached as **Exhibit 3,** details Cytek's infringement of the '582 Patent. An exemplary infringement chart, attached as **Exhibit 4,** details Cytek's infringement of the '443 Patent. An exemplary infringement chart, attached as **Exhibit 25**, details Cytek's infringement of the '107 Patent. **Exhibits 5-15 and 17-21**, cited in the exemplary infringement charts, include exemplary evidence of Cytek's infringement of the Asserted Patents. These descriptions are not intended to limit Beckman Coulter's right to amend, supplement, or modify these descriptions or any other analysis, description, or claim chart or

allege that other activities of Cytek infringed the identified claim or any other claims of this patent or other patents.

16.    On information and belief, Cytek knew of, should have known, and/or was willfully blind to the Asserted Patents, and Cytek's infringements of the Asserted Patents were knowing and willful or willfully blind.

17.    *First*, on information and belief, Cytek is a competitor with sophisticated processes that identified, monitored, investigated, and assessed Beckman Coulter's patent portfolio and Beckman Coulter's marked patents, including the Asserted Patents.  *See, e.g.*, U.S. Patent No. 10,739,245 (Cytek patent citing Beckman Coulter's U.S. Patent No. 7,440,101, entitled "System and method for multiple laser triggering."); U.S. Patent No. 8,660,332 (Cytek patent stating "Companies such as… Beckman Coulter Inc. (Fullerton, Calif.)…continue to advance [flow cytometry] technologies." *Id*. at 2:7-10.).

18.    Cytek has been long aware of the patent family containing the Asserted Patents and therefore knew, or should have known, about the existence of the Asserted Patents.  For example, ███████████████████████████████████ ███████████████████████████████████████████ █████████████████████████████████████ █████████████████████████████  The '412 Patent is in the same patent family as the Asserted Patents and is the parent of the '582 Patent.  ████████████████████

6

███████████████████████████████████████

███████████████████████████████████████

Further, Cytek's U.S. Patent No. 10,436,697 cites U.S. Publication No. 2015/0115174 (the "'174 Publication"), a publication of U.S. Application No. 14/555,102, which issued as U.S. Patent No. 9,746,412.  Cytek has known about the '174 Publication since at least May 7, 2019, when Cytek filed an Information Disclosure Statement with the U.S. Patent and Trademark Office identifying the '174 Publication.  Similarly, Cytek's U.S. Patent No. 11,333,597 cites the '412 Patent. On June 17, 2021, Cytek filed an Information Disclosure Statement with the U.S. Patent and Trademark Office identifying the '412 Patent.  The '412 Patent and the Asserted Patents share the same inventor and specification.  Further, the '107 Patent is in the same family as the '412, '443, and '582 Patents and therefore, upon information and belief, Cytek has known, should have known, and/or was willfully blind about the '107 Patent since issuance.

19.    *Second,* on information and belief, Cytek and Beckman Coulter are and were sophisticated parties and competitors.  On information and belief, it is common practice for companies in the flow cytometer markets—such as Cytek—to monitor, investigate, and assess competitor products and competitor patents for risk assessment purposes, including, on information and belief, patents marked on Beckman Coulter products such as Beckman Coulter's CytoFLEX products.  On

information and belief, Cytek identified, monitored, investigated, and assessed its competitors' patents, including the Asserted Patents. For example, Cytek publicly stated that it was aware of patents and applications owned by competitors that covered flow cytometers, cell sorters, and related devices, publicly acknowledged that third parties may have had patents on which Cytek's products infringed, and expected to be increasingly subject to third-party infringement claims.[1] Similarly, Cytek's counterclaim alleges that "Cytek … believe[d] that the CytoFLEX® products are covered by the ['582 and '443 Patents]" (D.I. 16, Counterclaim ¶ 34), further evidencing its awareness of the relevant patent family, including the Asserted Patents, and of their marking.[2] Further, the Infringing Products function in the same or substantially the same manner as the claimed invention. *See* **Exhibit 8** (illustrating "Proprietary high sensitivity Coarse Wavelength Division Multiplexing (CWDM) semiconductor detector arrays,"), **Exhibit 14** at 2 ("Light emitted from the sample is collected and passes through the optical filter-based coarse wavelength division multiplexing (CWDM) demultiplexer arrays on the Cytek Aurora and Northern Lights cytometers."), and Cytek's U.S. Patent No. 11,169,076 at FIGS. 1, 7. For example, Cytek's product literature and webpage for the Infringing Products feature optical ray diagrams that are substantially similar to the figures in the Asserted

