## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BECKMAN COULTER, INC.,<br><br>               Plaintiff,<br><br>v.<br><br>CYTEK BIOSCIENCES, INC.,<br><br>               Defendant. | C.A. No. 24-0945-CFC |

## PLAINTIFF BECKMAN COULTER, INC.'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE (D.I. 388)

Plaintiff Beckman Coulter, Inc. ("Beckman Coulter") hereby responds to the Court's July 24, 2026 Order to show cause (the "Order") regarding the filing of pleadings under seal (D.I. 388). As an initial matter, Beckman Coulter sincerely apologizes to the Court for having to issue such an order. We understand the importance of public access to pleadings and the burden sealed filings can create for the Court and are committed to ensuring that redactions are kept to a minimum.

This response explains why various materials were initially filed under seal, the steps Beckman Coulter has taken to limit the number of redactions, Cytek Biosciences, Inc.'s ("Cytek) requests to seal or redact various filings, and the reasons a relatively narrow subset of Beckman Coulter confidential information should remain under seal. Beckman Coulter respectfully submits that its treatment of sealed filings does not merit sanctions.

## I.  The Parties' Process for Filing Documents Under Seal

The Protective Order in this case (D.I. 40), like many in this District, requires that "All documents and materials containing Protected Information[1] that are filed with the Court shall be filed under seal."  D.I. 40 ¶ 30.  Accordingly, in the ordinary course, if Beckman Coulter were to file a document that Cytek designated as Protected Information, Beckman Coulter would file that document under seal consistent with the Protective Order.  Beckman Coulter, of course, would do the same with a filing containing its own Protected Information.  Once a sealed document is filed with the Court, the parties generally work together during the seven-day period provided under the Protective Order to file a redacted form of a sealed filing to identify any necessary redactions before the public versions are filed. In general, when Beckman Coulter received a request to redact information from Cytek, Beckman Coulter would honor that request and confer further with Cytek during the seven-day period under the Protective Order.[2]

---

[1] "Protected Information" is defined as collectively, information designated as "CONFIDENTIAL,"  "HIGHLY  CONFIDENTIAL,"  or  "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." D.I. 40 at 4.

[2] Paragraph 30(b) of the Protective Order (D.I. 40) provides that "Without written permission from the Designating Party or a Court Order secured after appropriate notice to all interested parties, a Party may not file in the public record any Protected Information in this Action."  Consistent with the Protective Order and Local Rules, Beckman Coulter would confer with Cytek to prepare redacted versions to be filed within seven days of the sealed filing.

Throughout this case, Beckman Coulter followed this general process, which is consistent with the undersigned counsel's experience as to how sealed filings are generally managed.  As discussed further below, Beckman Coulter agrees that it should have questioned the filing under seal of certain jury materials designated for sealed filing by Cytek during the parties' initial joint filing related discussions, including voir dire and jury instructions, and it failed to do so.  However, the failure to question Cytek's designation was not an intentional or bad faith effort to limit public access to these pre-trial materials, including because Beckman Coulter was conferring with Cytek on the seal and redaction issues within seven days of the sealed filing (consistent with the Protective Order).  Beckman Coulter regrets this oversight but respectfully submits that it does not merit sanctions.

## II.    Beckman Coulter Has Now Filed Nearly All Pretrial Order Materials Publicly with No Redactions, and the Remaining Filings Contain Narrow Redactions Limited to Confidential and Proprietary Information

On July 24, 2026, within a week of filing the Pretrial Order Materials[3] under seal pending the filing of redacted versions in the ordinary course, Beckman Coulter

---

[3] The "Pretrial Order Materials" are the Pretrial Order and exhibits thereto (D.I. 376-380), the Proposed Voir Dire (D.I. 371), the Proposed Verdict Sheets (D.I. 372 and D.I. 375), and the proposed jury instructions (D.I. 373-374 and D.I. 381-382). The Pretrial Order Materials filed under seal include the jointly filed materials— Proposed Voir Dire (D.I. 371), Joint Proposed Preliminary Jury Instructions (Phase I) (D.I. 373), Joint Proposed Preliminary Jury Instructions (Phase II) (D.I. 374),

filed largely public versions of the Pretrial Order Materials, maintaining only narrowly-targeted redactions where appropriate.  *See* D.I. 389-399.  In working to limit the number of redactions, Beckman Coulter was guided by governing Third Circuit law and the Court's July 24 Order.  The following pretrial filings (which represent almost all those filings) now contain no redactions at all, including the Proposed Voir Dire, Proposed Verdict Form, Proposed Preliminary Jury Instructions, Proposed Final Jury Instructions, the Joint Pretrial Order cover pleading, as well as many exhibits to the joint pretrial order.  *See* D.I. 389-397.  The remaining pretrial filings—which are limited to the parties' Motions *in Limine* and supporting exhibits, and each party's exhibit list—contain only narrow redactions to the parties' confidential and proprietary information.  *See* D.I. 397-399; *infra* § V (discussing reasons for redactions).

