IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BECKMAN COULTER, INC.,

Plaintiff,

v.                                                  Civil Action No. 24-945-CFC

CYTEK BIOSCIENCES, INC.,

Defendant.

---

## ORDER

At Wilmington on this Third Day of August in 2026, having considered the

parties' briefing (D.I. 253, D.I. 308, D.I. 325), it is HEREBY ORDERED that

Beckman's *Daubert* Motion #6 to Exclude Mr. Hansen's Adjusted Reasonable

Royalty Rate as Based on Unreliable Methodology (D.I. 242) is DENIED.  First,

although I think that Beckman may be correct that Hansen double-counted (i.e.,

double-deducted) the value of spectral software in paragraphs 180 and 287 of his

opening report, Beckman's sparse briefing on this specific issue and its stretching

of the truth in other filings give me no confidence in this conclusion.  Accordingly,

I will not preclude Hansen at this time from offering at trial the opinions set forth

in paragraphs 180 and 287 of his opening report or opinions derived therefrom.

1

That said, if at trial it becomes clear that Hansen double-counted the value of spectral software, I will strike as unreliable and therefore inadmissible under Federal Rules of Evidence 403 and 702 any testimony that relied on that double counting, and I will explain to the jury why the testimony was struck.  Second, Hansen's opinions are and will be at trial made in response to Riley's opinions. Accordingly, any failure on his part to value the invention "as a whole" does not render his opinions "methodologically unsound" or unreliable.

_____
CHIEF JUDGE

2