# CVVCEJ O GP V'G

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| BECKMAN COULTER, INC., | |
| Plaintiff, | C.A. No. 24-0945-CFC |
| v. |  |
| CYTEK BIOSCIENCES, INC., | |
| Defendant. | **REDACTED / PUBLIC VERSION** |

**PLAINTIFF BECKMAN COULTER, INC.'S <u>CORRECTED</u> REPLY BRIEF IN SUPPORT OF ITS MOTIONS TO EXCLUDE CERTAIN OPINIONS OF DEFENDANT'S DAMAGES EXPERT, JOHN L. HANSEN**

OF COUNSEL:

Robert J. Gunther, Jr.
Omar A. Khan
Jeffrey A. Dennhardt
Laura Macro
Lauren Matlock-Colangelo
Jennifer L. Graber
Maggie Sawin
Kelly A. Todd
WILMER CUTLER PICKERING
HALE and DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800

Akkad Y. Moussa
WILMER CUTLER PICKERING
HALE and DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037

Frederick L. Cottrell III (#2555)
Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
cottrell@rlf.com
farnan@rlf.com
haynes@rlf.com

*Attorneys for Plaintiff*

# TABLE OF CONTENTS

I.      MOTION#6: MR. HANSEN'S UNSOUND ROYALTY RATE OPINION
        SHOULD BE EXCLUDED ..............................................................................1

        A.      Mr. Hansen Improperly Double-Discounts the Value of "Spectral"
                Software.......................................................................................................1

        B.      Mr. Hansen Unreliably Focuses on the Inventions' Individual
                Components..................................................................................................1

II.     MOTION#7: MR. HANSEN'S NON-INFRINGING ALTERNATIVE
        ASSUMPTIONS SHOULD BE EXCLUDED ................................................2

III.    CONCLUSION.........................................................................................................4

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Allergan, Inc. v. Revance Therapeutics, Inc.*, 789 F. Supp. 3d 365 (D. Del. June 30, 2025) ..................................................................................2

*AstraZeneca AB v. Apotex Corp.*, 782 F.3d 1324, 1339 (Fed. Cir. 2015) ....................................................................................................2

*Conceptus, Inc. v. Hologic, Inc.*, 771 F. Supp. 2d 1164 (N.D. Cal. 2010) ....................................................................................................3

*Exela Pharma Scis. v. Eton Pharms.*, 20-cv-365 (MN), 2022 WL 806524 (D. Del. Feb. 8, 2022) .........................................................2

*Finjan, Inc. v. Sophos, Inc.*, 14-cv-01197-WHO, 2016 WL 4702651 (N.D. Cal. Sept. 8, 2016) ..................................................................1

*Fundamental Innovation Sys. Int'l LLC v. Anker Innovations, Ltd.*, 21-339-RGA, 2025 WL 459916 (D. Del. Feb. 11, 2025)....................3

*Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341 (Fed. Cir. 1999)................................................................................3

*Oxford Gene Tech. Ltd. v. Mergen, Ltd.*, 345 F. Supp. 2d 431 (D. Del. 2004) ............................................................................................3

*Riles v. Shell Exploration & Production Co.*, 298 F.3d 1392 (Fed. Cir. 2002) ....................................................................................................4

Cytek tries to limit damages for its pervasive infringement through methodologically unsound expert analyses. These opinions should be excluded.

## I.    MOTION#6: MR. HANSEN'S UNSOUND ROYALTY RATE OPINION SHOULD BE EXCLUDED

### A.    Mr. Hansen Improperly Double-Discounts the Value of "Spectral" Software

Mr. Hansen's improper double-discounting of the value of spectral software warrants exclusion of his reasonable royalty rate. Opening-Br.4-5. Cytek is wrong that the jury should weigh this unreliable calculation (Cytek-Br.3) because "double-counting" is "likely to confuse the jury and [] not reliable." *Finjan v. Sophos*, 2016 WL 4702651, *2-3 (N.D. Cal. Sept. 8, 2016). Cytek's contention that it was proper for Mr. Hansen to deduct the value of "spectral technology" in *hardware* (Cytek-Br. 3) is a red herring; as Mr. Hansen admitted, he also applied discounting for spectral *software* on top of Ms. Riley's calculations, which already excluded spectral software. Ex.3, 131:21-133:152.

