# CVVCEJ O GP V'K

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BECKMAN COULTER, INC., <br><br> Plaintiff, <br><br> v. <br><br> CYTEK BIOSCIENCES, INC., <br><br> Defendant. | C.A. No. 24-0945-CFC <br><br>  <br><br> **REDACTED – PUBLIC VERSION** |

## PLAINTIFF BECKMAN COULTER, INC.'S CORRECTED REPLY BRIEF IN SUPPORT OF ITS MOTIONS TO EXCLUDE CERTAIN OPINIONS OF DEFENDANT'S DAMAGES EXPERT, JOHN L. HANSEN

OF COUNSEL:

Robert J. Gunther, Jr.
Omar A. Khan
Jeffrey A. Dennhardt
Laura Macro
Lauren Matlock-Colangelo
Jennifer L. Graber
Maggie Sawin
Kelly A. Todd
WILMER CUTLER PICKERING
HALE and DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800

Akkad Y. Moussa
WILMER CUTLER PICKERING
HALE and DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037

Frederick L. Cottrell III (#2555)
Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
cottrell@rlf.com
farnan@rlf.com
haynes@rlf.com

*Attorneys for Plaintiff*

# **TABLE OF CONTENTS**

I.     MOTION#6: MR. HANSEN'S UNSOUND ROYALTY RATE OPINION SHOULD BE EXCLUDED ...................................................................1

     A.    Mr. Hansen Improperly Double-Discounts the Value of "Spectral" Software.........................................................................................1

     B.    Mr. Hansen Unreliably Focuses on the Inventions' Individual Components.....................................................................................1

II.    MOTION#7: MR. HANSEN'S NON-INFRINGING ALTERNATIVE ASSUMPTIONS SHOULD BE EXCLUDED ................................................2

III.   CONCLUSION..........................................................................................4

## <u>TABLE OF AUTHORITIES</u>

Page(s)

### CASES

*Allergan, Inc. v. Revance Therapeutics, Inc.*, 789 F. Supp. 3d 365 (D. Del. June 30, 2025).................................................................................2

*AstraZeneca AB v. Apotex Corp.*, 782 F.3d 1324, 1339 (Fed. Cir. 2015) ...................................................................................................2

*Conceptus, Inc. v. Hologic, Inc.*, 771 F. Supp. 2d 1164 (N.D. Cal. 2010) ...................................................................................................3

*Exela Pharma Scis. v. Eton Pharms.*, 20-cv-365 (MN), 2022 WL 806524 (D. Del. Feb. 8, 2022).........................................................2

*Finjan, Inc. v. Sophos, Inc.*, 14-cv-01197-WHO, 2016 WL 4702651 (N.D. Cal. Sept. 8, 2016) ...............................................................1

*Fundamental Innovation Sys. Int'l LLC v. Anker Innovations, Ltd.*, 21-339-RGA, 2025 WL 459916 (D. Del. Feb. 11, 2025)....................................3

*Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341 (Fed. Cir. 1999)......................................................................................3

*Oxford Gene Tech. Ltd. v. Mergen, Ltd.*, 345 F. Supp. 2d 431 (D. Del. 2004) ...................................................................................................3

*Riles v. Shell Exploration & Production Co.*, 298 F.3d 1392 (Fed. Cir. 2002) ...................................................................................................4

Cytek tries to limit damages for its pervasive infringement through methodologically unsound expert analyses.  These opinions should be excluded.

## I.     MOTION#6: MR. HANSEN'S UNSOUND ROYALTY RATE OPINION SHOULD BE EXCLUDED

### A.     Mr. Hansen Improperly Double-Discounts the Value of "Spectral" Software

Mr. Hansen's improper double-discounting of the value of spectral software warrants exclusion of his reasonable royalty rate.  Opening-Br.4-5.  Cytek is wrong that the jury should weigh this unreliable calculation (Cytek-Br.3) because "double-counting" is "likely to confuse the jury and [] not reliable."  *Finjan v. Sophos*, 2016 WL 4702651, *2-3 (N.D. Cal. Sept. 8, 2016).  Cytek's contention that it was proper for Mr. Hansen to deduct the value of "spectral technology" in ***hardware*** (Cytek-Br. 3) is a red herring; as Mr. Hansen admitted, he also applied discounting for spectral ***software*** on top of Ms. Riley's calculations, which already excluded spectral software.  Ex.3, 131:21-133:15.

### B.     Mr. Hansen Unreliably Focuses on the Inventions' Individual Components

Mr. Hansen's reasonable royalty rate should also be excluded because, as Cytek admits, he analyzes the component parts (Cytek-Br.4) not the "invention as a whole."  *AstraZeneca AB v. Apotex Corp.*, 782 F.3d 1324, 1339 (Fed. Cir. 2015).  Cytek is wrong that its expert may misapply the law because he purportedly "did not make a correction on that basis" (Cytek-Br.4); opinions based on "an incorrect

1

legal theory" are irrelevant.  *Exela Pharma Scis. v. Eton Pharms.*, 2022 WL 806524, *3 (D. Del. Feb. 8, 2022).

