# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

BECKMAN COULTER, INC.,

        Plaintiff,

    v.

CYTEK BIOSCIENCES, INC.,

        Defendant.

C.A. No. 24-945-CFC

**REDACTED - PUBLIC VERSION**

## EXHIBIT 14

## CYTEK BIOSCIENCES, INC.'S STATEMENT OF INTENDED PROOFS

## I.    INTRODUCTION

Pursuant to Delaware Local Rule 16.3(c)(9), Defendant Cytek Biosciences, Inc. ("Defendant" or "Cytek") identifies the following issues that Cytek intends to prove at trial in the action brought by Plaintiff Beckman Coulter, Inc. ("Plaintiff" or "Beckman Coulter") for alleged infringement of claims 1, 3, 6, 23 and 26 of U.S. Patent No. 10,33,582 (the "'582 Patent"); claims 4, 6, 10, 11, and 15 of U.S. Patent No. 11,703,443 (the "'443 Patent"); and claims 5, 16, 18, 26, 27, and 29 of U.S. Patent No. 12,174,107 (the "'107 Patent") (collectively, the "Asserted Claims" of the "Asserted Patents").

This statement of intended proofs is based on the parties' pleadings, documentary and testimony evidence, and on Cytek's current understanding of the parties' claims and defenses and the Court's rulings to date. Cytek reserves the right to revise, amend, supplement, or modify its statement of intended proofs based upon any pretrial rulings by the Court and/or to address any additional issues, arguments, evidence, or other developments in the case, including edits to the draft pretrial order, any meet and confers or other negotiations between the parties, pending and anticipated motions, and similar developments. Cytek further reserves the right to supplement this statement to rebut or otherwise address the contested intended proofs identified by Beckman Coulter.

Should the Court determine that any issue identified in this statement is more properly considered an issue of law, it shall be so considered and Cytek incorporates it by reference into its statement of issues of law that remain to be litigated, which is submitted as Exhibit 5 hereto. Cytek contends that the issues of fact (or mixed questions of fact and law) that remain to be litigated at trial and decided by the jury are as follows.

## II.    INTENDED PROOFS ON ISSUES WHERE CYTEK BIOSCIENCES, INC. BEARS THE ULTIMATE BURDEN OF PROOF

### A.    Invalidity Based on Anticipation

1.    Cytek intends to prove, by clear and convincing evidence, that claims 6, 11, and 15 of the '443 Patent are invalid as anticipated by the prior art.

### B.    Invalidity Based on Obviousness

2.    Cytek intends to prove, by clear and convincing evidence, that claims 1, 3, 6, 23, and 26 of the '582 Patent are invalid as obvious over the prior art.

3.    Cytek intends to prove, by clear and convincing evidence, that claims 4, 6, 10, 11, and 15 of the '443 Patent are invalid as obvious over the prior art.

4.    Cytek intends to prove, by clear and convincing evidence, that claims 5, 16, 18, 26, 27, and 29 of the '107 Patent are invalid as obvious over the prior art.

### C.    Invalidity for Lack of Written Description

5.    Cytek intends to prove, by clear and convincing evidence, that claims 1, 3, 6, 23, and 26 of the '582 Patent are invalid for failure to comply with the written

2

description requirement under 35 U.S.C. § 112.

6. Cytek intends to prove, by clear and convincing evidence, that claims 4, 6, 10, 11, and 15 of the '443 Patent are invalid for failure to comply with the written description requirement under 35 U.S.C. § 112.

7. Cytek intends to prove, by clear and convincing evidence, that claims 5, 16, 18, 26, 27, and 29 of the '107 Patent are invalid for failure to comply with the written description requirement under 35 U.S.C. § 112.

**D.    Invalidity for Lack of Enablement**

8. Cytek intends to prove, by clear and convincing evidence, that claims 1, 3, 6, 23, and 26 of the '582 Patent are invalid for failure to comply with the enablement requirement under 35 U.S.C. § 112.

9. Cytek intends to prove, by clear and convincing evidence, that claims 4, 6, 10, 11, and 15 of the '443 Patent are invalid for failure to comply with the enablement requirement under 35 U.S.C. § 112.

10. Cytek intends to prove, by clear and convincing evidence, that claims 5, 16, 18, 26, 27, and 29 of the '107 Patent are invalid for failure to comply with the enablement requirement under 35 U.S.C. § 112.

**E.    Invalidity for Indefiniteness**

11. Cytek intends to prove, by clear and convincing evidence, that claims 1, 3, 6, 23, and 26 of the '582 Patent are invalid for failure to comply with the

3

definiteness requirement under 35 U.S.C. § 112.

12.    Cytek intends to prove, by clear and convincing evidence, that claim 10 of the '443 Patent is invalid for failure to comply with the definiteness requirement under 35 U.S.C. § 112.

13.    Cytek intends to prove, by clear and convincing evidence, that claims 5 and 29 of the '107 Patent are invalid for failure to comply with the definiteness requirement under 35 U.S.C. § 112.

### F.    Remedies

14.    Assuming a jury finds Cytek does not infringe one or more valid claims of the Asserted Patents, Cytek intends to prove, by a preponderance of the evidence, that Cytek is entitled to attorneys' fees and/or costs.

