# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347
_____
(302) 658-9200
(302) 658-3989 FAX

KAREN JACOBS
(302) 351-9227
kjacobs@morrisnichols.com

August 13, 2026

The Honorable Colm F. Connolly                *VIA ELECTRONIC FILING*
United States District Court
   for the District of Delaware
844 North King Street
Room 4124, Unit 31
Wilmington, DE 19801-3555

Re:   *Beckman Coulter, Inc. v. Cytek Biosciences, Inc.*,
         C.A. No. 24-945 (CFC) (D. Del.)

Dear Chief Judge Connolly:

We write on behalf of Cytek Biosciences to seek guidance on evidentiary categories discussed at last Friday's Pretrial Conference, but that Beckman now proclaims "Cytek may not present" and that "lacks probative value," due to its further eleventh-hour case narrowing. (Exhibit A at 8/12/2026 Email from G. Farrell to D. Knight.) Given the importance of the evidence to Cytek's case presentation and defenses, Cytek respectfully requests that the Court confirm that its rulings on Beckman's Motions *in Limine* Nos. 1-3 at the Pretrial Conference are still in effect after Beckman's attempt to limit Cytek's evidence so that Cytek may prepare for trial with clarity rather than address the issues before jury selection starts Monday morning, and avoid wasting the Court and the jury's time with evidentiary disputes as to what evidence is properly in the case. Confirmation of Your Honor's pre-trial rulings will assist the preparation of opening statements and cross-examination of at least one Beckman fact witness (Mario Koksch) expected to testify on Monday. The parties have conferred and were unable to reach agreement.

Last evening at 7:50 pm Beckman purported to "narrow" its case to assert infringement under only 35 U.S.C. § 271(a). (Ex A.) In so doing, Beckman asserted that because inducement is no longer at issue, Cytek may not present evidence in Phase 1 on (1) the Danaher/Beckman-Cytek discussions; (2) Cytek's patents; and (3) the timing of the lawsuit. (*Id.*) Cytek disagrees, both because Beckman is

The Honorable Colm F. Connolly
August 13, 2026
Page | 2

essentially seeking to reargue its motions *in limine* that were already addressed and decided at the Pretrial Conference, and because this evidence continues to be relevant to issues that remain in the case.

***First,*** Beckman made the strategic decision to maintain its § 271(b), (c) and (f) allegations while at the same time seeking to preclude Cytek from offering the evidence raised in its Motions *in Limine* Nos. 1-3.[1]  It was only after those motions were fully briefed and argued at the Pretrial Conference, and denied in relevant part by the Court, that Beckman now essentially wants to seek reargument based on its strategic decision to wait to narrow its case until after the Court ruled.  But Beckman does not satisfy the standard for reargument under D. Del. LR 7.1.5(a) because it is seeking to make arguments that it could have raised, but strategically did not, in its motions.  "A motion for [reargument] may not be used to argue that a court rethink a decision already made, nor may it be used to argue new facts or issues that were inexcusably not presented to the court in the matter previously decided." *Talley v. Christiana Care Health Sys.*, Civil Action No. 17-926-CJB, 2019 WL 2605589, at *1 (D. Del. June 25, 2019).  It is unduly prejudicial to Cytek for Beckman to try to move the goal posts now, only days before trial, when the motions were briefed and argued based on the case that Beckman chose to maintain at the time.  It would be unfair to both Cytek and the Court to have to reargue these motions based on the narrowed statutory grounds that Beckman has now strategically decided to assert.

***Second,*** even with Beckman's case narrowing, these categories of evidence continue to have significant probative value in relation to Cytek's "RDOE," non-infringement, and § 112 defenses, and to rebut Beckman's copying allegations.  (*Id.* at 8/12/2026 Email from B. Flanagan to G. Farrell.)  Indeed, Cytek's motion *in limine* oppositions identified how these evidence categories are material to multiple defenses that have nothing to do with Cytek's state of mind.  The Court did not exclude this evidence, but instead said it need to be "teed up very, very discretely," and noted, for example, that evidence "suggest[ing] that spectral flow cytometry was a Cytek conception as opposed to conventional flow cytometry, which the theory of at least Cytek's expert is that's what Beckman Coulter invented.  I have to see the documents and rule." (8/13/2026 Pretrial Conf. Tr. at 112:24-113:9, 113:14-114:2.) The same remains true today.

