# EXHIBIT  A

| | |
|---|---|
| **From:** | Flanagan, Betsy |
| **Sent:** | Wednesday, August 12, 2026 10:25 PM |
| **To:** | Farrell, Gillian; Knight, Dustin M; Gonzalez, Juan Pablo; Dennhardt, Jeffrey; z/Cytek-BCLitigation; kjacobs; JTigan@morrisnichols.com; Clark, Cameron |
| **Cc:** | WH BEC-Cytek Service; haynes@rlf.com; cottrell@rlf.com; farnan@rlf.com; Monasterio, Gabriela Z. |
| **Subject:** | RE: Beckman Coulter v. Cytek, No. 24-945 (D. Del.) - Narrowing |

Counsel,

Your narrowing identified below does not change the scope of relevant evidence in Phase 1.  Your arguments otherwise reveal the opportunistic nature of your "narrowing," as does the timing—*after* your MILs were denied, and not before, despite our asking you to narrow your asserted statutory bases of infringement for weeks leading up to the pretrial conference.  Beckman's gamesmanship is also noted by its attempt to exclude evidence of intent in Phase 1 while still purporting to assert willfulness in any Phase 2.  Simply put, Beckman's attempt to limit Cytek's evidence by its eleventh-hour case narrowing is unduly prejudicial to Cytek and simply comes too late.

But in any event, your assertion that Cytek limited its opposition to the MILs to issues of intent is simply incorrect.  We identified multiple arguments beyond 271 b/c/f infringement in opposing each of your MILs, including relevance to lack of copying, non-infringement, the reverse doctrine of equivalents, and section 112.  For example, on Danaher/Cytek discussions (BEC MIL 2) we argued the evidence is relevant to copying, RDOE, non-infringement, and section 112.  The Court did not exclude this evidence, but instead said it need to be "teed up very, very discretely," and suggested that evidence "suggest[ing] that spectral flow cytometry was a Cytek conception as opposed to conventional flow cytometry, which the theory of at least Cytek's expert is that's what Beckman Coulter invented.  I have to see the documents and rule."  (PTC Tr. at 112-115)

Bottom line, the parties have a very different view on the admissibility of the evidence your MILs purport to cover and that you address below. Cytek's position is that all such evidence remains relevant despite your additional case narrowing.

Regarding your damages narrowing, an appropriate stipulation should be reached to memorialize your position, which we assume is that Cytek had available foreign manufacturing as a non-infringing alternative.  Please clarify.

Cytek reserves all rights.

Regards,
Betsy


Betsy Flanagan
Cooley LLP
+1 612 723 2854 mobile
bflanagan@cooley.com

---

**From:** Farrell, Gillian <Gillian.Farrell@wilmerhale.com>
**Sent:** Wednesday, August 12, 2026 7:50 PM
**To:** Knight, Dustin M <dknight@cooley.com>; Gonzalez, Juan Pablo <jgonzalez@cooley.com>; Dennhardt, Jeffrey <Jeffrey.Dennhardt@wilmerhale.com>; z/Cytek-BCLitigation <zCytekBCLitigation@cooley.com>; kjacobs <kjacobs@morrisnichols.com>; JTigan@morrisnichols.com; Clark, Cameron <cclark@morrisnichols.com>

1

Cc: WH BEC-Cytek Service <WHBEC-CytekService@wilmerhale.com>; haynes@rlf.com; cottrell@rlf.com; farnan@rlf.com; Monasterio, Gabriela Z. <monasterio@rlf.com>
Subject: RE: Beckman Coulter v. Cytek, No. 24-945 (D. Del.) - Narrowing

**CAUTION: This Message Is From an External Sender**

This message came from outside your organization.

Counsel,

In the interest of narrowing the issues and streamlining the case before trial, we are informing you as a courtesy that Beckman Coulter further narrows its case as follows:

1. Beckman Coulter narrows its infringement theories to infringement under 35 U.S.C. 271(a).
2. Beckman Coulter narrows its relief requested for damages in Phase 2 as follows: Beckman Coulter seeks damages on sales of accused products worldwide only through April 2025; after April 2025, Beckman Coulter seeks damages on sales of accused products in the US only.

Beckman Coulter's narrowing of its claims above streamlines the issues for trial.  For example, evidence of state of mind, knowledge (or lack of knowledge), or subjective intent regarding infringement is no longer probative of any issue that will be presented during Phase 1 of the trial.  As a result, among other things, Cytek no longer has any proper purpose for presenting the following categories of evidence discussed at the August 7, 2026 Pretrial Conference:

1. Evidence regarding Cytek's patent(s).
- With respect to Beckman Coulter's MIL No. 1, Cytek's counsel only argued Cytek's patent(s) have any relevance to the "intent knowledge requirement [of] 271(f), 271(f)(2), (b), (c)," on the grounds that it "that goes to the mental state of Cytek believing that it doesn't infringe." Aug. 7, 2026 Hr'g Tr. at 126:8-127:3.  The Court acknowledged Cytek's argument but noted that to the extent such evidence "should come in," "it needs to be very specific." Id. at 127:21-25.  The very specific issues Cytek argued its patents could plausibly be relevant to are no longer in the case following Beckman Coulter's narrowing.  As a result, Cytek may not present evidence regarding Cytek's patents.

2. Evidence regarding Danaher/Cytek discussions.
- With respect to Beckman Coulter's MIL No. 2, Cytek's counsel argued that discussions between Danaher and Cytek would be relevant to "[t]he subjective intent question for inducement." Aug. 7, 2026 Hr'g Tr. at 112:1-121:12. In explaining its decision to reserve ruling on this issue, the Court stated that it "can conceive of this evidence being relevant to rebut the mens rea requirement of inducement that Beckman Coulter would have to prove." Id. at 112:24-113:12.  Because BEC has narrowed out its inducement claims, no such evidence no longer has any probative value in Phase 1.

