Frederick L. Cottrell, III
Director
302-651-7509
cottrell@rlf.com



August 13, 2026

The Honorable Colm F. Connolly
United States District Court
for the District of Delaware
844 North King Street
Room 4124, Unit 31
Wilmington, DE 19801

**Re:    *Beckman Coulter, Inc. v. Cytek Biosciences, Inc.*
        C.A. No. 24-945 (CFC)**

Dear Chief Judge Connolly:

We write in response to Cytek's August 13, 2026 letter.  D.I. 434 ("Cytek Letter").  In preparation for trial, Beckman Coulter decided to further narrow its case by presenting only theories of direct infringement.  There was nothing improper in Beckman Coulter's narrowing.  To the contrary, it will substantially simplify the trial presentation by eliminating the need to address 35 U.S.C. § 271(b), (c), and (f).  This will streamline the testimony and evidence at trial, the jury instructions, and the verdict form, and it comes on top of Beckman Coulter's prior decision to assert infringement of only four claims.

Beckman Coulter promptly notified Cytek of its decision the same day it was made, which was also the same day Cytek identified its invalidity theories for trial.  D.I. 434-1 at 3.  In contrast to Beckman Coulter being clear about the case it expects to try, Cytek continues to refuse to clarify which of the numerous specific § 112 theories it intends to present at trial, and has merely referred to written description, enablement, and indefiniteness for particular patents without further detail.  *Id.* Cytek will not have time to present most of its specific written description, enablement, and indefiniteness theories at trial and, therefore, Cytek must intend to further narrow in the remaining days before trial.

In connection with its good faith narrowing of its claims, Beckman Coulter further provided Cytek with its understanding of what the narrowing meant for

One Rodney Square ■ 920 North King Street ■ Wilmington, DE 19801 ■ Phone: 302-651-7700 ■ Fax: 302-651-7701

www.rlf.com

The Honorable Colm F. Connolly
August 13, 2026
Page 2

certain evidence Cytek may intend to present.  D.I. 434-1 at 2.  Evidence of state of mind, knowledge (or lack of knowledge), and subjective intent regarding infringement is no longer probative of the only issues remaining in Phase I—direct infringement and validity under 35 U.S.C. § 103, 112.  *See Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 638-39 (2015) (discussing 35 U.S.C. § 271(a) and stating "[u]nder this form of liability, a defendant's mental state is irrelevant."); 35 U.S.C. §§ 103, 112.  Accordingly, Beckman Coulter identified several types of evidence that Cytek had argued at the Pretrial Conference were admissible for the purpose of establishing a purported belief in non-infringement in the context of indirect infringement: Cytek's own patents, Cytek's business discussions with Danaher, and the timing of this litigation.  Ex. A (Aug. 7, 2026 Hr'g Tr.) at 126:8-19 (Cytek's patent potentially relevant to "the mental state of Cytek believing that it doesn't infringe"), 112:1-113:12 (discussions with Danaher potentially "relevant to rebut the mens rea requirement of inducement"), 124:4-20 ("discussions between the parties … could be relevant to whether they have sufficient mens rea to induce infringement.").

Beckman Coulter is not seeking re-argument of the Motions *in Limine* (Cytek Letter 1-2) and has not submitted any motion or request for reconsideration.  Rather, it is a simple fact that intent is no longer an issue in Phase I in the absence of indirect infringement claims.  Beckman Coulter's email to Cytek was an attempt to explain Beckman Coulter's understanding of how the arguments and rulings at the Pretrial Conference apply to the issues remaining in the case.  D.I. 434-1 at 1-2 (citing Pretrial Conference transcript).  The substance of Cytek's response indicates that it nevertheless wants to present irrelevant, and highly prejudicial, evidence to the jury.  Beckman Coulter is available to address these issues before trial if the Court wishes, but whether the Court rules before trial or addresses evidentiary objections in the context of specific testimony at trial, Cytek should not be permitted to present evidence regarding its own patents, its business discussions with Danaher, or the timing of this litigation in Phase I now that the issue of intent is no longer in the case.

