**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BECKMAN COULTER, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CYTEK BIOSCIENCES, INC.,<br><br>Defendant. | C.A. No. 24-0945-CFC |

# CYTEK'S [PROPOSED] VERDICT FORM (PHASE I)

**Instructions:** When answering the following questions and completing this Verdict Form, please follow the directions provided and follow the Jury Instructions that you have been given. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

As used herein:

1. "Beckman Coulter" refers to Plaintiff Beckman Coulter, Inc.
2. "Cytek" refers to Defendant Cytek Biosciences, Inc.
3. "'582 Patent" refers to U.S. Patent No. 10,330,582.
4. "'443 Patent" refers to U.S. Patent No. 11,703,443.
5. "'107 Patent" refers to U.S. Patent No. 12,174,107.
6. "Asserted Patents" refers collectively to the '582 Patent, '443 Patent, and '107 Patent.

# PHASE I

## INFRINGEMENT

1. Did Beckman Coulter prove, by a preponderance of the evidence, that Cytek directly infringed any of the following claims of the Asserted Patents under 35 U.S.C. § 271(a), literally or under the doctrine of equivalents?[1]

("YES" is a finding in favor of Beckman Coulter, and "NO" is a finding in favor of Cytek.)

| ’582 Patent | | | |
|---|---|---|---|
| | YES (for Beckman Coulter) | | NO (for Cytek) |
| | Literal | Doctrine of Equivalents | |
| ’582 Patent, Claim 3 | | | |
| **’443 Patent** | | | |
| | YES (for Beckman Coulter) | | NO (for Cytek) |
| | Literal | Doctrine of Equivalents | |
| ’443 Patent, Claim 4 | | | |
| ’443 Patent, Claim 10 | | | |
| **’107 Patent** | | | |
| | YES (for Beckman Coulter) | | NO (for Cytek) |
| | Literal | Doctrine of Equivalents | |
| ’107 Patent, Claim 18 | | | |

[1] The parties agree that the jury should expressly decide issues of literal infringement and doctrine of equivalents infringement but differ in presenting those issue in a single question (Cytek) or two questions (Beckman Coulter). Cytek’s proposed single question streamlines the jury’s work.

If, for any claim(s), you answered "NO", do not answer Questions 2 for that claim, and proceed to Question 3 for that claim.

If, for any claim(s) of the '443 Patent or '107 Patent, you answered "YES" for literal infringement or infringement under the doctrine of equivalents, go to Question 2 and answer Question 2 for that claim.

2. If you answered "YES" as to literal infringement or infringement under the doctrine of equivalents for any Asserted Claim of the '443 Patent or '107 Patent in Question 1, do you find that the Accused Products, even though they meet the literal terms of the claim(s) or otherwise satisfy the claims under the doctrine of equivalents, do not infringe because of the reverse doctrine of equivalents?[2]

("YES" is a finding in favor of Cytek, and "NO" is a finding in favor of Beckman Coulter.)

| | **YES (for Cytek)** | **NO (for Beckman Coulter)** |
|---|---|---|
| | **'443 Patent** | |
| '443 Patent, Claim 4 | | |
| '443 Patent, Claim 10 | | |
| | **'107 Patent** | |
| '107 Patent, Claim 18 | | |

Continue to the next question.

[2] The parties differ in where the reverse doctrine of equivalents question should appear on the verdict form, and also differ to some extent on the wording for the reverse doctrine of equivalents question.

Additionally, the Court has already rejected Beckman Coulter's motion for summary judgment against Cytek's "RDOE" defense. *See* D.I. 367. As this Court properly found, the Supreme Court held that § 271(a) left intact the entire body of case law on direct infringement and rejected the argument that the doctrine of equivalents, as set out in *Graver Tank* in 1950, did not survive the 1952 revision of the Patent Act. *Id.*, at 4 (citations and quotation marks omitted). There is no "substantial uncertainty surrounding the status of the reverse doctrine of equivalents," as Beckman Coulter contends, because post-1952 Supreme Court and Federal Circuit *en banc* decisions recognize "the reverse doctrine of equivalents was a long-standing and viable, if somewhat rare, defense." *Maquet Cardiovascular LLC v. Abiomed, Inc.*, 2026 WL 1217150, at *1 (D. Mass. May 4, 2026); D.I. 367.

