**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BECKMAN COULTER, INC., Plaintiff, v. CYTEK BIOSCIENCES, INC., Defendant. | C.A. No. 24-0945-CFC |

# **PRELIMINARY JURY INSTRUCTIONS (PHASE I)**

# TABLE OF CONTENTS

1. INTRODUCTION .......... 1

2. DESCRIPTION OF THE ISSUES .......... 1

3. ROLE OF THE JURY AND ROLE OF THE COURT .......... 3

4. EVIDENCE .......... 4

4.1. Direct and Circumstantial Evidence .......... 5

4.2. Credibility of Witnesses .......... 6

4.3. Deposition Testimony .......... 6

4.4. Consideration of Evidence .......... 7

5. CONDUCT OF THE JURY .......... 7

6. NOTE-TAKING BY JURORS .......... 9

7. OUTLINE OF PHASE I OF THE TRIAL .......... 9

## 1. INTRODUCTION

Now that you have been sworn, I am going to give you some preliminary instructions to guide you in your participation in the trial. I will give you more detailed instructions on the law at the end of the trial.

## 2. DESCRIPTION OF THE ISSUES

I am going to give you an overview of who the parties are and what each contends. This is a civil case concerning allegations of patent infringement arising under the patent laws of the United States.

The Plaintiff in this case is Beckman Coulter, Inc. I will refer to Beckman Coulter as "Beckman Coulter" or "Plaintiff." The Defendant is Cytek Biosciences, Inc. I will refer to Cytek Biosciences, Inc. as "Cytek" or "Defendant."

Now, our trial is going to occur in phases. In the first phase, we are going to look at three patents. Beckman Coulter owns the three U.S. Patents that are at issue in this case: U.S. Patent No. 10,330,582; U.S. Patent No. 11,703,443 and U.S. Patent No. 12,174,107. Because patent numbers are so long, patents are usually referred to by their last three digits. I will refer to the three patents at issue as the '582 Patent; the '443 Patent; and the '107 Patent, respectively. I will refer to them together as the Asserted Patents.

Beckman Coulter contends that Cytek's flow cytometry products infringe claim 3 of the '582 Patent; claims 4 and 10 of the '443 Patent; and claim 18 of the '107 Patent. I will refer to these claims as the Asserted Claims.

The Cytek products that Beckman Coulter alleges infringe are generally referred to as the Aurora and Northern Lights flow cytometers. Beckman Coulter additionally alleges infringement by Cytek's laser upgrade kits, including APD Modules, which allow users to add additional colors and channels to Cytek's accused flow cytometers. I will refer to the Aurora and Northern Lights flow cytometers and Cytek's APD laser upgrade kits as the "accused products."

Infringement is assessed on a claim-by-claim basis, so you must compare each accused product with each Asserted Claim. There may be infringement of all claims, there may be infringement as to one claim but no infringement as to another, or there may be no infringement of any claims.

Cytek denies that the accused products infringe any of the Asserted Claims of the Asserted Patents. Cytek also contends that each Asserted Claim is invalid and that the Asserted Patents should not have been granted. Beckman Coulter denies that any Asserted Claim is invalid.

In the first phase of the trial, you will be addressing Beckman Coulter's claims that Cytek has infringed, and continues to infringe, the Asserted Claims. You will also be addressing Cytek's claims that the Asserted Claims are invalid.

During the course of this case, you will hear references to certain terms and phrases from the Asserted Claims. I will give you a list of those terms and phrases for which I have provided a definition that you are to use in deciding the issues presented to you. Any other terms and phrases that are not included on the list should be given their plain and ordinary meaning in the context of the field of the Asserted Patents.

## 3. ROLE OF THE JURY AND ROLE OF THE COURT

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

You and you alone will be the judges of the facts. You will have to decide what happened. I play no part in judging the facts. You should not take anything I may say or do during the trial as an indication of what I think of the evidence or what your verdict should be. Instead, I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions.

You are bound by your oath as jurors to follow these and all instructions that I give you, even if you personally disagree with them. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. Also,

do not let anything that I may say or do during the course of the trial influence you. Nothing that I may say or do is intended to indicate, or should be taken by you as indicating, what your verdict should be.

## 4. EVIDENCE

You must make your decision based only on the evidence that you see and hear in the courtroom. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses say while they are testifying under oath, including deposition testimony that will be played or read to you, the exhibits that I allow into evidence, and any facts that the parties agreed to by stipulation.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. My comments or questions are not evidence.

During the trial you may be shown charts and animations to help illustrate the testimony of the witness. These illustrative slides are called "demonstrative exhibits" and are not evidence.

