**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BECKMAN COULTER, INC., Plaintiff, v. CYTEK BIOSCIENCES, INC., Defendant. | C.A. No. 24-0945-CFC |

# ~~[PROPOSED]~~ NON-FINAL JUDGMENT AFTER JURY VERDICT

WHEREAS, the above-captioned civil action came before the Court for a trial by a civil jury. The issues were tried in a two-phased proceeding from August 17, 2026, to August 21, 2026. The jury returned a unanimous Phase I verdict on August 20, 2026 (D.I. 458), and a unanimous Phase II verdict on August 21, 2026 (D.I. 465).[1]

Pursuant to Rule 58 of the Federal Rules of Civil Procedure, and in accordance with the jury verdicts, it is ORDERED and ADJUDGED that:

1. Defendant Cytek Biosciences, Inc. ("Defendant") was found not to have literally infringed claim 3 of U.S. Patent No. 10,330,582 (the "'582 Patent")

[1] Redacted, public versions of the verdicts are available at D.I. 459 and 466, respectively.

but to have infringed the claim under the doctrine of equivalents. Accordingly, judgment is entered in favor of Beckman Coulter, Inc. ("Plaintiff") and against Defendant with respect to direct infringement of claim 3 of the '582 Patent.

2. Defendant was found not to have infringed claim 10 of U.S. Patent No. 11,703,443 (the "'443 Patent"). Accordingly, judgment is entered in favor of Defendant and against Plaintiff with respect to the alleged infringement of claim 10 of the '443 Patent.

3. Defendant was found to have literally infringed claim 4 of the '443 Patent and claim 18 of U.S. Patent No. 12,174,107 (the "'107 Patent"), but not to have infringed claim 4 of the '443 Patent and claim 18 of the '107 Patent under the reverse doctrine of equivalents. Accordingly, judgment is entered in favor of Defendant and against Plaintiff with respect to the alleged infringement of claim 4 of the '443 Patent and claim 18 of the '107 Patent.

4. Claim 4 of the '443 Patent was found not invalid as obvious. Accordingly, judgment is entered in favor of Plaintiff and against Defendant with respect to the alleged obviousness of claim 4 of the '443 Patent.

5. Claim 18 of the '107 Patent was found invalid as obvious. Accordingly, judgment is entered in favor of Defendant and against Plaintiff with respect to the obviousness of claim 18 of the '107 Patent.

6. Claims 4 and 10 of the '443 Patent were found invalid due to lack of written description. Accordingly, judgment is entered in favor of Defendant and against Plaintiff with respect to the invalidity for lack of written description of claims 4 and 10 of the '443 Patent.

7. Claim 18 of the '107 Patent was found not invalid for lack of written description. Judgment is thus entered in favor of Plaintiff and against Defendant with respect to the alleged invalidity for lack of written description of claim 18 of the '107 Patent.

8. Claims 4 and 10 of the '443 Patent and claim 18 of the '107 Patent were found not invalid for lack of enablement. Judgment is thus entered in favor of Plaintiff and against Defendant with respect to the alleged invalidity for lack of enablement of claims 4 and 10 of the '443 Patent and claim 18 of the '107 Patent.

9. Claim 3 of the '582 Patent and claim 10 of the '443 Patent were found not invalid for indefiniteness. Judgment is thus entered in favor of Plaintiff and against Defendant with respect to the alleged indefiniteness of claims 3 of the '582 Patent and claim 10 of the '443 Patent.

10. Judgment is entered in favor of Plaintiff and against Defendant for Lost Profit damages in the amount of $20,000,000 and Reasonable Royalty damages in the amount of $36,110,000 for a total of $56,110,000 (fifty-six million, one

hundred and ten thousand dollars) for infringement of claim 3 of the ’582 Patent for the period beginning December 1, 2022 and through September 30, 2025.

This Judgment is not a final judgment, and instead serves to trigger the time for filing post-trial motions only on issues that were decided by the jury or motions to amend the judgment. A separate, appealable final judgment on all claims will issue pursuant to Fed. R. Civ. P. 54(b) following this Court’s ruling on post-trial motions, or if no post-trial motion is filed, within 28 days of entry of this judgment.

IT IS SO ORDERED AND ADJUDGED this 15th day of September in 2026.

The Honorable Colm F. Connolly
Chief, United States District Judge