---

[1] *See* Cytek, Inc. Form S1 (2021) at 123-24, *available at* https://investors.cytekbio.com/node/6586/html.
[2] Cytek has since dismissed this counterclaim. (D.I. 264).

Patents.  *See* Exhibit 8 (illustrating "Proprietary high sensitivity Coarse Wavelength Division Multiplexing (CWDM) semiconductor detector arrays,") and **Exhibit 14** (similar).

20.    Prior to this complaint and during the damages period under 35 U.S.C. § 286, the Asserted Patents were listed on Beckman Coulter's public virtual marking page[3]  in association with its CytoFLEX system, and Beckman Coulter properly affixed the words "patent" or "pat." next to the virtual marking web address on its CytoFLEX products in compliance with 35 U.S.C. § 287.  Finally, the Asserted Patents are known in the industry and have been cited by at least 20 patents. Therefore, on information and belief, Cytek knew or should have known that at least its Cytek Aurora™, Aurora CS™, Aurora Evo™, and Northern Lights™ (including Northern Lights™ Research, Northern Lights™ Clinical, and Northern Lights™ NL-CLC) flow cytometer products were infringing.  Nevertheless, Cytek continued its willful and deliberate infringement of the Asserted Patents.

21.    Cytek's Aurora™, Aurora Evo™, and Northern Lights™ (including Northern Lights™ Research, Northern Lights™ Clinical, and Northern Lights™ NL-CLC) flow cytometers and Aurora CS™ cell sorters are in direct competition with Beckman Coulter's CytoFLEX flow cytometer and cell sorter products marked with the Asserted Patents and therefore, on information and belief, Cytek considered

---

[3] *See* https://www.beckman.com/patents.

Beckman Coulter's CytoFLEX flow cytometer and cell sorter products to be in direct competition with at least its Cytek Aurora™, Aurora Evo™, and Northern Lights™ (including Northern Lights™ Research, Northern Lights™ Clinical, and Northern Lights™ NL-CLC) flow cytometers and Cytek Aurora CS™ cell sorters.[4]  Thus, on information and belief, Cytek monitored, investigated, and assessed at least the patents marked on Beckman Coulter's CytoFLEX flow cytometer and cell sorter products, and therefore knew or should have known that at least its Cytek Aurora™, Aurora Evo™, and Northern Lights™ (including Northern Lights™ Research, Northern Lights™ Clinical, and Northern Lights™ NL-CLC) flow cytometers and Cytek Aurora CS™ cell sorters were infringing at least the Asserted Patents, or else Cytek deliberately avoided evaluating its products and was willfully blind to its infringement of the Asserted Patents and acted despite an objectively high likelihood that its products infringed the Asserted Patents.  For example, Cytek's counterclaim alleges that it was "believe[d] that the CytoFLEX® products are covered by the ['582 and '443 Patents]" (D.I. 16, Counterclaim ¶ 34), evidencing that Cytek monitored

---

[4] *See* Cytek, Inc. Form S1 (2021) at 122-23, *available at* https://investors.cytekbio.com/node/6586/html ("Our direct competitors include …Beckman Coulter (Danaher Corporation)…"); Defendant Cytek's Answer to Complaint and Counterclaim (D.I. 16 at Counterclaim ¶ 10) ("Beckman Coulter sells flow cytometers that compete with those sold by Cytek.  Specifically, Beckman Coulter sells a family of flow cytometers (CytoFLEX®, CytoFLEX® S, CytoFLEX® LX, CytoFLEX® nano), and a cell sorter (CytoFLEX® SRT) with the brand names CytoFLEX® (collectively referred to herein as 'the CytoFLEX® products'), each of which contains a WDM.").