## III.    Beckman Coulter Filed Most Pretrial Order Materials Under Seal Consistent with Cytek's Designations

The Pretrial Order Materials were initially filed under seal pursuant to the meet-and-confer process engaged in by the parties to prepare the joint filings.

---

Pretrial Order Vol. I (D.I. 376), Pretrial Order Vol. II (D.I. 377), Pretrial Order Vol. III (D.I. 378), Pretrial Order Vol. IV (D.I. 379), Pretrial Order Vol. V (D.I. 380), Joint Proposed Final Jury Instructions (Phase I) (D.I. 381), and Joint Proposed Final Jury Instructions (Phase II) (D.I. 382)—and Beckman Coulter's Verdict Form (D.I. 372). The Court's July 24, 2026, Order specifically references D.I. 371, D.I. 372, D.I. 373, D.I. 374, D.I. 381, D.I. 382.

Specifically, on June 16 and 17, 2026, pursuant to Local Rule 16.3(d)(1), Beckman Coulter provided Cytek with proposed versions of the pretrial materials, including (1) Proposed Voir Dire; (2) Joint Proposed Verdict Form; (3) Joint Proposed Preliminary Jury Instructions; (4) Joint Proposed Final Instructions; and (5) Joint Proposed Pretrial Order and accompanying exhibits.  Decl. of R. Gunther, Exs. 1-9.  As indicated on the face of each document provided by Beckman Coulter to Cytek, attached hereto, the draft proposed joint filings prepared by Beckman Coulter did not indicate that they should be "Filed under Seal."  *Id.*

On July 2, 2026, pursuant to Local Rule 16.3(d)(2), Cytek provided its redlines to the pretrial materials.  Ex. 10.  For *each* of the (1) Proposed Voir Dire; (2) Joint Proposed Verdict Form; (3) Joint Proposed Preliminary Jury Instructions; (4) Joint Proposed Final Instructions; and (5) Joint Proposed Pretrial Order, Cytek's edits added to the case caption that the filing should be "Filed under Seal."  Exs. 11-17.  Based on Cytek's edits, Beckman Coulter understood that Cytek had identified confidential and proprietary information in each filing that required sealing.  Beckman Coulter accepted that representation and did not seek to remove Cytek's indication that the materials should be filed under seal.[4]  As the party filing these

---

[4] Cytek added a "Filed Under Seal" designation to the joint verdict form proposed by Beckman Coulter.  Ex. 3.  Later, Cytek proposed filing separate verdict forms rather than a combined form containing competing proposals.  Ex.18.  When the verdict forms were split, Beckman Coulter inadvertently carried over the "Filed Under Seal" designation previously added by Cytek.

joint documents with the Court, Beckman Coulter appreciates that it should have challenged Cytek's designation, as filing jury materials under seal is unusual. Beckman Coulter apologizes to the Court for not raising that issue with Cytek before filing.

Pursuant to Local Rule 5.1.3, this Court's procedures for filing documents under seal (D.I. 25 at 13), and the Protective Order in this case (D.I. 40 at 13-14), Beckman Coulter understood that the parties would file public versions redacting Cytek's confidential information within a week after filing, on July 24, 2026.

## IV.   Cytek Withdrew Its Sealing and Redactions Requests to Most Pretrial Order Materials, and Beckman Coulter Filed Narrow Redactions

After Beckman Coulter filed the Pretrial Order Materials under seal on July 17, 2026, Beckman Coulter and Cytek conferred regarding proposed redactions to those filings. Despite earlier adding "Filed under Seal" to each caption, Cytek identified no material that needed to be redacted in the Proposed Voir Dire (D.I. 371), Joint Proposed Preliminary Jury Instructions (Phase I) (D.I. 373), Joint Proposed Preliminary Jury Instructions (Phase II) (D.I. 374), Pretrial Order Vol. II (D.I. 377), Pretrial Order Vol. III (D.I. 378), Joint Proposed Final Jury Instructions (Phase 1) (D.I. 381), and Joint Proposed Final Jury Instructions (Phase II) (D.I. 382). Ex. 20. Accordingly, Beckman Coulter promptly filed public versions of each of these documents on July 24, 2026. *See* D.I. 389-396. These filings are now fully accessible to the public.