### B.    Mr. Hansen Unreliably Focuses on the Inventions' Individual Components

Mr. Hansen's reasonable royalty rate should also be excluded because, as Cytek admits, he analyzes the component parts (Cytek-Br.4) not the "invention as a whole." *AstraZeneca AB v. Apotex Corp.*, 782 F.3d 1324, 1339 (Fed. Cir. 2015). Cytek is wrong that its expert may misapply the law because he purportedly "did not make a correction on that basis" (Cytek-Br.4); opinions based on "an incorrect

legal theory" are irrelevant.  *Exela Pharma Scis. v. Eton Pharms.*, 2022 WL 806524, *3 (D. Del. Feb. 8, 2022).

## II.    MOTION#7: MR. HANSEN'S NON-INFRINGING ALTERNATIVE ASSUMPTIONS SHOULD BE EXCLUDED

Mr. Hansen's lost profits analysis impermissibly assumes that a commercially acceptable and economically viable non-infringing alternative would have been available, without analyzing any economic considerations, and ignores that Cytek was not equipped to implement the alternative.  Opening-Br.7-13. Cytek's attempts to fill these gaps are unavailing.

***First***, Cytek admits that Mr. Hansen's analysis is based on "assumptions" about what Cytek "could have feasibly done."  Cytek-Br.1, 7; Ex.1, ¶¶115, 119. Mr. Hansen's reliance on Cytek's ███████████████████ ██████████████████████████████████████████████████ ███████████ (Cytek-Br.5 (citing Cytek-Ex.DD, 11-14)—"leaves to the imagination how" a commercially acceptable[1] alternative would be implemented. *Allergan v. Revance Therapeutics*, 789 F. Supp. 3d 365, 379 (D. Del. June 30, 2025).  Cytek cannot save this opinion with self-serving, off-the-record claims by its employees that ████████████████████████████████████████ (Cytek-

---

[1] Cytek admits ████████████████████████████████ ██████  Cytek-Br.8.

Br.7-8), as "private conversations with [company] personnel" are "double hearsay," "not evidence." *Conceptus v. Hologic*, 771 F. Supp. 2d 1164, 1179 (N.D. Cal. 2010). And even if Cytek has ███████████████████, "[s]witching to a noninfringing substitute *after* the accounting period does not alone show availability of the noninfringing substitute *during* this critical time." *Grain Processing v. Am. Maize-Prods.*, 185 F.3d 1341, 1353 (Fed. Cir. 1999).[2]

**Second**, Cytek cannot rewrite Mr. Hansen's analysis by framing the proposed "alternative" as "already implemented" (Cytek-Br.5-9), where Mr. Hansen opined only that Cytek "reasonably *could have* pursued" the NIA, not that it already did. Ex.1, ¶¶114-115, 119. Nor did Mr. Hansen "analyze[] Cytek's 10-K disclosures" to "identif[y] these cost savings" for the purported NIA (Cytek-Br.6); he quoted the 10-Ks only to establish that Cytek had some manufacturing abroad as of 2017, which purportedly had certain "advantages" unrelated to cost savings. Ex.1, ¶¶116-18. "It is too late to save expert opinions with attorney argument." *Fundamental Innovation Sys. Int'l v. Anker Innovations*, 2025 WL 459916, *14 n.13 (D. Del. Feb. 11, 2025); *Oxford Gene Tech. v. Mergen*, 345 F. Supp. 2d 431, 437 (D. Del. 2004) (same).

---

[2] All emphases added.

*Finally*, Cytek's claim that the "availability of a NIA is a recognized qualitative factor in the hypothetical negotiation even where its precise cost has not been quantified" (Cytek-Br.9) is not supported by *Riles v. Shell Exploration & Production*, which does not discuss the availability of NIA as a qualitative factor. 298 F.3d 1302, 1313 (Fed. Cir. 2002). Moreover, the expert there ***did*** quantify the NIA savings, unlike Mr. Hansen. *Id.*

## III.    CONCLUSION

Beckman's Motions to Exclude #6-7 should be granted.

4

OF COUNSEL:

Robert J. Gunther, Jr.
Omar A. Khan
Jeffrey A. Dennhardt
Laura Macro
Lauren Matlock-Colangelo
Jennifer L. Graber
Kelly A. Todd
Maggie Sawin
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800

Akkad Y. Moussa
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Ave.
NW Washington, DC 20037
(202) 663-6000

Dated: ~~April 29~~July 28, 2026

/s/ Frederick L. Cottrell, III
Frederick L. Cottrell III (#2555)
Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
RICHARDS, LAYTON & FINGER P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
cottrell@rlf.com
farnan@rlf.com
haynes@rlf.com

*Attorneys for Plaintiff*

5