## II.   MOTION#7: MR. HANSEN'S NON-INFRINGING ALTERNATIVE ASSUMPTIONS SHOULD BE EXCLUDED

Mr. Hansen's lost profits analysis impermissibly assumes that a commercially acceptable and economically viable non-infringing alternative would have been available, without analyzing any economic considerations, and ignores that Cytek was not equipped to implement the alternative.  Opening-Br.7-13. Cytek's attempts to fill these gaps are unavailing.

***First***, Cytek admits that Mr. Hansen's analysis is based on "assumptions" about what Cytek "could have feasibly done."  Cytek-Br.1, 7; Ex.1, ¶¶115, 119. Mr. Hansen's reliance on Cytek's ██████████████████████ ████████████████████████████████████████████████ ████████████  Cytek-Br.5 (citing Cytek-Ex.DD, 11-14)—"leaves to the imagination how" a commercially acceptable[1] alternative would be implemented. *Allergan v. Revance Therapeutics*, 789 F. Supp. 3d 365, 379 (D. Del. June 30, 2025).  Cytek cannot save this opinion with self-serving, off-the-record claims by its employees that █████████████████████████████████████████  Cytek-

---

[1] Cytek admits ████████████████████████████████ ████████  Cytek-Br.8.

Br.7-8), as "private conversations with [company] personnel" are "double hearsay," "not evidence." *Conceptus v. Hologic*, 771 F. Supp. 2d 1164, 1179 (N.D. Cal. 2010). And even if Cytek has ███████████████████████, "[s]witching to a noninfringing substitute *after* the accounting period does not alone show availability of the noninfringing substitute *during* this critical time." *Grain Processing v. Am. Maize-Prods.*, 185 F.3d 1341, 1353 (Fed. Cir. 1999).[2]

**Second**, Cytek cannot rewrite Mr. Hansen's analysis by framing the proposed "alternative" as "already implemented" (Cytek-Br.5-9), where Mr. Hansen opined only that Cytek "reasonably *could have* pursued" the NIA, not that it already did. Ex.1, ¶¶114-115, 119. Nor did Mr. Hansen "analyze[] Cytek's 10-K disclosures" to "identif[y] these cost savings" for the purported NIA (Cytek-Br.6); he quoted the 10-Ks only to establish that Cytek had some manufacturing abroad as of 2017, which purportedly had certain "advantages" unrelated to cost savings. Ex.1, ¶¶116-18. "It is too late to save expert opinions with attorney argument." *Fundamental Innovation Sys. Int'l v. Anker Innovations*, 2025 WL 459916, *14 n.13 (D. Del. Feb. 11, 2025); *Oxford Gene Tech. v. Mergen*, 345 F. Supp. 2d 431, 437 (D. Del. 2004) (same).

---

[2] All emphases added.

*Finally*, Cytek's claim that the "availability of a NIA is a recognized qualitative factor in the hypothetical negotiation even where its precise cost has not been quantified" (Cytek-Br.9) is not supported by *Riles v. Shell Exploration & Production*, which does not discuss the availability of NIA as a qualitative factor. 298 F.3d 1302, 1313 (Fed. Cir. 2002).  Moreover, the expert there *did* quantify the NIA savings, unlike Mr. Hansen.  *Id.*

## III.    CONCLUSION

Beckman's Motions to Exclude #6-7 should be granted.

OF COUNSEL:

Robert J. Gunther, Jr.
Omar A. Khan
Jeffrey A. Dennhardt
Laura Macro
Lauren Matlock-Colangelo
Jennifer L. Graber
Kelly A. Todd
Maggie Sawin
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800

Akkad Y. Moussa
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Ave.
NW Washington, DC 20037
(202) 663-6000

Dated: July 28, 2026

/s/ Frederick L. Cottrell, III
Frederick L. Cottrell III (#2555)
Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
RICHARDS, LAYTON & FINGER P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
cottrell@rlf.com
farnan@rlf.com
haynes@rlf.com

*Attorneys for Plaintiff*

5

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned hereby certifies that the foregoing Plaintiff Beckman Coulter, Inc.'s Corrected Reply Brief in Support of its Motions to Exclude Certain Opinions of Defendant's Damages Expert, John L. Hansen complies with the type-volume requirements of the Court's November 6, 2019 Standing Order Regarding Briefing in All Cases and the Scheduling Order. The text of the brief, including footnotes, was prepared in Times New Roman 14-point font and contains 676 words, and when combined with all reply briefs filed in support of Beckman Coulter's summary judgment and *Daubert* motions, the total is 6,250/6,250 words.

*/s/ Christine D. Haynes*
Christine D. Haynes (#4697)
haynes@rlf.com

Dated: July 28, 2026