15.    Assuming a jury finds Cytek does not infringe one or more valid claims of the Asserted Patents, Cytek intends to prove, by a preponderance of the evidence, that this case is exceptional under 35 U.S.C. § 285.

## III.    CONTESTED INTENDED PROOFS ON ISSUES WHERE BECKMAN COULTER, INC. BEARS THE ULTIMATE BURDEN OF PROOF

### A.    Infringement

16.    Beckman Coulter has the burden of proving infringement by a preponderance of the evidence and cannot shift that burden to Cytek. Cytek intends to rebut Beckman Coulter's allegations that there is a preponderance of the evidence

4

that Cytek infringes, literally or under the doctrine of equivalents, one or more of the Asserted Claims of the Asserted Patents under 35 U.S.C. § 271.

17.    If Beckman Coulter establishes infringement of claims 4, 6, 10, 11, and/or 15 of the '443 Patent, Cytek intends to raise a *prima facie* case that Cytek does not infringe claims 4, 6, 10, 11, and/or 15 of the '443 Patent under the reverse doctrine of equivalents.

18.    If Beckman Coulter establishes infringement of claims 5, 16, 18, 26, 27, and/or 29 of the '107 Patent, Cytek intends to raise a *prima facie* case that Cytek does not infringe claims 5, 16, 18, 26, 27, and/or 29 of the '107 Patent under the reverse doctrine of equivalents.

### B.    Willfulness

19.    Beckman Coulter has the burden of proving willful infringement by a preponderance of the evidence and cannot shift that burden to Cytek. Cytek intends to rebut Beckman Coulter's allegations that there is a preponderance of the evidence that Cytek willfully infringes one or more of the Asserted Claims of the Asserted Patents.

### C.    Priority

20.    Beckman Coulter has the burden of proving, by a preponderance of the evidence, that the Asserted Claims of the Asserted Patents are entitled to a priority claim (i.e., effective filing date) before the filing date of U.S. Appl. No. 14/555,102,

5

November 26, 2014, and cannot shift that burden to Cytek.

21.    If Beckman Coulter establishes entitlement to a priority date before March 16, 2013, Cytek intends to rebut Beckman Coulter's allegations that there is a preponderance of the evidence that the Asserted Claims of the Asserted Patents are entitled to a priority claim of "[n]o later than April 2012, including about April 18, 2012."

**D.    Remedies**

22.    Assuming a jury finds Cytek infringed one or more valid claims of the Asserted Patents, Beckman Coulter has the burden of proving, by a preponderance of the evidence, entitlement to lost profits damages for Cytek's purported infringement of one or more claims of the Asserted Patents and the amount of lost profits damages to which Beckman Coulter is entitled. Cytek intends to rebut Beckman Coulter's allegations that there is a preponderance of the evidence that Beckman Coulter is entitled to lost profits damages and the amount of lost profits damages that Beckman Coulter is entitled to, if any.

23.    Assuming a jury finds Cytek infringed one or more valid claims of the Asserted Patents, Beckman Coulter has the burden of proving, by a preponderance of the evidence, entitlement to reasonable royalty damages for Cytek's purported infringement of one or more claims of the Asserted Patents and the amount of reasonable royalty damages to which Beckman Coulter is entitled. Cytek intends to

6

rebut Beckman Coulter's allegations that there is a preponderance of the evidence that Beckman Coulter is entitled to reasonable royalty damages and the amount of reasonable royalty damages that Beckman Coulter is entitled to, if any.

24.    Assuming a jury finds Cytek infringed one or more valid claims of the Asserted Patents, Beckman Coulter has the burden of proving its entitlement to attorneys' fees and/or costs. Cytek intends to rebut Beckman Coulter's allegations that there is a preponderance of the evidence that Beckman Coulter is entitled to attorneys' fees and/or costs.

25.    Assuming a jury finds Cytek willfully infringed one or more valid claims of the Asserted Patents, Beckman Coulter has the burden of proving, by a preponderance of the evidence, that it is entitled to enhanced damages under 35 U.S.C. § 284.  Cytek intends to rebut Beckman Coulter's allegations that there is a preponderance of the evidence that Beckman Coulter is entitled to enhanced damages under 35 U.S.C. § 284.

26.    Assuming a jury finds Cytek infringed one or more valid claims of the Asserted Patents, Beckman Coulter has the burden of proving, by a preponderance of the evidence, that this case is exceptional under 35 U.S.C. § 285. Cytek intends to rebut Beckman Coulter's allegations that there is a preponderance of the evidence that this case is exceptional under 35 U.S.C. § 285.

27.    Assuming a jury finds Cytek infringed one or more valid claims of the

Asserted Patents, Beckman Coulter has the burden of proving, by a preponderance of the evidence, that it is entitled to a permanent injunction (subject to the Court's discretion) to enjoin Cytek, its officers, agents, employees, attorneys, parents, subsidiaries, divisions, affiliates, other related business entities, and all other persons in active concert or privity with them, and the successors and assigns of each, from infringement from one or more Asserted Claims of the Asserted Patents. Cytek intends to rebut Beckman Coulter's allegations that there is a preponderance of the evidence that Beckman Coulter is entitled to a permanent injunction (subject to the Court's discretion).