As to Beckman's MIL No. 2, the discussions between Beckman/Danaher and Cytek

---

[1] It is thus not surprising that much of the argument at the Pretrial Conference was focused on the *mens rea* requirement given Beckman's assertions at the time.

The Honorable Colm F. Connolly
August 13, 2026
Page | 3

continues to be relevant to the issues of non-infringement, RDOE, and lack of written description and enablement.  As an example, that Beckman/Danaher sought to acquire Cytek rather than accuse it of patent infringement and considered its technology to be innovative is a party admission that Beckman did not consider Cytek's technology to be within the scope of its inventions.  (*See, e.g.,* D.I. 421-1, at 105 ("Beckman Coulter Life Sciences believes a transaction with Cytek … will *complement* our business" and referring to Cytek's Aurora as "**innovative**" with its "**broad range of spectra**") (emphasis added).)  This evidence is material because Beckman filed its '412 patent in November 2014, years before any discussions between Beckman/Danaher and Cytek.  The '412 patent is a parent to the Asserted Patents and shares a common specification such that Beckman/Danaher statements in 2018 and beyond support Cytek's arguments that these Asserted Patents covered only conventional flow cytometers and thus the asserted claims are not infringed, literally or under the "RDOE," and lack written description and enablement to the extent they seek to cover spectral cytometry.  (D.I. 420-5, at 91.)

As to Beckman's MIL No. 1 on Cytek's patents, Cytek's patents continue to be relevant to issues of non-infringement, RDOE and lack of written description and enablement. The Asserted Patents' written description states that "efficient color separation can *only* be accomplished economically with [a] **collimated** light beam" and asserted claim 3 of the '582 patent recites a "**collimated beam**."  ('582, 44:24-26, 59:15-41 (emphasis added).)  Cytek seeks to rely on an excerpt from the prosecution history of Cytek's '076 patent (D.I. 420-4, at 100-101) where the patent examiner allowed claims over Beckman's parent '412 patent (which shares the same specification as the Asserted Patents), specifically because the patent examiner found Beckman's written description does not disclose "**reimaging**" of light onto every odd filter.  (D.I. 420-4, at 90.)  In other words, there is no collimated beam. By allowing the claims of Cytek's '076 patent over the '412 patent, the examiner suggests that the '412 patent does not disclose an optical subsystem that demultiplexes the light by using beam that focuses the light every other filter. The patent examiner's statement is probative of a person of ordinary skill's understanding of the plain and ordinary meaning of a "collimated beam," and a meaning of the term that the Asserted Patents would not enable or support.  Indeed, Both Beckman's experts and Cytek's expert have relied on Cytek's patents for this purpose. (*Id*. at 90-91.)  This statement is thus highly relevant to multiple issues related to the plain meaning of a "collimated beam," and admissible under the public record hearsay exception.  Fed. R. Evid. 803(8); *see also Valve Corp. v. Ironburg Inventions Ltd.*, 8 F.4th 1364, 1374 (Fed. Cir. 2021) (PTAB's statement during IPR admissible under Fed. R. Evid. 803(8)).

The Honorable Colm F. Connolly
August 13, 2026
Page | 4


As to Beckman's MIL No. 3, the timing of the lawsuit continues to be material to Cytek's § 112 defenses for the scope of "flow cytometer" and "WDM" in asserted claim 18 of the '107 patent.  (D.I. 421-1, at 90-91.)  The '107 claims, drafted after Beckman filed this lawsuit: (1) add dependent claims that target spectral flow cytometry (thereby expanding the scope of the independent claims); and (2) omit a "collimating optical element" or a "collimated beam," to purportedly read onto Cytek's spectral flow cytometers that use a non-collimated beam.  The timing of the lawsuit matters because Beckman contends that the claims are entitled to a priority date over **12 years ago** while also drafting claims post-suit that target Cytek's products without written description support or enablement.  (D.I. 421-1, at 91 (quoting, *e.g.*, *Synthes USA, LLC v. Spinal Kinetics, Inc.*, 734 F.3d 1332, 1341 (Fed. Cir. 2013)).)

Cytek is available to make a detailed proffer as to the continued relevance of such evidence notwithstanding Beckman's eleventh-hour narrowing should the Court desire such a proffer.

Respectfully,

*/s/ Karen Jacobs*

Karen Jacobs (#2881)


KJ/jmm
cc:    Clerk of the Court (via hand delivery)
       All Counsel of Record (via e-mail)