3. Evidence regarding the timing of the lawsuit.
- With respect to Beckman Coulter's MIL No. 3, the Court stated at the hearing that Cytek may not argue that it "did[ not] directly infringe the patent based in any way on the timing of the lawsuit." Aug. 7, 2026 Hr'g Tr. at 124:4-20.  The Court denied Beckman Coulter's MIL No. 3 only "insofar it was intended to preclude them from arguing to the jury or adducing evidence to the jury that there were discussions between the parties that predate the filing of the lawsuit that postdate their knowledge of the patent and Beckman Coulter's awareness of their knowledge of the patent," which the Court explained "could be relevant" to "mens rea to induce infringement."  As BEC has narrowed out its induced infringement claims, evidence falling within the exception noted by the Court is no longer probative of any issue in the case.  Cytek therefore may not present evidence regarding timing of the lawsuit.

Best,

Gillian

**From:** Knight, Dustin M <dknight@cooley.com>
**Sent:** Wednesday, August 12, 2026 7:10 PM
**To:** Gonzalez, Juan Pablo <jgonzalez@cooley.com>; Dennhardt, Jeffrey <Jeffrey.Dennhardt@wilmerhale.com>; z/Cytek-BCLitigation <zCytekBCLitigation@cooley.com>; kjacobs <kjacobs@morrisnichols.com>; JTigan@morrisnichols.com; Clark, Cameron <cclark@morrisnichols.com>
**Cc:** WH BEC-Cytek Service <WHBEC-CytekService@wilmerhale.com>; haynes@rlf.com; cottrell@rlf.com; farnan@rlf.com; Monasterio, Gabriela Z. <monasterio@rlf.com>
**Subject:** RE: Beckman Coulter v. Cytek, No. 24-945 (D. Del.) - Narrowing

**EXTERNAL SENDER**

Counsel:

In accord with the parties' prior agreement, Cytek provides the following narrowed grounds for invalidity:

'582, claim 3:
- 112 indefiniteness
- 112 lack of written description
- 112 lack of enablement
- 103 obviousness based on DxP + BD FACSArray

'443, claim 4:
- 112 lack of written description
- 112 lack of enablement
- 103 based on DxP + Lemoff
- 103 obviousness based on Oostman + Lemoff

'443, claim 10:
- 112 indefiniteness
- 112 lack of written description
- 112 lack of enablement
- 103 obviousness based on DxP

'107, claim 18:
- 112 lack of written description
- 112 lack of enablement
- 103 obviousness based on DxP + BD FACSArray
- 103 obviousness based on Oostman + Lemoff + Frazier

Cytek reserves all rights.

Best,
Dustin

Dustin Knight
Office: +1 202 776 2066 • Cell: +1 571 643 5164
Email: dknight@cooley.com • www.cooley.com

**From:** Gonzalez, Juan Pablo <jgonzalez@cooley.com>
**Sent:** Wednesday, August 12, 2026 9:41 AM
**To:** Dennhardt, Jeffrey <Jeffrey.Dennhardt@wilmerhale.com>; z/Cytek-BCLitigation <zCytekBCLitigation@cooley.com>; kjacobs <kjacobs@morrisnichols.com>; JTigan@morrisnichols.com; Clark, Cameron <cclark@morrisnichols.com>
**Cc:** WH BEC-Cytek Service <WHBEC-CytekService@wilmerhale.com>; haynes@rlf.com; cottrell@rlf.com; farnan@rlf.com; Monasterio, Gabriela Z. <monasterio@rlf.com>
**Subject:** RE: Beckman Coulter v. Cytek, No. 24-945 (D. Del.) - Narrowing

Jeff,

Per the attached email thread, the parties agreed that Cytek would provide its narrowed invalidity theories on August 12 (i.e., today). (*See* 8/8/26 WilmerHale Email (responding to 7/30/26 Cooley Email ("August 12 – Cytek narrows to 4 invalidity theories per claim")).)

In accordance with that agreement, Cytek will provide its narrowed invalidity theories later today.

Thanks,
Juan Pablo

Juan Pablo González
+1 650 843 5095 office
jgonzalez@cooley.com

**From:** Dennhardt, Jeffrey <Jeffrey.Dennhardt@wilmerhale.com>
**Sent:** Wednesday, August 12, 2026 12:45 AM
**To:** z/Cytek-BCLitigation <zCytekBCLitigation@cooley.com>; kjacobs <kjacobs@morrisnichols.com>; JTigan@morrisnichols.com; Clark, Cameron <cclark@morrisnichols.com>
**Cc:** WH BEC-Cytek Service <WHBEC-CytekService@wilmerhale.com>; haynes@rlf.com; cottrell@rlf.com; farnan@rlf.com; Monasterio, Gabriela Z. <monasterio@rlf.com>
**Subject:** Beckman Coulter v. Cytek, No. 24-945 (D. Del.) - Narrowing

Counsel,

Under the parties' agreement, Cytek's invalidity narrowing was due yesterday.  When can we expect to receive it?

BEC reserves all rights.

Best,
Jeff

**Jeffrey A. Dennhardt | WilmerHale**
7 World Trade Center
250 Greenwich Street
New York, NY 10007 USA
+1 212 295 6293 (t)
+1 212 230 8888 (f)
jeffrey.dennhardt@wilmerhale.com

 **One Firm. One Legacy.**

4

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at https://www.wilmerhale.com.

---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.