*First*, Cytek should not be permitted to present evidence or argument regarding its own patents.  During the Pretrial Conference, Cytek stated that it wanted to tell the jury "that Cytek's patents were granted over Yong Chen's patents" and that "the Patent Office said that Cytek's technology reimages light onto odd filters of a plurality of filters arranged in a row."  Ex. A at 84:7-8, 14-16.  The Court determined that this evidence was "not coming in" and that Cytek's expert is "not going to refer to what the Patent Office says."  *Id.* at 84:22-85:2; *see also id.* at 84:23-

2

The Honorable Colm F. Connolly
August 13, 2026
Page 3

25 ("You know, we're not putting the imprimatur of the patent office on what your expert says."). The Court later stated that the evidence "sounds relevant," *id*. at 127:2-3, in connection with Cytek's argument that it "goes to the mental state of Cytek believing that it doesn't infringe," *id*. at 126:14-19. But with intent no longer at issue, Cytek's plan to use unilateral examiner statements about Cytek's '076 Patent is unduly prejudicial and risks misleading the jury into substituting the examiner's judgment for their own. Further, while Cytek contends that "[b]oth Beckman's experts and Cytek's expert have relied on Cytek's patents for this purpose," its citation does not support that. Cytek points to its opposition brief (Cytek Letter 3), which argued that Beckman Coulter relied "on Cytek's patents to support BEC's expert's ***infringement*** opinions." D.I. 420-4 at 91 (emphasis added). Moreover, Beckman Coulter agreed not to offer Cytek's patents as evidence of infringement if Cytek does not do so, and Your Honor stated "[t]hen they're not coming in." Ex. A at 85:24-86:3.

> ***Second***, business discussions between Beckman Coulter and Danaher are not relevant to non-infringement, RDOE, written description, or enablement, as Cytek contends. Cytek Letter 2-3. Cytek cites a single February 2018 letter from Danaher. Cytek Letter 2-3 (citing D.I. 421-1 at 105). Cytek's attempt to characterize non-party Danaher's statement that the Cytek's Aurora is "innovative" as a purported "party admission that Beckman did not consider Cytek's technology to be within the scope of its inventions," Cytek Letter 3, fails for several independent reasons. First, Danaher is not a party in this litigation. Second, Danaher's 2018 statement predates the issuance of the Asserted Patents. *See* U.S. Patent Nos. 10,330,582 (2019 issuance), 11,703,443 (2023 issuance), 12,174,107 (2024 issuance). Accordingly, neither Danaher nor Beckman Coulter could have stated whether Cytek's Aurora fell within the scope of the Asserted Patents because those patents did not yet exist. Finally, Danaher's letter does not reference any Beckman Coulter patents, let alone suggest that Beckman Coulter or Danaher made a determination that the Aurora was not within the scope of Dr. Chen's invention. D.I. 421-1, at 105-106.

> Cytek's position with respect to written description and enablement is also misguided. The operative facts for purposes of written description and enablement are whether the specification conveys that the inventor was in possession of the claimed invention and whether the specification teaches a POSA to make and use the claimed invention without undue experimentation. 35 U.S.C. § 112; *see also Hyatt v. Dudas*, 492 F.3d 1365, 1370 (Fed. Cir. 2007); *Amgen Inc. v. Sanofi, Aventisub LLC*, 987 F.3d 1080, 1084 (Fed. Cir. 2021). Statements about Cytek's

RLF1 36389850v.2

The Honorable Colm F. Connolly
August 13, 2026
Page 4

commercial product, untethered from any discussion of Beckman Coulter's patents, do not make either of these determinations more or less probable and should be excluded as irrelevant and confusing.

> **_Finally_**, the timing of this lawsuit is not relevant to Cytek's written description and enablement defenses.[1]   Again, the operative facts for purposes of written description and enablement are whether the specification conveys that the inventor was in possession of the claimed invention as of the priority date and whether the specification teaches a POSA to make and use the claimed invention without undue experimentation.  35 U.S.C. §112; _see also Hyatt v. Dudas_, 492 F.3d 1365, 1370 (Fed. Cir. 2007); _Amgen Inc. v. Sanofi, Aventisub LLC_, 987 F.3d 1080, 1084 (Fed. Cir. 2021).  Beckman Coulter, Danaher, and Cytek's post-priority conduct does not make either issue more or less probable and is not relevant.  FRE 401-402. _Synthes USA, LLC v. Spinal Kinetics, Inc_ (Cytek Letter 4) does not support Cytek's position because _Synthes_ acknowledged that "broadening claims during prosecution to capture a competitor's products is not improper" so long as "the written description … support[s] the broadened claims," and substantively relied only on the support in the specification, not timing.  734 F.3d 1332, 1341-45 (Fed. Cir. 2013).

*     *     *

Cytek's Letter does not demonstrate that its intended evidence is admissible in light of the issues that will be tried.  While Beckman Coulter intended to address these issues at trial as the issues arose, Beckman Coulter welcomes the Court's guidance in advance of trial and is available for a teleconference if it would be helpful to the Court.

Respectfully,

_/s/ Frederick L. Cottrell, III_

Frederick L. Cottrell, III (#2555)

Cc:  All Counsel of Record (via CM-ECF and by e-mail)

---

[1] Cytek's Opposition brief to Motion _in Limine_ No. 3 did not argue that the timing of this litigation was relevant to enablement.  D.I. 421-1 at 88-92.

4