**INVALIDITY**

**OBVIOUSNESS**

3. Did Cytek prove, by clear and convincing evidence, that any of the following claims of the Asserted Patents are invalid due to obviousness?[3]

("YES" is a finding in favor of Cytek, and "NO" is a finding in favor of Beckman Coulter.)

| | **YES (for Cytek)** | **NO (for Beckman Coulter)** |
|---|---|---|
| | **'582 Patent** | |
| '582 Patent, Claim 3 | | |
| | **'443 Patent** | |
| '443 Patent, Claim 4 | | |
| | **'107 Patent** | |
| '107 Patent, Claim 18 | | |

Continue to the next question.

[3] The parties agree on this question.

**WRITTEN DESCRIPTION**

4. Did Cytek prove, by clear and convincing evidence, that any of the following claims of the Asserted Patents are invalid due to lack of written description?[4]

("YES" is a finding in favor of Cytek, and "NO" is a finding in favor of Beckman Coulter.)

| | **YES (for Cytek)** | **NO (for Beckman Coulter)** |
|---|---|---|
| **'582 Patent** | | |
| '582 Patent, Claim 3 | | |
| **'443 Patent** | | |
| '443 Patent, Claim 4 | | |
| '443 Patent, Claim 10 | | |
| **'107 Patent** | | |
| '107 Patent, Claim 18 | | |

Continue to the next question.

4 The parties agree on this question.

**ENABLEMENT**[5]

5. Did Cytek prove, by clear and convincing evidence, that any of the following claims of the Asserted Patents are invalid due to lack of enablement?

("YES" is a finding in favor of Cytek, and "NO" is a finding in favor of Beckman Coulter.)

| | **YES (for Cytek)** | **NO (for Beckman Coulter** |
|---|---|---|
| **'582 Patent** | | |
| '582 Patent, Claim 3 | | |
| **'443 Patent** | | |
| '443 Patent, Claim 4 | | |
| '443 Patent, Claim 10 | | |
| **'107 Patent** | | |
| '107 Patent, Claim 18 | | |

Continue to the next question.

**INDEFINITENESS**[6]

6. Did Cytek prove, by clear and convincing evidence, that any of the following claims of the Asserted Patents are invalid due to indefiniteness?

("YES" is a finding in favor of Cytek, and "NO" is a finding in favor of Beckman Coulter.)

| | **YES (for Cytek)** | **NO (for Beckman Coulter)** |
|---|---|---|
| **'582 Patent** | | |
| '582 Patent, Claim 3 | | |
| **'443 Patent** | | |
| '443 Patent, Claim 10 | | |

---

[5] The parties agree on this question.
[6] The parties agree on this question.

You have now reached the end of the verdict form and you should review it to ensure that it accurately reflects your unanimous determinations. The Foreperson should then sign the verdict form in the space below and notify the Court Security Officer that you have reached a verdict. The Foreperson should retain possession of the verdict form and bring it to the courtroom with the jury.

Signed: ________________________________

Dated: ________________

| | |
|---|---|
| ____________________________ | ____________________________ |
| Jury Foreperson | Juror |
| ____________________________ | ____________________________ |
| Juror | Juror |
| ____________________________ | ____________________________ |
| Juror | Juror |
| ____________________________ | ____________________________ |
| Juror | Juror |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BECKMAN COULTER, INC.,<br>Plaintiff,<br>v.<br>CYTEK BIOSCIENCES, INC.,<br>Defendant. | C.A. No. 24-0945-CFC |

**[PROPOSED] VERDICT FORM (PHASE II)**

**Instructions:** When answering the following questions and completing this Verdict Form, please follow the directions provided and follow the Jury Instructions that you have been given. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

As used herein:

1. "Beckman Coulter" refers to Plaintiff Beckman Coulter, Inc.
2. "Cytek" refers to Defendant Cytek Biosciences, Inc.
3. "'582 Patent" refers to U.S. Patent No. 10,330,582.
4. "'443 Patent" refers to U.S. Patent No. 11,703,443.
5. "'107 Patent" refers to U.S. Patent No. 12,174,107.
6. "Asserted Patents" refers collectively to the '582 Patent, '443 Patent, and '107 Patent.