During the trial I may not let you hear the answers to some of the questions that the lawyers ask. I also may rule that you cannot see some of the exhibits that

the lawyers want you to see. And sometimes I may instruct you to disregard things that you saw or heard, or that I strike from the record.

You must ignore all of these things that are not evidence.

Do not speculate about what a witness might say or what an exhibit might show. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way. Do not consider my rulings on whether you can hear certain testimony or see certain exhibits as any indication of my opinion of the case or of what your verdict should be.

You must not conduct any independent research, investigation, or experiments about the case or its subject matter on your own. Consider only the evidence as I have defined it here and nothing else.

### 4.1. Direct and Circumstantial Evidence

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. For example, if a witness testified that she saw it raining outside, that would be direct evidence that it was raining.

Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. For example, if someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

The law makes no distinction between the weight that you should give to either direct or circumstantial evidence, but simply requires that you find facts from all the evidence in the case, both direct and circumstantial, and give it whatever weight you believe it deserves.

### 4.2. Credibility of Witnesses

You are the sole judges of each witness's credibility. You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

You may determine how much of any witness's testimony to accept or reject and choose to reject some parts of a witness's testimony while accepting other parts. This instruction applies to the testimony of all witnesses, including expert witnesses.

### 4.3. Deposition Testimony

You may hear witnesses testify through deposition testimony. A deposition is testimony of a witness taken under oath before trial. A court reporter is present and records the questions and answers. You should judge deposition testimony, insofar as possible, in the same way as if the witness had been present to testify.

### 4.4. Consideration of Evidence

You should use your common sense in weighing the evidence. Consider the evidence in light of your everyday experience with people and events and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## 5. CONDUCT OF THE JURY

Now, a few words about your conduct as jurors:

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case, not even among yourselves and not with family and friends. If anyone should try to talk to you about this case, including a fellow juror, bring it to my attention promptly. There are good reasons for this ban on discussions. The most important is the need for you to keep an open mind throughout the presentation of the evidence. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk with you nor you with them. They are following my instructions not to talk to or visit with you either. That is the reason you are asked to wear your juror tags.

Second, do not read or listen to anything touching on or relating to this case that is not admitted into evidence. By that I mean, if there may be a newspaper

article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case, including using the Internet. Do not ask your family or friends whom you think might know more than you do about the subject matter of this case.

I know that many of you use cell phones, smart phones, tablets, laptops, and other portable electronic devices. You must not talk to anyone at any time about this case or otherwise use these or other electronic devices to communicate with anyone about the case or, as I noted, get information about the case, the parties or any of the witnesses or lawyers involved in the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, text messaging, Facebook or Meta, Instagram, Snapchat, Twitter, now known as X, TikTok, or through any blog or website. You may not use any similar technology or social media to get information about this case, even if I have not specifically mentioned it here.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case. After you retire to deliberate, you may begin to discuss the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at its end.

## 6. NOTE-TAKING BY JURORS

The courtroom deputy will now distribute your jury notebooks. If you wish, you may take notes during the presentation of evidence, the summations of the attorneys at the conclusion of the evidence, and during my instructions to you on the law. Your notes are for your own personal use and are valuable, if at all, only as a way to refresh your memory. Your notes are not to be used in place of the evidence.

The court reporter will transcribe the trial testimony, but you should not assume that the transcripts will be available for your review during your deliberations. Instead, as you listen to the testimony, keep in mind that you will be relying on your memory when it comes time to deliberate and render your verdict in this case.

If you do take notes, do not take them away from court. At the end of each day, leave your notes in the jury room. At the conclusion of the case, after you have reached a verdict, a court officer will collect and destroy your notes.

## 7. OUTLINE OF PHASE I OF THE TRIAL

The trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is an outline of what that party intends to prove, and is presented as a preview of that party's case to help you follow the evidence as it is offered.

After the opening statements, the parties will present evidence which may include testimony from live witnesses, deposition testimony, and documents and things. Beckman Coulter will go first because they have the burden of proof on infringement. Following Beckman Coulter's case, Cytek may present evidence to support its arguments that Beckman Coulter cannot prove its claims of infringement and that the Asserted Claims are invalid. Following Cytek's case, Beckman Coulter may then present evidence to rebut the evidence Cytek offers.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference, which is also called a sidebar. If that happens, please be patient. We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility to be sure that evidence is presented to you correctly under the law. We will, of course, do what we can to keep the number and length of these conferences to a minimum. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

After all of the evidence is presented, the attorneys will present to you closing arguments. As with opening arguments, closing arguments are not evidence. I will give you instructions on the law that applies to the case, and you will then retire to the jury room to deliberate on your verdict.