the relevant patent family, including the Asserted Patents, and also at least the patents marked on Beckman Coulter's CytoFLEX flow cytometer and cell sorter products.[5] Cytek further admits that Beckman Coulter "has marked the CytoFLEX® products with the '582 patent since at least October 17, 2021" and "started virtually marking the CytoFLEX® products with the '443 patent somewhere between February 19, 2024 and September 9, 2024." (D.I. 16, Counterclaim ¶ 29). Thus, on information and belief, Cytek knew or should have known that at least its Cytek Aurora™, Aurora Evo™, and Northern Lights™ (including Northern Lights™ Research, Northern Lights™ Clinical, and Northern Lights™ NL-CLC) flow cytometers and Aurora CS™ cell sorters were infringing the '582 Patent since at least October 17, 2021, the '443 Patent since at least February-September 2024, and the '107 Patent since issuance.

22.     *Third*, on June 14, 2024, Beckman Coulter sent Cytek a letter identifying the '443 and '582 Patents in connection with "Cytek products, such as the Cytek Aurora products." The letter, attached as **Exhibit 16,** identified and attached a copy of the '443 and '582 Patents. The letter provided Cytek with actual notice of the '443 and '582 Patents and explained the how and why of Cytek's infringement by at least June 14, 2024. On information and belief, Cytek then analyzed the '443 and

---

[5] As explained in Beckman Coulter, Inc.'s Answer and/or Reply to Counterclaim, Beckman Coulter denies that it falsely marked the CytoFLEX Products with the '582 and '443 Patents. (D.I. 19 ¶¶ 12-34).

'582 Patents and their family members and came to the conclusion that it infringed the '443 and '582 Patents, as set forth in paragraphs 28 to 43 below.    Thus, on information and belief, at least as of June 14, 2024, Cytek had actual knowledge of the '443 and '582 Patents, and had actual knowledge of its infringement of those patents or was willfully blind to its infringement of those patents.

23.    *Fourth*, on August 14, 2024, Beckman Coulter filed a Complaint against Cytek in the instant action (D.I. 1), which, together with the claim charts and exhibits attached to that Complaint (D.I. 1-1, 1-2, 1-3, 1-4), further explain how and why Cytek's Infringing Products infringe the '443 and '582 Patents.  Cytek would have known that its products infringed the '443 and '582 Patents.  On information and belief, the exhibits attached to the Complaint, including the '443 and '582 Patents (D.I. 1-1, 1-2, 1-3, and 1-4), evidenced to Cytek that the Infringing Products infringe the '443 and '582 Patents.  Moreover, on information and belief, Cytek understood that the Complaint (D.I. 1) and the claim charts attached to the Complaint (D.I. 1-1) show where each limitation of at least claim 1 of the '443 and '582 Patents is found in the Infringing Products.  On information and belief, Cytek understood Beckman Coulter's allegations that the Infringing Products infringe the '443 and '582 Patents. Thus, at least as of August 14, 2024, Cytek had actual knowledge of its infringement of the '443 and '582 Patents and had actual knowledge of its infringement of the '107 Patent since issuance.

24.    Nevertheless, Cytek has not licensed the Asserted Patents and has continued its willful and deliberate infringement of the Asserted Patents, including by continuing to make, use, import, promote, market, sell, and offer to sell the Infringing Products with knowledge of their infringement.