6

Cytek identified purported confidential and proprietary material that it contended required redaction in both exhibit lists, contained in Pretrial Order Vol. I (D.I. 376) (*see* Ex. 21), and Beckman Coulter filed a redacted version of that filing on July 24, 2026. *See* D.I. 397. As to Vols. IV and V of the Pretrial Order, which contain the parties' Motions *in Limine* and corresponding exhibits, both parties identified confidential and proprietary material and redacted portions of those volumes accordingly. Ex. 22. Public, redacted versions of those documents were filed on July 24, 2026. *See* D.I. 398-99. In view of the Court's guidance on over-redacting, Beckman Coulter is continuing to work with Cytek in an effort to further narrow the scope of redactions, which Beckman Coulter intends to complete and file before the August 7 Pretrial Conference.

## V. Beckman Coulter's Remaining Redactions Are Narrowly Tailored to Confidential, Proprietary Information

Beckman Coulter's remaining redactions to the parties' Motions *in Limine* and accompanying exhibits, *see* D.I. 398 and 399, are necessary because disclosure of the redacted information would cause competitive harm to Beckman Coulter. *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672-74, 678-79 (3d Cir. 2019). By way of example, the redacted material includes information regarding: (1) confidential and proprietary internal technical and business information, including trade secret technical drawings of components within Beckman Coulter's products; (2) confidential information regarding potential

acquisitions, including valuations and internal communications; and (3) confidential financial information, including financial information derived from confidential profit, margin, and revenue data (that Cytek also seeks to redact), and confidential agreements with third parties. *See, e.g.*, D.I. 398-4 at 21-24, 81-87; D.I. 399-3 at 86. Good cause exists to seal this material, including because it is the type of material courts in this district routinely maintain under seal. *See, e.g.*, *Genentech, Inc. v. Amgen, Inc.*, No. 17-1407- CFC, 2020 WL 9432700, at *4 (D. Del. Sept. 2, 2020) (finding that (1) "[s]ensitive and proprietary manufacturing and trade secret information" and (2) "[s]ensitive and confidential material reflecting commercial and regulatory intelligence, planning and/or strategy" qualify as material appropriate for sealing), *adopted*, 2020 WL 9432702 (D. Del. Oct. 1, 2020); *Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 510 (D. Del. 2012) (finding good cause to redact material relating to confidential financial information and licensing strategy). For information that does not fall into the categories above, Beckman Coulter is working with Cytek (as noted above) to narrow the remaining redactions, even though the information primarily relates to information the parties have designated as Confidential or Highly Confidential under the Protective Order (D.I. 40).

Moreover, Cytek has indicated that Cytek material in D.I. 398 and 399 should remain sealed and Beckman Coulter included those redactions proposed by Cytek. Ex. 22.

Case 1:24-cv-00945-CFC    Document 402    Filed 07/30/26    Page 9 of 15 PageID #: 37158

## VI.    Beckman Coulter Had Good Cause to File Under Seal Its Prior Pleadings

Across the over 400 entries that appear on the docket for this proceeding, the parties have collectively made approximately 70 sealed filings, with 27 of those sealed filings made by Beckman Coulter, 35 sealed filings made by Cytek, and 11 sealed filings made jointly.  For many of the (non-joint) sealed filings made by Beckman Coulter, public versions have already been filed on the docket.  *See* D.I. 246 (sealed), D.I. 266 (public); D.I. 249 (sealed), D.I. 267 (public); D.I. 250 (sealed), D.I. 268 (public); D.I. 251 (sealed), D.I. 269 (public); D.I. 327 (sealed), D.I. 359 (public); and D.I. 372 (sealed), D.I. 390 (public).  For the remaining (non-joint) filings made by Beckman Coulter for which information remains redacted, the following table summarizes the basis for those redactions.  As indicated in the table below, 17 of the 21 documents were filed under seal initially and were filed with redactions at least in part because they contain or refer to information Cytek designated confidential under the Protective Order (D.I. 40).