## PHASE II[7]

**DAMAGES**

1. Has Beckman Coulter proven, by a preponderance of the evidence, that it marked substantially all of its own products that practice the ’582 Patent and/or ’443 Patent with the number of the patent, before June 14, 2024?[8]

---

[7] Cytek’s Proposed Verdict Form (Phase II) assumes a finding of infringement and no invalidity for the ’582, ’443, and ’107 Patents. To the extent the jury does not return a verdict of infringement and no invalidity for all Asserted Patents, Questions 1 and 2 will need to be revised to address only those patents for which the jury found infringement and no invalidity.

[8] *See Globus Med. Inc. v. Life Spine, Inc.*, C.A. No. 21-1445 (CFC), D.I. 355 at Question 1. Marking is a contested issue for the jury to decide. Cytek’s verdict form thus includes a marking question, whereas Beckman Coulter’s verdict form wrongly omits a marking question. Contrary to Beckman Coulter’s position, Cytek has never admitted Beckman Coulter complied with the marking requirements of 35 U.S.C. § 287 with respect to any Asserted Patent. Beckman Coulter moved for summary judgment to establish marking compliance as a matter of law (BEC’s MSJ No. 2), but the Court denied that motion. D.I. 368. That Cytek brought (but later dropped) a false marking counterclaim is not an admission that Beckman Coulter complied with 35 U.S.C. § 287. First, that counterclaim was made on “information and belief.” (D.I. 58, ¶ 30.) Second, Beckman Coulter itself denied those marking allegations in its Answer to Cytek’s Counterclaims. (D.I. 52, ¶ 30.) Third, the counterclaim did not allege Beckman Coulter’s marking complied with § 287 as to any patent as of any date in a substantially continuous manner. Moreover, Cytek withdrew its false marking counterclaim (D.I. 263-264), and withdrawn pleadings are not binding judicial admissions. *See West Run Student Hous. Assocs., LLC v. Huntington Nat’l Bank*, 712 F.3d 165, 171-73 (3d Cir. 2013); *Giannone v. U.S. Steel Corp.*, 238 F.2d 544, 547 (3d Cir. 1956). Further, Cytek’s dismissal was expressly without prejudice and “not intended to affect any party’s other claims, counterclaims, or defenses in this case.” *See* D.I. 52 at ¶ 30; D.I. 264. Whether BEC complied with the marking statute for the ’582 and ’443 patents – and if so, when – remains a disputed issue of fact for the jury, and Cytek’s proposed verdict form appropriately presents that issue for the jury. *See also* D.I. As to the ’107 patent, as reflected in Cytek’s propose final Phase 2 jury instructions, Beckman Coulter provided actual notice of the patent to Cytek on January 9, 2025 when it filed its First Amended Complaint. Cytek is not aware of evidence of marking of the ’107 patent before then, but if Beckman Coulter makes

("YES" is a finding in favor of Beckman Coulter, and "NO" is a finding in favor of Beckman Coulter.)

Yes ___________ (For Beckman Coulter)    No ___________ (For Cytek)

If you answered "YES" to Question 1, go to Question 2.

If you answered "NO" to Question 1, proceed to Question 3 and use June 14, 2024 as the damages period start date for the '582 and '443 Patents when answering the remaining Questions on this verdict form, and use January 9, 2025 as the damages period start date for the '107 Patent when answering the remaining Questions on this verdict form.