25.    As the direct and proximate result of Cytek's conduct, Beckman Coulter has suffered, and if Cytek's conduct is not enjoined, will continue to suffer, severe competitive harm, irreparable injury, and significant damages, in an amount to be proven at trial.  Because Beckman Coulter's remedy at law is inadequate, Beckman Coulter seeks, in addition to damages, injunctive relief.  Beckman Coulter's businesses operate in a competitive market and they will continue suffering irreparable harm absent injunctive relief.

## COUNT 1

### (INFRINGEMENT OF THE '582 PATENT)

26.    Plaintiff incorporates each of the above paragraphs as though fully set forth herein.

27.    On information and belief, Cytek directly or through the actions of its employees, agents, distributors, divisions, and/or subsidiaries, has infringed of the '582 Patent, including at least claims 1, 3, 6, 23 and 26  of the '582 Patent, directly, indirectly, literally and/or by equivalents under 35 U.S.C. §§ 1 *et seq.*, including, but not limited to § 271 by, among other things, making, using (including during research

13

and development activities and product testing), selling, supplying, offering for sale the Infringing Products in the United States and/or importing the Infringing Products within the United States, and/or inducing or contributing to such acts, without authority. To the extent there are any differences between the Infringing Products and the claims of the '582 Patent, such differences are insubstantial. For each claim limitation in at least claims 1, 3, 6, 23 and 26 of the '582 Patent, one or more elements of each of Cytek's Infringing Products matches the function, way, and result of that claim limitation.

28.  For example, the Infringing Products meet each element of, and infringe, claim 1, which states:

**Claim 1.** An optical subsystem for a flow cytometer, the optical subsystem comprising:
a collimating optical element arranged to receive light from a light source, the collimating optical element configured to project a collimated beam;
an optical relay element arranged to receive at least a portion of the collimated beam from the collimating optical element, the optical relay element comprising a curved mirror configured to reflect the portion of the collimated beam received from the collimating optical element to produce a first image;
a first focusing optical element arranged to receive at least a portion of the collimated beam reflected by the optical relay element; and
a first semiconductor detector,
wherein the first focusing optical element is configured to focus the portion of the collimated beam received from the optical relay element onto the first semiconductor detector.

29.  Cytek's own documents show that the Infringing Products infringe the claims of the Asserted Patents. As an example, U.S. Patent No. 10,330,582 Infringement Chart, detailing Cytek's infringement of that claim of the '582 Patent,

14

is attached as **Exhibit 3**.  This chart is not intended to limit Beckman Coulter's right to modify the chart or allege that other activities of Cytek infringe the identified claims or any other claims of the Asserted Patents.  **Exhibit 3** is hereby incorporated by reference in its entirety.  Each claim element in **Exhibit 3** that is mapped to the Infringing Products shall be considered an allegation within the meaning of the Federal Rules of Civil Procedure and therefore a response to each allegation is required.

30.    Cytek has also induced infringement of the '582 Patent under § 271(b) by providing customers with the Infringing Products, along with instructions for use, that, when followed in an intended manner and in a normal mode of operation, Cytek knew infringed the Asserted Patents.  *See, e.g.*, **Exhibit 5**, Cytek Aurora User's Guide (providing instructions for using the Cytek Aurora flow cytometer); **Exhibit 6**, Cytek Aurora CS User's Guide (providing instructions for using the Cytek Aurora CS cell sorter).  On information and belief, Cytek knew of the '582 Patent at least as of July 31, 2020.  Further, the Infringing Products function in the same manner as the claimed invention.  *See* **Exhibit 14** at 2 ("Light emitted from the sample is collected and passes through the optical filter-based coarse wavelength division multiplexing (CWDM) demultiplexer arrays on the Cytek Aurora and Northern Lights cytometers.").  The instructions for use of the Infringing Products instructed and encouraged Cytek's customers to use the Infringing Products in a way that infringed

15

the '582 Patent.  *See* **Exhibit 5**; **Exhibit 6.**  Cytek provided its customers with the Infringing Products and instructions for use despite knowledge of or willful blindness to the '582 Patent and knowledge of or willful blindness to the fact that the induced acts infringed one or more claims of the '582 Patent.  Therefore, Cytek specifically intended that its customers infringe the '582 Patent.