9

| Filing | Basis for Filing under Seal |
|---|---|
| Plaintiff Beckman Coulter, Inc.'s Letter to the Honorable Eleanor G. Tennyson Regarding Discovery Dispute (D.I. 61) (Redacted version filed at D.I. 67) | Contains Beckman Coulter confidential material regarding conception for the inventions in the asserted patents, based on confidential internal Beckman Coulter research and development documents |
| Plaintiff Beckman Coulter, Inc.'s Objection to the Magistrate Judge. Tennyson's Order on Case Narrowing (D.I. 69) (Redacted version filed at D.I. 74) | Contains Beckman Coulter confidential material regarding conception for the inventions in the asserted patents, based on confidential internal Beckman Coulter research and development documents |
| Letter to The Honorable Eleanor G. Tennyson from Frederick L. Cottrell III regarding discovery dispute (D.I. 98)  (Redacted version filed at D.I. 102) | Filed under seal because it references documents or information designated by Cytek as confidential |
| Plaintiff Beckman Coulter, Inc.'s Supplemental Claim Construction Brief (D.I. 160) (Redacted version filed at D.I. 169) | Filed under seal because it references documents or information designated by Cytek as confidential |
| Plaintiff Beckman Coulter, Inc.'s Opening Brief in Support of Motion to Exclude Certain Opinions of Defendant's Technical Experts (D.I. 252) (Redacted version filed at D.I. 270) | Contains confidential, proprietary technical details regarding Beckman Coulter's flow cytometers |
| Plaintiff Beckman Coulter, Inc.'s Opening Brief in Support of Motion to Exclude Certain Opinions of Damages Expert (D.I. 253) (Redacted version filed at D.I. 271) | Filed under seal because it references documents or information designated by Cytek as confidential |
| Volume 1 of 2 to the Declaration of Jennifer Graber in Support of Plaintiff Beckman Coulter, Inc.'s | Contains confidential, proprietary technical details regarding Beckman Coulter's flow cytometers |

| | |
|---|---|
| Dispositive Motions and Motions to Exclude (D.I. 254) (Redacted version filed at D.I. 272) | Also filed under seal because it references documents or information designated by Cytek as confidential |
| Volume 2 of 2 to the Declaration of Jennifer Graber in Support of Plaintiff Beckman Coulter, Inc.'s Dispositive Motions and Motions to Exclude (D.I. 256) (Redacted version filed at D.I. 273) | Contains confidential and proprietary sales information for Beckman Coulter flow cytometers<br><br>Contains confidential, proprietary technical details regarding Beckman Coulter's flow cytometers<br><br>Also filed under seal because it references documents or information designated by Cytek as confidential |
| Letter to the Honorable Colm F. Connolly from Frederick L. Cottrell, III in Support of Plaintiff Beckman Coulter, Inc.'s Motion to Strike (D.I. 285) (Redacted version filed at D.I. 286) | Filed under seal because Cytek had designated the documents as containing Cytek confidential information |
| Letter to the Honorable Colm F. Connolly from Frederick L. Cottrell, III in Opposition to Cytek's Motion to Strike (D.I. 289) (Redacted version filed at D.I. 292) | Contains confidential material regarding Beckman Coulter's manufacturing and marketing capacity.<br><br>Also filed under seal because it references documents or information designated by Cytek as confidential |
| Plaintiff Beckman Coulter, Inc.'s Answering Brief in Opposition to Defendant's *Daubert* Motions Nos. 1-2 (D.I. 300) (Redacted version filed at D.I. 329) | Filed under seal because it references documents or information designed by Cytek as confidential |
| Plaintiff Beckman Coulter, Inc.'s Answering Brief in Opposition to Defendant's Motions for Summary | Contains confidential, proprietary technical details regarding Beckman Coulter's flow cytometers |

| | |
|---|---|
| Judgment Nos. 1-3 (D.I. 302) (Redacted version filed at D.I. 330) | Also filed under seal because it references documents or information designated by Cytek as confidential |
| Plaintiff Beckman Coulter, Inc.'s Responses to Defendant Cytek Biosciences, Inc.'s Statement of Material Facts in Support of MSJ No. 1 (D.I. 303) (Redacted version filed at D.I. 331) | Filed under seal because it references documents or information designated by Cytek as confidential |
| Plaintiff Beckman Coulter, Inc.'s Responses to Defendant Cytek Biosciences, Inc.'s Statement of Material Facts in Support of MSJ No. 2 (D.I. 304) (Redacted version filed at D.I. 332) | Filed under seal because it references documents or information designated by Cytek as confidential |
| Plaintiff Beckman Coulter, Inc.'s Responses to Defendant Cytek Biosciences, Inc.'s Statement of Material Facts in Support of MSJ No. 3 (D.I. 305) (Redacted version filed at D.I. 333) | Contains confidential, proprietary technical details regarding Beckman Coulter's flow cytometers<br><br>Also contains Beckman Coulter confidential, propriety information regarding potential acquisitions |
| Declaration of Jennifer Graber in Support of Plaintiff Beckman Coulter, Inc.'s Responses to Defendant Cytek Biosciences, Inc.'s Statement of Material Facts in Support of MSJ Nos. 1-3 and Answering Brief in Opposition to Defendant's *Daubert* Motions Nos. 1-2 (D.I. 306) (Redacted version filed at D.I. 334) | Filed under seal because it references documents or information designated by Cytek as confidential |
| Vol. II – Exhibits 24-78 to Declaration of Jennifer Graber in Support of Plaintiff Beckman Coulter, Inc.'s Responses to | Contains confidential, proprietary technical details regarding Beckman Coulter's flow cytometers |