2. If you answered "YES" to Question 1, when did Beckman Coulter prove, by a preponderance of the evidence, that it had marked substantially all of its own products that practice the '582 Patent and/or '443 Patent with the number of the patent?[9]

'582 Patent ___________ (Date)    '443 Patent ___________ (Date)

Continue to the next question.

such a showing, Cytek would not object to adding the '107 patent to Questions 1 and 2.

[9] *See* Question 1 footnote.

3. Did Beckman Coulter prove, by a preponderance of the evidence, that it is entitled to lost profits?[10]

("YES" is a finding in favor of Beckman Coulter, and "NO" is a finding in favor of Cytek.)

Yes ___________ No ___________

(For Beckman Coulter) (For Cytek)

If you answered YES to Question 3, go on to Question 4 and 5. If you answered no to Question 3, go on to Question 5.

4. What lost profits did Beckman Coulter prove by a preponderance of the evidence?

| | |
|---|---|
| **Lost Profits** | $ ___________________________ |

[10] *Magnolia Med. Techs., Inc. v. Kurin, Inc.*, C.A. No. 19-97-CFC (CJB). D.I. 443 at Questions 4-5. Cytek's Question 3 asks the foundational question of whether Beckman Coulter has proven an entitlement to lost profits before reaching Question 4 as to the amount of lost profits, which matches the two-question format in the verdict form in *Magnolia Medical Technologies*. Beckman Coulter's competing Question 4 uses wording that suggests an entitlement to lost profits and simply asks the jury to fill in an amount without first addressing the question of whether lost profits are an appropriate damages measure under the applicable law. *Compare Globus Med. Inc. v. Life Spine, Inc.*, C.A. No. 21-1445 (CFC), D.I. 355 at Question 2 ("What amount of damages, ***if any***, did Globus prove by a preponderance of the evidence that it is entitled to for Life Spine's infringement of the '731 patent?") (emphasis added). Beckman Coulter's expert puts forward alternative damages theories based on (1) lost profits plus a reasonable royalty component, and (2) solely a reasonable royalty. Cytek's question format appropriately asks the jury to determine whether Beckman Coulter met its burden on the lost profits theory before any amount is identified.

5. For those past infringing sales for which Beckman Coulter did not prove its entitlement to lost profits by a preponderance of the evidence, what reasonable royalty did it prove by a preponderance of the evidence?[11]

| | |
|---|---|
| **Reasonable Royalty** | $ ____________________ |

Continue to the next question.

[11] Cytek's Question 5 accounts for Beckman Coulter's burden of proof on damages, as well as the specific damages theories put forth by the experts in this case. Indeed, Beckman Coulter's damages expert concedes that not all Cytek's infringing sales are recoverable as lost profits, and thus there is a reasonable royalty component to Beckman Coulter's lost profits theories. Plus, Beckman Coulter's expert puts forward an alternative reasonable royalty theory. Cytek's question accounts for this and will assist the jury in improperly awarding a double recovery.

**WILLFUL INFRINGEMENT**

6. Did Beckman Coulter prove, by a preponderance of the evidence, that Cytek willfully infringed any of the asserted claims of the Asserted Patents?[12]

("YES" is a finding in favor of Beckman Coulter, and "NO" is a finding in favor of Cytek.)

| | **YES (for Beckman Coulter)** | **NO (for Cytek)** |
|---|---|---|
| '582 Patent | | |
| '443 Patent | | |
| '107 Patent | | |

[12] The parties agree on this question.

You have now reached the end of the verdict form and you should review it to ensure that it accurately reflects your unanimous determinations. The Foreperson should then sign the verdict form in the space below and notify the Court Security Officer that you have reached a verdict. The Foreperson should retain possession of the verdict form and bring it to the courtroom with the jury.

Signed: ____________________________________

Dated: ________________

| | |
|---|---|
| ______________________________ | ______________________________ |
| Jury Foreperson | Juror |
| ______________________________ | ______________________________ |
| Juror | Juror |
| ______________________________ | ______________________________ |
| Juror | Juror |
| ______________________________ | ______________________________ |
| Juror | Juror |