31.    Cytek has contributorily infringed the Asserted Patents under 35 U.S.C. § 271(c).  Cytek designed the Infringing Products and/or its components specifically to be used in a manner as claimed in the '582 Patent.  As such, the Infringing Products and/or its components are a material component of the patented combinations, specifically designed to be used according to the claims of the '582 Patent, and especially made and adapted for use in a manner that infringed the '582 Patent.  The Infringing Products and/or its components are not staple articles of commerce and they do not have substantial uses that do not infringe the Asserted Patents.  On information and belief, Cytek knew of, should have known of, and/or was willfully blind to the '582 Patent and that the Infringing Products are especially made to be used in a system that infringed the '582 Patent.

32.    Cytek's infringement has been willful and deliberate because, on information and belief, Cytek has known of, should have known of, and/or has been willfully blind to the '582 Patent since at least July 31, 2020, or as of its issuance on June 25, 2019, ██████████████████████████████████

16

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████ , and knew of, should have known of, and/or was willfully blind to its infringement but acted despite an objectively high likelihood that such acts would infringe the Asserted Patents.

33.    As a direct and proximate result of Cytek's conduct, Plaintiff has suffered, and if Cytek's conduct is not enjoined, will continue to suffer, severe competitive harm, irreparable injury, and significant damages, in an amount to be proven at trial.  Because Plaintiff's remedy at law is inadequate, Plaintiff seeks, in addition to damages, injunctive relief.  Plaintiff's businesses operate in a competitive market and they will continue suffering irreparable harm absent injunctive relief.

## COUNT 2

### (INFRINGEMENT OF THE '443 PATENT)

34.    Plaintiff incorporates each of the above paragraphs as though fully set forth herein.

35.    On information and belief, Cytek directly or through the actions of its employees, agents, distributors, divisions, and/or subsidiaries, has infringed one or more of the claims of the '443 Patent, including at least claims 4, 6, 10, 11, and 15 of the '443 Patent, directly, indirectly, literally and/or by equivalents under 35 U.S.C.

§§ 1 *et seq.*, including, but not limited to § 271 by, among other things, making, using (including during research and development activities and product testing), selling, supplying, offering for sale the Infringing Products in the United States and/or importing the Infringing Products within the United States, and/or inducing or contributing to such acts, without authority.  To the extent there are any differences between the Infringing Products and the claims of the '443 Patent, such differences are insubstantial.  For each claim limitation in at least claims 4, 6, 10, 11, and 15  of the '443 Patent, one or more elements of each of Cytek's Infringing Products matches the function, way, and result of that claim limitation.

36.    For example, the Infringing Products meet each element of, and infringe, claim 4, which depends from claim 1, which states:

**Claim 1.** A wavelength division multiplexer (WDM) for a flow cytometer comprising:
a set of filters, each filter of the set of filters configured to pass a corresponding portion of multiple portions of light;
at least one mirror including at least one curved mirror, the at least one mirror configured to:
receive one or more portions of the light from the set of filters; and
reflect the one or more portions of the light to the set of filters; and
a set of detectors, each detector of the set of detectors corresponding to a filter of the set of filters and configured to receive a portion of the light at the detector that passed through the filter corresponding to the detector.

37.    Cytek's own documents show that the Infringing Products infringe the claims of the Asserted Patents.  As an example, U.S. Patent No. 11,703,443 Infringement Chart, detailing Cytek's infringement of that claim of the '443 Patent,

is attached as **Exhibit 4**. This chart is not intended to limit Beckman Coulter's right to modify the chart or allege that other activities of Cytek infringe the identified claims or any other claims of the Asserted Patents. **Exhibit 4** is hereby incorporated by reference in its entirety. Each claim element in **Exhibit 4** that is mapped to the Infringing Products shall be considered an allegation within the meaning of the Federal Rules of Civil Procedure and therefore a response to each allegation is required.