| | |
|---|---|
| Defendant Cytek Biosciences, Inc.'s Statement of Material Facts in Support of MSJ Nos. 1-3 and Answering Brief in Opposition to Defendant's *Daubert* Motions Nos. 1-2 (D.I. 310) (Redacted version filed at D.I. 335) | Also filed under seal because it references documents or information designated by Cytek as confidential |
| Vol. III – Exhibits 79-89 to Declaration of Jennifer Graber in Support of Plaintiff Beckman Coulter, Inc.'s Responses to Defendant Cytek Biosciences, Inc.'s Statement of Material Facts in Support of MSJ Nos. 1-3 and Answering Brief in Opposition to Defendant's *Daubert* Motions Nos. 1-2 (D.I. 311) (Redacted version filed at D.I. 336) | Contains Beckman Coulter confidential, propriety information regarding potential acquisitions<br><br>Also filed under seal because it references documents or information designated by Cytek as confidential |
| Plaintiff Beckman Coulter, Inc.'s Reply Brief in Support of Its Motions to Exclude Certain Opinions of Defendant's Damages Expert, John L. Hansen (D.I. 325) (Redacted version filed at D.I. 357) | Filed under seal because it references documents or information designated by Cytek as confidential |
| Plaintiff Beckman Coulter, Inc.'s Reply Brief in Support of Its Motions for Summary Judgment (D.I. 326) (Redacted version filed at D.I. 358) | Filed under seal because it references documents or information designated by Cytek as confidential |
| Declaration of Jennifer Graber in Support of Plaintiff Beckman Coulter, Inc.'s Summary Judgment and *Daubert* Reply Briefs (D.I. 328) (Redacted version filed at D.I. 360) | Contains confidential, proprietary technical details regarding Beckman Coulter's flow cytometers<br><br>Also filed under seal because it references documents or information designated by Cytek as confidential |

13

As shown in the table above, good cause exists for each of these sealed filings. *See, e.g., Genentech*, 2020 WL 9432700, at \*4; *Mosaid Techs.*, 878 F. Supp. 2d at 510.

## VII.  Conclusion

Beckman Coulter sincerely apologizes for the overbreadth in sealing the initial set of Pretrial Order Materials, including in view of the public's right of access to filings.  Going forward, counsel for Beckman Coulter will take all necessary steps to carefully review the propriety of all sealed filings and will avoid overreliance on the redaction process to make its filings publicly available.  In light of Beckman Coulter's explanations above, it respectfully suggests that this is not a case where the Court should impose any form of sanctions on it.  *See Gillette Foods Inc. v. Bayernwald-Fruchteverwertung, GmbH*, 977 F.2d 809, 814-15 (3d Cir. 1992) ("[A] court's inherent power to sanction . . . should be exercised with 'restraint and discretion.'" (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991))).

14

OF COUNSEL:

Robert J. Gunther, Jr.
Omar A. Khan
Jeffrey A. Dennhardt
Laura Macro
Lauren Matlock-Colangelo
Jennifer L. Graber
Maggie Sawin
Kelly A. Todd
WILMER CUTLER PICKERING
HALE and DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800

James Dowd
WILMER CUTLER PICKERING
HALE and DORR LLP
350 South Grand Avenue
Suite 2400
Los Angeles, CA 90071
(213) 443-5300

Akkad Y. Moussa
WILMER CUTLER PICKERING
HALE and DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037

Dated: July 30, 2026

/s/ *Frederick L. Cottrell III*
Frederick L. Cottrell III (#2555)
Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
cottrell@rlf.com
farnan@rlf.com
haynes@rlf.com

*Attorneys for Plaintiff*