38. Cytek has also induced infringement of the '443 Patent under § 271(b) by providing customers with the Infringing Products, along with instructions for use, that, when followed in an intended manner and in a normal mode of operation, Cytek knew infringed the Asserted Patents. *See, e.g.*, **Exhibit 5**, Cytek Aurora User's Guide (providing instructions for using the Cytek Aurora flow cytometer); **Exhibit 6**, Cytek Aurora CS User's Guide (providing instructions for using the Cytek Aurora CS cell sorter). On information and belief, Cytek knew of the '443 Patent at least as of June 14, 2024. Further, the Infringing Products function in the same manner as the claimed invention. *See* **Exhibit 14** at 2 ("Light emitted from the sample is collected and passes through the optical filter-based coarse wavelength division multiplexing (CWDM) demultiplexer arrays on the Cytek Aurora and Northern Lights cytometers."). The instructions for use of the Infringing Products instructed and encouraged Cytek's customers to use the Infringing Products in a way that infringed

the '443 Patent. *See* **Exhibit 5; Exhibit 6.** Cytek provided its customers with the Infringing Products and instructions for use despite knowledge of or willful blindness to the '443 Patent and knowledge or willful blindness to the fact that the induced acts infringed one or more claims of the '443 Patent. Therefore, Cytek specifically intended that its customers infringe the '443 Patent.

39. Cytek has contributorily infringed claims 11 and 15 of the '443 Patent under 35 U.S.C. § 271(c). Cytek designed the Infringing Products and/or its components specifically to be used in a manner as claimed in the '443 Patent. As such, the Infringing Products and/or its components are a material component of the patented combinations, specifically designed to be used according to the claims of the '443 Patent, and especially made and adapted for use in a manner that infringed the '443 Patent. The Infringing Products and/or its components are not staple articles of commerce and they do not have substantial uses that do not infringe the Asserted Patents. On information and belief, Cytek knew of, should have known of, and/or was willfully blind to the '443 Patent and that the Infringing Products are especially made to be used in a system that infringed claims 11 and 15 of the '443 Patent.

40. Cytek has infringed claims 11 and 15 of the '443 Patent under § 271(f)(1) because it supplies or causes the supply of components from the United States to Cytek facilities outside of the United States where the components are combined in a manner that would infringe claims 11 and 15 of the '443 Patent if the assembly had

20

occurred in the United States. The components constitute a substantial portion of the components in the Infringing Products.

41.    Cytek infringes claims 11 and 15 of the '443 Patent under §271(f)(2) by supplying or causing to be supplied components from the United States to its facilities outside the United States with knowledge and intent that the components will be combined into the Infringing Products in a way that would infringe claims 11 and 15 of the '443 Patent if the assembly occurred in the United States.  The components are especially made for use in the Infringing Products and are not staple articles of commerce suitable for any substantial noninfringing use.

42.    Cytek's infringement has been willful and deliberate because, on information and belief, Cytek has known, should have known, and/or has been willfully blind to the '443 Patent since at least June 14, 2024, or as of its issuance on July 18, 2023, ███████████████████████████████████████████ ████████████████████████████████████████████████████████ ███████████████████ and knew of, should have known of, and/or was willfully blind to its infringement but acted despite an objectively high likelihood that such acts would infringe the '443 Patent.

43.    As a direct and proximate result of Cytek's conduct, Plaintiff has suffered, and if Cytek's conduct is not enjoined, will continue to suffer, severe competitive harm, irreparable injury, and significant damages, in an amount to be

21

proven at trial.  Because Plaintiff's remedy at law is inadequate, Plaintiff seeks, in addition to damages, injunctive relief.  Plaintiff's businesses operate in a competitive market and they will continue suffering irreparable harm absent injunctive relief.

## COUNT 3

### (INFRINGEMENT OF THE '107 PATENT)

44.    Plaintiff incorporates each of the above paragraphs as though fully set forth herein.

45.    On information and belief, Cytek directly or through the actions of its employees, agents, distributors, divisions, and/or subsidiaries, has infringed one or more of the claims of the '107 Patent, including at least claims 5, 16, 18, 26, 27, and 29 of the '107 Patent, directly, indirectly, literally and/or by equivalents under 35 U.S.C. §§ 1 *et seq.*, including, but not limited to § 271 by, among other things, making, using (including during research and development activities and product testing), selling, supplying, offering for sale the Infringing Products in the United States and/or importing the Infringing Products within the United States, and/or inducing or contributing to such acts, without authority.  To the extent there are any differences between the Infringing Products and the claims of the '107 Patent, such differences are insubstantial.  For each claim limitation in at least claims 5, 16, 18, 26, 27, and 29 of the '107 Patent, one or more elements of each of Cytek's Infringing Products matches the function, way, and result of that claim limitation.

22

46.    For example, the Infringing Products meet each element of, and infringe, claim 5, which depends from claim 1, which states:

**Claim 1.** A flow cytometer comprising:
an optical fiber; and
a wavelength division multiplexer (WDM) configured to receive light from the optical fiber, wherein the WDM comprises:
an array of mirrors;
an array of filters; and
an array of avalanche photodiodes (APDs) configured to receive light that passed through one or more filters in the array of filters;
wherein each of the filters in the array of filters is configured to receive light such that:
a portion of the light passes through the filter; and
another portion of the light is reflected; and
wherein each of the mirrors in the array of mirrors is configured to:
receive light reflected by a filter in the array of filters; and
reflect light to another filter in the array of filters.

47.    Cytek's own documents show that the Infringing Products infringe the claims of the Asserted Patents.  As an example, the '107 Patent Infringement Chart, detailing Cytek's infringement of that claim of the '107 Patent, is attached as **Exhibit 25**.  This chart is not intended to limit Beckman Coulter's right to modify the chart or allege that other activities of Cytek infringe the identified claims or any other claims of the Asserted Patents.  **Exhibit 25** is hereby incorporated by reference in its entirety.  Each claim element in **Exhibit 25** that is mapped to the Infringing Products shall be considered an allegation within the meaning of the Federal Rules of Civil Procedure and therefore a response to each allegation is required.

48.    Cytek has also induced infringement of the '107 Patent under § 271(b) by

23

providing customers with the Infringing Products, along with instructions for use, that, when followed in an intended manner and in a normal mode of operation, Cytek knew infringed the Asserted Patents. *See, e.g.*, **Exhibit 5**, Cytek Aurora User's Guide (providing instructions for using the Cytek Aurora flow cytometer); **Exhibit 6**, Cytek Aurora CS User's Guide (providing instructions for using the Cytek Aurora CS cell sorter). On information and belief, Cytek knew of the '107 Patent at least as of December 24, 2024. Further, the Infringing Products function in the same manner as the claimed invention. *See* **Exhibit 14** at 2 ("Light emitted from the sample is collected and passes through the optical filter-based coarse wavelength division multiplexing (CWDM) demultiplexer arrays on the Cytek Aurora and Northern Lights cytometers."). The instructions for use of the Infringing Products instructed and encouraged Cytek's customers to use the Infringing Products in a way that infringed the '107 Patent. *See* **Exhibit 5; Exhibit 6.** Cytek provided its customers with the Infringing Products and instructions for use despite knowledge of or willful blindness to the '107 Patent and knowledge or willful blindness to the fact that the induced acts infringed one or more claims of the '107 Patent. Therefore, Cytek specifically intended that its customers infringe the '107 Patent.

49. Cytek has contributorily infringed the Asserted Patents under 35 U.S.C. § 271(c). Cytek designed the Infringing Products and/or its components specifically to be used in a manner as claimed in the '107 Patent. As such, the

Infringing Products and/or its components are a material component of the patented combinations, specifically designed to be used according to the claims of the '107 Patent, and especially made and adapted for use in a manner that infringed the Asserted Patents. The Infringing Products and/or its components are not staple articles of commerce, and they do not have substantial uses that do not infringe the Asserted Patents. On information and belief, Cytek knew of, should have known of, and/or was willfully blind to the '107 Patent and that the Infringing Products are especially made to be used in a system that infringed the '107 Patent.

50. Cytek has infringed claims 5, 16, 18, 26, 27, and 29 of the '107 Patent under § 271(f)(1) because it supplies or causes the supply of components from the United States to Cytek facilities outside of the United States where the components are combined in a manner that would infringe claims 5, 16, 18, 26, 27, and 29 of the '107 Patent if the assembly had occurred in the United States. The components constitute a substantial portion of the components in the Infringing Products.

51. Cytek infringes claims 5, 16, 18, 26, 27, and 29 of the '107 Patent under §271(f)(2) by supplying or causing the supply of components from the United States to its facilities outside the United States with knowledge and intent that the components will be combined into the Infringing Products in a way that would infringe claims 5, 16, 18, 26, 27, and 29 of the '107 Patent if the assembly occurred in the United States. The components are especially made for use in the Infringing

Products and are not staple articles of commerce suitable for any substantial noninfringing use.

52. Cytek's infringement has been willful and deliberate because, on information and belief, Cytek has known, should have known, and/or has been willfully blind to the '107 Patent since at least December 24, 2024 and knew of, should have known of, and/or was willfully blind to its infringement but acted despite an objectively high likelihood that such acts would infringe the '107 Patent.

53. As a direct and proximate result of Cytek's conduct, Plaintiff has suffered, and if Cytek's conduct is not enjoined, will continue to suffer, severe competitive harm, irreparable injury, and significant damages, in an amount to be proven at trial. Because Plaintiff's remedy at law is inadequate, Plaintiff seeks, in addition to damages, injunctive relief. Plaintiff's businesses operate in a competitive market and they will continue suffering irreparable harm absent injunctive relief.

## DEMAND FOR JURY TRIAL

54. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief, declaration and judgment that:

a. Cytek has infringed the Asserted Patents;

b. Plaintiff is entitled to preliminary and permanent injunctive relief

26

enjoining Cytek, its officers, agents, servants, and employees, and those persons in active concert or participation with any of them, from manufacturing, using, offering for sale, selling in the United States, or importing into the United States, the Infringing Products, and any other product that infringes or induces or contributes to the infringement of the Asserted Patents, prior to the expiration date of the last to expire of those patents;

c. Plaintiff is entitled to an award of damages adequate to compensate for Cytek's infringement pursuant to 35 U.S.C. § 284, including lost profits and/or, at a minimum, a reasonable royalty, as well as pre-judgment and post-judgment interest;

d. Cytek's infringement of the Asserted Patents was willful and Plaintiff is entitled to enhanced damages up to and including trebling of the damages awarded to it;

e. Plaintiff is entitled to costs and reasonable expenses to the fullest extent permitted by law;

f. This case is exceptional pursuant to 35 U.S.C. § 285, and Plaintiff is entitled to an award of attorneys' fees; and

g. Plaintiff is entitled to other and further relief as the Court may deem just and proper.

July 17, 2026

RICHARDS, LAYTON & FINGER P.A.


OF COUNSEL:

Omar A. Khan
Jeffrey A. Dennhardt
Laura Macro
Lauren Matlock-Colangelo
Jennifer L. Graber
Kelly A. Todd
Maggie Sawin
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800

Akkad Y. Moussa
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Ave.
NW Washington, DC 20037
  (202) 663-6000

/s/
Frederick L. Cottrell III
(#2555)
Kelly E. Farnan (#4395)
Christine D. Haynes
(#4697)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
cottrell@rlf.com
farnan@rlf.com

*Attorneys for Plaintiff*

28